1  Karen E. Wentzel (SBN 112179)
   DORSEY & WHITNEY LLP
2  1717 Embarcadero Road
   Palo Alto, California 94303
3  (650) 857-1717 : phone
   (650) 857-1288 : fax
4  Email:  efilingPA@dorsey.com

5  Attorneys for Defendant
   AMERIPRISE FINANCIAL
6  SERVICES, INC.

7

8              UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
               SAN FRANCISCO DIVISION
10

11 | SYLVIA JOHNSON, individually, and on | Case No.
12 | behalf of all others similarly situated, |
   |                                          | **NOTICE OF REMOVAL PURSUANT**
13 |                                          | **TO 28 U.S.C. SECTIONS 1441, 1446,**
   |                           Plaintiffs,    | **AND 1332**
14 | v.                                       |
   |                                          | **(DIVERSITY JURISDICTION /**
15 |                                          | **CLASS ACTION)**
   | AMERIPRISE FINANCIAL SERVICES,           |
16 | INC., and DOES 1 through 100, inclusive, |
17 |                           Defendants.    |

18

...

28

                                      1
   **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, AND 1332**

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant Ameriprise Financial Services, Inc. ("Ameriprise Financial"), pursuant to 28 U.S.C. §§ 1441 and 1446 and the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d), hereby removes to the United States District Court for the Northern District of California the state court action described below. In support of this Notice of Removal, Ameriprise Financial states the following:

1. On or about May 17, 2007, Plaintiff Sylvia Johnson ("Plaintiff"), individually and on behalf of all others similarly situated, commenced a civil action in the Superior Court of the State of California, in and for the County of San Francisco, entitled <u>Sylvia Johnson, individually, and on behalf of all other similarly situated, v. Ameriprise Financial Services, Inc., and Does 1 through 100, inclusive</u>, Case No. CGC-07-463497 (hereafter, the "State Court Action"). A true and correct copy of the Summons and Class Action Complaint ("Complaint") in the State Court Action is attached hereto as Exhibit A. To date, no other process, pleadings or orders have been served on Ameriprise Financial.

2. Ameriprise Financial was not served with the Summons and Complaint until May 23, 2007, but did learn of the filing of the Summons and Complaint on May 18, 2007. This removal is timely because this Notice of Removal was filed and served by Ameriprise Financial within 30 days thereof. The Summons and Complaint constitute all of the pleadings, process and orders served in the State Court Action.

3. Plaintiff seeks class certification; class damages, including unpaid overtime compensation and interest thereon, reimbursement of business expenses, rest and meal period compensation, penalties for alleged failure to provide accurate itemized wage statements, penalties for alleged failure to timely pay wages upon termination, and liquidated damages and other penalties; injunctive and other equitable relief; and attorneys' fees and costs for alleged violations of various provisions of the California Code of Regulations, Labor Code and Business and Professions Code. <u>See</u> Compl. ¶ 1.

4.     A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a) & (b). A class action over which a federal court has jurisdiction may be removed to a district court of the United States in accordance with 28 U.S.C. § 1446. 28 U.S.C. § 1453(b)).

5.     Under 28 U.S.C. § 1332, as amended by CAFA, a federal district court shall have original jurisdiction over a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action involving greater than 100 putative class members in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)). This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d).

6.     CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1) & 1453.

7.     Plaintiff brings this action as a Representative Plaintiff under California Code of Civil Procedure § 382, on behalf of a putative class of:

> All persons who are/were employed by defendant Ameriprise Financial Services, Inc. in the State of California as "Independent Advisors" at any time since May 17, 2003.

See Compl. ¶ 23-25.

8.     Although there have been and are currently no persons employed by defendant Ameriprise Financial Services, Inc. in the State of California as "Independent Advisors" at any time since May 17, 2003, it is clear from the allegations of the Complaint that Plaintiff is attempting to refer to, and include in her putative class, "Independent Advisors" who were actually affiliated with Ameriprise Financial Services, Inc. as franchisees, and not employees. Based upon the underlying allegations in the Complaint and the individuals Plaintiff is purporting to include in her putative class, this action is a class action as defined by CAFA. 28 U.S.C. §§ 1332(d)(1) & 1453. Any

future reference in this Notice of Removal to the putative class and/or its members shall be based on the understanding articulated in this paragraph.

9. Based on information and belief, as alleged in the Complaint, Plaintiff is an individual and citizen of the State of California. See Compl. ¶13. Any purported putative class members are California citizens. See id. ¶ 23.

10. Ameriprise Financial is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Minneapolis, Minnesota. See, e.g., Compl. ¶ 17.

11. Thus, this is a class action in which any member of a purported putative class of plaintiffs is a citizen of a State different from any defendant" as required by CAFA. 28 U.S.C. § 1332(d)(2)(A).

12. Furthermore, based upon Plaintiff's allegations and prayer for relief contained in her Complaint, the matter in controversy is greater the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under § 1332, as amended by CAFA, in a class action, the claims of the individual class members are aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Id. § 1332(d)(6)).

13. Contrary to the allegations of the Complaint, Plaintiff was not an employee of Ameriprise Financial, but was a P2 Independent Advisor—a franchisee. The number of purported putative class members in this putative class action based on Plaintiff's incorrect understanding of the Franchise Agreement includes approximately 551 P2 Independent Advisors who currently have franchises in California. See Declaration of Mark Andrysiak ¶ 2, attached hereto as Exhibit B. The number of purported putative class members in this putative class action, based on Plaintiff's incorrect understanding of the Franchise Agreement, also includes additional P2 Independent Advisors, who, like the Plaintiff, were P2 Independent Advisors in California at some point from May 17, 2003 to the present, but have terminated their Franchise Agreement with Ameriprise Financial. The number of terminated P2 Independent Advisors is being calculated, but is presently

unknown. Therefore, at a minimum, there are 551 purported putative class members as Plaintiff attempts to incorrectly pursue this action, plus Plaintiff.

