**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through
100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SYLVIA JOHNSON, individually, and on behalf of all others similarly
situated.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es:) | (Número del Caso): CGC-07-463497 |

San Francisco County Superior Court
Civic Center Courthouse
400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew R. Bainer, Esq., SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor, Oakland, CA 94612 (510) 891-9800

| DATE: MAY 17 2007 | Clerk, by | P. NATT | , Deputy |
|---|---|---|---|
| (Fecha) | Gordon Park-Li (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Ameriprise Financial Services, Inc.
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date): 5-22-07

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

P2-1989

1  Scott Edward Cole, Esq. (S.B. #160744)
   Clyde H. Charlton, Esq. (S.B. #127541)
2  Matthew R. Bainer, Esq. (S.B. #220972)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5  web:    www.scalaw.com

6  Attorneys for Representative Plaintiff
   and the Plaintiff Class

7

SUMMONS ISSUED
**FILED**
San Francisco County Superior Court

MAY 17 2007

GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk
P. NATT

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11 SYLVIA JOHNSON, individually, and        )   Case No.:  CGC-07-463497
   on behalf of all others similarly situated, )
12                                            )   **CLASS ACTION**
                         Plaintiff,           )
13                                            )   **COMPLAINT FOR DAMAGES,**
   vs.                                        )   **INJUNCTIVE RELIEF AND RESTITUTION**
14                                            )
   AMERIPRISE FINANCIAL                       )
15 SERVICES, INC., and DOES 1 through         )   CASE MANAGEMENT CONFERENCE SET
   100, inclusive,                            )
16                         Defendants,        )
                                              )   OCT 19 2007 -9:00 AM
17

18 Representative Plaintiff alleges as follows:          DEPARTMENT 212

19

20                        **PRELIMINARY STATEMENT**

21       1.       This is a class action, seeking unpaid wages, including unpaid overtime compensation

22 and interest thereon, reimbursement of business expenses, rest and meal period compensation,

23 waiting time penalties, liquidated damages and other penalties, injunctive and other equitable relief

24 and reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the California Code of

25 Regulations, Labor Code §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510,

26 1174, 1194, 1194.2, 1197 and 2802, Business and Professions Code §§ 17200 *et seq.* and Code of

27 Civil Procedure § 1021.5.

28 ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2.    Representative Plaintiff brings this action on behalf of herself and all other persons similarly situated (hereinafter referred to as the "Class Members" and/or the "Plaintiff Class") who are, or have been, employed by defendant Ameriprise Financial Services, Inc. (hereinafter "Ameriprise" and/or "Defendant") in "Independent Advisor" positions to sell and/or assist in selling and/or to market and/or assist in marketing securities and other financial products to the public on its behalf within the applicable statutory periods.

3.    The class period is designated as the time from May 17, 2003 through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been on-going since that time. During the Class Period, Ameriprise has had a consistent policy of (1) permitting, encouraging, and/or requiring the Representative Plaintiff and members of the Plaintiff Class, to work in excess of eight (8) hours per day and in excess of forty (40) hours per week without paying them overtime compensation as required by California's wage and hour laws; (2) making deductions from the Representative Plaintiff's and Class Members' earned and paid commissions and/or wages and requiring cash contributions be paid back to Defendant for commissions previously paid and for claimed customer losses by Defendant and/or Defendant's customers; (3) requiring Representative Plaintiff and Class Members to pay other agents/employees of Defendant for their services to the clients in processing orders, assisting in sales, or otherwise handling business matters of the employer; (4) unlawfully denying the Representative Plaintiff and the Class Members statutorily mandated meal and rest periods; (5) willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to Representative Plaintiff and/or the Class Members whose employment with Defendant terminated; and (6) willfully failing to provide Representative Plaintiff and the Class Members with accurate semi-monthly itemized wage statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during the pay period.

