Karen E. Wentzel (SBN 112179)
DORSEY & WHITNEY LLP
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717 : phone
(650) 857-1288 : fax
Email:  efilingPA@dorsey.com

Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No.  C 07-03168 WDB**<br><br>**DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Ameriprise Financial Services, Inc. ("Ameriprise Financial" or "Defendant") for its Answer to Plaintiff's Class Action Complaint for Damages, Injunctive Relief and Restitution ("Complaint") states in response to each of the numbered paragraphs as follows:

**GENERAL DENIAL**

Ameriprise Financial denies each allegation contained in Plaintiff's Complaint unless it is admitted or otherwise addressed herein.

**SPECIFIC RESPONSES TO ALLEGATIONS IN COMPLAINT**

1.      In response to Paragraph 1 of the Complaint, admits that Plaintiff Sylvia Johnson ("Plaintiff") purports to bring a class action seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement of business expenses, rest and meal period

**ANSWER TO COMPLAINT
CASE NO. C 07-3168**

1  compensation, waiting time penalties, liquidated damages and other penalties, injunctive and

2  other equitable relief, and reasonable attorneys' fees and costs under various provisions of

3  California law identified in Paragraph 1.  Denies that this matter properly may proceed as a class

4  action and denies that Plaintiff or any P2 Independent Advisors (hereinafter referred to as

5  "putative class members") are entitled to any relief whatsoever, as the Complaint fails to state a

6  claim upon which relief may be granted.

7        2.     In response to Paragraph 2 of the Complaint, denies that Plaintiff is or was

8  employed by Ameriprise Financial during the relevant time period.  Contrary to the allegations of

9  the Complaint, Plaintiff was not an employee of Ameriprise Financial, but was affiliated with

10  Ameriprise Financial as a P2 Independent Advisor—a franchisee.  Denies that Plaintiff is a proper

11  representative for any action on behalf of persons who are or were employed by Ameriprise

12  Financial, and denies that any Independent Advisors have been employed by Ameriprise

13  Financial.

14        3.     In response to Paragraph 3 of the Complaint, denies that Plaintiff and putative

15  class members are or were employees of Ameriprise Financial at any time from May 17, 2003 to

16  the present ("the putative class period"), and, accordingly, denies that California's wage and hour

17  laws referred to in Paragraph 3 are applicable to them vis-à-vis their affiliations with Ameriprise

18  Financial as franchisees.

19        4.     In response to Paragraph 4 of the Complaint, states that California's Labor Code

20  and Industrial Welfare Commission Wage Orders referenced in Paragraph 4 speak for themselves

21  and are not applicable, as Plaintiff and putative class members have and/or had franchises

22  affiliated with, but were not employees of, Ameriprise Financial.

23        5.     In response to Paragraph 5 of the Complaint, denies the allegations therein for lack

24  of knowledge or information sufficient to form a belief as to the truth thereof.

25        6.     In response to Paragraph 6 of the Complaint, admits that Ameriprise Financial

26  provides a variety of financial services to the public in the State of California.  Denies that all

27  financial services are provided by Ameriprise Financial advisors in facilities operated by

28  Ameriprise Financial.  Denies the remaining allegations of Paragraph 6, and affirmatively states

1  that Plaintiff and putative class members were franchisees affiliated with, and not employees of,

2  Ameriprise Financial.

3      7.      In response to Paragraph 7 of the Complaint, denies the allegations therein.

4      8.      In response to Paragraph 8 of the Complaint, denies the allegations therein.

5      9.      In response to Paragraph 9 of the Complaint, denies the allegations therein, but

6  affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as

7  Plaintiff and putative class members are and/or were franchisees affiliated with, and not

8  employees of, Ameriprise Financial.

9      10.     In response to Paragraph 10 of the Complaint, denies the allegations therein, but

10  affirmatively states that the statutes therein referenced do not apply to Plaintiff or putative class

11  members, who have and/or had franchises affiliated with, but were not employees of, Ameriprise

12  Financial.

13      11.     In response to Paragraph 11 of the Complaint, denies the allegations therein.

