COPY

1  Karen E. Wentzel (SBN 112179)
   DORSEY & WHITNEY LLP
2  1717 Embarcadero Road
   Palo Alto, California 94303
3  (650) 857-1717 : phone
   (650) 857-1288 : fax
4  Email: efilingPA@dorsey.com

5  Attorneys for Defendant
   AMERIPRISE FINANCIAL
6  SERVICES, INC.

7

ENDORSED
FILED
San Francisco County Superior Court

JUN 2 2 2007

GORDON PARK-LI, Clerk
BY: WESLEY RAMIREZ
Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11

12  SYLVIA JOHNSON, individually, and on      Case No. CGC-07-463497
    behalf of all others similarly situated,
13                                            **NOTICE TO STATE COURT AND**
                                              **ADVERSE PARTY OF REMOVAL TO**
14                 Plaintiffs,                **FEDERAL COURT**

15  v.
                                              Complaint filed:  May 17, 2007
16  AMERIPRISE FINANCIAL SERVICES,
    INC., and DOES 1 through 100, inclusive,
17
                   Defendants.
18

19

20

21

22

23

24

25

26

27

28

                                  1
               **NOTICE TO STATE COURT AND ADVERSE**
               **PARTY OF REMOVAL TO FEDERAL COURT**

1    TO THE SUPERIOR COURT IN AND FOR THE COUNTY OF SAN FRANCISCO,

2    STATE OF CALIFORNIA; AND TO PLAINTIFF SYLVIA JOHNSON AND HER

3    ATTORNEYS OF RECORD:

4        PLEASE TAKE NOTICE THAT on June 15, 2007, Defendant Ameriprise Financial

5    Services, Inc., pursuant to 28 U.S.C. Sections 1441, 1446 and 1332, filed a Notice of Removal of

6    this action with the Clerk of the United States District Court for the Northern District of

7    California, San Francisco Division and, thus, removed this action to the United States District

8    Court for the Northern District of California, San Francisco Division.  Accordingly, all further

9    proceedings in this action shall be in said United States District Court.  A true and correct copy of

10   said Notice of Removal as filed in said United States District Court is attached hereto as

11   Exhibit 1.

12

13   Dated:  June 15, 2007          DORSEY & WHITNEY LLP

14

15                                  By:  _____

16                                       Karen E. Wentzel

17                                       Attorneys for Defendant
                                         AMERIPRISE FINANCIAL
                                         SERVICES, INC.
18

19

20

21

22

23

24

25

26

27

28

2

**NOTICE TO STATE COURT AND ADVERSE
PARTY OF REMOVAL TO FEDERAL COURT**

**PROOF OF SERVICE**

I, Margaret J. Stork, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1717 Embarcadero Road, P.O. Box 51050, Palo Alto, California 94303. On June 15, 2007, I served the within documents:

**NOTICE TO STATE COURT AND ADVERSE PARTY**
**OF REMOVAL TO FEDERAL COURT**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill addressed as set forth below, and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Scott Edward Cole, Esq.<br>Clyde H. Charlton, Esq.<br>Matthew R. Bainer, Esq.<br>SCOTT COLE & ASSOCIATES, APC<br>1970 Broadway, Ninth Floor<br>Oakland, CA 94612 | Attorneys for Plaintiffs<br>SYLVIA JOHNSON, et al. |

Tel:    (510) 891-9800
Fax:    (510) 891-7030

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 15, 2007, at Palo Alto, California.

MARGARET J. STORK

**EXHIBIT 1**

**EXHIBIT 1**

**EXHIBIT 1**

COPY

1   Karen E. Wentzel (SBN 112179)
    DORSEY & WHITNEY LLP
2   1717 Embarcadero Road
    Palo Alto, California 94303
3   (650) 857-1717 : phone
    (650) 857-1288 : fax
4   Email:  efilingPA@dorsey.com

5   Attorneys for Defendant
    AMERIPRISE FINANCIAL
6   SERVICES, INC.

E-filing

7

8              UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

WDB

11  SYLVIA JOHNSON, individually, and on    Case No. C 07  3168
12  behalf of all others similarly situated,

13                                           NOTICE OF REMOVAL PURSUANT
                                             TO 28 U.S.C. SECTIONS 1441, 1446,
                                             AND 1332
14                          Plaintiffs,

    v.
15                                           (DIVERSITY JURISDICTION /
                                             CLASS ACTION)
16  AMERIPRISE FINANCIAL SERVICES,
    INC., and DOES 1 through 100, inclusive,
17
                            Defendants.
18

19

20

21

22

23

24

25

26

27

28

                                    1
         NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, AND 1332

1  TO THE CLERK OF THE ABOVE ENTITLED COURT:

2  PLEASE TAKE NOTICE THAT Defendant Ameriprise Financial Services, Inc.

3  ("Ameriprise Financial"), pursuant to 28 U.S.C. §§ 1441 and 1446 and the Class Action

4  Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d), hereby

5  removes to the United States District Court for the Northern District of California the state

6  court action described below.  In support of this Notice of Removal, Ameriprise Financial

7  states the following:

8  1.    On or about May 17, 2007, Plaintiff Sylvia Johnson ("Plaintiff"),

9  individually and on behalf of all others similarly situated, commenced a civil action in the

10  Superior Court of the State of California, in and for the County of San Francisco, entitled

11  Sylvia Johnson, individually, and on behalf of all other similarly situated, v. Ameriprise

12  Financial Services, Inc., and Does 1 through 100, inclusive, Case No. CGC-07-463497

13  (hereafter, the "State Court Action").  A true and correct copy of the Summons and Class

14  Action Complaint ("Complaint") in the State Court Action is attached hereto as Exhibit A.

15  To date, no other process, pleadings or orders have been served on Ameriprise Financial.

16  2.    Ameriprise Financial was not served with the Summons and Complaint until

17  May 23, 2007, but did learn of the filing of the Summons and Complaint on May 18,

18  2007.  This removal is timely because this Notice of Removal was filed and served by

19  Ameriprise Financial within 30 days thereof.  The Summons and Complaint constitute all

20  of the pleadings, process and orders served in the State Court Action.

