Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. # 237994)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web:    www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

Karren E. Wentzel (S.B. # 112179)
**DORSEY & WHITNEY LLP**
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717: phone
(650) 857-1288: fax
Email: wentzel.karen@dorsey.com

Edward B. Magarian (admitted pro hac vice)
Zeb-Michael Curtin (admitted pro hac vice)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600 : phone
(612) 340-2777 : fax
Email: magarian.edward@dorsey.com
        curtin.zeb@dorsey.com

Attorneys for Defendant
Ameriprise Financial Services, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated, | ) ) ) **Case No.:  C 07-03168 PJH** |
| Plaintiff, | ) **CLASS ACTION** ) ) |
| v. | ) **JOINT F.R.C.P. RULE 26(f) REPORT** ) |
| AMERIPRISE FINANCIAL SERVICES, INC. | ) Date:        Sept. 18, 2007 ) Time:        4:00 pm ) Judge:       Hon. Phyllis J. Hamilton ) Courtroom: 3 |
| Defendant. | ) ) ) |

1    a.    <u>Statement of the Case:</u>   Plaintiff Sylvia Johnson ("Plaintiff") is a former P2

2  Independent Advisor for Defendant Ameriprise Financial Services, Inc. ("Ameriprise Financial" or

3  "Defendant"). Plaintiff claims that, during her tenure with Defendant, she was improperly classified

4  as an independent contractor, and was denied overtime compensation as well as mandatory meal and

5  rest periods. She further alleges that she was improperly made to pay expenses on behalf of

6  Defendant, and that Defendant improperly failed to reimburse her for such expenses. Plaintiff further

7  alleges, on behalf of herself and a putative class of similarly situated California Independent

8  Advisors, that Defendant failed to issue accurate itemized wage statements, failed to pay wages

9  owed upon termination, and that Defendant's actions violated California's Unfair Competition Law.

10    Plaintiff  brings this action alleging violations of California state wage and hour laws on

11  behalf of a putative class consisting of Plaintiff and other persons classified by Defendant as P2

12  Independent Advisors within the State of California.

13    Defendant denies that Plaintiff was an employee of Ameriprise Financial as that term is used

14  in the various wage and hour laws under which Plaintiff has brought this lawsuit. Rather, Defendant

15  contends that Plaintiff was affiliated with Ameriprise Financial as a P2 Independent Advisor – a

16  franchisee, pursuant to a Franchise Agreement she signed with Ameriprise Financial. Defendant

17  accordingly denies that Plaintiff is entitled to recovery under any of the wage and hour laws referred

18  to in her Complaint, as they are inapplicable to her franchisor-franchisee affiliation with Ameriprise

19  Financial. Further, Defendant denies that Plaintiff is a proper representative for any action on behalf

20  of persons who are or were employed by Ameriprise Financial, and denies that any P2 Independent

21  Advisors have been employed by Ameriprise Financial.

22    b.    <u>Subject Matter Jurisdiction</u>:  The Court has jurisdiction over the subject matter of this

23  action under 28 U.S.C. §§ 1441,  1453, and 1332, under the Class Action Fairness Act of 2005 and

24  because of the diversity of jurisdiction of the parties.

25    c.    <u>Legal Issues:</u>  Plaintiff identifies the primary legal issue in this matter as whether

26  those persons classified by Defendant as P2 Independent Advisors were, in fact, employees of

27  Defendants and, if so, whether they were overtime exempt workers. Plaintiff contends that, before

28  addressing this and all other issues bearing on Defendant's liability, the parties should present the

1  issue of whether the putative class should be certified as a Class Action to the Court.

2        Defendant identifies the primary, and dispositive, legal issues to be (1) whether Plaintiff –

3  a P2 Independent Advisor affiliated with Ameriprise Financial as a franchisee – was a franchisee,

4  and not, as Plaintiff contends, an "employee" of Ameriprise Financial, and (2), even if Plaintiff was

5  correct, whether Plaintiff was exempt from the wage and hour laws referred to in her Complaint.

