1  Scott Edward Cole, Esq. (S.B. #160744)
   Matthew R. Bainer, Esq. (S.B. #220972)
2  Carrie S. Lin, Esq. (S.B. # 237994)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
5  Web:   www.scalaw.com

6  Attorneys for Representative Plaintiff
   and the Plaintiff class

7

   Karren E. Wentzel (S.B. # 112179)
8  **DORSEY & WHITNEY LLP**
   1717 Embarcadero Road
9  Palo Alto, California 94303
   (650) 857-1717: phone
10 (650) 857-1288: fax
   Email: wentzel.karen@dorsey.com

11

12 Edward B. Magarian (admitted pro hac vice)
   Zeb-Michael Curtin (admitted pro hac vice)
13 **DORSEY & WHITNEY LLP**
   Suite 1500, 50 South Sixth Street
14 Minneapolis, Minnesota 55402
   (612) 340-2600 : phone
15 (612) 340-2777 : fax
   Email: magarian.edward@dorsey.com
16        curtin.zeb@dorsey.com

17 Attorneys for Defendant
   Ameriprise Financial Services, Inc.

18

19              **UNITED STATES DISTRICT COURT**

20    **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

21

22 SYLVIA JOHNSON,  individually, and    )   **Case No.: C 07-03168 PJH**
   on behalf of all others similarly situated,  )
23                                        )   **CLASS ACTION**
                                          )
                       Plaintiffs,        )
24 vs.                                    )   **JOINT CASE MANAGEMENT**
                                          )   **CONFERENCE STATEMENT AND**
25 AMERIPRISE FINANCIAL                   )   **[PROPOSED] ORDER**
   SERVICES, INC.,                        )
26                     Defendant.         )   Date:        October 11, 2007
   _____   )   Time:        2:30 p.m.
27                                        )   Judge:       Hon. Phyllis J. Hamilton
                                              Courtroom:   3
28

Plaintiff Sylvia Johnson ("Plaintiff"), individually and as the class representative, and Defendant Ameriprise Financial Services, Inc. ("Defendant" or "Ameriprise Financial") jointly submit this Case Management Conference Statement and Proposed Order and request that the Court adopt the Proposed Order as its Case Management Order.

1.     <u>Jurisdiction and Service:</u>  Plaintiff filed this lawsuit on May 17, 2007 in San Francisco Superior Court, Case No. 07-03168 WDB. Ameriprise Financial removed this action to this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332, and under the Class Action Fairness Act of 2005. There are no outstanding issues of service of process, personal jurisdiction, or venue. Plaintiff Sylvia Johnson is a citizen of California. Ameriprise Financial is a corporation organized under the laws of Delaware with its principal place of business in Minneapolis, Minnesota. Based upon the allegations and prayer for relief contained in Plaintiff's Complaint, the amount in controversy exceeds $5,000,000. There are no disputes regarding personal jurisdiction or venue and there are no parties remaining to be served.

2.     <u>Facts:</u>  Plaintiff alleges that she, like the other similarly situated class members, was employed by Ameriprise Financial as an Independent Advisor, an employment position which was entitled to full pay for all hours worked, including overtime pay, denying them reimbursement for expenses made for the benefit of Defendant, and denying them compensation for missed meal or rest breaks as provided by law, yet was nonetheless denied such compensation. She brings this action, alleging violations of California state wage and hour laws, on behalf of a putative class consisting of Plaintiff and her fellow Independent Advisors within the state of California. Ameriprise denies these allegations. Plaintiff believes the principal factual issues in dispute center around whether Plaintiff and the putative class members performed work on behalf of Ameriprise for which they or any of them were not compensated and, if so, whether Ameriprise  misclassified them as exempt from California wage and hour laws.

Defendant denies that Plaintiff was an employee of Ameriprise Financial as that term is used in the various wage and hour laws under which Plaintiff has brought this lawsuit. Rather, Defendant contends that Plaintiff was affiliated with Ameriprise Financial as a P2 Independent Advisor – a franchisee. Defendant accordingly denies that Plaintiff is entitled to recovery under any of

1   California's wage and hour laws referred to in her Complaint, as they are inapplicable to her

2   franchisor-franchisee affiliation with Ameriprise Financial. Further, Defendant denies that Plaintiff

3   is a proper representative for any action on behalf of persons who are or were employed by

4   Ameriprise Financial, and denies that any P2 Independent Advisors have been employed by

5   Ameriprise Financial.

6          3.     Legal Issues:   The parties identify two major legal issues in this matter: (1) whether

7   Ameriprise Financial P2 Independent Advisors are "employees" of Defendant as that term is used

8   in the wage and hour laws referenced in Plaintiff's Complaint, and (2) if so, whether they are entitled

9   to, or exempt, from overtime pay, and/or are entitled to relief under California Labor Code Section

10  406, 407, 2802(a), and California Business Code Section 17200 et seq. The parties also will present

11  the issue of whether the class should be properly be certified.

