Karen E. Wentzel (SBN 112179)
DORSEY & WHITNEY LLP
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717 : phone
(650) 857-1288 : fax
Email: efilingPA@dorsey.com

Edward B. Magarian (admitted *pro hac vice*)
Zeb-Michael Curtin (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600 : phone
(612) 340-2777 : fax
Email: magarian.edward@dorsey.com
       curtin.zeb@dorsey.com

Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 07-03168 PJH<br><br>**DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**<br><br>**Date: February 20, 2008**<br>**Time: 9:00 a.m.** |

PLEASE TAKE NOTICE that on February 20, 2008, at 9:00 a.m., at the San Francisco federal courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Ameriprise Financial Services, Inc. ("Ameriprise Financial" or "Defendant") will move pursuant

-1-

**DEFENDANT'S MOTION FOR LEAVE TO AMEND**
**CASE NO. C 07-3168**

to Federal Rules of Civil Procedure 13(f) and 15(a) for leave to file an Amended Answer and Counterclaim.

Even though the defense of equitable set-off is subsumed within Ameriprise Financial's general denial related to damages, out of an excess of caution, and to make sure there is no misunderstanding that Ameriprise Financial is pursuing such a defense, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendant seeks leave to amend its Answer to expressly add the defense of equitable set-off as the Twenty-First Affirmative Defense. Defendant also seeks leave, pursuant to Rule 13(f), to add a conditional counterclaim of restitution in the event Plaintiff were somehow able to succeed in whole or in part on her argument that she was an employee of Defendant covered by the California wage and hour laws.[1] For the reasons articulated below, Defendant respectfully asks the Court to grant its Motion and allow Defendant to file the Amended Answer and Counterclaim which is submitted herewith as Exhibit A to the [Proposed] Order.

## FACTUAL BACKGROUND

Plaintiff filed her Class Action Complaint for Damages, Injunctive Relief and Restitution ("Complaint") in San Francisco Superior Court on May 17, 2007. After removing the case to federal court, Defendant timely filed its Answer to Plaintiff's Complaint ("Answer") on June 22, 2007. See Docket # 5. On October 4, 2007, the parties filed a Joint Case Management Conference Statement ("Joint CMS"). See Docket # 26. Notably, for purposes of this Motion, the Joint CMS provided as follows:

> 5. Amendment to the Pleadings: The parties do not anticipate any amendment of the pleadings at this time. Plaintiff wishes to reserve the right to amend pleading pending the outcome of discovery. Defendant believes the Court should set a deadline of July 25, 2008, for any amendment to the pleadings.

See id. at § 5.

---

[1] Defendant does not mean to suggest that Plaintiff will succeed in arguing that she is an employee even though she was a franchisee pursuant to a franchise agreement under the laws of the State of California. If, as Defendant expects, Plaintiff is unsuccessful, the conditional counterclaim will become moot. If Plaintiff were somehow successful, then the conditional counterclaim would also need to be resolved.

The Initial Case Management Conference was held before this Court on October 11, 2007. See Docket # 27. No deadline for amendment to the pleadings was established at that conference or addressed in the resulting scheduling order. See id.

On October 22, 2007, Defendant's counsel wrote Plaintiff's counsel and brought to their attention, among other things, Defendant's contemplated counterclaim for restitution. See Declaration of Edward B. Magarian, Ex. 1 (Letter from E. Magarian to M. Bainer and C. Lin (Oct. 22, 2007)). On November 12, 2007, having received no response to their initial correspondence, Defendant's counsel followed up with Plaintiff's counsel, informing them they shortly would be receiving a draft stipulation to allow Defendant to file an amended answer and counterclaim. See id., Ex. 2 (Letter from E. Magarian to M. Bainer and C. Lin (Nov. 12, 2007)). On November 14, 2007, Defendant's counsel forwarded the promised Stipulation to Amend Answer, and attached as an exhibit thereto the proposed Amended Answer and Counterclaim that is the subject of the instant Motion. See id., Ex. 3 (Letter from E. Magarian to S. Cole (Nov. 14, 2007)). In that proposed Amended Answer and Counterclaim, Defendant made two changes: (1) Defendant asserted a separate affirmative defense of equitable set-off so there could be no doubt that Plaintiffs were on notice that equitable set-off was a defense in the case; and (2) Defendant asserted a counterclaim seeking restitution. See id., Ex. 3, at Ex. A to Stipulation to Amend Answer (Defendant Ameriprise Financial Services, Inc.'s Amended Answer and Counterclaim to Plaintiff's Complaint), pp. 15:13 to 16:27.

By correspondence of November 26, 2007, Plaintiff's counsel, focusing not on the amendment, but primarily on issues which were part of the original answer, refused the proposed stipulation and informed Defendant it would be required to file a motion for leave to amend. See id., Ex. 4 (Letter from C. Lin to E. Magarian (Nov. 26, 2007)). Accordingly, Defendant now brings the instant Motion.

## ARGUMENT

The Federal Rules of Civil Procedure provide that a party should be freely granted leave to file an amended pleading "when justice so requires." Fed. R. Civ. P. 15(a). As the Ninth Circuit has emphasized, leave to amend is to be granted with "extreme liberality." See, e.g.,

Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Indeed, it is well settled that leave to amend should be permitted unless any of the following four factors is present: bad faith on the part of the movant, undue delay by the movant, prejudice to the opposing party, or futility of the proposed amendment. See Griggs v. Pace Am. Group, 170 F.3d 877, 880 (9th Cir. 1999) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)). Analysis of these factors "should be performed with all inferences in favor of granting the motion." See Griggs, 170 F.3d at 880 (citing DCD, 833 F.2d at 186). Moreover, while these "factors are usually used as criteria to determine the propriety of a motion for leave to amend . . . the crucial factor is the resulting prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).

