⊂ ⟫ **DORSEY**

DORSEY & WHITNEY LLP

**EDWARD B. MAGARIAN**
**(612) 340-7873**
**FAX (612) 340-2807**
**magarian.edward@dorsey.com**

October 22, 2007

**VIA FACSIMILE & U.S. MAIL**

Matthew R. Bainer, Esq.
Carrie S. Lin, Esq.
Scott Cole & Associates, APC
The World Savings Tower
1970 Broadway, Ninth Floor
Oakland, California 94612

      Re:    Sylvia Johnson v. Ameriprise Financial Services, Inc.

Dear Counsel:

      As you know, we have not discussed, and Judge Hamilton did not set a deadline for discovery relating to the September 2008 motions (our motion for summary judgment, your motion for class certification). We believe, however, that it makes sense for us to set a deadline so that we can make sure that documents are requested and produced before we finalize our respective motions. To that end, Ameriprise Financial proposes that the last day to serve discovery regarding these motions should be July 25, 2008 (i.e., 60 days before the opening briefs are due on September 24, 2008). If this proposal is acceptable, I propose that we send it to the judge in the form of a stipulated order. I look forward to your response.

      In addition, before we launch into what could become expensive discovery on this matter, I ask you to reflect on the numerous problems your case has going forward. We have discussed the problems you have on the merits of your claim. We have not discussed the many obstacles that face any effort to seek class certification. I will not address herein all of the significant obstacles, but ask you to reflect on the fact that your proposed class action is actually *inimical* to the interests of many of the putative class members on whose behalf you seek to pursue this lawsuit. Based on other litigation, I can tell you that I am familiar with how franchisees deduct their business expenses. Because they are franchisees, and not employees, franchisees are able to deduct their business expenses without regard to the miscellaneous expense limit applicable only to employees. As a result, many P2 Advisors pay taxes on a fraction of their overall income. Your class action, if successful, could have the affect of removing (or significantly limiting) that tax benefit, and arguably require P2 Advisors to file amended returns with the IRS and the State of California, resulting in a higher tax burden, along with interest and potential penalties.

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • **T** 612.340.2600 • **F** 612.340.2868
SUITE 1500 • 50 SOUTH SIXTH STREET • MINNEAPOLIS, MINNESOTA 55402-1498
USA  CANADA  EUROPE  ASIA

**Exhibit 1**



Matthew R. Bainer, Esq.
October 22, 2007
Page 2

Further, if P2 Advisors are somehow determined to have been employees, they have been significantly overpaid. If P2 Advisors were truly employees, then they should have only received payout at the rates applicable to employee advisors (e.g. 40%). They would never have been entitled to their payout rates of approximately 85-91%. In the event any P2 Advisors are determined to have been employees, Ameriprise Financial fully intends to recoup the overpayment to these advisors. An advisor cannot have his or her cake and eat it too. If a P2 Advisor had elected to be an employee, he or she would, among other things, have had a lower payout rate just like all of the advisors who elected the employee platform. A P2 Advisor cannot elect a higher payout rate as a franchisee, later claim that they should have been classified as an employee, but keep the extra payout that comes with the franchise, but not the employee, platform.

What would complicate matters even further for your client and the putative class is if you were actually able somehow successfully to argue that they are employees. Although we do not believe you can possibly do so, if you could for the sake of argument, you run a serious risk that you end up with the worst of both worlds: A finding that the P2 Advisors are exempt employees (meaning that they get no overtime or meal breaks), but still have to pay back the Company for the excess payments and extra taxes to the government.

These examples alone demonstrate just how dangerous the claims you assert can be to your own class members. I hope that you reconsider your decision to move forward.

Please phone me if you wish to discuss these matters further.

Very truly yours,

Edward B. Magarian

EBM:pbo

**DORSEY**
DORSEY & WHITNEY LLP

EDWARD B. MAGARIAN
(612) 340-7873
FAX (612) 340-2807
magarian.edward@dorsey.com

November 12, 2007

**VIA FACSIMILE & U.S. MAIL**

Matthew R. Bainer, Esq.
Scott Cole & Associates, APC
The World Savings Tower
1970 Broadway, Ninth Floor
Oakland, California 94612

     Re:   Sylvia Johnson v. Ameriprise Financial Services, Inc.

Dear Mr. Bainer:

     I write to follow-up on my letter to you dated October 22, 2007.

     First, please confirm whether you intend to move forward with this case so that we can make some decisions and plans regarding the service of our discovery.

     Second, if you do intend to move forward with this action, please let me know your position on our proposal regarding the last day to serve discovery related to the class certification and summary judgment motions.

     Finally, you will receive shortly a stipulation allowing Defendants to file an amended answer. When you receive it, please let me know whether you are prepared to stipulate to the amendment, or whether a motion will be necessary.

