Scott Edward Cole, Esq. (S.B. #160744)
Carrie S. Lin, Esq. (S.B. # 237994)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web: www.scalaw.com

*Attorneys for Representative Plaintiff*
*and the Plaintiff Class*

Karen E. Wentzel (S.B. # 112179)
**DORSEY & WHITNEY LLP**
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717: phone
(650) 857-1288: fax
Email: wentzel.karen@dorsey.com

Edward B. Magarian (admitted pro hac vice)
Zeb-Michael Curtin (admitted pro hac vice)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600 : phone
(612) 340-2777 : fax
Email: magarian.edward@dorsey.com
        curtin.zeb@dorsey.com

*Attorneys for Defendant*
*Ameriprise Financial Services, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC.,<br><br>Defendant. | **CASE NO. C07-03168 PJH**<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

1    WHEREAS, the proceedings in this action may involve the production or disclosure of

2  trade secret or other confidential research, development, or commercial information, and the

3  parties wish to provide for the protection of such confidential information, and

4    WHEREAS, the parties seek to maintain the protection of confidential information

5  concerning the subject matter at issue in the above-captioned action, and

6    WHEREAS, the parties acknowledge that this Stipulated Protective Order Governing

7  Confidential Information creates no entitlement to file confidential information under seal, and

8  that Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the

9  standards that will be applied when a party seeks permission from the court to file material under

10  seal,

11    IT IS THEREFORE STIPULATED AND AGREED by and among the parties, through

12  their respective counsel of record, as follows:

13    1.    All CONFIDENTIAL INFORMATION (described in paragraph 3 of this Order)

14  produced or exchanged by the parties in the instant action shall be subject to the terms and

15  provisions set forth herein.

16    2.    All CONFIDENTIAL INFORMATION (as defined in paragraph 3 of this Order)

17  produced or exchanged in the course of litigating this action shall be used solely for the purpose

18  of such litigation.  Nothing contained herein shall limit or prevent disclosure or use of any item

19  of CONFIDENTIAL INFORMATION by the party who or which designated the item

20  CONFIDENTIAL.  Nothing contained herein shall preclude any party or its representative from

21  discussing with any other person the progress, theories or legal strategy in this litigation, without

22  disclosing said CONFIDENTIAL INFORMATION.  CONFIDENTIAL INFORMATION may not be used for

23  any other purpose, except as expressly provided herein or by further order of this Court.

24    3.    Any information recorded in any form or any portion thereof, including any form

25  of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil

26  Procedure, which, in the good-faith opinion of the party providing such information or discovery

27  or to which that information belongs (the "producing party") contains any trade secret or other

28

confidential research, development, or commercial information, may be designated by the producing party, including third parties, as CONFIDENTIAL INFORMATION in accordance with this Order.

4.      The producing party shall label or mark (in such manner as will not interfere with the legibility thereof) documents, things and objects or any information in other form that it deems to be CONFIDENTIAL INFORMATION with the term: "CONFIDENTIAL" or "CONFIDENTIAL PURSUANT TO COURT ORDER" or some other comparable designation including the term "CONFIDENTIAL" in the following manner:

(a)     by stamping each page of any document deemed to contain CONFIDENTIAL INFORMATION with the designation "CONFIDENTIAL";

(b)     by imprinting or otherwise placing the designation "CONFIDENTIAL" next to each answer to interrogatory, response or deposition upon written question, or response to request for admission deemed to disclose CONFIDENTIAL INFORMATION, or to the extent all such responses on a page are deemed to disclose CONFIDENTIAL INFORMATION, by stamping each such page with the designation "CONFIDENTIAL;"

(c)     (i) by designating a statement made on the record during the course of a deposition or examination as "CONFIDENTIAL"; or (ii) by making arrangements with the court reporter to review and designate portions of the deposition or examination as "CONFIDENTIAL" before the final transcript of the deposition or examination is released, provided, however, that any such designations shall be made within thirty (30) calendar days of receipt of the transcript by counsel for the deponent, so as to avoid any unnecessary delay in the release of the final transcript to counsel for all parties.  If requested by a party on the record during a deposition or examination, the entire transcript may be designated "CONFIDENTIAL," but only until more limited designations can be made pursuant to the procedure set forth in paragraph 4(c)(ii) above.

