# EXHIBIT 1

record, or otherwise reproduce the foregoing materials, in whole or in part, or otherwise make the same available to any unauthorized person.

- The Manuals shall remain the sole property of AEFA and shall be kept in a secure place on the Premises.

- To comply with regulatory requirements, AEFA may make reasonable interpretations and revise the contents of the Manuals from time to time. For business changes to the Manuals, AEFA will provide Independent Advisor with reasonable notice. AEFA further agrees to provide Independent Advisor with 90 days' written notice of any non-regulatory changes to the Manuals resulting in a reduction in the GDC (Gross Dealer Concession) Payout Rate as defined in such Manuals. Independent Advisor agrees to comply with the revised Manuals.

- Independent Advisor agrees to ensure that the Manuals are kept current at all times. In the event of any dispute as to the contents of the Manuals, the terms of the most recently communicated Manuals supercede all previous Manuals.

10.    CONFIDENTIAL INFORMATION

- Independent Advisor has had and/or may have access to AEFA trade secrets and confidential information that Independent Advisor agrees has great value to AEFA. Independent Advisor agrees that because of such access, Independent Advisor is in a position of trust and confidence with respect to this information. To protect client confidentiality, AEFA goodwill, trade secrets, and other proprietary and confidential business information, Independent Advisor agrees to not, during the term of this Agreement or thereafter, except as permitted under Section 14 regarding transfers of the Independent Financial Advisor Business, communicate, divulge, or use for himself or herself except pursuant to the System, or for the benefit of any other person, partnership, association, or corporation any confidential information, or trade secrets, including, without limitation, Client names, addresses and data and know-how concerning the methods of operation of the System and the business franchised hereunder which may be communicated to Independent Advisor or of which Independent Advisor may be apprised by virtue of Independent Advisor's operation under the terms of this Agreement. Independent Advisor also shall not reveal any information about potential clients to whom a presentation has been made by any Independent Advisor who might reasonably be expected to do business with AEFA. Independent Advisor agrees to divulge such confidential information only to such of his or her employees as must have access to it in order to operate the Independent Financial Advisor Business. Except as otherwise permitted in Section 19, Independent Advisor agrees that, without limitation, Client names, addresses, data and other personal and financial information recorded in Client records are confidential. Confidential information includes compilations and lists of such Client information even if otherwise public information if such compilations or lists were the result of substantial effort, time and/or money expended pursuant to the System. Independent Advisor further agrees to use this confidential information only in furtherance of this Agreement or in accordance with the Manuals and for no other purpose. Confidential information does not include information which is generally known outside of AEFA other than as a result of a disclosure by Independent Advisor, Independent Advisor's agents or representatives, or any other person or entity in breach of

EXHIBIT 1

any contractual, legal or fiduciary obligation of confidentiality to AEFA or to any other person or entity with respect to such information.

- At AEFA's request, Independent Advisor agrees to require any personnel having access to any confidential information of AEFA or information about Clients or potential clients to execute covenants that they will maintain the confidentiality of information they receive in connection with their employment by or association with Independent Advisor in the Independent Financial Advisor Business. Such covenants shall be in a form satisfactory to AEFA, including, without limitation, specific identification of AEFA as a third-party beneficiary of such covenants with the independent right to enforce them.

11.   ACCOUNTING AND RECORDS

- Independent Advisor agrees to record all sales on a computer system that meets the specifications of AEFA, or on any other equipment specified by AEFA in the Manuals or otherwise in writing. Independent Advisor agrees to prepare, and shall preserve for at least seven (7) years from the dates of their preparation, complete and accurate books, records, and accounts in accordance with the Manuals and Compliance Rules as defined in this Agreement.

- Independent Advisor agrees to, at Independent Advisor's expense, submit to AEFA, in the form prescribed by AEFA, such reports, forms, records, information, and data as AEFA may require to comply with regulatory requirements or to respond to a Client complaint or lawsuit.

- All original books and records containing Client lists and/or information and transactions belong to AEFA and must be returned to AEFA upon termination or expiration of this Agreement, unless Independent Advisor transfers the Independent Financial Advisor Business as provided in Section 14. In order to permit AEFA to fulfill its regulatory requirements, AEFA and its designated agents shall have the right at all reasonable times, with or without notice to Independent Advisor, to examine and copy any books and records, including computerized books and records related to the Independent Financial Advisor Business.

12.   ADVERTISING AND PROMOTION

A.   AEFA Advertising Fund

- Recognizing the value of advertising and promotion to AEFA and the Independent Financial Advisor Business, and the importance of coordinated advertising and promotion programs to the furtherance of the goodwill and public image of the System, the parties agree as follows:

  a.   AEFA has the right, but not the obligation, to establish the System's advertising fund (the "**Fund**"). Part of the Association Fee paid by Independent Advisors may be used for this Fund.

  b.   If established, the Fund shall be maintained and administered by AEFA as follows:

# EXHIBIT 2

SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
KEVIN R. ALLEN, ESQ.
CARRIE S. LIN, ESQ.
SUSAN L. JORDAN, ESQ.

CARRIE S. LIN, ESQ.
Writer's E-Mail: clin@scalaw.com

# SCOTT COLE & ASSOCIATES
## A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94612

Telephone: (510) 891-9800
Facsimile: (510) 891-7030

SCA Web Site: www.scalaw.com

January 8, 2008

NEWSLETTER

re:   **AMERIPRISE FINANCIAL ADVISORS**
**Overtime Pay Class Action Update**

Dear Financial Advisor:

As you may have heard, on May 17, 2007, our law firm filed a class action lawsuit on behalf of P-2 **Independent Advisors** who are or were employed by Ameriprise in California at any time after May 17, 2003. The lawsuit is currently pending before the Northern District Court of California, in San Francisco.

