Scott Edward Cole, Esq. (S.B. #160744)
Matthew Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. #241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
web:      www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIPRISE FINANCIAL SERVICES, INC.,<br><br>Defendant. | **Case No.:  C 07-03168 PJH**<br><br>**CLASS ACTION**<br><br>**REPRESENTATIVE PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**<br><br>Date:      February 27, 2008<br>Time:      *To Be Determined*<br>Location:  Courtroom 3<br>Judge:     Hon. Phyllis Hamilton |

### I.   INTRODUCTION

Defendant Ameriprise Financial Services, Inc.'s ("Defendant" and/or "Ameriprise") proposed amendment to the pleadings is, in fact, a transparent and unprecedented attempt to insulate itself from widespread liability on Plaintiff's putative class claims, by threatening monetary damages against hundreds of putative plaintiffs in the event that these claims are found to be meritorious. Not only is Defendant's conditional counter-claim clearly prohibited by the rules of equity, but should be rejected by this Court as an impermissible attempt to intimidate putative class members from participating in the underlying action in the event that a class is certified.

## II. STATEMENT OF FACTS

Plaintiff and Class Representative Sylvia Johnson filed the underlying class complaint on May 17, 2007 against defendant Ameriprise Financial Services, Inc. Ms. Johnson alleges that Ameriprise mis-classifies its California "P-2 Financial Advisors" as franchisees rather than employees, thereby denying them wages for all hours worked, including overtime wages, and related penalties. Ms. Johnson's Complaint further alleges violations of Business & Professions Code §§ 17200, *et. seq.*, and requests injunctive and equitable relief on the basis thereof.

On October 11, 2007, Presiding Judge Phyllis J. Hamilton ordered Plaintiff to file her Motion for Class Certification no later than September 24, 2008, with Defendant's Motion for Summary Judgment due on the same day.[1] Shortly thereafter, counsel for Ameriprise contacted Plaintiff's counsel requesting a stipulation allowing Defendant to file an Amended Answer which, *inter alia*, contained the following conditional counter-claim: "[i]n the event the court were somehow to determine that Plaintiff and/or putative class members were employees of Ameriprise Financial...and/or this court were somehow to determine that the class proposed by Plaintiff should be certified, which it should not, Plaintiff and/or the putative class members would be obligated to repay to Ameriprise Financial the difference between the payouts they received as franchisees pursuant to the P2 Independent Advisor Platform and that to which they would have been entitled as P1 employee advisors."[2] Ameriprise brings this counter-claim under principals of "restitution, unjust enrichment, recoupment, or *other similar equitable principals*."[3] (*Emphasis Added*).

Plaintiff's counsel declined to stipulate to Ameriprise's Amended Answer, and in so doing pointed out that the conditional counter-claim contained therein violated basic rules of equity.[4]

---

[1] A true and correct copy of Judge Hamilton's Minute Order is attached as "*Exhibit A*" to the Declaration of Carrie S. Lin ("Lin Decl.").

[2] A true and correct copy of Defendant's Proposed Amended Answer is attached as "*Exhibit B*" to Lin Decl.

[3] *See*, "*Exhibit B*" to Lin. Decl.

[4] A true and correct copy of Plaintiff's counsel's letter of November 26, 2007 to Defendant is attached as "*Exhibit C*" to Lin Decl.

Almost a month later, Defendant filed the underlying Motion for Leave to Amend its Answer.[5]

### III. LEGAL ARGUMENT

#### A. STANDARD FOR DENIAL OF LEAVE TO AMEND

A grant or denial of requests to file amended pleadings lies within the District Court's broad powers, and will be reversed only upon a showing of abuse of discretion. *Swanson v. United States Forrest Service*, 87 F.3d 339, 343 (9th Cir. 1996); *Furguson v. Cape Giradau County*, 88 F.3d 647, 650 (8th Cir. 1996). However, a court should deny a party's request for leave to amend the pleadings if the relief sought therein contradicts the interest of justice. *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406-407 (11th Cir. 1989). Furthermore, the court should deny such a motion if allowing the proposed amendments would cause undue delay, are made in bad faith, or ***are futile, or will cause prejudice*** to another party. *See*, *Griggs. v. Pace Am. Group*, 170 F.3d 877, 880 (9th Cir. 1999) (*Emphasis added*).