14. The median annual earnings of a purported putative class member in 2006 was approximately $165,507.00. See Declaration of Cory Larson ¶ 2, attached hereto as Exhibit C.

15. Plaintiff seeks monetary and other relief for herself and these greater than 551 purported putative class members on seven causes of action, as follows.

16. First, Plaintiff seeks for herself and all purported putative class members overtime wages for all hours worked over eight in any workday and/or over forty in any workweek throughout the past approximately four years. See Compl. ¶¶ 38-42. She also seeks attorneys' fees incurred to collect such unpaid and allegedly due overtime wages. See id. ¶ 42. Plaintiff alleges that she and the purported putative class members worked "numerous hours of overtime on a daily and/or weekly basis." See id. ¶ 26.

17. Second, Plaintiff seeks for herself and all purported putative class members reimbursement for all business expenses incurred throughout the past approximately four years. See Compl. ¶¶ 44-52. This would include, for example, rent paid by each of the P2 Independent Advisors (franchisees) to lease office space for a period of more than four years, and wages paid to any employees hired by P2 Independent Advisors. She also seeks statutory interest at the rate of 10% per annum from the date of expenditure to the date of reimbursement, plus attorneys' fees incurred to collect reimbursement. See id. ¶ 51.

18. Third, Plaintiff alleges Ameriprise Financial improperly "charged back both commissions and the actual value of the stock losses allegedly caused by the employee through simple negligence or no fault of the employee at all," and seeks an accounting and payment of all wages due to herself and all purported putative class members, in addition to attorneys' fees and interest. See Compl. ¶¶ 59, 63.

19. Fourth, Plaintiff alleges that Ameriprise Financial improperly failed to provide her and all purported putative class members with meal and rest periods, and

seeks for herself and all purported putative class members one additional hour of pay for each workday during the past approximately four years in which Ameriprise Financial allegedly did not provide proper meal and rest periods.  See Compl. ¶¶ 65-72.  Plaintiff additionally seeks for herself and all purported putative class members penalties for such alleged violations, and attorneys' fees.  See id. ¶ 72.

20.     Fifth, Plaintiff alleges Ameriprise Financial failed to provide her and all purported putative class members with accurate itemized wage statements throughout the past approximately four years.  For this alleged violation, Plaintiff seeks for herself and all purported putative class members an amount up to $4,000.00 per purported putative plaintiff in addition to attorneys' fees.  See Compl. ¶ 74-80.

21.     Sixth, Plaintiff alleges that Ameriprise Financial failed to timely pay wages upon termination, and seeks to recover for herself and "numerous" purported putative class members penalties of thirty days' wages for each individual so affected, in addition to interest thereon and attorneys' fees.  See Compl. ¶ 85.

22.     Seventh and finally, Plaintiff seeks to enjoin Ameriprise Financial from each of the above-described allegedly improper practices.  See Compl. ¶ 87.

23.     Given the compensation of the purported putative class members and the relief requested by Plaintiff for herself and a purported putative class of at least 551 other people, including damages and attorneys' fees, it is clear that Plaintiff's Complaint seeks more than $5,000,000 in aggregate damages.  Additionally, Ameriprise Financial could face significant costs in complying with Plaintiff's requested injunction if it were so enjoined.[1]

24.     Thus, although Ameriprise Financial denies Plaintiff's factual allegations, and denies that she or the purported putative class she purports to represent is properly

---

[1] In its report on CAFA, the Senate Judiciary Committee stated, "[T]he Committee intends that a matter be subject to federal jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g. damages, injunctive relief, or declaratory relief)."  S. Rep. No. 109-14, at 42 (2005).

defined or otherwise entitled to the relief for which she has prayed, based on Plaintiff's allegations and prayer for relief contained in the Complaint, the amount in controversy, properly aggregated, clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2)).[2]

25.   Accordingly, because this action is a class action in which Plaintiff is a citizen of a State different from the defendant, and because the matter in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, this Court has original jurisdiction pursuant to CAFA (codified at 28 U.S.C. § 1332(d)(2)).  Thus, Ameriprise Financial may properly remove this action to this Court.  28 U.S.C. § 1453.

26.   Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after Ameriprise Financial received a copy of the initial pleading.

27.   Pursuant to 28 U.S.C. § 1441(a), the State Court Action is pending within the judicial district and division of this Court.

28.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the clerk of the Superior Court of the State of California, in and for the County of San Francisco.

29.   No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

30.   By filing this Notice of Removal, Ameriprise Financial does not waive any of its rights, denials, defenses or objections, including, but not limited to, any defects in service, process or jurisdiction.

---

[2]   In its report on CAFA, the Senate Judiciary Committee stated, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42 (2005).

7

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, AND 1332**

**WHEREFORE**, Ameriprise Financial hereby provides notice of removal of this action from the Superior Court of the State of California, in and for the County of San Francisco, to the United States District Court for the Northern District of California.

Dated: June 14, 2007                    DORSEY & WHITNEY LLP


By: _____/s/_____
    Karen E. Wentzel

Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.