## INTRODUCTION

4.    California's Labor Code and Industrial Welfare Commission Wage Orders provide expansive protection to hourly workers, including, but not necessarily limited to, entitlements to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  overtime pay and work performed beyond eight hours per day and substantial penalties for the denial

2  of rest and meal periods.

3      5.      Both Federal and California studies have linked long work hours to increased rates

4  of accident and injury and a loss of family cohesion when either or both parents are kept away from

5  home for extended periods of time, on either a daily or weekly basis.

6      6.      Defendant has sold securities and financial products to the public. Representative

7  Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, Defendant

8  has operated numerous facilities throughout California. In so doing, Defendant has employed

9  hundreds, if not thousands, of individuals in recent years alone in allegedly exempt Independent

10  Advisor positions, employment and/or purportedly independent contractor positions which have not,

11  and currently do not, meet any test for exemption from the payment of overtime wages or

12  classification as exempt and/or as a bona fide independent contractor.

13      7.      Despite actual knowledge of these facts and legal mandates, Defendant has enjoyed

14  an advantage over its competition and has disadvantaged its workers by electing not to pay premium

15  (overtime) and/or "penalty" (a.k.a. "waiting time") wages to particular Independent Advisors, among

16  other employment positions.

17      8.      Representative Plaintiff is informed and believes and, based thereon, alleges that

18  officers of Ameriprise knew of these facts and legal mandates, yet, nonetheless, repeatedly

19  authorized and/or ratified the violation of the laws cited herein.

20      9.      Despite Ameriprise's knowledge of the Plaintiff Class' entitlement to premium

21  (overtime) pay, expense reimbursement, and meal and/or rest periods for all applicable work periods,

22  Ameriprise failed to provide the same to members of the Plaintiff Class in violation of California

23  state statutes, Industrial Welfare Commission Orders and Title 8 of the California Code of

24  Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

25

26                          **JURISDICTION AND VENUE**

27      10.      This Court has jurisdiction over the Representative Plaintiff's and Class Members'

28  claims for unpaid wages and/or penalties under, *inter alia*, Title 8 of the California Code of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    Regulations, Labor Code §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510,

2    1174, 1194, 1194.2, 1197 and 2802, Business and Professions Code §§ 17200 *et seq.* and Code of

3    Civil Procedure § 1021.5.

4        11.    This Court has further jurisdiction over the Representative Plaintiff's and Class

5    Members' claims for injunctive relief, and restitution of ill-gotten benefits arising from defendant

6    Ameriprise's unlawful business practices under Business & Professions Code §§ 17203 and 17204.

7        12.    Venue as to Defendant is proper in this judicial district, pursuant to Code of Civil

8    Procedure § 395(a). Defendant Ameriprise operates in the County of San Francisco, and transacts

9    business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of

10   process. The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and

11   those similarly situated within the State of California and San Francisco County. Defendant

12   Ameriprise provides said services and has employed numerous Class Members in San Francisco

13   County as well as in other counties within the State of California.

14

15                                    **PLAINTIFFS**

16       13.    Representative Plaintiff Sylvia Johnson is a natural person and was, during the

17   relevant time period identified herein, employed by Ameriprise in California as an Independent

18   Advisor.

19       14.    In said position, the Representative Plaintiff was repeatedly paid a substandard wage

20   insofar as she was denied full pay for all hours worked, including overtime pay, denied

21   reimbursement for expenses made on behalf of her employer, and was frequently permitted to work,

22   and did work during the Class Period, shifts exceeding four hours or a major fraction thereof (of at

23   least three and one-half hours) without being afforded ten minute rest periods and without being

24   afforded mandatory meal periods. The Representative Plaintiff is informed and believes, and based

25   thereon, alleges that this conduct of Ameriprise is/was commonplace at every location owned and

26   operated thereby.

27       15.    As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff

28   Class" refer to the named plaintiff herein, as well as, each and every person eligible for membership

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 4 -
Complaint For Damages

1    in the Plaintiff Class, as further described and defined below.