14      12.     In response to Paragraph 12 of the Complaint, admits that venue is proper in this

15  judicial district, but denies the remaining allegations of Paragraph 12.

16      13.     In response to Paragraph 13 of the Complaint, denies that Plaintiff was employed

17  by Ameriprise Financial at any time during the putative class period identified in her Complaint.

18  Affirmatively states that Plaintiff was a franchisee affiliated with, and not an employee of,

19  Ameriprise Financial.

20      14.     In response to Paragraph 14 of the Complaint, denies the allegations therein.

21      15.     In response to Paragraph 15 of the Complaint, states that it sets forth explanatory

22  material to which no response is required, but denies that any persons are "eligible for

23  membership in the Plaintiff Class" and denies that this matter may proceed as a class action.

24      16.     In response to Paragraph 16 of the Complaint, states that there is no proper class

25  identified in the Complaint, and denies that this matter may proceed as a class action. See also

26  Paragraph 23, infra.

27      17.     In response to Paragraph 17 of the Complaint, admits that Ameriprise Financial is

28  a foreign corporation, as it is organized and exists under the laws of the State of Delaware, and

1   further admits that its principal place of business is in Minneapolis, Minnesota.  States that

2   Ameriprise Financial is a financial services firm with its headquarters in Minneapolis, Minnesota,

3   and that it provides a variety of financial services to persons and entities nationwide.  Defendant

4   Ameriprise Financial Services, Inc. was created on September 30, 2005, when it was spun off

5   from American Express Company pursuant to a Separation and Distribution Agreement.

6   Defendant Ameriprise Financial Services, Inc. is Ameriprise Financial, Inc.'s primary wholly-

7   owned, retail brokerage subsidiary and principal marketing unit.  Prior to September 30, 2005,

8   Defendant Ameriprise Financial Services, Inc. was known as American Express Financial

9   Advisors, Inc.  Admits that Ameriprise Financial is a registered member of the National

10  Association of Securities Dealers (NASD).

11          18.      In response to Paragraph 18 of the Complaint, denies the allegations therein.

12          19.      In response to Paragraph 19 of the Complaint, with respect to the first sentence

13  therein, states that it lacks knowledge or information sufficient to admit or deny anything

14  regarding the identity of proposed defendants Does 1 through 100, inclusive, as those proposed

15  defendants have not yet been identified.  Denies the remaining allegations of Paragraph 19.

16          20.      In response to Paragraph 20 of the Complaint, states that the first two sentences

17  therein set forth explanatory material to which no response is required.  Denies the remaining

18  allegations of Paragraph 20.

19          21.      In response to Paragraph 21 of the Complaint, denies the allegations therein.

20          22.      In response to Paragraph 22 of the Complaint, admits that there is no applicable

21  collective bargaining agreement and thus there is no dispute over the terms of any collective

22  bargaining agreement.

23          23.      In response to Paragraph 23 of the Complaint, admits that Plaintiff purports to

24  bring a class action, but denies that Plaintiff is a proper representative for any action on behalf of

25  persons who are employed by Ameriprise Financial.  States that Plaintiff and all putative class

26  members (P2 Independent Advisors) are and/or were franchisees affiliated with, and not

27  employees of, Ameriprise Financial, and therefore denies that the putative class set forth in

28  Paragraph 23 exists or ever existed.  Denies that this matter may proceed as a class action and

-4-

**ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

1  denies that Plaintiff or any putative class members are entitled to any relief whatsoever.

2        24.    In response to Paragraph 24 of the Complaint, states that it sets forth explanatory

3  material to which no response is required.

4        25.    In response to Paragraph 25 of the Complaint, admits that Plaintiff has filed a

5  purported class action, but denies that this lawsuit properly can be maintained on that basis.

6  States that Plaintiff and all putative class members are and/or were franchisees affiliated with, and

7  not employees of, Ameriprise Financial, and therefore denies that Plaintiff's purported putative

8  class exists or ever existed.  Further states that the allegations of Paragraph 25 and its subparts set

9  forth legal conclusions to which no response is required, but denies the allegations of Paragraph

10  25 and its subparts and affirmatively states that the statutes and Wage Orders referenced in the

11  subparts to Paragraph 25 are not applicable, as Plaintiff and putative class members are and/or

12  were franchisees affiliated with, and not employees of, Ameriprise Financial.