21  3.    Plaintiff seeks class certification; class damages, including unpaid overtime

22  compensation and interest thereon, reimbursement of business expenses, rest and meal

23  period compensation, penalties for alleged failure to provide accurate itemized wage

24  statements, penalties for alleged failure to timely pay wages upon termination, and

25  liquidated damages and other penalties; injunctive and other equitable relief; and

26  attorneys' fees and costs for alleged violations of various provisions of the California

27  Code of Regulations, Labor Code and Business and Professions Code.  See Compl. ¶ 1.

28

2

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, AND 1332**

4.      A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a) & (b). A class action over which a federal court has jurisdiction may be removed to a district court of the United States in accordance with 28 U.S.C. § 1446. 28 U.S.C. § 1453(b)).

5.      Under 28 U.S.C. § 1332, as amended by CAFA, a federal district court shall have original jurisdiction over a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action involving greater than 100 putative class members in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)). This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d).

6.      CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1) & 1453.

7.      Plaintiff brings this action as a Representative Plaintiff under California Code of Civil Procedure § 382, on behalf of a putative class of:

> All persons who are/were employed by defendant Ameriprise Financial Services, Inc. in the State of California as "Independent Advisors" at any time since May 17, 2003.

See Compl. ¶ 23-25.

8.      Although there have been and are currently no persons employed by defendant Ameriprise Financial Services, Inc. in the State of California as "Independent Advisors" at any time since May 17, 2003, it is clear from the allegations of the Complaint that Plaintiff is attempting to refer to, and include in her putative class, "Independent Advisors" who were actually affiliated with Ameriprise Financial Services, Inc. as franchisees, and not employees. Based upon the underlying allegations in the Complaint and the individuals Plaintiff is purporting to include in her putative class, this action is a class action as defined by CAFA. 28 U.S.C. §§ 1332(d)(1) & 1453. Any

3

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, AND 1332

1   future reference in this Notice of Removal to the putative class and/or its members shall

2   be based on the understanding articulated in this paragraph.

3        9.    Based on information and belief, as alleged in the Complaint, Plaintiff is an

4   individual and citizen of the State of California.  See Compl. ¶13.  Any purported putative

5   class members are California citizens.  See id. ¶ 23.

6        10.    Ameriprise Financial is a corporation organized and existing under the laws

7   of the State of Delaware with its principal place of business in Minneapolis, Minnesota.

8   See, e.g., Compl. ¶ 17.

9        11.    Thus, this is a class action in which any member of a purported putative

10  class of plaintiffs is a citizen of a State different from any defendant" as required by

11  CAFA.  28 U.S.C. § 1332(d)(2)(A).

12       12.    Furthermore, based upon Plaintiff's allegations and prayer for relief

13  contained in her Complaint, the matter in controversy is greater the sum or value of

14  $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Under § 1332, as

15  amended by CAFA, in a class action, the claims of the individual class members are

16  aggregated to determine whether the matter in controversy exceeds the sum or value of

17  $5,000,000, exclusive of interest and costs.  Id. § 1332(d)(6)).

18       13.    Contrary to the allegations of the Complaint, Plaintiff was not an employee

19  of Ameriprise Financial, but was a P2 Independent Advisor—a franchisee.  The number

20  of purported putative class members in this putative class action based on Plaintiff's

21  incorrect understanding of the Franchise Agreement includes approximately 551 P2

22  Independent Advisors who currently have franchises in California.  See Declaration of

23  Mark Andrysiak ¶ 2, attached hereto as Exhibit B.  The number of purported putative

24  class members in this putative class action, based on Plaintiff's incorrect understanding of

25  the Franchise Agreement, also includes additional P2 Independent Advisors, who, like the

26  Plaintiff, were P2 Independent Advisors in California at some point from May 17, 2003 to

27  the present, but have terminated their Franchise Agreement with Ameriprise Financial.

28  The number of terminated P2 Independent Advisors is being calculated, but is presently

4

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, AND 1332

1    unknown.  Therefore, at a minimum, there are 551 purported putative class members as
2    Plaintiff attempts to incorrectly pursue this action, plus Plaintiff.

3        14.    The median annual earnings of a purported putative class member in 2006
4    was approximately $165,507.00.  See Declaration of Cory Larson ¶ 2, attached hereto as
5    Exhibit C.

6        15.    Plaintiff seeks monetary and other relief for herself and these greater than
7    551 purported putative class members on seven causes of action, as follows.

8        16.    First, Plaintiff seeks for herself and all purported putative class members
9    overtime wages for all hours worked over eight in any workday and/or over forty in any
10   workweek throughout the past approximately four years.  See Compl. ¶¶ 38-42.  She also
11   seeks attorneys' fees incurred to collect such unpaid and allegedly due overtime wages.
12   See id. ¶ 42.  Plaintiff alleges that she and the purported putative class members worked
13   "numerous hours of overtime on a daily and/or weekly basis."  See id. ¶ 26.

14       17.    Second, Plaintiff seeks for herself and all purported putative class members
15   reimbursement for all business expenses incurred throughout the past approximately four
16   years.  See Compl. ¶¶ 44-52.  This would include, for example, rent paid by each of the P2
17   Independent Advisors (franchisees) to lease office space for a period of more than four
18   years, and wages paid to any employees hired by P2 Independent Advisors.  She also
19   seeks statutory interest at the rate of 10% per annum from the date of expenditure to the
20   date of reimbursement, plus attorneys' fees incurred to collect reimbursement.  See id.
21   ¶ 51.

22       18.    Third, Plaintiff alleges Ameriprise Financial improperly "charged back both
23   commissions and the actual value of the stock losses allegedly caused by the employee
24   through simple negligence or no fault of the employee at all," and seeks an accounting and
25   payment of all wages due to herself and all purported putative class members, in addition
26   to attorneys' fees and interest.  See Compl. ¶¶ 59, 63.

27       19.    Fourth, Plaintiff alleges that Ameriprise Financial improperly failed to
28   provide her and all purported putative class members with meal and rest periods, and

5

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, AND 1332

1  seeks for herself and all purported putative class members one additional hour of pay for

2  each workday during the past approximately four years in which Ameriprise Financial

3  allegedly did not provide proper meal and rest periods. See Compl. ¶¶ 65-72. Plaintiff

4  additionally seeks for herself and all purported putative class members penalties for such

5  alleged violations, and attorneys' fees. See id. ¶ 72.

6       20.    Fifth, Plaintiff alleges Ameriprise Financial failed to provide her and all

7  purported putative class members with accurate itemized wage statements throughout the

8  past approximately four years. For this alleged violation, Plaintiff seeks for herself and all

9  purported putative class members an amount up to $4,000.00 per purported putative

10  plaintiff in addition to attorneys' fees. See Compl. ¶ 74-80.