6  Defendant believes resolving these dispositive issues prior to class certification discovery and

7  motions will best serve judicial economy and prevent a waste of resources by both parties.

8  Defendant believes that only if these two legal issues are resolved in Plaintiff's favor should the

9  Court address whether a class should be certified and, if so, whether Plaintiff is a proper class

10  representative. If either of the two legal issues are resolved in Defendant's favor, Defendant believes

11  that some or all of Plaintiff's class claims would fail and the class certification issues would be moot.

12  Plaintiff disputes Defendant's characterization of the two legal issues identified as being dispositive

13  of the claims asserted, and contends that, even if one or both of the issues identified by Defendant

14  are resolved in Defendant's favor, Plaintiff's claims under California Labor Code Sections 406, 407,

15  2802(a), and California Business Code Section 17200, *et seq.*, may still survive. Moreover, Plaintiff

16  believes that the legal issues should be addressed on a class-wide basis.

17        d.    Parties, Evidence, Etc.:

18           (1)   *Parties*:

19              (a)    Sylvia Johnson (Plaintiff and putative class representative)

20              (b)    Ameriprise Financial Services, Inc. (Defendant)

21           (2)   *Witnesses*: Given that the parties have not engaged in formal discovery

22  beyond their Initial Disclosures, they are unable to list all, or even most, of the expected witnesses

23  at this time. In addition to party witnesses, it is expected that testimony will be necessary from

24  persons who have held or currently hold the position of P2 Independent Advisor with Defendant,

25  as well as from experts regarding common employment practices in the financial services industry.

26           (3)   *Documents*:  Given that the parties have not engaged in discovery beyond

27  their Initial Disclosures, they are unable to list relevant documents with any specificity at this time.

28  At the very least, the parties anticipate that the documents relevant to this action will include: the

1  Franchise Agreements entered into between Plaintiff (and other P2 Independent Advisors) and

2  Ameriprise Financial, Defendant's policies regarding franchise affiliations with P2 Independent

3  Advisors, Plaintiff's compensation statements, and communications between Defendant and P2

4  Independent Advisors regarding their job duties and the terms of their relationship with Defendant.

5        e.    <u>Status of Discovery</u>:  The parties mutually agree to open discovery as of the date of

6  the entry of a scheduling order in this matter. However, the parties dispute how discovery should

7  proceed. Plaintiff proposes that all discovery relating to the issue of Defendant's ultimate liability

8  should be stayed, pending discovery into certification issues. Defendant proposes that discovery

9  relating to the following issues should precede discovery into class certification: (1) whether

10  Plaintiff was a franchisee and, therefore, not an "employee" of Ameriprise Financial, and (2) even

11  if Plaintiff was an employee, whether she was exempt from the wage and hour laws under which she

12  seeks relief. The parties have exchanged Initial Disclosures.

13        f.    <u>Discovery Plan</u>:  The parties have not agreed to a discovery plan.

14      <u>DEFENDANT'S PROPOSAL</u>:

15      Defendant proposes that this action should proceed in three phases. Phase I will be limited

16  to discovery and motions regarding whether Plaintiff, who was a P2 Independent Advisor affiliated

17  with Ameriprise Financial as a franchisee, was an "employee" covered by the California laws under

18  which she seeks relief. Defendant proposes a January 18, 2007, deadline for the completion of Phase

19  I discovery, with a May 9, 2008, deadline by which Defendant's anticipated motion for summary

20  judgment on Phase I issues must be heard. Defendant believes that resolving Phase I issues first will

21  help to narrow the class certification inquiry, should such an inquiry become necessary.