12         4.     Motions:

13         **a.     Prior Motions:**  No motions have yet been filed in this action.

14         **b.     Pending Motions:**  Plaintiff anticipates filing a Motion for Class Certification

15  subsequent to a phase of discovery aimed at class certification issues. Defendant anticipates filing

16  an early motion for summary judgment in accordance with its proposed schedule outlined in

17  paragraph 8 below.

18         5.     Amendment to the Pleadings:  The parties do not anticipate any amendment of the

19   pleadings at this time. Plaintiff wishes to reserve the right to amend pleading pending the outcome

20  of discovery. Defendant believes the Court should set a deadline of July 25, 2008, for any

21  amendment to the pleadings.

22         6.     Evidence Preservation:  Ameriprise Financial has taken steps to preserve evidence

23  relating to the subject matter of this litigation and has instituted a document retention hold to ensure

24  the preservation of information and/or documents which are likely to be relevant in this matter.

25  Plaintiff has likewise retained her evidence relating to the subject matter of this litigation, including

26  the maintenance of all case- related documents by class counsel in electronic format.

27         7.     Disclosures:  The parties have made the disclosures of information required by Fed.

28  R. Civ. P. 26(a)(1).

8.    <u>Discovery:</u>  No discovery has been taken to date. The parties cannot agree on a proposed discovery plan. The parties respectively propose the following discovery plans:

**a.    Defendant's Proposal:** Defendant proposes that this action should proceed in three phases. Phase I will be limited to discovery and motions regarding whether Plaintiff, who was a P2 Independent Advisor affiliated with Ameriprise Financial as a franchisee, was an "employee" covered by the California laws under which she seeks relief. Defendant proposes a January 18, 2007, deadline for the completion of Phase I discovery, with a May 9, 2008, deadline by which Defendant's anticipated motion for summary judgment on Phase I issues must be heard. Defendant believes that resolving Phase I issues first will help to narrow the class certification inquiry, should such an inquiry become necessary.

Should the Court determine that Plaintiff was an "employee" covered by some or all of the California laws under which she seeks relief, the case will enter Phase II for discovery and motions regarding whether a class action may be maintained under California Code of Civil Procedure § 382 on behalf of other P2 Independent Advisors. Defendant proposes a September 19, 2008, deadline for the completion of Phase II discovery, with Plaintiff's motion for class certification to be heard no later than January 16, 2009.

If a class is certified at the end of Phase II, the case will proceed to Phase III for discovery, motions, and trial regarding the merits of Plaintiff's and class members' allegations. Defendant proposes a June 1, 2009, deadline for completion of non-expert discovery regarding Phase III issues, with August 17, 2009, the deadline for completion of expert discovery. Trial would commence on or around February 8, 2010.

Defendant thus proposes the following schedule:

Phase I deadlines:

- Deadline for completion of discovery regarding Phase I issues: January 18, 2007

- Deadline for Defendant's Motion for Summary Judgment on Phase I issues to be heard: May 9, 2008 (briefs to be filed in accordance with Civil L.R. 7)

1    Phase II deadlines:

2    •    Deadline for Completion of discovery regarding class certification issues:

3    September 19, 2008

4    •    Deadline for designation of Plaintiff's expert(s) regarding class certification issues,

5    if any, and service of initial expert report(s):    October 15, 2008

6    •    Deadline for designation of Defendant's expert(s) regarding class certification issues,

7    if any, and service of expert report(s): November 14, 2008

8    •    Deadline for designation of Plaintiff's rebuttal expert(s) regarding class certification

9    issues, if any, and service of rebuttal expert report(s): December 3, 2008

10    •    Deadline for Plaintiff's motion for class certification to be heard: January 16, 2009