While Defendant's request for leave to add a defense is governed by Rule 15(a), Defendant's request for leave to add a counterclaim is governed by Rule 13(f). Although the language of Rule 13(f) differs slightly from that of Rule 15(a),[2] courts presented with motions for leave to add a counterclaim generally follow the same analysis set forth above and "adhere to the liberal amendment policy of Rule 15 in deciding whether to grant leave to amend." See City & County of San Francisco v. Factory Mut. Ins. Co., No. C 04-5307, 2007 U.S. Dist. LEXIS 76907 (N.D. Cal. Oct. 3, 2007) (Hamilton, J.) (citing Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda., 220 F.R.D. 614, 620 (C.D. Cal. 2003) (applying four-factor test developed in Rule 15 context in assessing motion to add counterclaim under Rule 13(f)); Cooper Dev't Co. v. Employers Ins. of Wausau, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (same). Under this standard, the Court should grant Defendant's Motion.

---

[2] Rule 13(f) provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f). In assessing what constitutes "excusable neglect," courts consider factors similar to the Rule 15 inquiry, including the good faith of the claimant, the extent of the delay, any danger of prejudice to the opposing party, and whether the proposed amendment is futile. See City & County of San Francisco v. Factory Mut. Ins. Co., No. C 04-5307, 2007 U.S. Dist. LEXIS 76907, *8 (N.D. Cal. Oct. 3, 2007) (Hamilton, J.) (citing Pioneer Inv. Serv. Co. v. Brunswich Assocs. Ltd. Partnership, 507 U.S. 390, 392 n.10 (1993)).

**A.     Defendant's Proposed Amendments Are Proposed in Good Faith**

Leave to file the proposed Amended Answer and Complaint should be granted because there is <u>no</u> evidence that Defendant seeks to amend in bad faith. Rather, Defendant simply seeks to add its defense and counterclaim arising out of the same factual and legal issues raised by Plaintiff in order to preserve its rights and promote a full and fair resolution of all claims between the parties.

**B.     No Undue Delay or Undue Prejudice From The Motion To Amend**

Leave to file the proposed Amended Answer and Counterclaim should be granted because there is no evidence that Defendant unduly delayed in bringing the instant Motion or that any undue prejudice will result if Defendant's motion to amend is granted. In their November 26, 2007 letter to Defendant, Plaintiff does not claim that Defendant unduly delayed or that the motion will result in undue prejudice. Plaintiff's failure to do so is not surprising for three reasons.

First, as discussed above, this Motion follows closely on the heels of the Initial Case Management Conference, and Defendant informed Plaintiff of its requested amendments shortly thereafter, **before any party had even served discovery**. Discovery requests have just recently been served, and responses are not yet due.

Second, Defendant's motion for leave to amend is timely under the positions advanced by each party in the Joint CMS, under which the earliest proposed deadline was July 2008. <u>See</u> Joint CMS at § 5 (excerpted <u>supra</u>).

Third, Defendant is not changing any of its legal theories; rather, its proposed defense and counterclaim arise from and are related to the same set of occurrences underlying Plaintiff's Complaint. <u>Cf.</u> <u>Hip Hop Beverage Corp.</u>, 220 F.R.D. at 622 (rejecting allegation of undue prejudice where the issues contained in the defendant's proposed counterclaims "[we]re substantially related to the issues contained in [the plaintiffs'] Complaint").

**C.     The Proposed Amendments Are Not Futile**

Leave to file the proposed Amended Answer and Counterclaim should be granted because Defendant's proposed defense and counterclaim are not futile. "[A] proposed amendment is

futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted) (finding it was abuse of discretion for district court to deny motion to amend answer); see also Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255-56 (8th Cir. 1994) ("Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous." (citation omitted)).

Defendant's proposed amendments to add an affirmative defense of equitable set-off and a counterclaim of restitution are not futile. The law in this jurisdiction is clear that in general "a person who has been unjustly enriched at the expense of another is required to make restitution to the other." See, e.g. Unilogic, Inc. v. Burroughs Corp., 10 Cal. App. 4th 612, 627 (1992) (quoting Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn., 205 Cal. App. 3d 1415, 1422 (1988)). P2 Advisors (who make up the putative class) signed agreements establishing a franchise relationship with Defendant. Based upon their election, they induced Defendant to pay them approximately 85-91 percent of the GDC (Gross Dealer Concession) rate set by Defendant, instead of 40% which they would have received had they been employees. Plaintiff comes to this court to argue that she should not be bound by that franchise relationship, but instead she was an employee. Although her argument is flawed, if she were successful, she would be unjustly enriched by getting the benefits of the employee relationship while at the same time retaining an important benefit of the franchise relationship.

The proposed defense of equitable set-off merely preserves Defendant's right to argue that any damages owed to Plaintiff must be reduced by those amounts Plaintiff has been overpaid. The proposed counterclaim allows Defendant to pursue any additional amounts to the extent that the equitable set-off is not sufficient to make Defendant whole.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion for Leave to File Amended Answer and Counterclaim.

Dated:  December 20, 2007                    DORSEY & WHITNEY LLP


By: ___s/ Edward B. Magarian___
EDWARD B. MAGARIAN
Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.