     Very truly yours,

     Edward B. Magarian

EBM/sh

**Exhibit 2**

# DORSEY

EDWARD B. MAGARIAN
(612) 340-7873
FAX (612) 340-2807
magarian.edward@dorsey.com

November 14, 2007

**VIA FACSIMILE & U.S. MAIL**

Scott Cole, Esq.
Scott Cole & Associates, APC
The World Savings Tower
1970 Broadway, Ninth Floor
Oakland, California 94612

Re:    Sylvia Johnson v. Ameriprise Financial Services, Inc.
Court File No. 07-03168

Dear Mr. Cole:

Enclosed please find a Stipulation to Amend Answer to allow Ameriprise Financial to file an Amended Answer and Counterclaim. Attached to the Stipulation as Exhibit A is Defendant Ameriprise Financial Services, Inc.'s Amended Answer and Counterclaim to Plaintiff's Compliant. Please let me know as soon as possible whether you will agree to the amendment or whether a motion will be necessary.

I look forward to your reply.

Very truly yours,

Edward B. Magarian

EBM/sh

Enclosure

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • **T** 612.340.2600 • **F** 612.340.2868
SUITE 1500 • 50 SOUTH SIXTH STREET • MINNEAPOLIS, MINNESOTA 55402-1498

USA  CANADA  EUROPE  ASIA

**Exhibit 3**

1   Karen E. Wentzel (SBN 112179)
    DORSEY & WHITNEY LLP
2   1717 Embarcadero Road
    Palo Alto, California 94303
3   (650) 857-1717 : phone
    (650) 857-1288 : fax
4   Email: efilingPA@dorsey.com

5   Edward B. Magarian (admitted *pro hac vice*)
    Zeb-Michael Curtin (admitted *pro hac vice*)
6   DORSEY & WHITNEY LLP
    Suite 1500, 50 South Sixth Street
7   Minneapolis, Minnesota 55402
    (612) 340-2600 : phone
8   (612) 340-2777 : fax
    Email: magarian.edward@dorsey.com
9          curtin.zeb@dorsey.com

10  Attorneys for Defendant
    AMERIPRISE FINANCIAL
11  SERVICES, INC.

12

13

14              UNITED STATES DISTRICT COURT

15          FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                 SAN FRANCISCO DIVISION

17  SYLVIA JOHNSON, individually, and on         Case No.  C 07-03168 PJH
    behalf of all others similarly situated,
18
19                          Plaintiffs,          STIPULATION TO AMEND ANSWER
    v.
20
    AMERIPRISE FINANCIAL SERVICES,
21  INC., and DOES 1 through 100, inclusive,

22                          Defendants.

23

24      The parties to this action, through their respective legal counsel, hereby stipulate and

25  agree to the following:

26      1.      That Defendant Ameriprise Financial Services, Inc. may serve and file an

27              Amended Answer and Counterclaim to Plaintiff's Complaint, a copy of which is

28

                                        -1-         **STIPULATION TO AMEND ANSWER**
                                                    **CASE NO. C 07-3168**

attached to this Stipulation as Exhibit A, to add the affirmative defense of

equitable setoff and to add a counterclaim of restitution.

NOW, THEREFORE, the parties agree that pursuant to Rule 15(a) of the Federal Rules of

Civil Procedure, Defendant Ameriprise Financial is permitted to amend its Answer to Plaintiff's

Complaint as set forth above and shall file and serve the amended pleading upon opposing

counsel immediately.

Dated: _____, 2007

**DORSEY & WHITNEY LLP**

By: _____

Karen E. Wentzel
Attorneys for Defendant AMERIPRISE
FINANCIAL SERVICES, INC.

Dated: _____, 2007

**SCOTT COLE & ASSOCIATES, APC**

By: _____

Attorneys for the Representative Plaintiff
and the Plaintiff Class

Karen E. Wentzel (SBN 112179)
DORSEY & WHITNEY LLP
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717 : phone
(650) 857-1288 : fax
Email: efilingPA@dorsey.com

Edward B. Magarian (admitted *pro hac vice*)
Zeb-Michael Curtin (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600 : phone
(612) 340-2777 : fax
Email: magarian.edward@dorsey.com
        curtin.zeb@dorsey.com

Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

#### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  C 07-03168 WDB<br><br>**DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT** |

Defendant Ameriprise Financial Services, Inc. ("Ameriprise Financial" or "Defendant") for its Answer to Plaintiff's Class Action Complaint for Damages, Injunctive Relief and Restitution ("Complaint") states in response to each of the numbered paragraphs as follows:

1

## GENERAL DENIAL

2    Ameriprise Financial denies each allegation contained in Plaintiff's Complaint unless it is

3    admitted or otherwise addressed herein.