1    In lieu of marking original documents, the producing party may mark the copies that are

2    produced or exchanged, and the fact that the original documents themselves may not be marked

3    "CONFIDENTIAL" shall not constitute a waiver of the producing party's confidentiality

4    designation.

5    5.    Documents and things designated as CONFIDENTIAL INFORMATION, copies thereof,

6    the information contained therein, and any analysis or report pertaining thereto shall only be

7    disclosed to or made available to "Qualified Persons."

8    6.    "Qualified Persons" as used herein means:

9    (a)    Representative Plaintiff Sylvia Johnson and present or former officers or

10    employees of Ameriprise Financial Services, Inc.;

11    (b)    the parties' inside counsel, if any, and employees of parties' inside counsel who

12    are acting under the direction and control of such counsel and who are necessary

13    to assist such counsel in this action;

14    (c)    the parties' respective outside counsel and employees of the parties' outside

15    counsel who are acting under the direction and control of such counsel and who

16    are necessary to assist such counsel in this action;

17    (d)    magistrate judges, judges, clerks or other members or employees of any court of

18    competent jurisdiction over proceedings in or related to this action;

19    (e)    stenographers or court reporters only to the extent necessary to prepare records of

20    sworn testimony in this action;

21    (f)    consultants or experts (including independent experts) retained in connection with

22    this action by the parties' counsel only to the extent necessary for the prosecution

23    or defense of this action;

24    (g)    any witnesses, to the extent necessary for the preparation for, and during the

25    course of, their testimony at a deposition or other proceeding in this matter;

26    (h)    special masters and/or mediators utilized in this litigation, and their employees

27    and agents;

28

(i)     independent contractors, including their staff, engaged in one or more aspects of organizing, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

(j)     Defendant's insurers and their counsel;

(k)     the author, addressee, or any person indicated as having a copy of the document or information, or any recipient or person who had lawful access to the document or information; and

(l)     any person designated by Order of the Court or by agreement of the parties.

7.     Persons permitted access to CONFIDENTIAL INFORMATION, as provided above, shall not use such documents or information other than in connection with this action.  Counsel shall inform each person to whom they disclose or give access to CONFIDENTIAL INFORMATION the terms of this Order.  Prior to disclosure by any party or their inside or outside counsel of any material designated as CONFIDENTIAL INFORMATION to persons listed in paragraph 6(f) or (g), the person shall be shown a copy of this Protective Order and shall sign a statement in the form attached hereto as Exhibit A, indicating that he or she has read the Protective Order and agrees to comply with its terms.  Each statement shall be retained by counsel who provided the CONFIDENTIAL INFORMATION to such persons and shall not be subject to disclosure except by Court order or agreement of the parties.

8.     In the event any person having possession, custody or control of any CONFIDENTIAL INFORMATION receives a subpoena or other process or order to produce such information, such person shall promptly notify counsel of record for the producing party and provide a copy of the subpoena or other process or order to the producing party.  The producing party shall have the burden of defending against or objecting to such request to the extent it seeks CONFIDENTIAL INFORMATION.  The person receiving such request shall comply only if the producing party does not seek, or unsuccessfully seeks an order modifying or quashing the

request for information within the time allowed for production by the subpoena or other process. The person to whom the subpoena or other process is directed shall not produce any CONFIDENTIAL INFORMATION while a motion brought pursuant to this paragraph is pending, unless ordered by a Court to do so.

9.    Inadvertent failure to designate information as CONFIDENTIAL INFORMATION at the time of disclosure maybe remedied by supplemental written notice given by the producing party as to documents and other information within thirty (30) days of production.  Upon receipt of such notification, all information so designated shall be subject to this Protective Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any prior treatment of such information.

10.   A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and a failure to do so shall not preclude any subsequent challenge.

11.   Without written permission from the producing party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any CONFIDENTIAL INFORMATION.  A party that seeks to file under seal any CONFIDENTIAL INFORMATION must comply with Civil Local Rule 79-5.