Among other things, the lawsuit alleges that Ameriprise mis-classified its P-2 Independent Advisors as franchisees rather than employees, thereby denying them the benefit of overtime pay and compensation for business-related expenses. As you might expect, Ameriprise denies these claims.

While this matter pertains to P-2 Independent Advisors alone, we also wish to apprise P-1 Employee Advisors of the underlying lawsuit, as we believe that they may have important information that could affect our ability to protect the rights of the P-2 Independent Advisors, and ensure that all Ameriprise employees are being treated fairly.

As a law firm dedicated to prosecuting wage violations such as those alleged here, we are committed to fighting for the rights of financial advisors like you and, hopefully, putting an end to what we think to be an illegal practice. Although we have not yet asked the Court overseeing this lawsuit to join all California P-2 Independent Advisors into the case, we hope you would support our efforts in doing so at the proper time.

You should know that, in our experience with similar cases, employers often ask their employees to sign a statement indicating that their work does not entitle them to overtime pay and/or that their employees worked little or no overtime hours. Be careful. You should know that you are *not* required to sign any statement, whether prepared by Ameriprise, by our law firm, *or anyone*, especially if you are asked to sign something that is untrue. **If you have any questions regarding your rights in this case, please do not hesitate to contact our office, or read more about overtime laws on our website at: www.scalaw.com.**

EXHIBIT 2

As this case progresses, we will try to provide you with additional information, either by letter or by telephone. These contacts do not obligate you to do anything. We also urge you to contact us today to discuss this case and the role you may play in it. Our job is to keep you informed and make sure you understand your rights. In staying abreast of these developments, you should also know that **you have the right to communicate with our office on a confidential basis.** If you wish to have a consultation about your legal rights and you wish us to treat the conversation as a privileged communication, we will gladly do so.

Please do not hesitate to contact our offices with any questions or concerns. Thank you for taking the time to review this Newsletter. We look forward to hearing from you.

Very truly yours,

CARRIE S. LIN

CSL:gbr

# EXHIBIT 3

**DORSEY**

DORSEY & WHITNEY LLP

**EDWARD B. MAGARIAN**
Partner
(612) 340-7873
FAX (888) 453-1542
magarian.edward@dorsey.com

January 22, 2008

**VIA E-MAIL & U.S. MAIL**

Carrie S. Lin, Esq.
Scott Cole & Associates
The World Savings Tower
1970 Broadway, 9th Floor
Oakland, CA 94612

     Re:    Your Letter to Financial Advisors dated January 8, 2008

Dear Ms. Lin:

     We are deeply concerned about a letter you sent to financial advisors dated January 8, 2008, a copy of which is enclosed. Our concern is not limited just to Ameriprise Financial and me, but I understand that the concern with this conduct has filtered into the financial advisor ranks as well. The letter raises several issues, all of which must be addressed immediately.

     First, it appears you have sent this letter to all financial advisors in California, including employee financial advisors (P1). You do not represent (nor do you seek to represent) the P1 financial advisors. You have no right, and in fact the rules and the law forbid you from contacting the Company employees, to collect documents and related information without going through counsel.

     Second, your letter falsely promises the P1 financial advisors who received this letter that their conversations with you will be confidential, as if there is an attorney-client privilege. You do not represent these employee advisors, nor are they part of your putative class. It is improper for you to promise that their conversations will be protected by the attorney-client privilege. Moreover, it is improper, as noted above, for you to contact these advisors to gather Ameriprise Financial documents.

     Third, your letter otherwise contains false representations. For example, in addition to your false promises of confidentiality to P1 advisors, you assert in a letter to our employees and our franchisees that Ameriprise Financial is engaged in an "illegal" practice and that Ameriprise Financial might ask P2 advisors to sign statements as if Ameriprise Financial is trying to mislead its franchisees. Nothing can be further from the truth.

     We demand the following: (1) you agree not to send further false and misleading communications to P2 financial advisors; (2) you inform any P1 advisor who calls your office that you do not represent them and that your conversation with them is not confidential, contrary to the representations in your letter; (3) you represent that you will not use any contact with any employee of Ameriprise Financial to obtain documents (you must seek documents through counsel); (4) you provide us a list of each P1 advisor who has contacted or in the future

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 612.340.2600 • F 612.340.2868
SUITE 1500 • 50 SOUTH SIXTH STREET • MINNEAPOLIS, MINNESOTA 55402-1498

USA  CANADA  EUROPE  ASIA

**EXHIBIT 3**



Carrie S. Lin, Esq.
January 22, 2008
Page 2

contacts your office and confirm you have complied with our demands in that conversation; and (5) for each such P1 advisor who contacts your office, identify the person from your office who spoke to that advisor, and the substance of the communication (also produce to us written notes and any other documents related to the communication). We can also discuss the extent to which other curative action must be taken.

We expect an immediate response to this troubling development. If you do not work with us to rectify this issue, you will leave us with no choice but to seek the assistance of the court.