This Court should reject Defendant's Motion on the ground that the "equitable" defense and Conditional Counterclaim plead thereunder contradicts the ends of justice. Specifically, Ameriprise's defense and conditional counter-claim are barred under basic rules of equity, and prejudices Plaintiff's ability to represent putative class members.

#### B. DEFENDANT'S CONDITIONAL COUNTER-CLAIM ASSERTS A SO-CALLED "EQUITABLE" CAUSE OF ACTION BASED ON ITS OWN UNLAWFUL CONDUCT AND IS THEREFORE FUTILE

A proposed claim or amendment to the pleadings should be rejected where the moving party fails to set forth facts constituting a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). An "equitable" defense or claim that is premised on a Defendant's own unfair or unlawful conduct is invalid. *Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 179 (2000); *Kofsky v. Smart Final Iris Co.*, 131 Cal.App.2d 530, 532 (1955). Accordingly, Defendant's conditional counter-claim and defense should be rejected, as, by Defendant's own express

---

[5] A true and correct copy of Defendant's Electronically Filed Notice of Motion, dated December 20, 2007, is attached as *Exhibit D* to the Lin Decl.

1  admission, it is predicated solely and exclusively on a finding that Defendant's conduct towards
2  these exact same individuals has been unlawful.[6]

3  It is well settled that purportedly "equitable" defenses will not be countenanced by the courts
4  when premised on the Defendant's *own misconduct*. *Cortez*, 23 Cal.4th at 179; *Kofsky*, 131
5  Cal.App.2d at 532. The logic behind this rule is simple: "to allow such a defense would be to
6  *judicially sanction the defendant for engaging in an act declared by statute to be void or against*
7  *public policy*." *Ticconi v. Blue Shield of California Life & Health Ins. Co.*, 68 Cal.Rptr.3d 785, 797
8  (2007).

9  Here, Defendant moves to recover monetary damages against Plaintiff and putative class
10 members *only* upon a judicial finding that it has engaged in acts that are contrary to statute or public
11 policy, i.e., that it has mis-classified Plaintiff and putative class members, thereby denying them the
12 protection of California's labor laws. If Defendant is barred from bringing its "equitable" demands
13 as a defense, then it is certainly barred from bringing them as an *affirmative claim* against the
14 plaintiff class under Rule 13.[7] In bringing the instant motion, Defendant asks this Court to go much
15 further than sanctioning its misconduct; Defendant essentially requests that this Court act as its
16 accomplice in further profiting from such misconduct.[8]

17 Defendant's Conditional Counterclaim is futile because it fails to state a cognizable cause
18 of action. This or any other claim for equitable relief based upon Defendant's own unlawful actions

---

[6] Defendant argues that its defense of equitable set-off and conditional counter-claim are not futile because "the law in this jurisdiction is clear that, *in general*, 'a person who has been unjustly enriched at the expense at the expense of another is required to make restitution to the other.'" *See*, *Defendant's Motion*, p. 6:7-10. Like Defendant's discussion of the liberal standard that "*generally*" governs a court's approach to amendment of the pleadings, Defendant's analysis misses the point, and deliberately ignores the large body of persuasive authority that squarely holds that Defendant cannot prevail on an "equitable" defense or claim that is premised on its own violation of statute or public policy.

[7] Defendant cannot point to any law authorizing *a conditional* counter-claim, and it is doubtful that equity would permit such a claim in this instance or any other. Defendant cannot have its cake and eat it too; either it wants to provide the putative class the legal protections and pay-out rates extended to employees, or it doesn't. It cannot premise its counter-claim on a future act of this Court, especially where the act involves a judicial determination that it has violated the law.

[8] Further, the relief requested by Defendant's proposed Conditional Counterclaim is tantamount to a request for judicially sanctioned charge-backs in blatant violation of California Labor Code § 221, which provides, "[I]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

1  has no legal basis, and must be rejected as both frivolous and futile.