2        16.    At all times herein relevant, the Representative Plaintiff was, and now is, a person

3    within the class of persons further described and defined herein.

4

5                                **DEFENDANTS**

6        17.    At all times herein relevant, defendant Ameriprise Financial Services, Inc. (hereinafter

7    "Ameriprise" and/or "Defendant") was, and is, a foreign corporation with a principal place of

8    business in Minneapolis, Minnesota and doing business as NASD registered securities brokerage

9    firm with offices located in San Francisco and elsewhere.

10       18.    Representative Plaintiff is informed and believes and, on that basis, alleges that

11   defendant Ameriprise has, and does, directly and/or indirectly employ and/or exercise control over

12   the wages, hours and working conditions of the Representative Plaintiff and the Class Members.

13       19.    Those defendants identified as Does 1 through 100, inclusive, are and were, at all

14   relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some/each

15   of the remaining defendants. The Representative Plaintiff is informed and believes and, on that basis,

16   alleges that, at all relevant times herein mentioned, each of the defendants identified as Does 1

17   through 100, inclusive, employed and/or exercised control over the wages, hours and/or working

18   conditions of the Representative Plaintiff and Class Members at various California locations, as

19   identified in the preceding paragraph.

20       20.    The Representative Plaintiff is unaware of the true names and capacities of those

21   defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by

22   such fictitious names. The Representative Plaintiff will seek leave of court to amend this Complaint

23   when same are ascertained. The Representative Plaintiff is informed and believes and, on that basis,

24   alleges that each of the fictitiously-named defendants is responsible in some manner for, gave

25   consent to, ratified and/or authorized the conduct herein alleged and that the Representative

26   Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

27       21.    Representative Plaintiff is informed and believes and, on that basis, alleges that, at

28   all relevant times herein mentioned, each of the defendants was the agent and/or employee of each

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 5 -
Complaint For Damages

1   of the remaining defendants and, in doing the acts herein alleged, was acting within the course and

2   scope of such agency and/or employment.

3       22.     There is no preemption of the claims brought in this Complaint because these claims

4   are based upon State law. There is no dispute over the terms of any collective bargaining agreement

5   ("CBA") and there is no need to interpret the terms of any CBA.

6

7                           **CLASS ACTION ALLEGATIONS**

8       23.     Representative Plaintiff brings this action individually and as a class action on behalf

9   of all persons similarly situated and proximately damaged by Ameriprise's conduct, including, but

10  not necessarily limited to, the following Plaintiff Class:

11          All persons who are/were employed by defendant Ameriprise
            Financial Services, Inc. in the State of California as "Independent
12          Advisors" at any time since May 17, 2003.

13      24.     Defendant, its officers and directors are excluded from this class.

14      25.     This action has been brought and may properly be maintained as a class action under

15  California Code of Civil Procedure § 382 because there is a well-defined community of interest in

16  the litigation and the proposed Class is easily ascertainable.

17          a.  Numerosity: A class action is the only available method for the fair and
                efficient adjudication of this controversy. The members of the class are so
18              numerous that joinder of all members is impractical, if not impossible, insofar
                as Representative Plaintiff is informed and believes and, on that basis, alleges
19              that the total number of Class Members exceeds hundreds of individuals.
                Membership in the Plaintiff Class will be determined upon analysis of
20              employee and payroll, among other, records maintained by Defendant.