13        26.    In response to Paragraph 26 of the Complaint, denies the allegations therein, but

14  affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as

15  Plaintiff and putative class members are and/or were franchisees affiliated with, and not

16  employees of, Ameriprise Financial.

17        27.    In response to Paragraph 27 of the Complaint, denies the allegations therein, but

18  affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative

19  class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

20  Financial.

21        28.    In response to Paragraph 28 of the Complaint, denies that any "Class Members

22  suffered deductions," and states that Plaintiff's purported putative class does not exist and never

23  existed, as Plaintiff and putative class members are and/or were franchisees affiliated with, and

24  not employees of, Ameriprise Financial.

25        29.    In response to Paragraph 29 of the Complaint, admits that franchisees are

26  responsible for costs of running their franchises per their Franchise Agreements, but otherwise

27  denies the allegations of Paragraph 29.

28        30.    In response to Paragraph 30 of the Complaint, denies the allegations therein, but

**ANSWER TO COMPLAINT
CASE NO. C 07-3168**

1    affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as

2    Plaintiff and putative class members are and/or were franchisees affiliated with, and not

3    employees of, Ameriprise Financial.

4          31.    In response to Paragraph 31 of the Complaint, states that the allegations therein set

5    forth legal conclusions to which no response is required, but denies that the statutes referenced

6    therein are applicable, as Plaintiff and putative class members are and/or were franchisees

7    affiliated with, and not employees of, Ameriprise Financial.

8          32.    In response to Paragraph 32 of the Complaint, denies the allegations therein, but

9    affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative

10   class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

11   Financial.

12         33.    In response to Paragraph 33 of the Complaint, denies that Plaintiff and putative

13   class members were employees of Ameriprise Financial such that there could have occurred a

14   "termination of their employment," and further denies any remaining allegations of Paragraph 33.

15         34.    In response to Paragraph 34 of the Complaint, denies that Plaintiff and putative

16   class members were employees of Ameriprise Financial, and thus denies that any "have left

17   Ameriprise [Financial]'s employ."

18         35.    In response to Paragraph 35 of the Complaint, denies the allegations therein, but

19   affirmatively states that the statute referenced therein is not applicable, as Plaintiff and putative

20   class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

21   Financial.

22         36.    In response to Paragraph 36 of the Complaint, denies the allegations therein, but

23   affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative

24   class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

25   Financial.

26         37.    In response to Paragraph 37 of the Complaint, restates its responses to Paragraphs

27   1-36 as if fully set forth herein.

28

**ANSWER TO COMPLAINT
CASE NO. C 07-3168**

38.     In response to Paragraph 38 of the Complaint, states that it is without knowledge or information sufficient to admit or deny the allegations therein, but otherwise states that the number of hours Plaintiff and/or any putative class member worked during a given workday or workweek is an individualized issue inappropriate for class treatment, and is inappropriate since Plaintiff and/or any putative class member ran their own franchises.

39.     In response to Paragraph 39 of the Complaint, denies the allegations therein, but affirmatively states that neither Plaintiff nor the putative class members are employees under any Wage Order or provision of the California Labor Code.

40.     In response to Paragraph 40 of the Complaint, denies the allegations therein, and affirmatively states that the statutes excerpted in the subparts to Paragraph 40 speak for themselves.  Further specifically denies that Ameriprise Financial has or had any duty to comply with the statutes therein excerpted vis-à-vis Plaintiff or putative class members, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

41.     In response to Paragraph 41 of the Complaint, denies the allegations therein.

42.     In response to Paragraph 42 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff and putative class members are entitled to any of the relief alleged and sought therein against Ameriprise Financial.

43.     In response to Paragraph 43 of the Complaint, restates its responses to Paragraphs 1-42 as if fully set forth herein.