11       21.    Sixth, Plaintiff alleges that Ameriprise Financial failed to timely pay wages

12  upon termination, and seeks to recover for herself and "numerous" purported putative

13  class members penalties of thirty days' wages for each individual so affected, in addition

14  to interest thereon and attorneys' fees. See Compl. ¶ 85.

15       22.    Seventh and finally, Plaintiff seeks to enjoin Ameriprise Financial from

16  each of the above-described allegedly improper practices. See Compl. ¶ 87.

17       23.    Given the compensation of the purported putative class members and the

18  relief requested by Plaintiff for herself and a purported putative class of at least 551 other

19  people, including damages and attorneys' fees, it is clear that Plaintiff's Complaint seeks

20  more than $5,000,000 in aggregate damages. Additionally, Ameriprise Financial could

21  face significant costs in complying with Plaintiff's requested injunction if it were so

22  enjoined.[1]

23       24.    Thus, although Ameriprise Financial denies Plaintiff's factual allegations,

24  and denies that she or the purported putative class she purports to represent is properly

25

26      [1]    In its report on CAFA, the Senate Judiciary Committee stated, "[T]he Committee intends
that a matter be subject to federal jurisdiction under this provision if the value of the matter in litigation

27  exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and
regardless of the type of relief sought (e.g. damages, injunctive relief, or declaratory relief)." S. Rep. No.

28  109-14, at 42 (2005).

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, AND 1332**

defined or otherwise entitled to the relief for which she has prayed, based on Plaintiff's allegations and prayer for relief contained in the Complaint, the amount in controversy, properly aggregated, clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2)).[2]

25.    Accordingly, because this action is a class action in which Plaintiff is a citizen of a State different from the defendant, and because the matter in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, this Court has original jurisdiction pursuant to CAFA (codified at 28 U.S.C. § 1332(d)(2)). Thus, Ameriprise Financial may properly remove this action to this Court. 28 U.S.C. § 1453.

26.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after Ameriprise Financial received a copy of the initial pleading.

27.    Pursuant to 28 U.S.C. § 1441(a), the State Court Action is pending within the judicial district and division of this Court.

28.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the clerk of the Superior Court of the State of California, in and for the County of San Francisco.

29.    No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

30.    By filing this Notice of Removal, Ameriprise Financial does not waive any of its rights, denials, defenses or objections, including, but not limited to, any defects in service, process or jurisdiction.

---

[2]    In its report on CAFA, the Senate Judiciary Committee stated, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42 (2005).

7

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, AND 1332**

1      **WHEREFORE**, Ameriprise Financial hereby provides notice of removal of this

2  action from the Superior Court of the State of California, in and for the County of San

3  Francisco, to the United States District Court for the Northern District of California.

4

5  Dated: June 14, 2007            DORSEY & WHITNEY LLP

6

7                        By:

8                        Karen E. Wentzel

9                      Attorneys for Defendant
                        AMERIPRISE FINANCIAL

10                      SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441, 1446, AND 1332**

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SYLVIA JOHNSON, individually, and on behalf of all others similarly situated.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del caso):* CGC-07-463497 |
|---|---|

San Francisco County Superior Court
Civic Center Courthouse
400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew R. Bainer, Esq., SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor, Oakland, CA 94612 (510) 891-9800

| DATE: MAY 1 7 2007 | Clerk, by | P. NATT | , Deputy |
|---|---|---|---|
| *(Fecha)* | Gordon Park-Li *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Ameriprise Financial Services, Inc.

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date): 5-22-07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.    www.USCourtForms.com

P2-1989

1  Scott Edward Cole, Esq. (S.B. #160744)
   Clyde H. Charlton, Esq. (S.B. #127541)
2  Matthew R. Bainer, Esq. (S.B. #220972)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5  web:    www.scalaw.com

6  Attorneys for Representative Plaintiff
   and the Plaintiff Class
7

SUMMONS ISSUED
**F I L E D**
San Francisco County Superior Court

MAY 1 7 2007

GORDON PARK-LI, Clerk
BY: _____
        Deputy Clerk
   P. NATT

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11 SYLVIA JOHNSON, individually, and          )  Case No.: **CGC-07-463497**
   on behalf of all others similarly situated, )
12                                             )  **CLASS ACTION**
                         Plaintiff,            )
13                                             )  **COMPLAINT FOR DAMAGES,**
   vs.                                         )  **INJUNCTIVE RELIEF AND RESTITUTION**
14                                             )
   AMERIPRISE FINANCIAL                        )
15 SERVICES, INC., and DOES 1 through          )
   100, inclusive,                             )  CASE MANAGEMENT CONFERENCE SET
16                       Defendants,           )
                                               )
17 _____   )  OCT 1 9 2007 -9ᵒᵒAM

18 Representative Plaintiff alleges as follows:          DEPARTMENT 212

19

20                     **PRELIMINARY STATEMENT**

21      1.      This is a class action, seeking unpaid wages, including unpaid overtime compensation

22 and interest thereon, reimbursement of business expenses, rest and meal period compensation,

23 waiting time penalties, liquidated damages and other penalties, injunctive and other equitable relief

24 and reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the California Code of

25 Regulations, Labor Code §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510,

26 1174, 1194, 1194.2, 1197 and 2802, Business and Professions Code §§ 17200 *et seq.* and Code of

27 Civil Procedure § 1021.5.

28 ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2.      Representative Plaintiff brings this action on behalf of herself and all other persons similarly situated (hereinafter referred to as the "Class Members" and/or the "Plaintiff Class") who are, or have been, employed by defendant Ameriprise Financial Services, Inc. (hereinafter "Ameriprise" and/or "Defendant") in "Independent Advisor" positions to sell and/or assist in selling and/or to market and/or assist in marketing securities and other financial products to the public on its behalf within the applicable statutory periods.

3.      The class period is designated as the time from May 17, 2003 through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been on-going since that time. During the Class Period, Ameriprise has had a consistent policy of (1) permitting, encouraging, and/or requiring the Representative Plaintiff and members of the Plaintiff Class, to work in excess of eight (8) hours per day and in excess of forty (40) hours per week without paying them overtime compensation as required by California's wage and hour laws; (2) making deductions from the Representative Plaintiff's and Class Members' earned and paid commissions and/or wages and requiring cash contributions be paid back to Defendant for commissions previously paid and for claimed customer losses by Defendant and/or Defendant's customers; (3) requiring Representative Plaintiff and Class Members to pay other agents/employees of Defendant for their services to the clients in processing orders, assisting in sales, or otherwise handling business matters of the employer; (4) unlawfully denying the Representative Plaintiff and the Class Members statutorily mandated meal and rest periods; (5) willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to Representative Plaintiff and/or the Class Members whose employment with Defendant terminated; and (6) willfully failing to provide Representative Plaintiff and the Class Members with accurate semi-monthly itemized wage statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during the pay period.