22      Should the Court determine that Plaintiff was an "employee" covered by some or all of the

23  California laws under which she seeks relief, the case will enter Phase II for discovery and motions

24  regarding whether a class action may be maintained under California Code of Civil Procedure § 382

25  on behalf of other P2 Independent Advisors. Defendant proposes a September 19, 2008, deadline

26  for the completion of Phase II discovery, with Plaintiff's motion for class certification to be heard

27  no later than January 16, 2009.

28      If a class is certified at the end of Phase II, the case will proceed to Phase III for discovery,

1  motions, and trial regarding the merits of Plaintiff's and class members' allegations. Defendant

2  proposes a June 1, 2009, deadline for completion of non-expert discovery regarding Phase III issues,

3  with August 17, 2009, the deadline for completion of expert discovery. Trial would commence on

4  or around February 8, 2010.

5      PLAINTIFF'S PROPOSAL:

6      Plaintiff believes that certification issues should precede discovery into the issue of

7  Defendant's ultimate liability, since common liability questions can and should be determined on

8  a class-wide basis. As such, Plaintiff proposes a two phase discovery plan. In Phase I of Plaintiff's

9  proposed plan, the parties would conduct discovery related to class certification issues, and

10 Plaintiff's Motion for Class Certification would be heard no later than September 18, 2008. Phase

11 II of Plaintiff's proposed plan would be aimed at issues of Defendant's ultimate liability, including

12 class members' proper legal employment classification. Plaintiff believes that it is too early in the

13 litigation to determine discovery cut off dates for Phase II of her proposed plan, but believes that

14 discovery into certification issues will likely help the parties identify and tailor merits discovery, if

15 not resolve the litigation altogether.

16     g.    Initial Disclosure Timing: The parties have completed Initial Disclosures.

17     h.    Requested Changes to Discovery Limits:  The Court has not yet imposed any

18 discovery limits on the parties, but both parties reserve the right to request changes in the event the

19 Court does.

20     i.    Dispositive Motions: Plaintiff and Defendant may wish to file dispositive motions,

21 such as motions for summary judgment/adjudication.

22     j.    Settlement:  The parties have stipulated to defer ADR discussions until the Court has

23 entered an Order related to discovery.

24     k.    Magistrate Judges:  The parties do not consent to assignment of this matter to a

25 Magistrate Judge.

26     l.    Issues that can be narrowed by agreement or Motion: The parties' divergent positions

27 regarding whether this action merits class certification status will be disposed of by Plaintiff's

28 Motion therefor. Defendant believes that its three-phase approach, outlined above, will significantly

1   expedite the resolution of this matter.

2       m.    Parties Seek the Following Referrals:  The parties do not seek reference to arbitration,

3   a Special Master, or the Judicial Panel on Multidistrict Litigation.

4

5   Dated: October 4, 2007

6                                              **DORSEY & WHITNEY LLP**

7

8                                  By:    /s/ Karen E. Wentzel, Esq.
                                          Karen E. Wentzel, Esq.
9                                         Attorneys for Defendant Ameriprise
                                          Financial Services, Inc.
10

11  Dated: October 4, 2007

12                                             **SCOTT COLE & ASSOCIATES, APC**

13

14                                 By:    /s/ Carrie S. Lin, Esq.
                                          Carrie S. Lin, Esq.
15                                        Attorneys for the Representative Plaintiff
                                          and the Plaintiff Class

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint F.R.C.P. Rule 26(f) Report

**ATTESTATION OF E-FILED SIGNATURE**

I, Carrie S. Lin Esq., am the ECF User whose ID and password are being used to file this Certification of Service. In compliance with General Order 45, X.B., I hereby attest that Karen E. Wentzel has read and approved this Certificate of Service and consents to its filing in this action.

Dated: October 4, 2007

**SCOTT COLE & ASSOCIATES, APC**

By:     /s/ Carrie S. Lin, Esq.
        Carrie S. Lin, Esq.
        Attorneys for the Representative Plaintiff
        and the Plaintiff Class

Joint F.R.C.P. Rule 26(f) Report