11    (briefs to be filed in accordance with Civil L.R. 7)

12    Phase III deadlines:

13    •    Deadline for completion of non-expert discovery regarding merits: June 1, 2009

14    •    Deadline for designation of Plaintiff's expert(s) regarding merits and service of initial

15    expert report(s): June 15, 2009

16    •    Deadline for designation of Defendant's expert(s) regarding merits and service of

17    expert report(s): July 15, 2009

18    •    Deadline for designation of Plaintiff's rebuttal expert(s) regarding merits, if any, and

19    service of rebuttal expert report(s): August 3, 2009

20    •    Deadline for completion of expert discovery/depositions: August 17, 2009

21    •    Deadline for all dispositive motions to be heard: October 11, 2009 (briefs to be filed

22    in accordance with Civ. L.R. 7)

23    •    Pretrial conference to be held on: January 13, 2010

24    •    Trial of this action to commence on or about: February 2010, subject to further case

25    management conferences.

26    Defendant intends to serve written discovery upon Plaintiff, including interrogatories, requests for

27    production of documents and things, and requests for admission. Defendant also intends to depose

28    Plaintiff.

Joint Case Management Conference Statement and [Proposed] Order

1    **b.    Plaintiff's Proposal:**  Pursuant to FRCP 23 (c)(1), Plaintiff proposes that all
2  discovery relating to the merits of Plaintiff's claims be stayed until discovery relating to certification
3  issues is complete. Plaintiff proposes that discovery proceed in two phases, with discovery relating
4  to class certification issues and Plaintiff's Motion for Class Certification preceding discovery into
5  the merits of Plaintiff's claims and Defendant's Motion for Summary Judgment. Plaintiff thus
6  proposes the following schedule:

7

8      Phase 1:
9      •      Class-related discovery begins:              Now
10     •      Motion for Class Certification due:          September 22, 2008
11     •      Briefing Schedule:                           Pursuant to Local Rules
12     •      Hearing on Class Certification Motion:       November 5, 2008

13

14

15     Phase 2:
16     •      Relevant dates to be determined:            After Order regarding Plaintiff's
17                                                        Motion for Class Certification
18         Plaintiff intends to serve written discovery upon Defendant, including interrogatories,
19  requests for production of documents and things, and requests for admission. Plaintiff intends to
20  depose employees of Defendant and other persons with knowledge relevant to class certification
21  issues.  Other than the parties' proposed deadlines set forth above, both parties agree and recommend
22  that the presumptive limitations on discovery imposed by the Federal Rules of Civil Procedure
23  should govern this action.

24         9.    Class Action:  Plaintiff contends that Representative Plaintiff Sylvia Johnson brings
25  this action on behalf of hundreds of putative class members whose claims for unpaid overtime,
26  wages owed for missed meal and rest breaks, unlawful deductions, and prohibited wage
27  chargebacks, are virtually identical, arising from Defendant's policy and practice of classifying the
28  putative class as "Independent Contractors" who are unprotected by the various labor laws

referenced in Plaintiff's Complaint. Plaintiff contends that the Class as it is currently defined in the Complaint encompasses all those individuals employed by Defendant Ameriprise Financial from May 17, 2003 to the present time in the position of a P2 Independent Advisor. Plaintiff contends that the Named Plaintiff, Sylvia Johnson, and the putative class members share a community of interests in that there are numerous issues of law and fact which predominate over individual issues, as set forth in Plaintiff's Complaint. Specifically, Plaintiff contends that class members were subject to Defendant's policy of categorizing all class members as "Independent" from Ameriprise Financial, and on that basis denying them overtime pay, wages owed for meal and rest breaks, and by denying them all monies owed on commissions, and deducting from commissions earned, and requiring cash contributions. Plaintiff contends that her claims are typical of the class, as all have sustained damages arising out of Defendant's common course of conduct. Plaintiff contends that the class action mechanism is a superior method of adjudicating these issues, as the burden of individual litigation by each of the hundreds of class members would cause undue hardship and undue expense to the parties and the Court would be faced with a multiplicity of duplicative lawsuits. Plaintiff anticipates filing a Motion for Class Certification after engaging in meaningful discovery related to the above issues, subject to the deadlines set by the Court pursuant to Plaintiff and Defendant's respective proposed schedules. Defendant denies that this case is in any way suitable for class action treatment, and contends that any motion for class certification should be denied.