4

## SPECIFIC RESPONSES TO ALLEGATIONS IN COMPLAINT

5    1.    In response to Paragraph 1 of the Complaint, admits that Plaintiff Sylvia Johnson

6    ("Plaintiff") purports to bring a class action seeking unpaid wages, including unpaid overtime

7    compensation and interest thereon, reimbursement of business expenses, rest and meal period

8    compensation, waiting time penalties, liquidated damages and other penalties, injunctive and

9    other equitable relief, and reasonable attorneys' fees and costs under various provisions of

10   California law identified in Paragraph 1.  Denies that this matter properly may proceed as a class

11   action and denies that Plaintiff or any P2 Independent Advisors (hereinafter referred to as

12   "putative class members") are entitled to any relief whatsoever, as the Complaint fails to state a

13   claim upon which relief may be granted.

14   2.    In response to Paragraph 2 of the Complaint, denies that Plaintiff is or was

15   employed by Ameriprise Financial during the relevant time period.  Contrary to the allegations of

16   the Complaint, Plaintiff was not an employee of Ameriprise Financial, but was affiliated with

17   Ameriprise Financial as a P2 Independent Advisor—a franchisee.  Denies that Plaintiff is a proper

18   representative for any action on behalf of persons who are or were employed by Ameriprise

19   Financial, and denies that any Independent Advisors have been employed by Ameriprise

20   Financial.

21   3.    In response to Paragraph 3 of the Complaint, denies that Plaintiff and putative

22   class members are or were employees of Ameriprise Financial at any time from May 17, 2003 to

23   the present ("the putative class period"), and, accordingly, denies that California's wage and hour

24   laws referred to in Paragraph 3 are applicable to them vis-à-vis their affiliations with Ameriprise

25   Financial as franchisees.

26   4.    In response to Paragraph 4 of the Complaint, states that California's Labor Code

27   and Industrial Welfare Commission Wage Orders referenced in Paragraph 4 speak for themselves

28

-2-                              **AMENDED ANSWER TO COMPLAINT**
                                 **CASE NO. C 07-3168**

1   and are not applicable, as Plaintiff and putative class members have and/or had franchises

2   affiliated with, but were not employees of, Ameriprise Financial.

3       5.      In response to Paragraph 5 of the Complaint, denies the allegations therein for lack

4   of knowledge or information sufficient to form a belief as to the truth thereof.

5       6.      In response to Paragraph 6 of the Complaint, admits that Ameriprise Financial

6   provides a variety of financial services to the public in the State of California. Denies that all

7   financial services are provided by Ameriprise Financial advisors in facilities operated by

8   Ameriprise Financial. Denies the remaining allegations of Paragraph 6, and affirmatively states

9   that Plaintiff and putative class members were franchisees affiliated with, and not employees of,

10  Ameriprise Financial.

11      7.      In response to Paragraph 7 of the Complaint, denies the allegations therein.

12      8.      In response to Paragraph 8 of the Complaint, denies the allegations therein.

13      9.      In response to Paragraph 9 of the Complaint, denies the allegations therein, but

14  affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as

15  Plaintiff and putative class members are and/or were franchisees affiliated with, and not

16  employees of, Ameriprise Financial.

17      10.     In response to Paragraph 10 of the Complaint, denies the allegations therein, but

18  affirmatively states that the statutes therein referenced do not apply to Plaintiff or putative class

19  members, who have and/or had franchises affiliated with, but were not employees of, Ameriprise

20  Financial.

21      11.     In response to Paragraph 11 of the Complaint, denies the allegations therein.

22      12.     In response to Paragraph 12 of the Complaint, admits that venue is proper in this

23  judicial district, but denies the remaining allegations of Paragraph 12.

24      13.     In response to Paragraph 13 of the Complaint, denies that Plaintiff was employed

25  by Ameriprise Financial at any time during the putative class period identified in her Complaint.

26  Affirmatively states that Plaintiff was a franchisee affiliated with, and not an employee of,

27  Ameriprise Financial.

28      14.     In response to Paragraph 14 of the Complaint, denies the allegations therein.

-3-                 **AMENDED ANSWER TO COMPLAINT**
                    **CASE NO. C 07-3168**

15. In response to Paragraph 15 of the Complaint, states that it sets forth explanatory material to which no response is required, but denies that any persons are "eligible for membership in the Plaintiff Class" and denies that this matter may proceed as a class action.

16. In response to Paragraph 16 of the Complaint, states that there is no proper class identified in the Complaint, and denies that this matter may proceed as a class action. See also Paragraph 23, infra.