12.   The originating or producing party may waive the confidentiality provisions of this Protective Order as to any information designated as CONFIDENTIAL or any portion thereof.  Such waiver shall not result in a waiver of the confidential status of any other information deemed CONFIDENTIAL pursuant to this Protective Order.

13.   Nothing in this Order shall be construed in any way as a finding that the CONFIDENTIAL INFORMATION does or does not constitute or contain CONFIDENTIAL INFORMATION.  If any party desires to have a CONFIDENTIAL designation removed at any point in this litigation, the party seeking such removal shall first request in writing that the producing party do so, stating the reasons for its request.  If the producing party refuses to do so, it must state its reasons in a writing served by mail or facsimile within ten (10) business days of receiving the request.  Thereafter, the parties shall meet and confer to attempt to resolve the

dispute.  If an agreement cannot be reached, the parties shall continue to treat the information as CONFIDENTIAL unless the party disputing the designation files a motion to have the CONFIDENTIAL designation removed.  The material designated as CONFIDENTIAL shall continue to receive the protection of this designation until the Court renders a decision on the motion.  The burden shall be on the producing party to demonstrate that the material designated as CONFIDENTIAL contains, constitutes, or reveals trade secret or other confidential research, development, or commercial information.

14.     After the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing CONFIDENTIAL INFORMATION either shall be returned to counsel for the party that produced it or destroyed.  Counsel shall provide the producing person(s) written confirmation of destruction within sixty (60) days after receiving a request for the destruction or return of CONFIDENTIAL INFORMATION following the conclusion of this action.  Outside counsel and inside counsel for the parties shall be entitled to retain all (i) court papers; (ii) deposition and trial transcripts; (iii) exhibits used in affidavits, at depositions and at trial; and (iv) attorney work product, including such materials containing, quoting, discussing or analyzing CONFIDENTIAL INFORMATION.

15.     The parties may provide by stipulation for exceptions to this Protective Order, and any party may seek an order of this Court modifying this Protective Order.  This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided herein or to impose additional restrictions on the disclosure of any information or material produced.

16.     Nothing in this Stipulated Protective Order shall prevent a party from using any document or information which has been designated CONFIDENTIAL at a trial or hearing in the above-captioned actions.  However, the manner in which CONFIDENTIAL INFORMATION is to be disclosed at a trial or hearing in the above-captioned actions will be determined by the Court or by agreement of the parties.

1    17.    Nothing in this Protective Order constitutes an admission or agreement that any

2  document or information is subject to discovery or is admissible as evidence in these cases.

3  DATED:  January 21, 2008                    **DORSEY & WHITNEY LLP**

4

5                                              By:  s/Zeb-Michael Curtin
                                                    Zeb-Michael Curtin, Esq.
6                                                   Attorneys for Defendant Ameriprise
                                                    Financial Services, Inc.
7

8  DATED: January 23, 2008                     **SCOTT COLE & ASSOCIATES, APC**

9

10

11                                             By:  /s/Carrie S. Lin
                                                    Carrie S. Lin, Esq.
12                                                  Attorneys for the Representative Plaintiff
                                                    and the Plaintiff Class
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC.,<br><br>           Defendant. | **CASE NO. C07-03168 PJH**<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

        I hereby certify that I have read the Stipulated Protective Order Governing Confidential Information for the above-captioned matter, dated _____, 2008 ("Protective Order"), and I agree that I will not reveal CONFIDENTIAL INFORMATION to, or discuss CONFIDENTIAL INFORMATION with, any person who is not entitled to receive CONFIDENTIAL INFORMATION in accordance with the Protective Order, that I will use CONFIDENTIAL INFORMATION only for the purposes of facilitating the prosecution or defense of the action and not for any other business or purpose whatsoever, that I will otherwise keep all CONFIDENTIAL INFORMATION confidential in accordance with the Protective Order, and that I will otherwise by bound by the strictures of the Protective Order.

_____
[Typed or Printed Name]

_____
[Signature]