Finally, enclosed herein and served upon you, please find Defendant Ameriprise Financial Services, Inc.'s Interrogatories to Plaintiff (Set II) and Defendant Ameriprise Financial Services, Inc.'s Requests for Production of Documents to Plaintiff (Set II). Although you do have 30 days to respond to the interrogatories and document requests, we do expect an immediate response to the questions in this letter.

Very truly yours,

Edward B. Magarian

EBM/sh

Enclosures

SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
KEVIN R. ALLEN, ESQ.
CARRIE S. LIN, ESQ.
SUSAN L. JORDAN, ESQ.

CARRIE S LIN ESQ.
Writer's E-Mail: clin@scalaw.com

# SCOTT COLE & ASSOCIATES
## A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94612

Telephone: (510) 891-9800
Facsimile: (510) 891-7030

SCA Web Site: www.scalaw.com

January 8, 2008

NEWSLETTER

re:   **AMERIPRISE FINANCIAL ADVISORS**
      **Overtime Pay Class Action Update**

Dear Financial Advisor:

As you may have heard, on May 17, 2007, our law firm filed a class action lawsuit on behalf of **P-2 Independent Advisors** who are or were employed by Ameriprise in California at any time after May 17, 2003. The lawsuit is currently pending before the Northern District Court of California, in San Francisco.

Among other things, the lawsuit alleges that Ameriprise mis-classified its P-2 Independent Advisors as franchisees rather than employees, thereby denying them the benefit of overtime pay and compensation for business-related expenses. As you might expect, Ameriprise denies these claims.

While this matter pertains to P-2 Independent Advisors alone, we also wish to apprise P-1 Employee Advisors of the underlying lawsuit, as we believe that they may have important information that could affect our ability to protect the rights of the P-2 Independent Advisors, and ensure that all Ameriprise employees are being treated fairly.

As a law firm dedicated to prosecuting wage violations such as those alleged here, we are committed to fighting for the rights of financial advisors like you and, hopefully, putting an end to what we think to be an illegal practice. Although we have not yet asked the Court overseeing this lawsuit to join all California P-2 Independent Advisors into the case, we hope you would support our efforts in doing so at the proper time.

You should know that, in our experience with similar cases, employers often ask their employees to sign a statement indicating that their work does not entitle them to overtime pay and/or that their employees worked little or no overtime hours. Be careful. You should know that you are *not* required to sign any statement, whether prepared by Ameriprise, by our law firm, *or anyone*, especially if you are asked to sign something that is untrue. **If you have any questions regarding your rights in this case, please do not hesitate to contact our office, or read more about overtime laws on our website at: www.scalaw.com.**

As this case progresses, we will try to provide you with additional information, either by letter or by telephone. These contacts do not obligate you to do anything. We also urge you to contact us today to discuss this case and the role you may play in it. Our job is to keep you informed and make sure you understand your rights. In staying abreast of these developments, you should also know that **you have the right to communicate with our office on a confidential basis.** If you wish to have a consultation about your legal rights and you wish us to treat the conversation as a privileged communication, we will gladly do so.

Please do not hesitate to contact our offices with any questions or concerns. Thank you for taking the time to review this Newsletter. We look forward to hearing from you.

Very truly yours,

CARRIE S. LIN

CSL:gbr

1   Karen E. Wentzel (SBN 112179)
    DORSEY & WHITNEY LLP
2   1717 Embarcadero Road
    Palo Alto, California 94303
3   (650) 857-1717 : phone
    (650) 857-1288 : fax
4   Email: efilingPA@dorsey.com

5   Edward B. Magarian (admitted *pro hac vice*)
    Zeb-Michael Curtin (admitted *pro hac vice*)
6   DORSEY & WHITNEY LLP
    Suite 1500, 50 South Sixth Street
7   Minneapolis, Minnesota 55402
    (612) 340-2600 : phone
8   (612) 340-2777 : fax
    Email: magarian.edward@dorsey.com
9          curtin.zeb@dorsey.com

10  Attorneys for Defendant
    AMERIPRISE FINANCIAL
11  SERVICES, INC.

12

13

14                      UNITED STATES DISTRICT COURT

15              FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                         SAN FRANCISCO DIVISION

17  SYLVIA JOHNSON, individually, and on       Case No.  C 07-03168 PJH
    behalf of all others similarly situated,
18                                             DEFENDANT AMERIPRISE
                                               FINANCIAL SERVICES, INC.'S
19                      Plaintiffs,            INTERROGATORIES TO PLAINTIFF
    v.                                         (SET II)
20
    AMERIPRISE FINANCIAL SERVICES,
21  INC., and DOES 1 through 100, inclusive,

22                      Defendants.

23

24  TO:    Plaintiff Sylvia Johnson, individually and on behalf of all others similarly situated, and her
           attorneys, Scott E. Cole, Esq., and Carrie S. Lin, Esq., Scott Cole & Associates, APC,
25         1970 Broadway, Ninth Floor, Oakland, California  94612.

26         Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Ameriprise

27  Financial Services, Inc. ("Ameriprise Financial") requests that Plaintiff Sylvia Johnson answer

28

the following interrogatories no later than thirty (30) days from the date of service of these interrogatories. These interrogatories are continuing in nature and require supplementation in accordance with Rule 26 of the Federal Rules of Civil Procedure.

### DEFINITIONS

1. "You" or "your" means Plaintiff Sylvia Johnson, and all persons acting on her behalf, including, but not limited to, agents, attorneys, investigators, and representatives.

2. "Person" means natural person, corporation, partnership, government or government agency, proprietorship, joint venture, trust, estate, and all other forms of legal entity.