2

3  **C. THE CONDITIONAL COUNTER-CLAIM UNDERMINES BASIC POLICY CONSIDERATIONS RULE 23, AND UNDULY PREJUDICES PLAINTIFF'S ABILITY TO REPRESENT THE PUTATIVE CLASS**

4

5  Courts should reject attempts to add defenses or counter-claims where such amendments to the pleadings would prejudice the non-moving party. *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the non-moving party increases in direct proportion to the attenuated nature of the proposed amendment to the pleadings, and may occur where the proposed amendment "radically shifts" the nature of the case and the non-moving party's options thereunder. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). As a matter of common sense, requiring the non-moving party to litigate or conduct discovery on a defense or claim that is void as a matter of public policy similarly causes prejudice.

In the employment context, the class action vehicle is often essential to vindicating employees' unwaiveable statutory rights to overtime pay and labor law protections. *Gentry v. Superior Court*, 42 Cal.4th 443 (2007). Preservation of a claimant's ability to bring an action on a class-wide basis is especially crucial where plaintiff-employees fear retaliation from their employer, and may refrain from bringing otherwise meritorious claims in light of potential economic retribution. *Gentry*, 42 Cal.4th 443 at 460. Accordingly, courts may strike as void a defendant-employer's efforts to limit an individual's ability to bring a claim on a class-wide basis, where there is evidence that the attempted limitation would have the effect of preventing plaintiff-employees from bringing suit against their employer. *See*, *id.*

Here, Defendant impermissibly seeks to limit the size of the putative class in the early stages of litigation, by seeking an amendment that threatens putative class members with monetary damages should they choose to participate in the action if a class is certified. Not only is the proposed amendment contrary to notions of fundamental fairness and public policy, but would unduly prejudice Representative Plaintiff's ability to communicate with and represent a large number of putative class members. As such, Defendant should not be permitted to amend its answer

to include a conditional counter-claim against putative class members.

### D. THE PROPOSED AMENDMENT IS AN ATTEMPT TO RAISE RED-HERRING DEFENSES AGAINST PLAINTIFF'S PENDING CLASS CERTIFICATION MOTION

Forcing litigation or discovery of a clearly frivolous and futile claim necessarily entails prejudice to the opposing party. *See, generally*, *Morongo Band of Mission Indians*, 893 F.2d 1074 at 1079.

In this instance, Plaintiff was given 11 months in which to conduct certification-related discovery before bringing her Motion for Class Certification. Now several months into this process, Defendant seeks leave to add additional defenses and claims,[9] both of which are legally insupportable. If Defendant is permitted to amend its Answer, Plaintiff will be forced to expend her limited time and funds conducting discovery into defenses and claims that are *clearly* void as matter of law, in addition to being entirely irrelevant to issues relating to the propriety of class certification.[10]

## IV. CONCLUSION

As stated above, Defendant's proposed Conditional Counterclaim and defense are contrary to the interests of justice, would cause undue prejudice to the Plaintiff and the Plaintiff class, and should not be permitted by this Court. Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion for Leave to File Amended Answer and Counterclaim.

---

[9] Notably, Defendant makes no showing as to why it did not plead its equitable defense and conditional counter-claim in its original Answer.

[10] In ruling on a plaintiff's motion for class certification, the courts may not consider a defendant's argument that individual factual issues relating to the equitable defenses of unclean hands and fraud predominate, especially where the aforementioned equitable defenses are invalid as a matter of law. *Ticconi,* 68 Cal.Rptr.3d 785.

| | |
|---|---|
| 1  Dated: February 6, 2008 | |
| 2 | **SCOTT COLE & ASSOCIATES, APC** |
| 3 | By:   /s/ Carrie S. Lin |
| 4 | Carrie S. Lin, Esq.<br>Attorneys for the Representative Plaintiff |
| 5 | and the Plaintiff Class |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 7 -
Plaintiff's Opposition to Defendant's Motion for Leave to File Amended Answer and Counterclaim