21          b.  Commonality: The Representative Plaintiff and the Class Members share a
                community of interest in that there are numerous common questions and
22              issues of fact and law which predominate over any questions and issues solely
                affecting individual members, thereby making a class action superior to other
23              available methods for the fair and efficient adjudication of the controversy.
                Consequently, class certification is proper under section 382. These common
24              questions include, but are not necessarily limited to:

25
            1.  Whether Defendant violated California laws by failing to pay
26              overtime compensation to Ameriprise Independent Advisors who
                worked in excess of 40 hours per week;
27
            2.  Whether Defendant violated California Wage Order Nos. 7-98, 7-
28              2000, 7-2001 and Labor Code § 510 by failing to pay overtime

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 6 -
Complaint For Damages

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER AT ERVIEW TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

compensation to Ameriprise Independent Advisors who worked in excess of 40 hours per week and/or eight (8) hours a day;

3.  Whether Defendant violated California Business and Professions Code § 17200, *et seq.* by failing to pay overtime compensation to Independent Advisors who worked in excess of forty (40) hours per week and/or eight (8) hours a day;

4.  Whether Defendant violated California Labor Code §§ 200, 202, 204 and portions of applicable California Wage Orders by subjecting its Independent Advisors to deductions from wages, including commissions and losses claimed by Defendant's customers;

5.  Whether Defendant violated California Labor Code §§ 400-410 and 2802 by charging and/or otherwise requiring its Independent Advisors to pay all or a portion of the compensation of other agents/employees of Defendant, as well as other normal business expenses of Defendant;

6.  Whether Defendant violated, and continues to violate, California Labor Code §§ 226.7 and/or 512 by failing to consistently provide meal and/or rest periods to the Class Members;

7.  Whether Defendant violated, and continues to violate, California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

8.  Whether Defendant violated, and continues to violate, California Labor Code §§ 201-203 by failing to pay overtime wages due and owing at the time Class Members' employment with Defendant terminated;

9.  Whether Defendant violated, and continues to violate, California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Class Members of total hours worked and all applicable hourly rates in effect during the pay period;

10. Whether the Representative Plaintiff and the Class Members are entitled to "waiting time" penalties/wages pursuant to California Labor Code § 203.

c.  Typicality: The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. The Representative Plaintiff and all members of the Plaintiff Class sustained injuries and damages arising out of and caused by Ameriprise's common course of conduct in violation of state and federal law, as alleged herein.

d.  Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of

1    inconsistent rulings, which might be dispositive of the interests of other Class
2    Members who are not parties to the adjudications and/or may substantially
     impede their ability to adequately protect their interests. Moreover, the
3    Representative Plaintiff is informed and believes, and based thereon alleges,
     that Defendant, in refusing to pay overtime to the Class Members, has acted
4    and refused to act on grounds generally applicable to all claims, thereby
     making appropriate injunctive and monetary relief for all members of each
5    class. Consequently, class certification is proper under Code of Civil
     Procedure § 382.

6    e.    Adequacy of Representation: The Representative Plaintiff in this class action
           is an adequate representative of the Plaintiff Class, in that the Representative
7          Plaintiff's claims are typical of those of the Plaintiff Class and the
           Representative Plaintiff has the same interests in the litigation of this case as
8          the Class Members. The Representative Plaintiff is committed to vigorous
           prosecution of this case, and has retained competent counsel, experienced in
9          litigation of this nature. The Representative Plaintiff is not subject to any
           individual defenses unique from those conceivably applicable to the class as
10         a whole. The Representative Plaintiff anticipates no management difficulties
           in this litigation.
11

12                            **COMMON FACTUAL ALLEGATIONS**

13       26.    As described herein, Ameriprise has, for years, knowingly failed to adequately

14   compensate those Independent Advisors within the class definition identified above for premium

15   (overtime) wages due under California Labor Code § 510 and applicable California Wage Orders.

16   Moreover, Ameriprise has knowingly failed to provide said workers with mandatory meal and rest

17   periods, thereby enjoying a significant competitive edge over other securities brokerage firms.

18   Among other means, Ameriprise engaged in unlawful business practices by requiring Independent

19   Advisors to work numerous hours of overtime on a daily and/or weekly basis and prevented

20   Independent Advisors from taking rest and meal breaks.

21       27.    Even upon the termination or resignation of the employment of Representative

22   Plaintiff and numerous Class Members during the Class Period, Ameriprise declined to pay these

23   wages, in blatant violation of California Labor Code §§ 201 and/or 202.