44.     In response to Paragraph 44 of the Complaint, denies the allegations therein.

45.     In response to Paragraph 45 of the Complaint, denies the allegations therein.

46.     In response to Paragraph 46 of the Complaint, denies that Ameriprise Financial has or had any duty to comply with the statutes referenced in therein vis-à-vis Plaintiff or putative class members, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.  Further denies any remaining allegations of Paragraph 46.

47.     In response to Paragraph 47 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

-7-

**ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

1  were franchisees affiliated with, and not employees of, Ameriprise Financial.

2       48.    In response to Paragraph 48 of the Complaint, states that the statute excerpted

3  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

4  were franchisees affiliated with, and not employees of, Ameriprise Financial.

5       49.    In response to Paragraph 49 of the Complaint, states that the statute excerpted

6  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

7  were franchisees affiliated with, and not employees of, Ameriprise Financial.

8       50.    In response to Paragraph 50 of the Complaint, denies the allegations therein.

9       51.    In response to Paragraph 51 of the Complaint, states that the statute referenced

10  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

11  were franchisees affiliated with, and not employees of, Ameriprise Financial.

12       52.    In response to Paragraph 52 of the Complaint, denies that Plaintiff is entitled to

13  any of the relief she "demands" therein, as Plaintiff was never an employee of Ameriprise

14  Financial during the relevant time period.

15       53.    In response to Paragraph 53 of the Complaint, restates its responses to Paragraphs

16  1-52 as if fully set forth herein.

17       54.    In response to Paragraph 54 of the Complaint, states that the statute excerpted

18  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

19  were franchisees affiliated with, and not employees of, Ameriprise Financial.

20       55.    In response to Paragraph 55 of the Complaint, states that the statute excerpted

21  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

22  were franchisees affiliated with, and not employees of, Ameriprise Financial.  Further specifically

23  denies that Plaintiff or putative class members had an employment contract with Ameriprise

24  Financial.

25       56.    In response to Paragraph 56 of the Complaint, states that the statute excerpted

26  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

27  were franchisees affiliated with, and not employees of, Ameriprise Financial.

28

**ANSWER TO COMPLAINT
CASE NO. C 07-3168**

57.    In response to Paragraph 57 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

58.    In response to Paragraph 58 of the Complaint, states that the Wage Order excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

59.    In response to Paragraph 59 of the Complaint, denies the allegations therein.

60.    In response to Paragraph 60 of the Complaint, denies the allegations therein.

61.    In response to Paragraph 61 of the Complaint, denies the allegations therein.

62.    In response to Paragraph 62 of the Complaint, denies the allegations therein.

63.    In response to Paragraph 63 of the Complaint, denies that Plaintiff is entitled to any of the relief she "demands" therein, as Plaintiff was never an employee of Ameriprise Financial during the relevant time period.

64.    In response to Paragraph 64 of the Complaint, restates its responses to Paragraphs 1-63 as if fully set forth herein.

65.    In response to Paragraph 65 of the Complaint, denies that Ameriprise Financial has or had any duty to comply with the statutes referenced therein vis-à-vis Plaintiff or putative class members, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.  Further denies any remaining allegations of Paragraph 65.

66.    In response to Paragraph 66 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

67.    In response to Paragraph 67 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

68.    In response to Paragraph 68 of the Complaint, states that the Wage Orders referenced therein speak for themselves, and denies that they are applicable, as Plaintiff and

**ANSWER TO COMPLAINT
CASE NO. C 07-3168**

1  putative class members were franchisees affiliated with, and not employees of, Ameriprise

2  Financial.

3       69.    In response to Paragraph 69 of the Complaint, states that the Wage Order

4  excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class

5  members were franchisees affiliated with, and not employees of, Ameriprise Financial.

6       70.    In response to Paragraph 70 of the Complaint, states that the Wage Order

7  excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class

8  members were franchisees affiliated with, and not employees of, Ameriprise Financial.

9       71.    In response to Paragraph 71 of the Complaint, denies the allegations therein.