## INTRODUCTION

4.      California's Labor Code and Industrial Welfare Commission Wage Orders provide expansive protection to hourly workers, including, but not necessarily limited to, entitlements to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  overtime pay and work performed beyond eight hours per day and substantial penalties for the denial

2  of rest and meal periods.

3       5.    Both Federal and California studies have linked long work hours to increased rates

4  of accident and injury and a loss of family cohesion when either or both parents are kept away from

5  home for extended periods of time, on either a daily or weekly basis.

6       6.    Defendant has sold securities and financial products to the public. Representative

7  Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, Defendant

8  has operated numerous facilities throughout California. In so doing, Defendant has employed

9  hundreds, if not thousands, of individuals in recent years alone in allegedly exempt Independent

10  Advisor positions, employment and/or purportedly independent contractor positions which have not,

11  and currently do not, meet any test for exemption from the payment of overtime wages or

12  classification as exempt and/or as a bona fide independent contractor.

13       7.    Despite actual knowledge of these facts and legal mandates, Defendant has enjoyed

14  an advantage over its competition and has disadvantaged its workers by electing not to pay premium

15  (overtime) and/or "penalty" (a.k.a. "waiting time") wages to particular Independent Advisors, among

16  other employment positions.

17       8.    Representative Plaintiff is informed and believes and, based thereon, alleges that

18  officers of Ameriprise knew of these facts and legal mandates, yet, nonetheless, repeatedly

19  authorized and/or ratified the violation of the laws cited herein.

20       9.    Despite Ameriprise's knowledge of the Plaintiff Class' entitlement to premium

21  (overtime) pay, expense reimbursement, and meal and/or rest periods for all applicable work periods,

22  Ameriprise failed to provide the same to members of the Plaintiff Class in violation of California

23  state statutes, Industrial Welfare Commission Orders and Title 8 of the California Code of

24  Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

25

26          **JURISDICTION AND VENUE**

27       10.   This Court has jurisdiction over the Representative Plaintiff's and Class Members'

28  claims for unpaid wages and/or penalties under, *inter alia*, Title 8 of the California Code of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   Regulations, Labor Code §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510,

2   1174, 1194, 1194.2, 1197 and 2802, Business and Professions Code §§ 17200 *et seq.* and Code of

3   Civil Procedure § 1021.5.

4       11.   This Court has further jurisdiction over the Representative Plaintiff's and Class

5   Members' claims for injunctive relief, and restitution of ill-gotten benefits arising from defendant

6   Ameriprise's unlawful business practices under Business & Professions Code §§ 17203 and 17204.

7       12.   Venue as to Defendant is proper in this judicial district, pursuant to Code of Civil

8   Procedure § 395(a). Defendant Ameriprise operates in the County of San Francisco, and transacts

9   business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of

10  process. The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and

11  those similarly situated within the State of California and San Francisco County. Defendant

12  Ameriprise provides said services and has employed numerous Class Members in San Francisco

13  County as well as in other counties within the State of California.

14

15                          **PLAINTIFFS**

16      13.   Representative Plaintiff Sylvia Johnson is a natural person and was, during the

17  relevant time period identified herein, employed by Ameriprise in California as an Independent

18  Advisor.

19      14.   In said position, the Representative Plaintiff was repeatedly paid a substandard wage

20  insofar as she was denied full pay for all hours worked, including overtime pay, denied

21  reimbursement for expenses made on behalf of her employer, and was frequently permitted to work,

22  and did work during the Class Period, shifts exceeding four hours or a major fraction thereof (of at

23  least three and one-half hours) without being afforded ten minute rest periods and without being

24  afforded mandatory meal periods. The Representative Plaintiff is informed and believes, and based

25  thereon, alleges that this conduct of Ameriprise is/was commonplace at every location owned and

26  operated thereby.

27      15.   As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff

28  Class" refer to the named plaintiff herein, as well as, each and every person eligible for membership

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 4 -

Complaint For Damages

1   in the Plaintiff Class, as further described and defined below.

2      16.    At all times herein relevant, the Representative Plaintiff was, and now is, a person

3   within the class of persons further described and defined herein.

5                          **DEFENDANTS**

6      17.    At all times herein relevant, defendant Ameriprise Financial Services, Inc. (hereinafter

7   "Ameriprise" and/or "Defendant") was, and is, a foreign corporation with a principal place of

8   business in Minneapolis, Minnesota and doing business as NASD registered securities brokerage

9   firm with offices located in San Francisco and elsewhere.

10      18.    Representative Plaintiff is informed and believes and, on that basis, alleges that

11   defendant Ameriprise has, and does, directly and/or indirectly employ and/or exercise control over

12   the wages, hours and working conditions of the Representative Plaintiff and the Class Members.

13      19.    Those defendants identified as Does 1 through 100, inclusive, are and were, at all

14   relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some/each

15   of the remaining defendants. The Representative Plaintiff is informed and believes and, on that basis,

16   alleges that, at all relevant times herein mentioned, each of the defendants identified as Does 1

17   through 100, inclusive, employed and/or exercised control over the wages, hours and/or working

18   conditions of the Representative Plaintiff and Class Members at various California locations, as

19   identified in the preceding paragraph.

20      20.    The Representative Plaintiff is unaware of the true names and capacities of those

21   defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by

22   such fictitious names. The Representative Plaintiff will seek leave of court to amend this Complaint

23   when same are ascertained. The Representative Plaintiff is informed and believes and, on that basis,

24   alleges that each of the fictitiously-named defendants is responsible in some manner for, gave

25   consent to, ratified and/or authorized the conduct herein alleged and that the Representative

26   Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

27      21.    Representative Plaintiff is informed and believes and, on that basis, alleges that, at

28   all relevant times herein mentioned, each of the defendants was the agent and/or employee of each

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    of the remaining defendants and, in doing the acts herein alleged, was acting within the course and

2    scope of such agency and/or employment.

3          22.     There is no preemption of the claims brought in this Complaint because these claims

4    are based upon State law. There is no dispute over the terms of any collective bargaining agreement

5    ("CBA") and there is no need to interpret the terms of any CBA.