10.    Related Cases:  The parties are not aware of any other related cases.

11.    Relief:  Plaintiff seeks damages on her own behalf as well as on behalf of the putative class members for Defendant's alleged violations of California overtime laws. The amount sought will be determined by further merits-related discovery and/or disposition of common liability issues. Plaintiff and the Class Members also seek restitution and injunctive relief under California Business and Professions Code § 17200, *et sequitur.*

12.    Settlement and ADR:  The parties have not engaged in any settlement and/or ADR efforts to date. As noted in the Stipulation and Proposed Order Selecting ADR Process filed on August 28, 2007, the parties are amenable to participating in ADR but believe it will be most effective to wait until after the completion of the initial case management conference and after a

1   schedule has been set in this case to decide on which ADR process is most appropriate and when

2   such ADR would be most beneficial. The parties propose that they defer ADR until after a schedule

3   has been set in this case, and agree to meet and confer regarding ADR shortly thereafter.

4          13.    <u>Consent to Magistrate</u>: The parties do not consent to assignment of this matter to a

5   magistrate judge.

6          14.    <u>Other References:</u>  This matter is not suitable for any other references.

7          15.    <u>Narrowing of Issues</u>:  Plaintiff believes it is too early to determine whether issues

8   may be narrowed by agreement or motion, except to the extent that initial discovery into certification

9   issues will help define and expedite the issues and discovery relating to the merits of class claims.

10   Defendant believes that conducting litigation in three phases, as outlined in its proposed discovery

11   plan, will most efficiently narrow the issues and expedite the resolution of this case.

12          16.    <u>Expedited Schedule</u>:  Given the complex nature of this Class Action, Plaintiff does

13   not believe the case can be handled on an expedited basis or with streamlined procedures, except

14   to the extent that initial discovery into certification issues will help define and expedite the issues

15   and streamline discovery relating to the merits of class claims. Defendant believes that conducting

16   litigation in three phases as outlined in its proposed discovery plan will significantly expedite the

17   resolution of this case.

18          17.    <u>Scheduling:</u>  The parties do not agree as to scheduling matters. Defendant

19   recommends the scheduled it proposes in Paragraph 8(a), and Plaintiff recommends the schedule she

20   proposes in Paragraph 8(b).

21          18.    <u>Trial</u>:  Plaintiff demands a jury trial. The parties believe that it is premature to set a

22   trial date at this time given the lengthy discovery that needs to be conducted as well as the class

23   certification and potential notification processes that remain. The parties are unable to estimate the

24   length of the trial at this time.

25          19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>:  Pursuant to Civil L.R. 3-16,

26   Defendant filed and served a Notice of Interested Parties on June 15, 2007, identifying Ameriprise

27   Financial, Inc., parent company of Defendant, as a non-party which may have an interest in this

28   proceeding.

1    Dated: October 4, 2007

2                                  **DORSEY & WHITNEY LLP**

3

4                     By:    /s/ Karen E. Wentzel, Esq.

                             Karen E. Wentzel, Esq.

5                               Attorneys for Defendant Ameriprise

                             Financial Services, Inc.

6

7    Dated: October 4, 2007

8                             **SCOTT COLE & ASSOCIATES, APC**

9

10                   By:    /s/ Carrie S. Lin, Esq.

                             Carrie S. Lin, Esq.

11                               Attorneys for the Representative Plaintiff

                             and the Plaintiff Class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Case Management Conference Statement and [Proposed] Order

1

**ATTESTATION OF E-FILED SIGNATURE**

2

I, Carrie S. Lin Esq., am the ECF User whose ID and password are being used to file this Certification of Service. In compliance with General Order 45, X.B., I hereby attest that Karen E.

3

Wentzel has read and approved this Certificate of Service and consents to its filing in this action.

4

5

Dated: October 4, 2007

6

**SCOTT COLE & ASSOCIATES, APC**

7

8

By:    /s/ Carrie S. Lin, Esq.

9

Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff

10

and the Plaintiff Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Case Management Conference Statement and [Proposed] Order

1

**[PROPOSED] ORDER**

2          The Case Management Statement and Proposed Order is hereby adopted by the Court as

3    the Case Management Order for the case and the parties are ordered to comply with this Order.

4

5      Dated: October ____, 2007              By:    _____

6                                                    Phyllis J. Hamilton
                                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28