17. In response to Paragraph 17 of the Complaint, admits that Ameriprise Financial is a foreign corporation, as it is organized and exists under the laws of the State of Delaware, and further admits that its principal place of business is in Minneapolis, Minnesota. States that Ameriprise Financial is a financial services firm with its headquarters in Minneapolis, Minnesota, and that it provides a variety of financial services to persons and entities nationwide. Defendant Ameriprise Financial Services, Inc. was created on September 30, 2005, when it was spun off from American Express Company pursuant to a Separation and Distribution Agreement. Defendant Ameriprise Financial Services, Inc. is Ameriprise Financial, Inc.'s primary wholly-owned, retail brokerage subsidiary and principal marketing unit. Prior to September 30, 2005, Defendant Ameriprise Financial Services, Inc. was known as American Express Financial Advisors, Inc. Admits that Ameriprise Financial is a registered member of the National Association of Securities Dealers (NASD).

18. In response to Paragraph 18 of the Complaint, denies the allegations therein.

19. In response to Paragraph 19 of the Complaint, with respect to the first sentence therein, states that it lacks knowledge or information sufficient to admit or deny anything regarding the identity of proposed defendants Does 1 through 100, inclusive, as those proposed defendants have not yet been identified. Denies the remaining allegations of Paragraph 19.

20. In response to Paragraph 20 of the Complaint, states that the first two sentences therein set forth explanatory material to which no response is required. Denies the remaining allegations of Paragraph 20.

21. In response to Paragraph 21 of the Complaint, denies the allegations therein.

22. In response to Paragraph 22 of the Complaint, admits that there is no applicable

-4-    **AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

1  collective bargaining agreement and thus there is no dispute over the terms of any collective

2  bargaining agreement.

3      23.    In response to Paragraph 23 of the Complaint, admits that Plaintiff purports to

4  bring a class action, but denies that Plaintiff is a proper representative for any action on behalf of

5  persons who are employed by Ameriprise Financial. States that Plaintiff and all putative class

6  members (P2 Independent Advisors) are and/or were franchisees affiliated with, and not

7  employees of, Ameriprise Financial, and therefore denies that the putative class set forth in

8  Paragraph 23 exists or ever existed. Denies that this matter may proceed as a class action and

9  denies that Plaintiff or any putative class members are entitled to any relief whatsoever.

10      24.    In response to Paragraph 24 of the Complaint, states that it sets forth explanatory

11  material to which no response is required.

12      25.    In response to Paragraph 25 of the Complaint, admits that Plaintiff has filed a

13  purported class action, but denies that this lawsuit properly can be maintained on that basis.

14  States that Plaintiff and all putative class members are and/or were franchisees affiliated with, and

15  not employees of, Ameriprise Financial, and therefore denies that Plaintiff's purported putative

16  class exists or ever existed. Further states that the allegations of Paragraph 25 and its subparts set

17  forth legal conclusions to which no response is required, but denies the allegations of Paragraph

18  25 and its subparts and affirmatively states that the statutes and Wage Orders referenced in the

19  subparts to Paragraph 25 are not applicable, as Plaintiff and putative class members are and/or

20  were franchisees affiliated with, and not employees of, Ameriprise Financial.

21      26.    In response to Paragraph 26 of the Complaint, denies the allegations therein, but

22  affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as

23  Plaintiff and putative class members are and/or were franchisees affiliated with, and not

24  employees of, Ameriprise Financial.

25      27.    In response to Paragraph 27 of the Complaint, denies the allegations therein, but

26  affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative

27  class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

28  Financial.

28.    In response to Paragraph 28 of the Complaint, denies that any "Class Members suffered deductions," and states that Plaintiff's purported putative class does not exist and never existed, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

29.    In response to Paragraph 29 of the Complaint, admits that franchisees are responsible for costs of running their franchises per their Franchise Agreements, but otherwise denies the allegations of Paragraph 29.

30.    In response to Paragraph 30 of the Complaint, denies the allegations therein, but affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

31.    In response to Paragraph 31 of the Complaint, states that the allegations therein set forth legal conclusions to which no response is required, but denies that the statutes referenced therein are applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

32.    In response to Paragraph 32 of the Complaint, denies the allegations therein, but affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

33.    In response to Paragraph 33 of the Complaint, denies that Plaintiff and putative class members were employees of Ameriprise Financial such that there could have occurred a "termination of their employment," and further denies any remaining allegations of Paragraph 33.

34.    In response to Paragraph 34 of the Complaint, denies that Plaintiff and putative class members were employees of Ameriprise Financial, and thus denies that any "have left Ameriprise [Financial]'s employ."

35.    In response to Paragraph 35 of the Complaint, denies the allegations therein, but affirmatively states that the statute referenced therein is not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

-6-

**AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

1     Financial.

2          36.     In response to Paragraph 36 of the Complaint, denies the allegations therein, but

3     affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative

4     class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

5     Financial.

6          37.     In response to Paragraph 37 of the Complaint, restates its responses to Paragraphs

7     1-36 as if fully set forth herein.