3. "Related to" or "relating to" means evidences, reflects, constitutes, refers to, contradicts, supports, or in any other way is logically or factually connected to the matter discussed.

4. "Communication" means any transmission of words between or among two or more persons, whether written or oral.

5. "Document" or "documents" includes the original, or drafts of any kind, of written, printed, recorded, or graphic material or sound reproduction, however produced or reproduced, whether sent or received or neither, and all copies thereof, which are different in any way from the original (whether by notation, indication of copies sent or received, or otherwise) regardless of whether designated "confidential," "privileged," or otherwise, known to you or in your possession, custody, and/or control, and including, but not limited to, any correspondence, paper, book, account, drawing, writing, agreement, calendar, diary, contract, memorandum, notes, telegram, facsimile, report, record, pamphlet, bulletin, transcript, study, note, intra-office communication, inter-office communication, e-mail communication, computer file, computer disks, computer diskettes, check, check stub, or note of any conference.

6. "Identify" means, with respect to a natural person, to set forth that person's full name and, on the first occasion that such person is identified, the following information:

a.  Present or last known residence, business addresses, and home and business telephone numbers; and

b.  Present or last known employer and job title.

7.  "Identify" means, with respect to any entity other than a natural person, to set forth the full name or title of the entity and, on the first occasion that such entity is identified, to state the address of the entity's principal place of business, along with its telephone number, and to describe the principal business or activity of such entity.

8.  "Identify," when used with reference to a document or other tangible item, means (regardless of whether any claim of privilege is asserted) to state the following information, subject to the option to produce business records as provided by Rule 33 of the Federal Rules of Civil Procedure:

a.  Its character or nature (*e.g.*, letter, memorandum, report, etc.);

b.  The date it bears or, if undated, the date it was written or created;

c.  The identity of the person(s) who wrote or created it;

d.  The identity of the person(s) who received it;

e.  Its file number or other identifying mark or code;

f.  Its general subject matter and a summary of its contents; and

g.  Its present or last known location or custodian.

In all cases where you opt to specify documents under Rule 33, you may supply fully legible copies of such documents in lieu of such specification. This permission, however, shall in no way prejudice Defendant's right to require production of all documents pursuant to Rule 34. If any document was, but no longer is, in your possession, custody, or control, state whether it has been lost, destroyed, transferred, or is missing or has otherwise been disposed of, and in each instance, explain the circumstances surrounding the disposition thereof and the date it occurred.

9.  "Identify," when used in reference to a communication or other event, means (regardless of whether any claim of privilege is asserted) to set forth the following information:

a.   The identities of all persons present when the communication or event occurred;

b.   The date and time it occurred;

c.   The place it occurred and, if different (as with a telephone communication), the place it was received;

d.   For a communication, the identity of each originator and recipient, and for an event, the identity of each participant;

e.   The form of communication (*e.g.* written correspondence, meeting, telephone call, etc.); and

f.   The purpose and substance of the communication or event.

10.   "Describe," "explain," or "state" means, when used in reference to a factual situation, to state with particularity all facts known to you, connected with, bearing upon, or relating to matters contained in these interrogatories.

## INSTRUCTIONS

1.   In answering the interrogatories, Plaintiff must furnish all requested information not subject to a valid objection that is known by, possessed by, or available to Plaintiff or any of her attorneys, consultants, representatives, agents, and all others acting on her behalf.

2.   Plaintiff must object separately to each subpart, and if you object to less than all of the subparts for a particular interrogatory, you must answer the remaining subparts. To the extent Plaintiff objects to an interrogatory or subpart as calling for information beyond the scope of discovery, you still must answer the interrogatory or subpart to the extent it is not objectionable.

3.   Where you are required to identify documents or materials, in lieu of making such identification, you may furnish simultaneously with the filing of your answers such documents and materials for inspection and copying or reproduction by the undersigned attorneys. This permission, however, shall in no way prejudice Defendant's rights to require production of all documents pursuant to Rule 34.

4.   If any information, document, or communication responsive to any one or more (or portion thereof) of the following interrogatories is withheld based on any claim of privilege,

DEFENDANT'S INTERROGATORIES (SET II)
CASE NO. C 07-3168

-4-

describe generally the substance or subject matter of the information, document, or communication withheld, state the privilege being relied upon and the basis therefore, and identify all persons or entities who have had access to such information, document, or communication.

5.    If any document identified in your answers has already been produced in this litigation (*e.g.* attached to initial disclosures), state with respect to each such document:

         a.    The Bates number of the document, if applicable;

         b.    The date of the document;

         c.    The person who created the document;

         d.    The present location of the document;

         e.    The person in whose possession or under whose control the document presently is and the relationship of this person to Plaintiff, if any.

6.    Whenever appropriate, the singular form of a word shall refer to the plural and words used in the masculine gender shall also include the feminine and vice-versa.  Similarly, the words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring information within the scope of the interrogatory / request.

7.    Unless otherwise specified, the pertinent time frame for these Interrogatories is from May 17, 2003, through the present.

**Objection will be made at the time of trial to any attempt to introduce evidence that is directly sought by these Interrogatories and to which no disclosure has been made.**

## INTERROGATORIES

**INTERROGATORY NO. 10:**  Identify all individuals to whom You have sent (by any means and on any date) correspondence identical or similar in form to the attached "newsletter"

1   dated January 8, 2008, including, as to each individual, (a) the address to which the

2   correspondence was mailed or otherwise delivered; and (b) the date(s) on which You sent such

3   correspondence to him or her.