24       28.    Moreover, according to Defendant's policy, all Class Members suffered deductions

25   from earned and paid commissions, as well as, cash contributions made back to Defendant, for the

26   commissions previously paid and the actual claimed customer losses themselves, on account of

27   claims by Defendant's customers.

28   ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

29.    Additionally, according to Defendant's policy, all Class Members were required to pay agents/employees of Defendant for their services to the clients in processing orders, assisting in sales, or otherwise doing the business of Ameriprise, either directly as wages, as cash payments or through the diversion of commissions previously earned.

30.    Through the misclassification of Plaintiff and the Class Members as exempt employees and/or independent contractors, Ameriprise has also incorrectly and unlawfully treated said Class Members as exempt from the meal and rest period requirements established by California Labor Code §§ 226.7 and 512 and §§ 11 and 12 of the applicable California Wage Orders. Representative Plaintiff and the Class Members were, and are, unlawfully denied meal breaks and rest periods required by law.

31.    Moreover, California Labor Code §§ 201 and 202 require Ameriprise to pay all wages due to members of the Plaintiff Class immediately upon discharge. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days of wages.

32.    Furthermore, despite its knowledge of the Representative Plaintiff's and the Class Members' entitlement to premium (overtime) pay for excess hours worked, Ameriprise violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the Class. Ameriprise also failed to provide Representative Plaintiff and members of the Plaintiff Class with accurate semi-monthly itemized wage statements of the total number of hours worked by each, and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (the full number of hours worked) and financial impact of its wrongdoing.

33.    Representative Plaintiff and all persons similarly situated in the Plaintiff Class are entitled to unpaid compensation, yet, to date, have not received such compensation despite their termination of their employment with Ameriprise.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

34.    More than 30 days have passed since Representative Plaintiff and certain Class Members have left Ameriprise's employ.

35.    As a consequence of Ameriprise's willful conduct in not paying compensation for all hours worked, certain Class Members are entitled to 30 days of wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

36.    As a direct and proximate result of Ameriprise's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and many Class Members herein are entitled to recover "waiting time" penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide semi-monthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are entitled to recover attorneys' fees and costs, pursuant to California Labor Code §§ 218.5 and 1194 and/or California Civil Code § 1021.5, among other authorities.

## FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY OVERTIME WAGES

37.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

38.    During the Class Period, Representative Plaintiff and the Class Members worked in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek. The precise number of overtime hours will be proven at trial.

39.    During said time period, Ameriprise refused to compensate Representative Plaintiff and the Class Members for some and/or all of the overtime wages earned in violation of applicable Wage Order(s) and the provisions of the California Labor Code.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

40.    At all relevant times, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code, including, but not limited to, the following:

    a.    <u>Labor Code § 510</u>: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee ..."

    b.    <u>Labor Code § 1194</u>: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

    c.    <u>Labor Code §1198</u>: "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

41.    By refusing to compensate Representative Plaintiff and the Class Members for overtime wages earned, Defendant violated those California Labor Code provisions cited herein, as well as various Industrial Welfare Commission Wage Orders.

42.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
### FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND

43.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44.    During the Class Period, Defendant required Plaintiff and Class Members to pay additional sums to Defendant's other agent employees for the labor necessary to complete the job of Independent Advisors, as well as other normal business expenses of the Defendant.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

45.    Thus, Plaintiff and the Plaintiff Class had expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer which have not yet been reimbursed by Defendant.

46.    At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of California Labor Code §§ 406, 407 and 2802(a).

47.    California Labor Code § 2802(a) provides:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

48.    California Labor Code § 406 provides:

Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

49.    California Labor Code § 407 provides:

Investments and the sale of stock or an interest in a business in connection with the securing of a position are illegal as against the public policy of the State and shall not be advertised or held out in any way as a part of the consideration for any employment.