10      72.    In response to Paragraph 72 of the Complaint, denies that Plaintiff or putative class

11  members are entitled to any of the relief alleged and requested against Ameriprise Financial

12  therein, as they were never employees of Ameriprise Financial during the relevant time period.

13  Denies any remaining allegations of Paragraph 72.

14      73.    In response to Paragraph 73 of the Complaint, restates its responses to Paragraphs

15  1-72 as if fully set forth herein.

16      74.    In response to Paragraph 74 of the Complaint, states that the statute excerpted

17  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

18  were franchisees affiliated with, and not employees of, Ameriprise Financial.

19      75.    In response to Paragraph 75 of the Complaint, States that the Wage Orders

20  referenced therein speak for themselves, and denies that they are applicable, as Plaintiff and

21  putative class members were franchisees affiliated with, and not employees of, Ameriprise

22  Financial.

23      76.    In response to Paragraph 76 of the Complaint, states that the statute excerpted

24  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

25  were franchisees affiliated with, and not employees of, Ameriprise Financial.

26      77.    In response to Paragraph 77 of the Complaint, states that the statute excerpted

27  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

28  were franchisees affiliated with, and not employees of, Ameriprise Financial.

**ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

78.    In response to Paragraph 78 of the Complaint, states that it sets forth explanatory material to which no response is required.

79.    In response to Paragraph 79 of the Complaint, denies the allegations therein.

80.    In response to Paragraph 80 of the Complaint, denies that Plaintiff or putative class members are entitled to any of the relief alleged and requested against Ameriprise Financial therein, as they were never employees of Ameriprise Financial during the relevant time period. Denies any remaining allegations of Paragraph 80.

81.    In response to Paragraph 81 of the Complaint, restates its responses to Paragraphs 1-80 as if fully set forth herein.

82.    In response to Paragraph 82 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

83.    In response to Paragraph 83 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff or putative class members were employed by Ameriprise Financial during the putative class period—they were franchisees affiliated with Ameriprise Financial.

84.    In response to Paragraph 84 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff or putative class members were in Defendant's employ during the putative class period—they were franchisees affiliated with Ameriprise Financial.

85.    In response to Paragraph 85 of the Complaint, denies that Plaintiff or putative class members are entitled to any of the relief alleged and requested against Ameriprise Financial therein, as they were never employees of Ameriprise Financial during the relevant time period— they were franchisees affiliated with Ameriprise Financial.  Denies any remaining allegations of Paragraph 85.

86.    In response to Paragraph 86 of the Complaint, restates its responses to Paragraphs 1-85 as if fully set forth herein.

**ANSWER TO COMPLAINT
CASE NO. C 07-3168**

87.    In response to Paragraph 87 of the Complaint, admits only that Plaintiff purports to seek equitable, statutory, and restitutionary relief, and denies the remaining allegations of Paragraph 87.

88.    In response to Paragraph 88 of the Complaint, denies the allegations therein.

89.    In response to Paragraph 89 of the Complaint, denies the allegations therein.

90.    In response to Paragraph 90 of the Complaint, denies the allegations therein.

91.    In response to Paragraphs 1-20 contained in the "Relief Sought" section of the Complaint, Ameriprise Financial denies that Plaintiff and/or any putative class members are entitled to any of the requested relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

92.    The Complaint as whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

93.    The Complaint and each purported cause of action alleged therein fails to state a cause or causes of action against Defendant as it is not and was not Plaintiff's or putative class members' employer.  Rather, Plaintiff and putative class members were franchisees affiliated with Ameriprise Financial.

### THIRD AFFIRMATIVE DEFENSE

94.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 339, and 340, and Business and Professions Code § 17208.

### FOURTH AFFIRMATIVE DEFENSE

95.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

96.    Plaintiff's claims may be barred, in whole or in part, by their failure to reasonably mitigate or avoid their alleged damages.

**ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

**SIXTH AFFIRMATIVE DEFENSE**

97.    Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff

and/or any purported putative class member has previously pursued any claim before the

California Department of Industrial Relations, Division of Labor Standards Enforcement or the

United States Department of Labor.