6

7    **CLASS ACTION ALLEGATIONS**

8          23.     Representative Plaintiff brings this action individually and as a class action on behalf

9    of all persons similarly situated and proximately damaged by Ameriprise's conduct, including, but

10   not necessarily limited to, the following Plaintiff Class:

11             All persons who are/were employed by defendant Ameriprise
          Financial Services, Inc. in the State of California as "Independent

12             Advisors" at any time since May 17, 2003.

13         24.     Defendant, its officers and directors are excluded from this class.

14         25.     This action has been brought and may properly be maintained as a class action under

15   California Code of Civil Procedure § 382 because there is a well-defined community of interest in

16   the litigation and the proposed Class is easily ascertainable.

17         a.     Numerosity: A class action is the only available method for the fair and
efficient adjudication of this controversy. The members of the class are so

18   numerous that joinder of all members is impractical, if not impossible, insofar
as Representative Plaintiff is informed and believes and, on that basis, alleges

19   that the total number of Class Members exceeds hundreds of individuals.
Membership in the Plaintiff Class will be determined upon analysis of

20   employee and payroll, among other, records maintained by Defendant.

21         b.     Commonality: The Representative Plaintiff and the Class Members share a
community of interest in that there are numerous common questions and

22   issues of fact and law which predominate over any questions and issues solely
affecting individual members, thereby making a class action superior to other

23   available methods for the fair and efficient adjudication of the controversy.
Consequently, class certification is proper under section 382. These common

24   questions include, but are not necessarily limited to:

25             1.     Whether Defendant violated California laws by failing to pay

26                  overtime compensation to Ameriprise Independent Advisors who
worked in excess of 40 hours per week;

27

28             2.     Whether Defendant violated California Wage Order Nos. 7-98, 7-
               2000, 7-2001 and Labor Code § 510 by failing to pay overtime

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WORLD SAVINGS TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

- 6 -
Complaint For Damages

compensation to Ameriprise Independent Advisors who worked in excess of 40 hours per week and/or eight (8) hours a day;

3. Whether Defendant violated California Business and Professions Code § 17200, *et seq.* by failing to pay overtime compensation to Independent Advisors who worked in excess of forty (40) hours per week and/or eight (8) hours a day;

4. Whether Defendant violated California Labor Code §§ 200, 202, 204 and portions of applicable California Wage Orders by subjecting its Independent Advisors to deductions from wages, including commissions and losses claimed by Defendant's customers;

5. Whether Defendant violated California Labor Code §§ 400-410 and 2802 by charging and/or otherwise requiring its Independent Advisors to pay all or a portion of the compensation of other agents/employees of Defendant, as well as other normal business expenses of Defendant;

6. Whether Defendant violated, and continues to violate, California Labor Code §§ 226.7 and/or 512 by failing to consistently provide meal and/or rest periods to the Class Members;

7. Whether Defendant violated, and continues to violate, California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

8. Whether Defendant violated, and continues to violate, California Labor Code §§ 201-203 by failing to pay overtime wages due and owing at the time Class Members' employment with Defendant terminated;

9. Whether Defendant violated, and continues to violate, California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Class Members of total hours worked and all applicable hourly rates in effect during the pay period;

10. Whether the Representative Plaintiff and the Class Members are entitled to "waiting time" penalties/wages pursuant to California Labor Code § 203.

c. Typicality: The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. The Representative Plaintiff and all members of the Plaintiff Class sustained injuries and damages arising out of and caused by Ameriprise's common course of conduct in violation of state and federal law, as alleged herein.

d. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    inconsistent rulings, which might be dispositive of the interests of other Class
     Members who are not parties to the adjudications and/or may substantially
2    impede their ability to adequately protect their interests. Moreover, the
     Representative Plaintiff is informed and believes, and based thereon alleges,
3    that Defendant, in refusing to pay overtime to the Class Members, has acted
     and refused to act on grounds generally applicable to all claims, thereby
4    making appropriate injunctive and monetary relief for all members of each
     class. Consequently, class certification is proper under Code of Civil
5    Procedure § 382.

6    e.    Adequacy of Representation:  The Representative Plaintiff in this class action
           is an adequate representative of the Plaintiff Class, in that the Representative
7          Plaintiff's claims are typical of those of the Plaintiff Class and the
           Representative Plaintiff has the same interests in the litigation of this case as
8          the Class Members. The Representative Plaintiff is committed to vigorous
           prosecution of this case, and has retained competent counsel, experienced in
9          litigation of this nature. The Representative Plaintiff is not subject to any
           individual defenses unique from those conceivably applicable to the class as
10         a whole. The Representative Plaintiff anticipates no management difficulties
           in this litigation.

11

12                           **COMMON FACTUAL ALLEGATIONS**

13         26.     As described herein, Ameriprise has, for years, knowingly failed to adequately

14   compensate those Independent Advisors within the class definition identified above for premium

15   (overtime) wages due under California Labor Code § 510 and applicable California Wage Orders.

16   Moreover, Ameriprise has knowingly failed to provide said workers with mandatory meal and rest

17   periods, thereby enjoying a significant competitive edge over other securities brokerage firms.

18   Among other means, Ameriprise engaged in unlawful business practices by requiring Independent

19   Advisors to work numerous hours of overtime on a daily and/or weekly basis and prevented

20   Independent Advisors from taking rest and meal breaks.

21         27.     Even upon the termination or resignation of the employment of Representative

22   Plaintiff and numerous Class Members during the Class Period, Ameriprise declined to pay these

23   wages, in blatant violation of California Labor Code §§ 201 and/or 202.

24         28.     Moreover, according to Defendant's policy, all Class Members suffered deductions

25   from earned and paid commissions, as well as, cash contributions made back to Defendant, for the

26   commissions previously paid and the actual claimed customer losses themselves, on account of

27   claims by Defendant's customers.

28   ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

29.    Additionally, according to Defendant's policy, all Class Members were required to pay agents/employees of Defendant for their services to the clients in processing orders, assisting in sales, or otherwise doing the business of Ameriprise, either directly as wages, as cash payments or through the diversion of commissions previously earned.

30.    Through the misclassification of Plaintiff and the Class Members as exempt employees and/or independent contractors, Ameriprise has also incorrectly and unlawfully treated said Class Members as exempt from the meal and rest period requirements established by California Labor Code §§ 226.7 and 512 and §§ 11 and 12 of the applicable California Wage Orders. Representative Plaintiff and the Class Members were, and are, unlawfully denied meal breaks and rest periods required by law.