8          38.     In response to Paragraph 38 of the Complaint, states that it is without knowledge

9     or information sufficient to admit or deny the allegations therein, but otherwise states that the

10    number of hours Plaintiff and/or any putative class member worked during a given workday or

11    workweek is an individualized issue inappropriate for class treatment, and is inappropriate since

12    Plaintiff and/or any putative class member ran their own franchises.

13         39.     In response to Paragraph 39 of the Complaint, denies the allegations therein, but

14    affirmatively states that neither Plaintiff nor the putative class members are employees under any

15    Wage Order or provision of the California Labor Code.

16         40.     In response to Paragraph 40 of the Complaint, denies the allegations therein, and

17    affirmatively states that the statutes excerpted in the subparts to Paragraph 40 speak for

18    themselves.  Further specifically denies that Ameriprise Financial has or had any duty to comply

19    with the statutes therein excerpted vis-à-vis Plaintiff or putative class members, as Plaintiff and

20    putative class members were franchisees affiliated with, and not employees of, Ameriprise

21    Financial.

22         41.     In response to Paragraph 41 of the Complaint, denies the allegations therein.

23         42.     In response to Paragraph 42 of the Complaint, denies the allegations therein, and

24    further specifically denies that Plaintiff and putative class members are entitled to any of the relief

25    alleged and sought therein against Ameriprise Financial.

26         43.     In response to Paragraph 43 of the Complaint, restates its responses to Paragraphs

27    1-42 as if fully set forth herein.

28         44.     In response to Paragraph 44 of the Complaint, denies the allegations therein.

-7-                    **AMENDED ANSWER TO COMPLAINT
                              CASE NO. C 07-3168**

1    45.    In response to Paragraph 45 of the Complaint, denies the allegations therein.

2    46.    In response to Paragraph 46 of the Complaint, denies that Ameriprise Financial has

3    or had any duty to comply with the statutes referenced in therein vis-à-vis Plaintiff or putative

4    class members, as Plaintiff and putative class members were franchisees affiliated with, and not

5    employees of, Ameriprise Financial.  Further denies any remaining allegations of Paragraph 46.

6    47.    In response to Paragraph 47 of the Complaint, states that the statute excerpted

7    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

8    were franchisees affiliated with, and not employees of, Ameriprise Financial.

9    48.    In response to Paragraph 48 of the Complaint, states that the statute excerpted

10    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

11    were franchisees affiliated with, and not employees of, Ameriprise Financial.

12    49.    In response to Paragraph 49 of the Complaint, states that the statute excerpted

13    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

14    were franchisees affiliated with, and not employees of, Ameriprise Financial.

15    50.    In response to Paragraph 50 of the Complaint, denies the allegations therein.

16    51.    In response to Paragraph 51 of the Complaint, states that the statute referenced

17    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

18    were franchisees affiliated with, and not employees of, Ameriprise Financial.

19    52.    In response to Paragraph 52 of the Complaint, denies that Plaintiff is entitled to

20    any of the relief she "demands" therein, as Plaintiff was never an employee of Ameriprise

21    Financial during the relevant time period.

22    53.    In response to Paragraph 53 of the Complaint, restates its responses to Paragraphs

23    1-52 as if fully set forth herein.

24    54.    In response to Paragraph 54 of the Complaint, states that the statute excerpted

25    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

26    were franchisees affiliated with, and not employees of, Ameriprise Financial.

27    55.    In response to Paragraph 55 of the Complaint, states that the statute excerpted

28    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

-8-    **AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

1    were franchisees affiliated with, and not employees of, Ameriprise Financial. Further specifically

2    denies that Plaintiff or putative class members had an employment contract with Ameriprise

3    Financial.

4    56.    In response to Paragraph 56 of the Complaint, states that the statute excerpted

5    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

6    were franchisees affiliated with, and not employees of, Ameriprise Financial.

7    57.    In response to Paragraph 57 of the Complaint, states that the statute excerpted

8    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

9    were franchisees affiliated with, and not employees of, Ameriprise Financial.

10    58.    In response to Paragraph 58 of the Complaint, states that the Wage Order

11    excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class

12    members were franchisees affiliated with, and not employees of, Ameriprise Financial.

13    59.    In response to Paragraph 59 of the Complaint, denies the allegations therein.

14    60.    In response to Paragraph 60 of the Complaint, denies the allegations therein.

15    61.    In response to Paragraph 61 of the Complaint, denies the allegations therein.

16    62.    In response to Paragraph 62 of the Complaint, denies the allegations therein.