4       **INTERROGATORY NO. 11:**  Identify all individuals who have contacted anyone in

5   your office (orally or in writing) in response to the correspondence described in Interrogatory No.

6   10 above (regardless of whether he or she received the correspondence directly from you or

7   through another individual), including, as to each individual, (a) the date(s) on which such contact

8
9   occurred (whether initiated by the individual or by You); (b) the name(s) of the individual(s) from

10   your office who spoke to or otherwise communicated with that individual (orally or in writing);

11   and (c) the substance of the communication.

12       **INTERROGATORY NO. 12:**  Identify all documents which refer or relate to your

13   communications with any of the individuals You are asked to identify in Interrogatories Nos. 10

14   and 11 above, including any written notes of such communications created by You and any

15   documents You have received from any of the individuals, including a description of the

16   documents and date(s) You received and/or created such documents.
17

18   Dated:  January 22, 2008         DORSEY & WHITNEY LLP

19

20                     By: _____

21                        EDWARD B. MAGARIAN
                     Attorneys for Defendant

22                        AMERIPRISE FINANCIAL
                     SERVICES, INC.

23

24

25

26

27

28

                             **DEFENDANT'S INTERROGATORIES (SET II)**
                             **CASE NO. C 07-3168**

SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
KEVIN R. ALLEN, ESQ.
CARRIE S. LIN, ESQ.
SUSAN L. JORDAN, ESQ.

CARRIE S. LIN, ESQ.
Writer's E-Mail: clin@scalaw.com

# SCOTT COLE & ASSOCIATES
### A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94612

Telephone: (510) 891-9800
Facsimile: (510) 891-7030

SCA Web Site: www.scalaw.com

January 8, 2008

NEWSLETTER

re:   **AMERIPRISE FINANCIAL ADVISORS**
       **Overtime Pay Class Action Update**

Dear Financial Advisor:

As you may have heard, on May 17, 2007, our law firm filed a class action lawsuit on behalf of **P-2 Independent Advisors** who are or were employed by Ameriprise in California at any time after May 17, 2003. The lawsuit is currently pending before the Northern District Court of California, in San Francisco.

Among other things, the lawsuit alleges that Ameriprise mis-classified its P-2 Independent Advisors as franchisees rather than employees, thereby denying them the benefit of overtime pay and compensation for business-related expenses. As you might expect, Ameriprise denies these claims.

While this matter pertains to P-2 Independent Advisors alone, we also wish to apprise P-1 Employee Advisors of the underlying lawsuit, as we believe that they may have important information that could affect our ability to protect the rights of the P-2 Independent Advisors, and ensure that all Ameriprise employees are being treated fairly.

As a law firm dedicated to prosecuting wage violations such as those alleged here, we are committed to fighting for the rights of financial advisors like you and, hopefully, putting an end to what we think to be an illegal practice. Although we have not yet asked the Court overseeing this lawsuit to join all California P-2 Independent Advisors into the case, we hope you would support our efforts in doing so at the proper time.

You should know that, in our experience with similar cases, employers often ask their employees to sign a statement indicating that their work does not entitle them to overtime pay and/or that their employees worked little or no overtime hours. Be careful. You should know that you are *not* required to sign any statement, whether prepared by Ameriprise, by our law firm, *or anyone*, especially if you are asked to sign something that is untrue. **If you have any questions regarding your rights in this case, please do not hesitate to contact our office, or read more about overtime laws on our website at: www.scalaw.com.**

Docs:\profshare1\Shared\Clients\Johnson\Correspondence\Class member\2008\Outgoing\Newsletter.108.wpd

As this case progresses, we will try to provide you with additional information, either by letter or by telephone. These contacts do not obligate you to do anything. We also urge you to contact us today to discuss this case and the role you may play in it. Our job is to keep you informed and make sure you understand your rights. In staying abreast of these developments, you should also know that **you have the right to communicate with our office on a confidential basis.** If you wish to have a consultation about your legal rights and you wish us to treat the conversation as a privileged communication, we will gladly do so.

Please do not hesitate to contact our offices with any questions or concerns. Thank you for taking the time to review this Newsletter. We look forward to hearing from you.

Very truly yours,

CARRIE S. LIN

CSL:gbr

Karen E. Wentzel (SBN 112179)
DORSEY & WHITNEY LLP
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717 : phone
(650) 857-1288 : fax
Email: efilingPA@dorsey.com

Edward B. Magarian (admitted *pro hac vice*)
Zeb-Michael Curtin (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600 : phone
(612) 340-2777 : fax
Email: magarian.edward@dorsey.com
       curtin.zeb@dorsey.com

Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>               Defendants. | Case No.  C 07-03168 PJH<br><br>**DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF (SET II)** |

TO:    Plaintiff Sylvia Johnson, individually and on behalf of all others similarly situated, and her attorneys, Scott E. Cole, Esq., and Carrie S. Lin, Esq., Scott Cole & Associates, APC, 1970 Broadway, Ninth Floor, Oakland, California 94612.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Ameriprise

Financial Services, Inc. ("Ameriprise Financial") hereby requests that Sylvia Johnson,

individually and all others similarly situated, respond to the following Requests for Production of Documents no later than thirty (30) days from the date of service of these interrogatories. The documents requested should be made available for inspection and/or copying at the Palo Alto offices of Dorsey & Whitney LLP. Alternatively, Plaintiff may serve complete copies of the documents requested upon Karen E. Wentzel, Esq., at the Palo Alto offices of Dorsey & Whitney LLP.