50.    By requiring Plaintiff and members of the Plaintiff Class to incur uncompensated expenses in direct consequence of the discharge of their duties, Representative Plaintiff and members of the Plaintiff Class were forced and/or brought to contribute to the capital and expenses of the Defendant's business which is legally a cash bond and which must be refunded by Defendant to each Class Member.

51.    California Labor Code § 2802 (b) and (c) provides for interest at the statutory post judgment rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to collect reimbursement.

52.    Therefore, Representative Plaintiff demands reimbursement for expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of her obedience to the directions of the employer, plus return of all cash bonds or other coerced investments

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WORLD SAVINGS TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

- 12 -
Complaint For Damages

1 | in the business of the employer, with interest at the statutory rate and attorneys' fees.

2

### THIRD CAUSE OF ACTION:
### PROHIBITED WAGE CHARGEBACKS

4

5 | 53. Representative Plaintiff incorporates in this cause of action each and every allegation

6 | of the preceding paragraphs, with the same force and effect as though fully set forth herein.

7 | 54. California Labor Code § 200 states:

8 | As used in this article: (a) "Wages" includes all amounts for labor performed
9 | by employees of every description, whether the amount is fixed or ascertained
by the standard of time, task, piece, commission basis, or other method of
10 | calculation. (b) "Labor" includes labor, work, or service whether rendered
or performed under contract, subcontract, partnership, station plan, or other
11 | agreement if the labor to be paid for is performed personally by the person
demanding payment.

12 | 55. California Labor Code § 202 states:

13 | If an employee not having a written contract for a definite period quits his or
her employment, his or her wages shall become due and payable not later
14 | than 72 hours thereafter, unless the employee has given 72 hours previous
notice of his or her intention to quit, in which case the employee is entitled
15 | to his or her wages at the time of quitting.

16 | There was no definite term in any Class Member's employment contract.

17 | 56. California Labor Code § 204 requires all wages other than salaries to be paid not less

18 | than twice a month. California Labor Code § 204 states:

19 | All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,
earned by any person in any employment are due and payable twice during
20 | each calendar month, on days designated in advance by the employer as the
regular paydays. Labor performed between the 1st and 15th days, inclusive,
21 | of any calendar month shall be paid for between the 16th and the 26th day of
the month during which the labor was performed, and labor performed
22 | between the 16th and the last day, inclusive, of any calendar month, shall be
paid for between the 1st and 10th day of the following month.

23

24 | 57. California Labor Code § 204 further states:

25 | Notwithstanding any other provision of this section, all wages earned for
labor in excess of the normal work period shall be paid no later than the
26 | payday for the next regular payroll period.

27 | 58. Section 8 of the Order of the Industrial Wage Commission, 8 C.C.R. § 11040(8)

28 | (Professional, Technical, et al.) states:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 13 -
Complaint For Damages

No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

59. Defendant charged back both commissions and the actual value of the stock losses allegedly caused by the employee through simple negligence or no fault of the employee at all.

60. This is a species of cash shortages prohibited from being charged back.

61. Defendant systematically underpaid its employees by holding back a significant portion of commissions for their own purposes to pay others, and then either paying the wages later than the time required under California Labor Code § 204 or simply not paying them at all.

62. Defendant did not pay Plaintiff all wages due as required by California Labor Code § 204.

63. Therefore, Plaintiff demands an accounting and payment of all wages due, plus interest provided under California Labor Code § 218.6 and attorneys' fees allowed by law.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS

64. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

65. At all relevant times, Defendant was aware of, and was under a duty to comply with California Labor Code § 512 and California Labor Code § 226.7.

66. California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

67.   Moreover, California Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

68.   Industrial Wage Commission Wage Order Nos. 7-2001(11) and (12) also mandate that employers provide all applicable meal and/or rest periods to their workers.

69.   IWC Wage Order No. 7-2001(11) provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...

...