**SEVENTH AFFIRMATIVE DEFENSE**

98.    Plaintiff's class action allegations must be dismissed because an independent and

individual analysis of each Plaintiff's and putative class member's claims, and each of

Defendant's defenses to such claims, is required.

**EIGHTH AFFIRMATIVE DEFENSE**

99.    Plaintiff and putative class members have received payment for all amounts owing

and due to them.

**NINTH AFFIRMATIVE DEFENSE**

100.    Plaintiff's claims may be barred, in whole or in part, and/or recovery may be

precluded, because Defendant's conduct was not willful, and there was a good faith dispute as to

whether any amounts are owed.

**TENTH AFFIRMATIVE DEFENSE**

101.    Defendant's actions towards Plaintiff and putative class members were entirely

justified, proper, and lawful.

**ELEVENTH AFFIRMATIVE DEFENSE**

102.    To the extent Plaintiff and putative class members seek equitable causes of action

for injunctive or equitable relief, those claims are barred because there is an adequate remedy at

law and no showing of a continuing violation.

**TWELFTH AFFIRMATIVE DEFENSE**

103.    Without admitting the allegations of the Complaint, Defendant alleges Plaintiff's

purported Seventh Cause of Action is barred in that the alleged practices are not unfair, the public

is not likely to be deceived by any alleged practices, that Defendant gained no competitive

**ANSWER TO COMPLAINT
CASE NO. C 07-3168**

1  advantage by such practices, and that the benefits of the alleged practices outweigh any harm or

2  other impact they may cause.

3  ### THIRTEENTH AFFIRMATIVE DEFENSE

4  104.   Any claims by Plaintiff for monetary damages under California Business and

5  Professions Code § 17200, et seq., are barred in whole and or in part by those very statutes.

6  ### FOURTEENTH AFFIRMATIVE DEFENSE

7  105.   Plaintiff's claims are barred, in whole or in part, because the Defendant's business

8  practices are and were not unlawful in that Defendant complied with all applicable statutes and

9  regulations.

10  ### FIFTEENTH AFFIRMATIVE DEFENSE

11  106.   Defendant's actions were for legitimate business reasons made in good faith and

12  were not based upon a violation of public policy or other factors protected by law.

13  ### SIXTEENTH AFFIRMATIVE DEFENSE

14  107.   Plaintiff's claims are barred, in whole or in part, because Plaintiff and any

15  purported putative class members have no private right of action based upon allegations of lost

16  meal and rest periods, waiting time penalties, and failure to state itemized wage statements, which

17  only constitute a penalty under the law.

18  ### SEVENTEENTH AFFIRMATIVE DEFENSE

19  108.   The Complaint fails to properly state a cause of action or causes of action for

20  attorneys' fees against Defendant on any basis.

21  ### EIGHTEENTH AFFIRMATIVE DEFENSE

22  109.   Any alleged act or omission giving rise to Plaintiff's claims was undertaken in

23  good faith and Defendant had reasonable grounds to believe that any such act or omission (which

24  Defendant denies) was not a violation of any provision of the Labor Code or any Wage Order.

25  ### NINETEENTH AFFIRMATIVE DEFENSE

26  110.   Plaintiff is not a proper representative for the putative class she purports to

27  represent; this action is not a proper class action; and the putative class defined in the Complaint

28  is fatally flawed.

-14-

**ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

**TWENTIETH AFFIRMATIVE DEFENSE**

111.    Even if Plaintiff and/or putative class members were employees of Ameriprise Financial, which they are not, they would be exempt from overtime compensation under the applicable wage and hour laws.

**CONCLUSION**

Wherefore, Defendant Ameriprise Financial requests that the Court grant the following relief:

1.    Dismiss Plaintiff's Complaint with prejudice;

2.    Award Defendant costs and disbursements incurred herein in defending against Plaintiff's frivolous action which asserts claims under employment law on behalf of individuals who were clearly franchisees and not employees, including reasonable attorneys' fees;

3.    Award Defendant such other relief as the Court may deem just and proper.

Dated:  June 22, 2007                    DORSEY & WHITNEY LLP

By:_____/s/_____
KAREN E. WENTZEL
Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

**ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**