31.    Moreover, California Labor Code §§ 201 and 202 require Ameriprise to pay all wages due to members of the Plaintiff Class immediately upon discharge. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days of wages.

32.    Furthermore, despite its knowledge of the Representative Plaintiff's and the Class Members' entitlement to premium (overtime) pay for excess hours worked, Ameriprise violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the Class. Ameriprise also failed to provide Representative Plaintiff and members of the Plaintiff Class with accurate semi-monthly itemized wage statements of the total number of hours worked by each, and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (the full number of hours worked) and financial impact of its wrongdoing.

33.    Representative Plaintiff and all persons similarly situated in the Plaintiff Class are entitled to unpaid compensation, yet, to date, have not received such compensation despite their termination of their employment with Ameriprise.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

34. More than 30 days have passed since Representative Plaintiff and certain Class Members have left Ameriprise's employ.

35. As a consequence of Ameriprise's willful conduct in not paying compensation for all hours worked, certain Class Members are entitled to 30 days of wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

36. As a direct and proximate result of Ameriprise's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and many Class Members herein are entitled to recover "waiting time" penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide semi-monthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are entitled to recover attorneys' fees and costs, pursuant to California Labor Code §§ 218.5 and 1194 and/or California Civil Code § 1021.5, among other authorities.

### FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY OVERTIME WAGES

37. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

38. During the Class Period, Representative Plaintiff and the Class Members worked in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek. The precise number of overtime hours will be proven at trial.

39. During said time period, Ameriprise refused to compensate Representative Plaintiff and the Class Members for some and/or all of the overtime wages earned in violation of applicable Wage Order(s) and the provisions of the California Labor Code.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    40.    At all relevant times, Defendant was aware of, and was under a duty to comply with,

2    the overtime provisions of the California Labor Code, including, but not limited to, the following:

3        a.    Labor Code § 510: "Any work in excess of eight hours in one workday and
              any work in excess of 40 hours in any one workweek and the first eight hours
4             worked on the seventh day of work in any one workweek shall be
              compensated at the rate of no less than one and one-half times the regular rate
5             of pay for an employee ..."

6        b.    Labor Code § 1194: "Notwithstanding any agreement to work for a lesser
              wage, any employee receiving less than the legal minimum wage or the legal
7             overtime compensation applicable to the employee is entitled to recover in
              a civil action the unpaid balance of the full amount of this minimum wage or
8             overtime compensation, including interest thereon, reasonable attorney's fees,
              and costs of suit."

9
         c.    Labor Code §1198: "[t]he maximum hours of work and the standard
10            conditions of labor fixed by the commission shall be the maximum hours of
              work and the standard conditions of labor for employees. The employment
11            of any employee for longer hours than those fixed by the order or under
              conditions of labor prohibited by the order is unlawful."
12

13    41.    By refusing to compensate Representative Plaintiff and the Class Members for

14    overtime wages earned, Defendant violated those California Labor Code provisions cited herein, as

15    well as various Industrial Welfare Commission Wage Orders.

16    42.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

17    Representative Plaintiff and the Class Members have sustained damages, including loss of earnings

18    for hours of overtime worked on behalf of Defendant, in an amount to be established at trial, and are

19    entitled to recover attorneys' fees and costs of suit.

20

21                        **SECOND CAUSE OF ACTION**
         **FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND**
22

23    43.    Representative Plaintiff incorporates in this cause of action each and every allegation

24    of the preceding paragraphs, with the same force and effect as though fully set forth herein.

25    44.    During the Class Period, Defendant required Plaintiff and Class Members to pay

26    additional sums to Defendant's other agent employees for the labor necessary to complete the job

27    of Independent Advisors, as well as other normal business expenses of the Defendant.

28    ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 11 -
Complaint For Damages

45.    Thus, Plaintiff and the Plaintiff Class had expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer which have not yet been reimbursed by Defendant.

46.    At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of California Labor Code §§ 406, 407 and 2802(a).

47.    California Labor Code § 2802(a) provides:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

48.    California Labor Code § 406 provides:

Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

49.    California Labor Code § 407 provides:

Investments and the sale of stock or an interest in a business in connection with the securing of a position are illegal as against the public policy of the State and shall not be advertised or held out in any way as a part of the consideration for any employment.

50.    By requiring Plaintiff and members of the Plaintiff Class to incur uncompensated expenses in direct consequence of the discharge of their duties, Representative Plaintiff and members of the Plaintiff Class were forced and/or brought to contribute to the capital and expenses of the Defendant's business which is legally a cash bond and which must be refunded by Defendant to each Class Member.

51.    California Labor Code § 2802 (b) and (c) provides for interest at the statutory post judgment rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to collect reimbursement.

52.    Therefore, Representative Plaintiff demands reimbursement for expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of her obedience to the directions of the employer, plus return of all cash bonds or other coerced investments

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 12 -
Complaint For Damages

1    in the business of the employer, with interest at the statutory rate and attorneys' fees.

2

3    **THIRD CAUSE OF ACTION:**
     **PROHIBITED WAGE CHARGEBACKS**

4

5    53.    Representative Plaintiff incorporates in this cause of action each and every allegation

6    of the preceding paragraphs, with the same force and effect as though fully set forth herein.

7    54.    California Labor Code § 200 states:

8    As used in this article: (a) "Wages" includes all amounts for labor performed
     by employees of every description, whether the amount is fixed or ascertained

9    by the standard of time, task, piece, commission basis, or other method of
     calculation.  (b) "Labor" includes labor, work, or service whether rendered

10   or performed under contract, subcontract, partnership, station plan, or other
     agreement if the labor to be paid for is performed personally by the person

11   demanding payment.

12   55.    California Labor Code § 202 states:

13   If an employee not having a written contract for a definite period quits his or
     her employment, his or her wages shall become due and payable not later

14   than 72 hours thereafter, unless the employee has given 72 hours previous
     notice of his or her intention to quit, in which case the employee is entitled

15   to his or her wages at the time of quitting.

16   There was no definite term in any Class Member's employment contract.

17   56.    California Labor Code § 204 requires all wages other than salaries to be paid not less

18   than twice a month. California Labor Code § 204 states:

19   All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,
     earned by any person in any employment are due and payable twice during

20   each calendar month, on days designated in advance by the employer as the
     regular paydays.  Labor performed between the 1st and 15th days, inclusive,

21   of any calendar month shall be paid for between the 16th and the 26th day of
     the month during which the labor was performed, and labor performed

22   between the 16th and the last day, inclusive, of any calendar month, shall be
     paid for between the 1st and 10th day of the following month.