17    63.    In response to Paragraph 63 of the Complaint, denies that Plaintiff is entitled to

18    any of the relief she "demands" therein, as Plaintiff was never an employee of Ameriprise

19    Financial during the relevant time period.

20    64.    In response to Paragraph 64 of the Complaint, restates its responses to Paragraphs

21    1-63 as if fully set forth herein.

22    65.    In response to Paragraph 65 of the Complaint, denies that Ameriprise Financial has

23    or had any duty to comply with the statutes referenced therein vis-à-vis Plaintiff or putative class

24    members, as Plaintiff and putative class members were franchisees affiliated with, and not

25    employees of, Ameriprise Financial. Further denies any remaining allegations of Paragraph 65.

26    66.    In response to Paragraph 66 of the Complaint, states that the statute excerpted

27    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

28    were franchisees affiliated with, and not employees of, Ameriprise Financial.

-9-    **AMENDED ANSWER TO COMPLAINT**
     **CASE NO. C 07-3168**

67.    In response to Paragraph 67 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

68.    In response to Paragraph 68 of the Complaint, states that the Wage Orders referenced therein speak for themselves, and denies that they are applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

69.    In response to Paragraph 69 of the Complaint, states that the Wage Order excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

70.    In response to Paragraph 70 of the Complaint, states that the Wage Order excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

71.    In response to Paragraph 71 of the Complaint, denies the allegations therein.

72.    In response to Paragraph 72 of the Complaint, denies that Plaintiff or putative class members are entitled to any of the relief alleged and requested against Ameriprise Financial therein, as they were never employees of Ameriprise Financial during the relevant time period. Denies any remaining allegations of Paragraph 72.

73.    In response to Paragraph 73 of the Complaint, restates its responses to Paragraphs 1-72 as if fully set forth herein.

74.    In response to Paragraph 74 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

75.    In response to Paragraph 75 of the Complaint, States that the Wage Orders referenced therein speak for themselves, and denies that they are applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

-10-

**AMENDED ANSWER TO COMPLAINT
CASE NO. C 07-3168**

76.     In response to Paragraph 76 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

77.     In response to Paragraph 77 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

78.     In response to Paragraph 78 of the Complaint, states that it sets forth explanatory material to which no response is required.

79.     In response to Paragraph 79 of the Complaint, denies the allegations therein.

80.     In response to Paragraph 80 of the Complaint, denies that Plaintiff or putative class members are entitled to any of the relief alleged and requested against Ameriprise Financial therein, as they were never employees of Ameriprise Financial during the relevant time period. Denies any remaining allegations of Paragraph 80.

81.     In response to Paragraph 81 of the Complaint, restates its responses to Paragraphs 1-80 as if fully set forth herein.

82.     In response to Paragraph 82 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

83.     In response to Paragraph 83 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff or putative class members were employed by Ameriprise Financial during the putative class period—they were franchisees affiliated with Ameriprise Financial.

84.     In response to Paragraph 84 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff or putative class members were in Defendant's employ during the putative class period—they were franchisees affiliated with Ameriprise Financial.

85.     In response to Paragraph 85 of the Complaint, denies that Plaintiff or putative class members are entitled to any of the relief alleged and requested against Ameriprise Financial therein, as they were never employees of Ameriprise Financial during the relevant time period—

-11-

AMENDED ANSWER TO COMPLAINT
CASE NO. C 07-3168

they were franchisees affiliated with Ameriprise Financial. Denies any remaining allegations of Paragraph 85.

86.    In response to Paragraph 86 of the Complaint, restates its responses to Paragraphs 1-85 as if fully set forth herein.

87.    In response to Paragraph 87 of the Complaint, admits only that Plaintiff purports to seek equitable, statutory, and restitutionary relief, and denies the remaining allegations of Paragraph 87.

88.    In response to Paragraph 88 of the Complaint, denies the allegations therein.

89.    In response to Paragraph 89 of the Complaint, denies the allegations therein.

90.    In response to Paragraph 90 of the Complaint, denies the allegations therein.

91.    In response to Paragraphs 1-20 contained in the "Relief Sought" section of the Complaint, Ameriprise Financial denies that Plaintiff and/or any putative class members are entitled to any of the requested relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

92.    The Complaint as whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

93.    The Complaint and each purported cause of action alleged therein fails to state a cause or causes of action against Defendant as it is not and was not Plaintiff's or putative class members' employer. Rather, Plaintiff and putative class members were franchisees affiliated with Ameriprise Financial.

### THIRD AFFIRMATIVE DEFENSE

94.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 339, and 340, and Business and Professions Code § 17208.