These Requests are continuing in nature and require supplementation in accordance with Rule 26 of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.    "Document" or "documents" includes the original, or drafts of any kind, of written, printed, recorded, or graphic material or sound reproduction, however produced or reproduced, whether sent or received or neither, and all copies thereof, which are different in any way from the original (whether by notation, indication of copies sent or received, or otherwise) regardless of whether designated "confidential," "privileged," or otherwise, known to you or in your possession, custody, and/or control, and including, but not limited to, any correspondence, paper, book, account, drawing, writing, agreement, calendar, diary, contract, memorandum, notes, telegram, facsimile, report, record, pamphlet, bulletin, transcript, study, note, intra-office communication, inter-office communication, e-mail communication, computer file, computer disks, computer diskettes, check, check stub, or note of any conference.

2.    "You" or "your" means Plaintiff Sylvia Johnson, all others similarly situated, and all representatives or other persons acting, or purporting to act, on their behalf.

3.    "Representative" means agents, attorneys, and all other persons acting, or purporting to act, on behalf of the designated person.

4.    "Defendant" means Defendant Ameriprise Financial Services, Inc. and all officers, employees, and representatives of Defendant.

5.     "Diary" means a record of events, transactions, observations, activities, reflections, or feelings maintained on a regular or irregular basis.

6.     "Related to" or "relating to" means evidences, reflects, constitutes, refers to, contradicts, supports, or in any other way is logically or factually connected to the matter discussed.

## INSTRUCTIONS

1.     These requests seek all specified documents in the actual or constructive control, custody, and/or possession of Plaintiff, her attorneys, and/or agents, and all documents believed to have been in the control, custody, and/or possession of Plaintiff.

2.     If the requested document has been destroyed or disposed of, Plaintiff shall describe the document in a written response so as to provide the document's author and addressee, contents, date of creation, date of destruction or disposal, the reason for its destruction or disposal, and the circumstances surrounding the destruction or disposal, including identifying the manner in which the document was destroyed or disposed of and the individual so destroying or disposing of the document.

3.     If any privilege is claimed with respect to any document requested, please state:

a.     The nature of the document (*e.g.*, letter, memorandum, report, etc.);

b.     The date it bears, or, if undated, the date it was written or created;

c.     Its author(s);

d.     The identity of each of its recipients;

e.     Its general subject matter;

f.     Its present or last known location and/or custodian; and

g.     The privilege claimed and the basis therefor.

4.     If any objection is made with respect to any document requested, please set forth in detail the reasons and grounds for the objection as well as the particular part of the request to

which the objection is made.  Notwithstanding any objection, Plaintiffs should make available any and all documents pursuant to any request to the extent such request is not subject to an objection.

     5.    If any document requested has already been produced in this litigation (*e.g.* attached to initial disclosures), state with respect to each such document:

          a.    The Bates number of the document, if applicable;

          b.    The date of the document;

          c.    The person who created the document;

          d.    The present location of the document;

          e.    The person in whose possession or under whose control the document presently is and the relationship of this person to Plaintiff, if any.

     6.    Whenever appropriate, the singular form of a word shall refer to the plural and words used in the masculine gender shall also include the feminine and vice-versa.  Similarly, the words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring information within the scope of the production request.

     7.    Unless otherwise specified, the pertinent time frame for these Requests is from May 17, 2003, through the present.

**Objection will be made at the time of trial to any attempt to introduce evidence that is directly sought by these Requests and to which no disclosure has been made.**

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 32:** Any and all documents You have sent to any individual that is identical or similar in form to the attached "newsletter" dated January 8, 2008.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DOCUMENT REQUEST NO. 33:**  Any and all documents You have received from any individual to whom You sent a "newsletter" that is identical or similar in form to the attached "newsletter" dated January 8, 2008.

**DOCUMENT REQUEST NO. 34:**  Any and all documents which refer or relate to any communications You have had with any person to whom You sent a "newsletter" that is identical or similar in form to the attached "newsletter" dated January 8, 2008.

**DOCUMENT REQUEST NO. 35:**  Any and all documents you were asked to identify in Interrogatory No. 12.

Dated:  January 22, 2008          DORSEY & WHITNEY LLP


By: _____
EDWARD B. MAGARIAN
Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
KEVIN R. ALLEN, ESQ.
CARRIE S. LIN, ESQ.
SUSAN L. JORDAN, ESQ.

CARRIE S. LIN, ESQ.
Writer's E-Mail: clic@scalaw.com

**SCOTT COLE & ASSOCIATES**
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94612

Telephone: (510) 891-9800
Facsimile: (510) 891-7030

SCA Web Site: www.scalaw.com

January 8, 2008

## NEWSLETTER

re:    **AMERIPRISE FINANCIAL ADVISORS**
       **Overtime Pay Class Action Update**

Dear Financial Advisor:

As you may have heard, on May 17, 2007, our law firm filed a class action lawsuit on behalf of **P-2 Independent Advisors** who are or were employed by Ameriprise in California at any time after May 17, 2003. The lawsuit is currently pending before the Northern District Court of California, in San Francisco.

Among other things, the lawsuit alleges that Ameriprise mis-classified its P-2 Independent Advisors as franchisees rather than employees, thereby denying them the benefit of overtime pay and compensation for business-related expenses. As you might expect, Ameriprise denies these claims.