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

70.   IWC Wage Order No. 7-2001(12) provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof...

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

71.   By failing to consistently provide meal and rest periods to Representative Plaintiff and the Class Members, Ameriprise violated these California Labor Code and IWC Wage Order provisions.

72.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages, including lost wages, and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 15 -
Complaint For Damages

1   are entitled to recover such damages, penalties and attorneys' fees and costs under California law,

2   in an amount to be established at trial.

4                              **FIFTH CAUSE OF ACTION**
5              **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

6          73.   Representative Plaintiff incorporates in this cause of action each and every allegation

7   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8          74.   California Labor Code § 226(a) provides:

9              Each employer shall semimonthly, or at the time of each payment of
               wages, furnish each of his or her employees either as a detachable
10             part of the check, draft or voucher paying the employee's wages, or
               separately when wages are paid by personal check or cash, an
11             itemized wage statement in writing showing: (1) gross wages earned;
               (2) total number of hours worked by each employee whose
12             compensation is based on an hourly wage; (3) all deductions;
               provided, that all deductions made on written orders of the employee
13             may be aggregated and shown as one item; (4) net wages earned;
               (5) the inclusive date of the period for which the employee is paid; (6)
14             the name of the employee and his or her social security number; and
               (7) the name and address of the legal entity which is the employer.
15

16         75.   The IWC Wage Orders also establish this requirement in § 7(B) thereof (8 Cal. Code

17  Regs. § 11010 *et. seq.*).

18         76.   Moreover, California Labor Code § 226(e) provides:

19             An employee suffering injury as a result of a knowing and intentional
               failure by an employer to comply with subdivision (a) is entitled to
20             recover the greater of all actual damages or fifty dollars ($50) for the
               initial pay period in which a violation occurs and one hundred dollars
21             ($100) per employee for each violation in a subsequent pay period,
               not exceeding an aggregate penalty of four thousand dollars ($4,000),
22             and is entitled to an award of costs and reasonable attorney's fees.

23         77.   Finally, California Labor Code § 1174 provides:

24             Every person employing labor in this state shall: (d) Keep, at a central
               location in the state ... payroll records showing the hours worked
25             daily by and the wages paid to ... employees .... These records shall
               be kept in accordance with rules established for this purpose by the
26             commission, but in any case shall be kept on file for not less than two
               years.
27         78.   Representative Plaintiff seeks to recover actual damages, costs and attorneys' fees

28  under these provisions on behalf of herself and the Plaintiff Class.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

79.    Ameriprise failed to provide timely, accurate itemized wage statements to Representative Plaintiff and the Plaintiff Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. None of the statements provided by Defendant have accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

80.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY WAGES ON TERMINATION

81.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

82.    California Labor Code § 203 provides that:

> "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

83.    Representative Plaintiff and numerous Class Members were employed by Ameriprise during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within seventy-two (72) hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendant.

84.    More than thirty days has elapsed since Representative Plaintiff and the Class Members were terminated and/or resigned from Defendant's employ.

85.    As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all hours worked, Representative Plaintiff and certain Class Members are entitled to recover "waiting time" penalties of thirty days' wages pursuant to Labor Code § 203, in an amount to be established at trial, together with interest thereon and attorneys' fees and costs.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## SEVENTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES

86.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

87.    Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop the misconduct of Ameriprise, as complained of herein, and to seek restitution from Defendant of amounts acquired through the unfair, unlawful and fraudulent business practices described herein.

88.    The knowing conduct of Defendant, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

89.    Defendant's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

90.    Ameriprise has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the Plaintiff Class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendant and as set forth in legislation and the judicial record.