23

24   57.    California Labor Code § 204 further states:

25   Notwithstanding any other provision of this section, all wages earned for
     labor in excess of the normal work period shall be paid no later than the

26   payday for the next regular payroll period.

27   58.    Section 8 of the Order of the Industrial Wage Commission, 8 C.C.R. § 11040(8)

28   (Professional, Technical, et al.) states:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

- 13 -
Complaint For Damages

No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

59.    Defendant charged back both commissions and the actual value of the stock losses allegedly caused by the employee through simple negligence or no fault of the employee at all.

60.    This is a species of cash shortages prohibited from being charged back.

61.    Defendant systematically underpaid its employees by holding back a significant portion of commissions for their own purposes to pay others, and then either paying the wages later than the time required under California Labor Code § 204 or simply not paying them at all.

62.    Defendant did not pay Plaintiff all wages due as required by California Labor Code § 204.

63.    Therefore, Plaintiff demands an accounting and payment of all wages due, plus interest provided under California Labor Code § 218.6 and attorneys' fees allowed by law.

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL AND REST PERIODS

64.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

65.    At all relevant times, Defendant was aware of, and was under a duty to comply with California Labor Code § 512 and California Labor Code § 226.7.

66.    California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WORLD SAVINGS TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

- 14 -
Complaint For Damages

67.    Moreover, California Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

68.    Industrial Wage Commission Wage Order Nos. 7-2001(11) and (12) also mandate that employers provide all applicable meal and/or rest periods to their workers.

69.    IWC Wage Order No. 7-2001(11) provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

70.    IWC Wage Order No. 7-2001(12) provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof...

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

71.    By failing to consistently provide meal and rest periods to Representative Plaintiff and the Class Members, Ameriprise violated these California Labor Code and IWC Wage Order provisions.

72.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages, including lost wages, and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    are entitled to recover such damages, penalties and attorneys' fees and costs under California law,

2    in an amount to be established at trial.

3

4                          **FIFTH CAUSE OF ACTION**
                 **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

5

6        73.    Representative Plaintiff incorporates in this cause of action each and every allegation

7    of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8        74.    California Labor Code § 226(a) provides:

9            Each employer shall semimonthly, or at the time of each payment of
             wages, furnish each of his or her employees either as a detachable
10           part of the check, draft or voucher paying the employee's wages, or
             separately when wages are paid by personal check or cash, an
11           itemized wage statement in writing showing: (1) gross wages earned;
             (2) total number of hours worked by each employee whose
12           compensation is based on an hourly wage; (3) all deductions;
             provided, that all deductions made on written orders of the employee
13           may be aggregated and shown as one item; (4) net wages earned;
             (5) the inclusive date of the period for which the employee is paid; (6)
14           the name of the employee and his or her social security number; and
             (7) the name and address of the legal entity which is the employer.
15

16       75.    The IWC Wage Orders also establish this requirement in § 7(B) thereof (8 Cal. Code

17   Regs. § 11010 *et. seq.*).

18       76.    Moreover, California Labor Code § 226(e) provides:

19           An employee suffering injury as a result of a knowing and intentional
             failure by an employer to comply with subdivision (a) is entitled to
20           recover the greater of all actual damages or fifty dollars ($50) for the
             initial pay period in which a violation occurs and one hundred dollars
21           ($100) per employee for each violation in a subsequent pay period,
             not exceeding an aggregate penalty of four thousand dollars ($4,000),
22           and is entitled to an award of costs and reasonable attorney's fees.

23       77.    Finally, California Labor Code § 1174 provides:

24           Every person employing labor in this state shall: (d) Keep, at a central
             location in the state ... payroll records showing the hours worked
25           daily by and the wages paid to ... employees .... These records shall
             be kept in accordance with rules established for this purpose by the
26           commission, but in any case shall be kept on file for not less than two
             years.

27       78.    Representative Plaintiff seeks to recover actual damages, costs and attorneys' fees

28   under these provisions on behalf of herself and the Plaintiff Class.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

79.    Ameriprise failed to provide timely, accurate itemized wage statements to Representative Plaintiff and the Plaintiff Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. None of the statements provided by Defendant have accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

80.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY WAGES ON TERMINATION

81.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

82.    California Labor Code § 203 provides that:

> "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

83.    Representative Plaintiff and numerous Class Members were employed by Ameriprise during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within seventy-two (72) hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendant.

84.    More than thirty days has elapsed since Representative Plaintiff and the Class Members were terminated and/or resigned from Defendant's employ.

85.    As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all hours worked, Representative Plaintiff and certain Class Members are entitled to recover "waiting time" penalties of thirty days' wages pursuant to Labor Code § 203, in an amount to be established at trial, together with interest thereon and attorneys' fees and costs.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1

2

### SEVENTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES

3        86.    Representative Plaintiff incorporates in this cause of action each and every allegation

4   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

5        87.    Representative Plaintiff further brings this cause of action seeking equitable and

6   statutory relief to stop the misconduct of Ameriprise, as complained of herein, and to seek restitution

7   from Defendant of amounts acquired through the unfair, unlawful and fraudulent business practices

8   described herein.

9        88.    The knowing conduct of Defendant, as alleged herein, constitutes an unlawful and/or

10  fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208.

11  Specifically, Defendant conducted business activities while failing to comply with the legal mandates

12  cited herein.

13       89.    Defendant's knowing failure to adopt policies in accordance with and/or to adhere

14  to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders

15  an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as

16  set forth in California Business & Professions Code §§ 17200-17208.

17       90.    Ameriprise has clearly established a policy of accepting a certain amount of collateral

18  damage, as represented by the damages to Representative Plaintiff and the Plaintiff Class herein

19  alleged, as incidental to its business operations, rather than accept the alternative costs of full

20  compliance with fair, lawful and honest business practices ordinarily borne by responsible

21  competitors of Defendant and as set forth in legislation and the judicial record.