**FOURTH AFFIRMATIVE DEFENSE**

95.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

**FIFTH AFFIRMATIVE DEFENSE**

96.    Plaintiff's claims may be barred, in whole or in part, by their failure to reasonably mitigate or avoid their alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

97.    Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff and/or any purported putative class member has previously pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement or the United States Department of Labor.

**SEVENTH AFFIRMATIVE DEFENSE**

98.    Plaintiff's class action allegations must be dismissed because an independent and individual analysis of each Plaintiff's and putative class member's claims, and each of Defendant's defenses to such claims, is required.

**EIGHTH AFFIRMATIVE DEFENSE**

99.    Plaintiff and putative class members have received payment for all amounts owing and due to them.

**NINTH AFFIRMATIVE DEFENSE**

100.    Plaintiff's claims may be barred, in whole or in part, and/or recovery may be precluded, because Defendant's conduct was not willful, and there was a good faith dispute as to whether any amounts are owed.

**TENTH AFFIRMATIVE DEFENSE**

101.    Defendant's actions towards Plaintiff and putative class members were entirely justified, proper, and lawful.

-13-

**AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

### ELEVENTH AFFIRMATIVE DEFENSE

102.    To the extent Plaintiff and putative class members seek equitable causes of action for injunctive or equitable relief, those claims are barred because there is an adequate remedy at law and no showing of a continuing violation.

### TWELFTH AFFIRMATIVE DEFENSE

103.    Without admitting the allegations of the Complaint, Defendant alleges Plaintiff's purported Seventh Cause of Action is barred in that the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, that Defendant gained no competitive advantage by such practices, and that the benefits of the alleged practices outweigh any harm or other impact they may cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

104.    Any claims by Plaintiff for monetary damages under California Business and Professions Code § 17200, et seq., are barred in whole and or in part by those very statutes.

### FOURTEENTH AFFIRMATIVE DEFENSE

105.    Plaintiff's claims are barred, in whole or in part, because the Defendant's business practices are and were not unlawful in that Defendant complied with all applicable statutes and regulations.

### FIFTEENTH AFFIRMATIVE DEFENSE

106.    Defendant's actions were for legitimate business reasons made in good faith and were not based upon a violation of public policy or other factors protected by law.

### SIXTEENTH AFFIRMATIVE DEFENSE

107.    Plaintiff's claims are barred, in whole or in part, because Plaintiff and any purported putative class members have no private right of action based upon allegations of lost meal and rest periods, waiting time penalties, and failure to state itemized wage statements, which only constitute a penalty under the law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

108.    The Complaint fails to properly state a cause of action or causes of action for attorneys' fees against Defendant on any basis.

-14-

### EIGHTEENTH AFFIRMATIVE DEFENSE

109.    Any alleged act or omission giving rise to Plaintiff's claims was undertaken in good faith and Defendant had reasonable grounds to believe that any such act or omission (which Defendant denies) was not a violation of any provision of the Labor Code or any Wage Order.

### NINETEENTH AFFIRMATIVE DEFENSE

110.    Plaintiff is not a proper representative for the putative class she purports to represent; this action is not a proper class action; and the putative class defined in the Complaint is fatally flawed.

### TWENTIETH AFFIRMATIVE DEFENSE

111.    Even if Plaintiff and/or putative class members were employees of Ameriprise Financial, which they are not, they would be exempt from overtime compensation under the applicable wage and hour laws.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

112.    If Plaintiff and/or putative class members were employees of Ameriprise Financial, which they are not, Plaintiff and/or putative class members were unjustly enriched by receiving the benefits of being classified as franchisees and not employees, including but not limited to payouts at the much higher rate applicable to franchisees rather than that for employee advisors.  Accordingly, in the event Plaintiff and/or putative class members were somehow determined to have been employees of Ameriprise Financial, the Company would be entitled to a setoff for any such overpayments or other franchisee benefits which were conferred upon them but which are not available to employee advisors.

### COUNTERCLAIM (RESTITUTION)

113.    Ameriprise Financial, for its Counterclaim, states and alleges as follows:

114.    Ameriprise Financial repeats and realleges its allegations and defenses contained in Paragraphs 1 through 112, as if fully set forth herein, and states that each and every one of Plaintiff's claims are without merit, in their entirety, but further states that if Plaintiff's claims are determined to be meritorious in any respect, and Plaintiff is determined to be entitled to any of the

-15-

**AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

1    relief sought in the Complaint (on a class or any other basis), then, in the alternative, Ameriprise

2    Financial is entitled to relief against Plaintiff as set forth herein.

3        115.    Moreover, Ameriprise Financial repeats and realleges its allegations and defenses

4    contained in Paragraphs 1 through 112, as if fully set forth herein, and states that each and every

5    one of Plaintiff's claims are without merit, in their entirety, and that Plaintiff's complaint should

6    not be certified as a class, but further states that if Plaintiff's claims are determined to be

7    meritorious in any respect, Plaintiff and/or putative class members are determined to be entitled to

8    any of the relief sought in the Complaint (on a class or any other basis), and the class is certified,

9    then, in the alternative, Ameriprise Financial is entitled to relief against those putative class

10    members who do not opt out, as set forth herein.