While this matter pertains to P-2 Independent Advisors alone, we also wish to apprise P-1 Employee Advisors of the underlying lawsuit, as we believe that they may have important information that could affect our ability to protect the rights of the P-2 Independent Advisors, and ensure that all Ameriprise employees are being treated fairly.

As a law firm dedicated to prosecuting wage violations such as those alleged here, we are committed to fighting for the rights of financial advisors like you and, hopefully, putting an end to what we think to be an illegal practice. Although we have not yet asked the Court overseeing this lawsuit to join all California P-2 Independent Advisors into the case, we hope you would support our efforts in doing so at the proper time.

You should know that, in our experience with similar cases, employers often ask their employees to sign a statement indicating that their work does not entitle them to overtime pay and/or that their employees worked little or no overtime hours. Be careful. You should know that you are *not* required to sign any statement, whether prepared by Ameriprise, by our law firm, *or anyone*, especially if you are asked to sign something that is untrue. **If you have any questions regarding your rights in this case, please do not hesitate to contact our office, or read more about overtime laws on our website at: www.scalaw.com.**

P:\clients\Ameriprise\Shared\Clients\Unknown\Correspondence\Class member\2008\Outgoing\Newsletter.206.wpd

As this case progresses, we will try to provide you with additional information, either by letter or by telephone. These contacts do not obligate you to do anything. We also urge you to contact us today to discuss this case and the role you may play in it. Our job is to keep you informed and make sure you understand your rights. In staying abreast of these developments, you should also know that **you have the right to communicate with our office on a confidential basis.** If you wish to have a consultation about your legal rights and you wish us to treat the conversation as a privileged communication, we will gladly do so.

Please do not hesitate to contact our offices with any questions or concerns. Thank you for taking the time to review this Newsletter. We look forward to hearing from you.

Very truly yours,

CARRIE S. LIN

CSL:gbr

# EXHIBIT 4

**From:** Magarian, Edward
**Sent:** Thursday, January 24, 2008 10:26 AM
**To:** 'Carrie S. Lin'
**Cc:** Wentzel, Karen; Reckin, Ann; Curtin, Zeb
**Subject:** RE: Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order

Carrie,

I have not heard back from you regarding our letter related to the solicitation/newsletter you sent to P1 and P2 Advisors.  It is imperative that we address this issue immediately.  Please let me know if I will hear from you today.

In addition, I understand your document request responses to our first set were due on Tuesday, January 22.  We have not received them.  Please let me know the status of those responses.

Thanks.  Ed Magarian.

**Ed Magarian**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y  LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
**P:** 612.340.7873  **F:** 612.340.2807  **C:** 612.709.5924
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*
*Thank you.*

**EXHIBIT 4**

# EXHIBIT 5

**From:** Carrie S. Lin [mailto:clin@scalaw.com]
**Sent:** Thursday, January 24, 2008 11:46 AM
**To:** Magarian, Edward
**Cc:** Wentzel, Karen; Reckin, Ann; Curtin, Zeb; Legal Mgmt
**Subject:** Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order

Counsel,

Please allow this email to respond to Mr. Magarian's letter of January 22, 2008 which seeks to dictate how we communicate with witnesses and accuses us of making false and/or unethical representations thereto.

Although the analysis in your letter, concluding that we must seek your permission to conduct an informal investigation, appears flawed, please let us know if you consider Ameriprise's P-1 Advisors to be "managing agents" of your client's company. Such a representation may impact how we view those persons.

Moreover, if you have any legal authority which states that persons seeking legal advice from our office cannot ask and/or expect those communications to be privileged, we would appreciate your sending those authorities to our attention.

In the meantime, we expect to make our own choices about how to prosecute this action. We served our responses to your RFDS on January 22nd, as previously agreed. The proof of service is attached.

Best,

Carrie S. Lin, Esq.
Scott Cole & Associates, APC
Attorneys and Counselors
Telephone: (510) 891-9800
Facsimile: (510) 891-7030

**********************************************************************************************************
Please Note:
The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored. Thank you.
**********************************************************************************************************

Please visit our website at: http://www.scalaw.com for more information about Scott Cole & Associates, APC.

---

**From:** Magarian, Edward [mailto:Magarian.Edward@dorsey.com]
**Sent:** Thursday, January 24, 2008 8:26 AM
**To:** Carrie S. Lin
**Cc:** Wentzel, Karen; Reckin, Ann; Curtin, Zeb
**Subject:** RE: Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order

Carrie,

I have not heard back from you regarding our letter related to the solicitation/newsletter you sent to P1 and P2 Advisors. It is imperative that we address this issue immediately. Please let me know if I will hear from you today.

In addition, I understand your document request responses to our first set were due on Tuesday, January 22. We have not received them. Please let me know the status of those responses.

Thanks. Ed Magarian.


**Ed Magarian**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y  LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
**P:** 612.340.7873  **F:** 612.340.2807  **C:** 612.709.5924
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.
Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received
this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments,
including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.
Thank you.

**EXHIBIT 5**

# EXHIBIT 6

**From:** Magarian, Edward
**Sent:** Thursday, January 24, 2008 12:26 PM
**To:** Wentzel, Karen; Curtin, Zeb
**Subject:** RE: Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order/ your comments? I don't want to overstate what we can't assert in court.

Thank you for your e-mail.

Your e-mail creates red herrings in an attempt to side step the serious issues I raised in my letter to you.