## RELIEF SOUGHT

WHEREFORE, the Representative Plaintiff, on behalf of herself and the Plaintiff Class, prays for judgment and the following specific relief against defendant Ameriprise Financial Services, Inc. as follows:

1.    That the Court declare, adjudge and decree that this action is a proper class/collective action and certify the proposed Plaintiff Class and/or any other appropriate subclasses under Code

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

1  of Civil Procedure § 382;

2      2.    That the Court declare, adjudge and decree that Defendant violated the overtime

3  provisions of the California Labor Code and the Industrial Wage Commission Wage Orders as to the

4  Representative Plaintiff and the Plaintiff Class;

5      3.    That the Court declare, adjudge and decree that Defendant willfully violated its legal

6  duties to pay overtime under the California Labor Code and the IWC Wage Orders;

7      4.    That the Court declare, adjudge and decree that (a) the Representative Plaintiff and

8  the Class Members were at all times relevant hereto, and are, entitled to be paid overtime for work

9  beyond 40 hours in a week; and (b) the amounts to which Representative Plaintiff and the Class

10  Members are entitled is to be doubled as liquidated damages and awarded thereto;

11      5.    That the Court declare, adjudge and decree that Defendant violated California Labor

12  Code §§ 406, 407 and 2802(a) by willfully failing to reimburse Class Members for expenses made

13  on behalf of Defendant;

14      6.    That the Court declare, adjudge and decree that Defendant violated California Labor

15  Code §§ 200, 202 and 204 and applicable IWC Wage Orders by charging back both commissions

16  and the actual value of the stock losses from wages of members of the Plaintiff Class;

17      7.    That the Court declare, adjudge and decree that Defendant violated California Labor

18  Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide meal periods

19  (including second meal periods) and/or rest periods to Class Members;

20      8.    That the Court declare, adjudge and decree that Defendant violated the record keeping

21  provisions of California Labor Code §§ 226(a) and 1174(d) and section 7 of the Wage Orders as to

22  Representative Plaintiff and the Plaintiff Class, and willfully failed to provide accurate semi-monthly

23  itemized wage statements thereto;

24      9.    That the Court declare, adjudge and decree that Defendant violated California Labor

25  Code § 203 by willfully failing to pay all compensation owed at the time of the termination of the

26  employment of Representative Plaintiff and other terminated Class Members;

27      10.    That the Court declare, adjudge and decree that Defendant violated California

28  Business and Professions Code §§ 17200 et seq. by failing to pay Representative Plaintiff and Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   Members overtime compensation, failing to provide meal and/or rest periods to said employees,

2   failing to pay all wages due on termination ("waiting time" penalties) and\or by failing to provide

3   Class Members with accurate itemized wage statements;

4       11.    That the Court make an award to Representative Plaintiff and the Plaintiff Class of

5   damages and/or restitution for the amount of unpaid overtime compensation, including interest

6   thereon, and penalties in an amount to be proven at trial;

7       12.    That the Court make an award to the Representative Plaintiff and the Plaintiff Class

8   of reimbursement for all employer related expenses;

9       13.    That the Court make an award to the Representative Plaintiff and the Plaintiff Class

10  of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

11  period was not provided;

12      14.    That the Court make an award to the Representative Plaintiff and the Plaintiff Class

13  of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

14  period was not provided;

15      15.    That the Court order Defendant to pay restitution to Representative Plaintiff and the

16  Plaintiff Class due to Defendant's unlawful activities, pursuant to Business and Professions Code

17  §§ 17200-08;

18      16.    That the Court further enjoin Defendant, ordering it to cease and desist from unlawful

19  activities in violation of Business and Professions Code §§ 17200 et seq.;

20      17.    For all other Orders, findings and determinations identified and sought in this

21  Complaint;

22      18.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

23      19.    For reasonable attorneys' fees, pursuant California Labor Code §§ 218.5, 1194, and/or

24  California Civil Code § 1021.5; and

25      20.    For costs of suit and any and all such other relief as the Court deems just and proper.

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 20 -
Complaint For Damages

Dated: May 17, 2007

SCOTT COLE & ASSOCIATES, APC

By: 
Matthew R. Bainer, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800