22

23                          **RELIEF SOUGHT**

24       **WHEREFORE, the Representative Plaintiff,** on behalf of herself and the **Plaintiff Class,**

25  prays for judgment and the following specific relief against defendant Ameriprise Financial Services,

26  Inc. as follows:

27       1.    That the Court declare, adjudge and decree that this action is a proper class/collective

28  action and certify the proposed Plaintiff Class and/or any other appropriate subclasses under Code

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 18 -
Complaint For Damages

1  of Civil Procedure § 382;

2        2.      That the Court declare, adjudge and decree that Defendant violated the overtime

3  provisions of the California Labor Code and the Industrial Wage Commission Wage Orders as to the

4  Representative Plaintiff and the Plaintiff Class;

5        3.      That the Court declare, adjudge and decree that Defendant willfully violated its legal

6  duties to pay overtime under the California Labor Code and the IWC Wage Orders;

7        4.      That the Court declare, adjudge and decree that (a) the Representative Plaintiff and

8  the Class Members were at all times relevant hereto, and are, entitled to be paid overtime for work

9  beyond 40 hours in a week; and (b) the amounts to which Representative Plaintiff and the Class

10  Members are entitled is to be doubled as liquidated damages and awarded thereto;

11        5.      That the Court declare, adjudge and decree that Defendant violated California Labor

12  Code §§ 406, 407 and 2802(a) by willfully failing to reimburse Class Members for expenses made

13  on behalf of Defendant;

14        6.      That the Court declare, adjudge and decree that Defendant violated California Labor

15  Code §§ 200, 202 and 204 and applicable IWC Wage Orders by charging back both commissions

16  and the actual value of the stock losses from wages of members of the Plaintiff Class;

17        7.      That the Court declare, adjudge and decree that Defendant violated California Labor

18  Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide meal periods

19  (including second meal periods) and/or rest periods to Class Members;

20        8.      That the Court declare, adjudge and decree that Defendant violated the record keeping

21  provisions of California Labor Code §§ 226(a) and 1174(d) and section 7 of the Wage Orders as to

22  Representative Plaintiff and the Plaintiff Class, and willfully failed to provide accurate semi-monthly

23  itemized wage statements thereto;

24        9.      That the Court declare, adjudge and decree that Defendant violated California Labor

25  Code § 203 by willfully failing to pay all compensation owed at the time of the termination of the

26  employment of Representative Plaintiff and other terminated Class Members;

27        10.     That the Court declare, adjudge and decree that Defendant violated California

28  Business and Professions Code §§ 17200 et seq. by failing to pay Representative Plaintiff and Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 19 -
Complaint For Damages

1   Members overtime compensation, failing to provide meal and/or rest periods to said employees,

2   failing to pay all wages due on termination ("waiting time" penalties) and\or by failing to provide

3   Class Members with accurate itemized wage statements;

4       11.    That the Court make an award to Representative Plaintiff and the Plaintiff Class of

5   damages and/or restitution for the amount of unpaid overtime compensation, including interest

6   thereon, and penalties in an amount to be proven at trial;

7       12.    That the Court make an award to the Representative Plaintiff and the Plaintiff Class

8   of reimbursement for all employer related expenses;

9       13.    That the Court make an award to the Representative Plaintiff and the Plaintiff Class

10  of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

11  period was not provided;

12      14.    That the Court make an award to the Representative Plaintiff and the Plaintiff Class

13  of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

14  period was not provided;

15      15.    That the Court order Defendant to pay restitution to Representative Plaintiff and the

16  Plaintiff Class due to Defendant's unlawful activities, pursuant to Business and Professions Code

17  §§ 17200-08;

18      16.    That the Court further enjoin Defendant, ordering it to cease and desist from unlawful

19  activities in violation of Business and Professions Code §§ 17200 et seq.;

20      17.    For all other Orders, findings and determinations identified and sought in this

21  Complaint;

22      18.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

23      19.    For reasonable attorneys' fees, pursuant California Labor Code §§ 218.5, 1194, and/or

24  California Civil Code § 1021.5; and

25      20.    For costs of suit and any and all such other relief as the Court deems just and proper.

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 20 -
Complaint For Damages

1    Dated: May 17, 2007

2                                         SCOTT COLE & ASSOCIATES, APC

3

4                            By:

5                                         Matthew R. Bainer, Esq.
                                          Attorneys for the Representative Plaintiff
6                                         and the Plaintiff Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**EXHIBIT B**

**EXHIBIT B**

1  Karen E. Wentzel (SBN 112179)
   DORSEY & WHITNEY LLP
2  1717 Embarcadero Road
   Palo Alto, California 94303
3  (650) 857-1717 : phone
   (650) 857-1288 : fax
4

5  Attorneys for Defendant
   AMERIPRISE FINANCIAL
6  SERVICES, INC.

7

8              UNITED STATES DISTRICT COURT
9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11
   SYLVIA JOHNSON, individually, and on
12 behalf of all others similarly situated,        Case No.

13                              Plaintiffs,      **DECLARATION OF MARK**
                                                 **ANDRYSIAK**
   v.
14
   AMERIPRISE FINANCIAL SERVICES,
15 INC., and DOES 1 through 100, inclusive,

16

17                              Defendants.

18

19      I, MARK ANDRYSIAK, declare:

20      1.      I am Leader of License and Registrations Services—Corporate Registrations at

21 Ameriprise Financial Services, Inc. ("Ameriprise Financial"). This Declaration is based on

22 my own knowledge and experience gained in my position. I have personal knowledge of the

23 following and could competently testify thereto if called upon to do so.

24      2.      As of June 11, 2007, approximately 551 P2 Independent Advisors were affiliated

25 with Ameriprise Financial in the State of California. Each of these P2 Independent Advisors

26 were franchisees of Ameriprise Financial. This number (551)does not include P2 Independent

27 Advisors in the State of California who terminated their franchise agreement with Ameriprise

28 Financial prior to June 11, 2007 such as Plaintiff.

                              -1-

                                         DECLARATION OF MARK ANDRYSIAK

**EXHIBIT C**

**EXHIBIT C**

**EXHIBIT C**

Karen E. Wentzel (SBN 112179)
DORSEY & WHITNEY LLP
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717 : phone
(650) 857-1288 : fax

Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>                            Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br><br>                          Defendants. | Case No.<br><br>**DECLARATION OF CORY LARSON** |

I, CORY LARSON, declare:

1.     I am Director—Scorecards, Field Compensation Development at Ameriprise Financial Services, Inc. ("Ameriprise Financial"). This Declaration is based on my own knowledge and experience gained in my position. I have personal knowledge of the following and could competently testify thereto if called upon to do so.

2.     The 2006 median annual earnings of P2 Independent Advisors with franchises (putative class members who were affiliated with Ameriprise Financial in 2006) in California was approximately $165,507.00.

I declare under penalty of perjury that the foregoing is true and correct. Signed at Minneapolis, Minnesota, this _14th_ day of June, 2007.

DECLARATION OF CORY LARSON

1

2

3

4
_____
Cory Larson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CORY LARSON