11        116.    Plaintiff and putative class members were given the option of affiliating with

12    Ameriprise Financial as an employee under Platform 1 or as a franchisee under Platform 2.

13        117.    Plaintiff and those putative class members who do not opt out elected to affiliate

14    with Ameriprise Financial as P2 Independent Advisors /franchisees, with said affiliations

15    governed by the terms and conditions of the franchise platform.

16        118.    As P2 Independent Advisors, Plaintiff and putative class members have knowingly

17    received, among other things, significantly higher compensation rates than they would have

18    received had they elected to become affiliated with Ameriprise Financial as P1 employee

19    advisors.

20        119.    In the event the court were somehow to determine that Plaintiff and/or putative

21    class members were employees of Ameriprise Financial, which they are not, under principles of

22    restitution, unjust enrichment, recoupment, or other similar equitable principles, and/or this court

23    were somehow to determine that the class proposed by Plaintiff should be certified, which it

24    should not, Plaintiff and/or putative class members would be obligated to repay to Ameriprise

25    Financial the difference between the payouts they received as franchisees pursuant to the P2

26    Independent Advisor platform and that to which they would have been entitled as P1 employee

27    advisors.

28

-16-    **AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

1

**CONCLUSION**

2        Wherefore, Defendant Ameriprise Financial requests that the Court grant the following

3    relief:

4        1.    Dismiss Plaintiff's Complaint with prejudice;

5        2.    Award Defendant costs and disbursements incurred herein in defending against

6              Plaintiff's frivolous action which asserts claims under employment law on behalf

7              of individuals who were clearly franchisees and not employees, including

8              reasonable attorneys' fees;

9        3.    Award Defendant damages on its conditional counterclaim if the conditions are

10             satisfied.

11       4.    Award Defendant such other relief as the Court may deem just and proper.

12

Dated: November ___, 2007          DORSEY & WHITNEY LLP

13

14

15                                 By: _____

16                                 KAREN E. WENTZEL
                                   Attorneys for Defendant
17                                 AMERIPRISE FINANCIAL
                                   SERVICES, INC.

18

19

20

21

22

23

24

25

26

27

28

-17-    **AMENDED ANSWER TO COMPLAINT
        CASE NO. C 07-3168**

SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
KEVIN R. ALLEN, ESQ.
CARRIE S. LIN, ESQ.
SUSAN L. JORDAN, ESQ.

CARRIE S. LIN, ESQ.
Writer's E-Mail: clin@scalaw.com

**SCOTT COLE & ASSOCIATES**
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94612

Telephone: (510) 891-9800
Facsimile: (510) 891-7030

SCA Web Site: www.scalaw.com

November 26, 2007

VIA EMAIL & U.S. MAIL
Magarian.Edward@dorsey.com

Edward Magarian, Esq.
Dorsey & Whitney
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

re:    **Johnson v. Ameriprise Financial Services**

Dear Mr. Magarian:

We have received and reviewed your proposed amended answer and counterclaim in the above-referenced matter. We cannot stipulate to your client's amended answer for several reasons, some of which are outlined below.

The third and sixteenth affirmative defenses listed in your proposed amended answer are barred by law. In *Murphy v. Kenneth Cole*, the California Supreme Court expressly stated that monies owed pursuant to California Labor Code Section 226.7 are wages, not penalties. 40 Cal.4th 1094 (2007). Accordingly, plaintiff Sylvia Johnson's claims were timely brought, and class claims properly plead, under the applicable statute of limitations. Further, Plaintiff and putative class members very clearly have a private right of action in the claims listed in the Complaint.

The conditional counter-claim is similarly flawed. Your client seeks to recover a monetary "offset" from named Plaintiff, and the entire putative class, in the event that your client is found to have mis-classified its P2 Advisors as franchisees rather than employees. This conditional counter-claim must fail for the exact same equitable reasons that your client cites in support thereof.

We understand that you will be filing your Motion to Amend shortly, and will undoubtedly be in contact at that time. In the meantime, please feel free to call or email me with any questions or concerns you have.

Very truly yours,

CARRIE S. LIN

CSL:mlr

cc:    Scott Edward Cole, Esq.
       Karen Wentzel, Esq.
       Zeb Curtin, Esq.

\\cole-sql\share1\Shared\Clients\Johnson\Correspondence\Counsel\2007\Outgoing\Magarian.k26.wpd

**Exhibit 4**