First, no ethical rule or law allows you to make false or misleading statements to witnesses. If you believe that our pointing that out means we are somehow dictating how you communicate with our employees or the putative class, then so be it.

Second, the threshold issue is not whether P-1 Advisors are "managing agents." You cannot seek from our employees (especially those you do not represent and whether or not they are managing agents) company documents, especially those that are confidential or privileged. To do so would be a violation of the rules and of law, and you would be tortiously interfering with the employees' contracts. You can get documents, but you must go through the formal discovery process. If you gather documents through our employees, we have no opportunity to review them first for privilege and to designate them as confidential pursuant to the protective order. The fact that you do not deny that you have collected documents from employees makes me very concerned about whether a violation has already occurred. I will assume that if you do not deny collecting any documents from our employees, that you have already done so. I will also assume that if you refuse to give us assurances that you will not collect documents from our employees in the future, that you intend to do so. If I do not hear from you by the end of this week, we will raise this issue with the Court.

Third, you cannot promise confidentiality to witnesses who are not your clients. That representation in your letter is simply false. You attempt to redefine what you requested in your letter in your e-mail below. The fact is that you represent one P2 advisor. You seek to represent a class of P2 advisors in California. You do not represent P1 Advisors, or seek to represent them. You ask the P1 Advisors to contact you because they may have information helpful to you in your case on behalf of the P2 Advisors. You are asking them to contact you not to have them seek legal advice but to provide you with informal discovery. Those conversations are not confidential, and your representation to those advisors that the contact is confidential is false.

Fourth, you have not given us a complete list of the persons that you sent the "newsletter." We only know it was sent to P1 and P2 advisors. I do not know yet whether you sent it to any branch manager or others. I reiterate my request for your distribution list.

Again, I look forward to a constructive response to my letter and this e-mail no later than the end of the day tomorrow, or we will have no choice but to bring this matter to the court's attention on an expedited basis.

Ed Magarian
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
**P:** 612.340.7873  **F:** 612.340.2807  **C:** 612.709.5924
. . . . . . . . . . . . . . . . . . . . . . . . . . . .

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

*Thank you.*

---

**From:** Carrie S. Lin [mailto:clin@scalaw.com]
**Sent:** Thursday, January 24, 2008 11:46 AM
**To:** Magarian, Edward
**Cc:** Wentzel, Karen; Reckin, Ann; Curtin, Zeb; Legal Mgmt
**Subject:** Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order

Counsel,

Please allow this email to respond to Mr. Magarian's letter of January 22, 2008 which seeks to dictate how we communicate with witnesses and accuses us of making false and/or unethical representations thereto.

Although the analysis in your letter, concluding that we must seek your permission to conduct an informal investigation, appears flawed, please let us know if you consider Ameriprise's P-1 Advisors to be "managing agents" of your client's company. Such a representation may impact how we view those persons.

Moreover, if you have any legal authority which states that persons seeking legal advice from our office cannot ask and/or expect those communications to be privileged, we would appreciate your sending those authorities to our attention.

In the meantime, we expect to make our own choices about how to prosecute this action. We served our responses to your RFDS on January 22nd, as previously agreed. The proof of service is attached.

Best,

Carrie S. Lin, Esq.
Scott Cole & Associates, APC
Attorneys and Counselors
Telephone: (510) 891-9800

# EXHIBIT 6

Facsimile: (510) 891-7030

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please Note:
The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit our website at: http://www.scalaw.com for more information about Scott Cole & Associates, APC.

---

**From:** Magarian, Edward [mailto:Magarian.Edward@dorsey.com]
**Sent:** Thursday, January 24, 2008 8:26 AM
**To:** Carrie S. Lin
**Cc:** Wentzel, Karen; Reckin, Ann; Curtin, Zeb
**Subject:** RE: Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order

Carrie,

I have not heard back from you regarding our letter related to the solicitation/newsletter you sent to P1 and P2 Advisors. It is imperative that we address this issue immediately. Please let me know if I will hear from you today.

In addition, I understand your document request responses to our first set were due on Tuesday, January 22. We have not received them. Please let me know the status of those responses.

Thanks. Ed Magarian.

**Ed Magarian**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y   &   W H I T N E Y   LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
**P:** 612.340.7873  **F:** 612.340.2807  **C:** 612.709.5924
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

*Thank you.*

# EXHIBIT 7

| | |
|---|---|
| **From:** | Carrie S. Lin [clin@scalaw.com] |
| **Sent:** | Friday, January 25, 2008 4:22 PM |
| **To:** | Magarian, Edward; Wentzel, Karen; Curtin, Zeb |
| **Cc:** | Legal Mgmt; Marisa M. Egerstrom |
| **Subject:** | Johnson v. Ameriprise |
| **Attachments:** | Wentzel.Magarian.a25.pdf |

Counsel,

Please see the attached letter regarding your client's responses to Plaintiff's Requests for Production of Documents, Set One.

In response to Mr. Magarian's email of yesterday, we disagree with the analysis set forth therein. If you would like to discuss this farther, feel free to call me.

Best

Carrie S. Lin, Esq.
Scott Cole & Associates, APC
Attorneys and Counselors
Telephone: (510) 891-9800
Facsimile: (510) 891-7030

*********************************************************************************************
Please Note:
The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored. Thank you.
*********************************************************************************************

Please visit our website at: http://www.scalaw.com for more information about Scott Cole & Associates, APC.

**EXHIBIT 7**