# EXHIBIT A

Scott Edward Cole, Esq. (S.B. #160744)
Clyde H. Charlton, Esq. (S.B. #127541)
Matthew R. Bainer, Esq. (S.B. #220972)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web:    www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 1 7 2007

GORDON PARK-LI, Clerk
BY: _____ PARAM NATT
Deputy Clerk

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants, | Case No.:    C G C - 0 7 - 4 6 3 4 9 7<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>CASE MANAGEMENT CONFERENCE SET<br><br>OCT 1 9 2007  -9ᵐ AM<br><br>DEPARTMENT 212 |

Representative Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1.      This is a class action, seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement of business expenses, rest and meal period compensation, waiting time penalties, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the California Code of Regulations, Labor Code §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2, 1197 and 2802, Business and Professions Code §§ 17200 *et seq*. and Code of Civil Procedure § 1021.5.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2.    Representative Plaintiff brings this action on behalf of herself and all other persons similarly situated (hereinafter referred to as the "Class Members" and/or the "Plaintiff Class") who are, or have been, employed by defendant Ameriprise Financial Services, Inc. (hereinafter "Ameriprise" and/or "Defendant") in "Independent Advisor" positions to sell and/or assist in selling and/or to market and/or assist in marketing securities and other financial products to the public on its behalf within the applicable statutory periods.

3.    The class period is designated as the time from May 17, 2003 through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been on-going since that time. During the Class Period, Ameriprise has had a consistent policy of (1) permitting, encouraging, and/or requiring the Representative Plaintiff and members of the Plaintiff Class, to work in excess of eight (8) hours per day and in excess of forty (40) hours per week without paying them overtime compensation as required by California's wage and hour laws; (2) making deductions from the Representative Plaintiff's and Class Members' earned and paid commissions and/or wages and requiring cash contributions be paid back to Defendant for commissions previously paid and for claimed customer losses by Defendant and/or Defendant's customers; (3) requiring Representative Plaintiff and Class Members to pay other agents/employees of Defendant for their services to the clients in processing orders, assisting in sales, or otherwise handling business matters of the employer; (4) unlawfully denying the Representative Plaintiff and the Class Members statutorily mandated meal and rest periods; (5) willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to Representative Plaintiff and/or the Class Members whose employment with Defendant terminated; and (6) willfully failing to provide Representative Plaintiff and the Class Members with accurate semi-monthly itemized wage statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during the pay period.

## **INTRODUCTION**

4.    California's Labor Code and Industrial Welfare Commission Wage Orders provide expansive protection to hourly workers, including, but not necessarily limited to, entitlements to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   overtime pay and work performed beyond eight hours per day and substantial penalties for the denial
2   of rest and meal periods.

3       5.      Both Federal and California studies have linked long work hours to increased rates
4   of accident and injury and a loss of family cohesion when either or both parents are kept away from
5   home for extended periods of time, on either a daily or weekly basis.

6       6.      Defendant has sold securities and financial products to the public. Representative
7   Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, Defendant
8   has operated numerous facilities throughout California. In so doing, Defendant has employed
9   hundreds, if not thousands, of individuals in recent years alone in allegedly exempt Independent
10  Advisor positions, employment and/or purportedly independent contractor positions which have not,
11  and currently do not, meet any test for exemption from the payment of overtime wages or
12  classification as exempt and/or as a bona fide independent contractor.

13      7.      Despite actual knowledge of these facts and legal mandates, Defendant has enjoyed
14  an advantage over its competition and has disadvantaged its workers by electing not to pay premium
15  (overtime) and/or "penalty" (a.k.a. "waiting time") wages to particular Independent Advisors, among
16  other employment positions.

17      8.      Representative Plaintiff is informed and believes and, based thereon, alleges that
18  officers of Ameriprise knew of these facts and legal mandates, yet, nonetheless, repeatedly
19  authorized and/or ratified the violation of the laws cited herein.

20      9.      Despite Ameriprise's knowledge of the Plaintiff Class' entitlement to premium
21  (overtime) pay, expense reimbursement, and meal and/or rest periods for all applicable work periods,
22  Ameriprise failed to provide the same to members of the Plaintiff Class in violation of California
23  state statutes, Industrial Welfare Commission Orders and Title 8 of the California Code of
24  Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

25

26                              **JURISDICTION AND VENUE**

27      10.     This Court has jurisdiction over the Representative Plaintiff's and Class Members'
28  claims for unpaid wages and/or penalties under, *inter alia*, Title 8 of the California Code of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1  Regulations, Labor Code §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510,

2  1174, 1194, 1194.2, 1197 and 2802, Business and Professions Code §§ 17200 *et seq.* and Code of

3  Civil Procedure § 1021.5.

4      11.    This Court has further jurisdiction over the Representative Plaintiff's and Class

5  Members' claims for injunctive relief, and restitution of ill-gotten benefits arising from defendant

6  Ameriprise's unlawful business practices under Business & Professions Code §§ 17203 and 17204.

7      12.    Venue as to Defendant is proper in this judicial district, pursuant to Code of Civil

8  Procedure § 395(a). Defendant Ameriprise operates in the County of San Francisco, and transacts

9  business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of

10 process. The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and

11 those similarly situated within the State of California and San Francisco County. Defendant

12 Ameriprise provides said services and has employed numerous Class Members in San Francisco

13 County as well as in other counties within the State of California.

14

15                                 **PLAINTIFFS**

16     13.    Representative Plaintiff Sylvia Johnson is a natural person and was, during the

17 relevant time period identified herein, employed by Ameriprise in California as an Independent

18 Advisor.

19     14.    In said position, the Representative Plaintiff was repeatedly paid a substandard wage

20 insofar as she was denied full pay for all hours worked, including overtime pay, denied

21 reimbursement for expenses made on behalf of her employer, and was frequently permitted to work,

22 and did work during the Class Period, shifts exceeding four hours or a major fraction thereof (of at

23 least three and one-half hours) without being afforded ten minute rest periods and without being

24 afforded mandatory meal periods. The Representative Plaintiff is informed and believes, and based

25 thereon, alleges that this conduct of Ameriprise is/was commonplace at every location owned and

26 operated thereby.

27     15.    As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff

28 Class" refer to the named plaintiff herein, as well as, each and every person eligible for membership

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WORLD SAVINGS TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

1  in the Plaintiff Class, as further described and defined below.

2      16.    At all times herein relevant, the Representative Plaintiff was, and now is, a person

3  within the class of persons further described and defined herein.

4

5  **DEFENDANTS**

6      17.    At all times herein relevant, defendant Ameriprise Financial Services, Inc. (hereinafter

7  "Ameriprise" and/or "Defendant") was, and is, a foreign corporation with a principal place of

8  business in Minneapolis, Minnesota and doing business as NASD registered securities brokerage

9  firm with offices located in San Francisco and elsewhere.

10      18.    Representative Plaintiff is informed and believes and, on that basis, alleges that

11  defendant Ameriprise has, and does, directly and/or indirectly employ and/or exercise control over

12  the wages, hours and working conditions of the Representative Plaintiff and the Class Members.

13      19.    Those defendants identified as Does 1 through 100, inclusive, are and were, at all

14  relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some/each

15  of the remaining defendants. The Representative Plaintiff is informed and believes and, on that basis,

16  alleges that, at all relevant times herein mentioned, each of the defendants identified as Does 1

17  through 100, inclusive, employed and/or exercised control over the wages, hours and/or working

18  conditions of the Representative Plaintiff and Class Members at various California locations, as

19  identified in the preceding paragraph.

20      20.    The Representative Plaintiff is unaware of the true names and capacities of those

21  defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by

22  such fictitious names. The Representative Plaintiff will seek leave of court to amend this Complaint

23  when same are ascertained. The Representative Plaintiff is informed and believes and, on that basis,

24  alleges that each of the fictitiously-named defendants is responsible in some manner for, gave

25  consent to, ratified and/or authorized the conduct herein alleged and that the Representative

26  Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

27      21.    Representative Plaintiff is informed and believes and, on that basis, alleges that, at

28  all relevant times herein mentioned, each of the defendants was the agent and/or employee of each

1  of the remaining defendants and, in doing the acts herein alleged, was acting within the course and

2  scope of such agency and/or employment.

3      22.    There is no preemption of the claims brought in this Complaint because these claims

4  are based upon State law. There is no dispute over the terms of any collective bargaining agreement

5  ("CBA") and there is no need to interpret the terms of any CBA.

6

7                          **CLASS ACTION ALLEGATIONS**

8      23.    Representative Plaintiff brings this action individually and as a class action on behalf

9  of all persons similarly situated and proximately damaged by Ameriprise's conduct, including, but

10  not necessarily limited to, the following Plaintiff Class:

11          All persons who are/were employed by defendant Ameriprise
            Financial Services, Inc. in the State of California as "Independent
12          Advisors" at any time since May 17, 2003.

13      24.    Defendant, its officers and directors are excluded from this class.

14      25.    This action has been brought and may properly be maintained as a class action under

15  California Code of Civil Procedure § 382 because there is a well-defined community of interest in

16  the litigation and the proposed Class is easily ascertainable.

17          a.    Numerosity: A class action is the only available method for the fair and
                  efficient adjudication of this controversy. The members of the class are so
18                numerous that joinder of all members is impractical, if not impossible, insofar
                  as Representative Plaintiff is informed and believes and, on that basis, alleges
19                that the total number of Class Members exceeds hundreds of individuals.
                  Membership in the Plaintiff Class will be determined upon analysis of
20                employee and payroll, among other, records maintained by Defendant.

21          b.    Commonality: The Representative Plaintiff and the Class Members share a
                  community of interest in that there are numerous common questions and
22                issues of fact and law which predominate over any questions and issues solely
                  affecting individual members, thereby making a class action superior to other
23                available methods for the fair and efficient adjudication of the controversy.
                  Consequently, class certification is proper under section 382. These common
24                questions include, but are not necessarily limited to:

25
26          1.    Whether Defendant violated California laws by failing to pay
                  overtime compensation to Ameriprise Independent Advisors who
27                worked in excess of 40 hours per week;

28          2.    Whether Defendant violated California Wage Order Nos. 7-98, 7-
                  2000, 7-2001 and Labor Code § 510 by failing to pay overtime

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

compensation to Ameriprise Independent Advisors who worked in excess of 40 hours per week and/or eight (8) hours a day;

3.    Whether Defendant violated California Business and Professions Code § 17200, *et seq.* by failing to pay overtime compensation to Independent Advisors who worked in excess of forty (40) hours per week and/or eight (8) hours a day;

4.    Whether Defendant violated California Labor Code §§ 200, 202, 204 and portions of applicable California Wage Orders by subjecting its Independent Advisors to deductions from wages, including commissions and losses claimed by Defendant's customers;

5.    Whether Defendant violated California Labor Code §§ 400-410 and 2802 by charging and/or otherwise requiring its Independent Advisors to pay all or a portion of the compensation of other agents/employees of Defendant, as well as other normal business expenses of Defendant;

6.    Whether Defendant violated, and continues to violate, California Labor Code §§ 226.7 and/or 512 by failing to consistently provide meal and/or rest periods to the Class Members;

7.    Whether Defendant violated, and continues to violate, California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

8.    Whether Defendant violated, and continues to violate, California Labor Code §§ 201-203 by failing to pay overtime wages due and owing at the time Class Members' employment with Defendant terminated;

9.    Whether Defendant violated, and continues to violate, California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Class Members of total hours worked and all applicable hourly rates in effect during the pay period;

10.   Whether the Representative Plaintiff and the Class Members are entitled to "waiting time" penalties/wages pursuant to California Labor Code § 203.

c.    Typicality: The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. The Representative Plaintiff and all members of the Plaintiff Class sustained injuries and damages arising out of and caused by Ameriprise's common course of conduct in violation of state and federal law, as alleged herein.

d.    Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   inconsistent rulings, which might be dispositive of the interests of other Class
2   Members who are not parties to the adjudications and/or may substantially
    impede their ability to adequately protect their interests. Moreover, the
3   Representative Plaintiff is informed and believes, and based thereon alleges,
    that Defendant, in refusing to pay overtime to the Class Members, has acted
4   and refused to act on grounds generally applicable to all claims, thereby
    making appropriate injunctive and monetary relief for all members of each
5   class. Consequently, class certification is proper under Code of Civil
    Procedure § 382.

6       e.   Adequacy of Representation: The Representative Plaintiff in this class action
7            is an adequate representative of the Plaintiff Class, in that the Representative
             Plaintiff's claims are typical of those of the Plaintiff Class and the
8            Representative Plaintiff has the same interests in the litigation of this case as
             the Class Members. The Representative Plaintiff is committed to vigorous
9            prosecution of this case, and has retained competent counsel, experienced in
             litigation of this nature. The Representative Plaintiff is not subject to any
10           individual defenses unique from those conceivably applicable to the class as
             a whole. The Representative Plaintiff anticipates no management difficulties
11           in this litigation.

12              **COMMON FACTUAL ALLEGATIONS**

13      26.    As described herein, Ameriprise has, for years, knowingly failed to adequately

14   compensate those Independent Advisors within the class definition identified above for premium

15   (overtime) wages due under California Labor Code § 510 and applicable California Wage Orders.

16   Moreover, Ameriprise has knowingly failed to provide said workers with mandatory meal and rest

17   periods, thereby enjoying a significant competitive edge over other securities brokerage firms.

18   Among other means, Ameriprise engaged in unlawful business practices by requiring Independent

19   Advisors to work numerous hours of overtime on a daily and/or weekly basis and prevented

20   Independent Advisors from taking rest and meal breaks.

21      27.    Even upon the termination or resignation of the employment of Representative

22   Plaintiff and numerous Class Members during the Class Period, Ameriprise declined to pay these

23   wages, in blatant violation of California Labor Code §§ 201 and/or 202.

24      28.    Moreover, according to Defendant's policy, all Class Members suffered deductions

25   from earned and paid commissions, as well as, cash contributions made back to Defendant, for the

26   commissions previously paid and the actual claimed customer losses themselves, on account of

27   claims by Defendant's customers.

28   ///

29.    Additionally, according to Defendant's policy, all Class Members were required to pay agents/employees of Defendant for their services to the clients in processing orders, assisting in sales, or otherwise doing the business of Ameriprise, either directly as wages, as cash payments or through the diversion of commissions previously earned.

30.    Through the misclassification of Plaintiff and the Class Members as exempt employees and/or independent contractors, Ameriprise has also incorrectly and unlawfully treated said Class Members as exempt from the meal and rest period requirements established by California Labor Code §§ 226.7 and 512 and §§ 11 and 12 of the applicable California Wage Orders. Representative Plaintiff and the Class Members were, and are, unlawfully denied meal breaks and rest periods required by law.

31.    Moreover, California Labor Code §§ 201 and 202 require Ameriprise to pay all wages due to members of the Plaintiff Class immediately upon discharge. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days of wages.

32.    Furthermore, despite its knowledge of the Representative Plaintiff's and the Class Members' entitlement to premium (overtime) pay for excess hours worked, Ameriprise violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the Class. Ameriprise also failed to provide Representative Plaintiff and members of the Plaintiff Class with accurate semi-monthly itemized wage statements of the total number of hours worked by each, and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (the full number of hours worked) and financial impact of its wrongdoing.

33.    Representative Plaintiff and all persons similarly situated in the Plaintiff Class are entitled to unpaid compensation, yet, to date, have not received such compensation despite their termination of their employment with Ameriprise.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1      34.    More than 30 days have passed since Representative Plaintiff and certain Class

2   Members have left Ameriprise's employ.

3      35.    As a consequence of Ameriprise's willful conduct in not paying compensation for all

4   hours worked, certain Class Members are entitled to 30 days of wages as a penalty under Labor Code

5   § 203, together with interest thereon and attorneys' fees and costs.

6      36.    As a direct and proximate result of Ameriprise's unlawful conduct, as set forth herein,

7   Representative Plaintiff and Class Members have sustained damages, as described above, including

8   loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established

9   at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein,

10   Representative Plaintiff and many Class Members herein are entitled to recover "waiting time"

11   penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide semi-

12   monthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code § 226)

13   in an amount to be established at trial. As a further direct and proximate result of Defendant's

14   unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are entitled to

15   recover attorneys' fees and costs, pursuant to California Labor Code §§ 218.5 and 1194 and/or

16   California Civil Code § 1021.5, among other authorities.

17

18                **FIRST CAUSE OF ACTION**
           **UNLAWFUL FAILURE TO PAY OVERTIME WAGES**

19

20      37.    Representative Plaintiff incorporates in this cause of action each and every allegation

21   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

22      38.    During the Class Period, Representative Plaintiff and the Class Members worked in

23   excess of eight (8) hours in a workday and/or forty (40) hours in a workweek. The precise number

24   of overtime hours will be proven at trial.

25      39.    During said time period, Ameriprise refused to compensate Representative Plaintiff

26   and the Class Members for some and/or all of the overtime wages earned in violation of applicable

27   Wage Order(s) and the provisions of the California Labor Code.

28   ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

40.     At all relevant times, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code, including, but not limited to, the following:

a.     Labor Code § 510: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee ..."

b.     Labor Code § 1194: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

c.     Labor Code §1198: "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

41.     By refusing to compensate Representative Plaintiff and the Class Members for overtime wages earned, Defendant violated those California Labor Code provisions cited herein, as well as various Industrial Welfare Commission Wage Orders.

42.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
### FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND

43.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44.     During the Class Period, Defendant required Plaintiff and Class Members to pay additional sums to Defendant's other agent employees for the labor necessary to complete the job of Independent Advisors, as well as other normal business expenses of the Defendant.

///

45.     Thus, Plaintiff and the Plaintiff Class had expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer which have not yet been reimbursed by Defendant.

46.     At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of California Labor Code §§ 406, 407 and 2802(a).

47.     California Labor Code § 2802(a) provides:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

48.     California Labor Code § 406 provides:

Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

49.     California Labor Code § 407 provides:

Investments and the sale of stock or an interest in a business in connection with the securing of a position are illegal as against the public policy of the State and shall not be advertised or held out in any way as a part of the consideration for any employment.

50.     By requiring Plaintiff and members of the Plaintiff Class to incur uncompensated expenses in direct consequence of the discharge of their duties, Representative Plaintiff and members of the Plaintiff Class were forced and/or brought to contribute to the capital and expenses of the Defendant's business which is legally a cash bond and which must be refunded by Defendant to each Class Member.

51.     California Labor Code § 2802 (b) and (c) provides for interest at the statutory post judgment rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to collect reimbursement.

52.     Therefore, Representative Plaintiff demands reimbursement for expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of her obedience to the directions of the employer, plus return of all cash bonds or other coerced investments

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  in the business of the employer, with interest at the statutory rate and attorneys' fees.

2

3                          **THIRD CAUSE OF ACTION:**
                        **PROHIBITED WAGE CHARGEBACKS**
4

5        53.    Representative Plaintiff incorporates in this cause of action each and every allegation

6  of the preceding paragraphs, with the same force and effect as though fully set forth herein.

7        54.    California Labor Code § 200 states:

8             As used in this article: (a) "Wages" includes all amounts for labor performed
              by employees of every description, whether the amount is fixed or ascertained
9             by the standard of time, task, piece, commission basis, or other method of
              calculation.   (b) "Labor" includes labor, work, or service whether rendered
10            or performed under contract, subcontract, partnership, station plan, or other
              agreement if the labor to be paid for is performed personally by the person
11            demanding payment.

12       55.    California Labor Code § 202 states:

13            If an employee not having a written contract for a definite period quits his or
              her employment, his or her wages shall become due and payable not later
14            than 72 hours thereafter, unless the employee has given 72 hours previous
              notice of his or her intention to quit, in which case the employee is entitled
15            to his or her wages at the time of quitting.

16 There was no definite term in any Class Member's employment contract.

17       56.    California Labor Code § 204 requires all wages other than salaries to be paid not less

18 than twice a month. California Labor Code § 204 states:

19            All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,
              earned by any person in any employment are due and payable twice during
20            each calendar month, on days designated in advance by the employer as the
              regular paydays. Labor performed between the 1st and 15th days, inclusive,
21            of any calendar month shall be paid for between the 16th and the 26th day of
              the month during which the labor was performed, and labor performed
22            between the 16th and the last day, inclusive, of any calendar month, shall be
              paid for between the 1st and 10th day of the following month.
23

24       57.    California Labor Code § 204 further states:

25            Notwithstanding any other provision of this section, all wages earned for
              labor in excess of the normal work period shall be paid no later than the
26            payday for the next regular payroll period.

27       58.    Section 8 of the Order of the Industrial Wage Commission, 8 C.C.R. § 11040(8)

28 (Professional, Technical, et al.) states:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1
2
3

> No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

4   59.   Defendant charged back both commissions and the actual value of the stock losses

5   allegedly caused by the employee through simple negligence or no fault of the employee at all.

6   60.   This is a species of cash shortages prohibited from being charged back.

7   61.   Defendant systematically underpaid its employees by holding back a significant

8   portion of commissions for their own purposes to pay others, and then either paying the wages later

9   than the time required under California Labor Code § 204 or simply not paying them at all.

10   62.   Defendant did not pay Plaintiff all wages due as required by California Labor Code

11   § 204.

12   63.   Therefore, Plaintiff demands an accounting and payment of all wages due, plus

13   interest provided under California Labor Code § 218.6 and attorneys' fees allowed by law.

14

15
16

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**

17   64.   Representative Plaintiff incorporates in this cause of action each and every allegation

18   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

19   65.   At all relevant times, Defendant was aware of, and was under a duty to comply with

20   California Labor Code § 512 and California Labor Code § 226.7.

21   66.   California Labor Code § 512 provides:

22
23
24
25
26
27

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

67.    Moreover, California Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

68.    Industrial Wage Commission Wage Order Nos. 7-2001(11) and (12) also mandate that employers provide all applicable meal and/or rest periods to their workers.

69.    IWC Wage Order No. 7-2001(11) provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...
...
(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

70.    IWC Wage Order No. 7-2001(12) provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof...

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

71.    By failing to consistently provide meal and rest periods to Representative Plaintiff and the Class Members, Ameriprise violated these California Labor Code and IWC Wage Order provisions.

72.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages, including lost wages, and

1    are entitled to recover such damages, penalties and attorneys' fees and costs under California law,

2    in an amount to be established at trial.

3

4                    **FIFTH CAUSE OF ACTION**
       **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

5

6         73.     Representative Plaintiff incorporates in this cause of action each and every allegation

7    of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8         74.     California Labor Code § 226(a) provides:

9             Each employer shall semimonthly, or at the time of each payment of
              wages, furnish each of his or her employees either as a detachable
10            part of the check, draft or voucher paying the employee's wages, or
              separately when wages are paid by personal check or cash, an
11            itemized wage statement in writing showing: (1) gross wages earned;
              (2) total number of hours worked by each employee whose
12            compensation is based on an hourly wage; (3) all deductions;
              provided, that all deductions made on written orders of the employee
13            may be aggregated and shown as one item; (4) net wages earned;
              (5) the inclusive date of the period for which the employee is paid; (6)
14            the name of the employee and his or her social security number; and
              (7) the name and address of the legal entity which is the employer.
15

16        75.     The IWC Wage Orders also establish this requirement in § 7(B) thereof (8 Cal. Code

17   Regs. § 11010 *et. seq.*).

18        76.     Moreover, California Labor Code § 226(e) provides:

19            An employee suffering injury as a result of a knowing and intentional
              failure by an employer to comply with subdivision (a) is entitled to
20            recover the greater of all actual damages or fifty dollars ($50) for the
              initial pay period in which a violation occurs and one hundred dollars
21            ($100) per employee for each violation in a subsequent pay period,
              not exceeding an aggregate penalty of four thousand dollars ($4,000),
22            and is entitled to an award of costs and reasonable attorney's fees.

23        77.     Finally, California Labor Code § 1174 provides:

24            Every person employing labor in this state shall: (d) Keep, at a central
              location in the state ... payroll records showing the hours worked
25            daily by and the wages paid to ... employees .... These records shall
              be kept in accordance with rules established for this purpose by the
26            commission, but in any case shall be kept on file for not less than two
              years.
27        78.     Representative Plaintiff seeks to recover actual damages, costs and attorneys' fees

28   under these provisions on behalf of herself and the Plaintiff Class.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

79.    Ameriprise failed to provide timely, accurate itemized wage statements to Representative Plaintiff and the Plaintiff Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. None of the statements provided by Defendant have accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

80.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

### SIXTH CAUSE OF ACTION
### FAILURE TO PAY WAGES ON TERMINATION

81.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

82.    California Labor Code § 203 provides that:

> "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

83.    Representative Plaintiff and numerous Class Members were employed by Ameriprise during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within seventy-two (72) hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendant.

84.    More than thirty days has elapsed since Representative Plaintiff and the Class Members were terminated and/or resigned from Defendant's employ.

85.    As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all hours worked, Representative Plaintiff and certain Class Members are entitled to recover "waiting time" penalties of thirty days' wages pursuant to Labor Code § 203, in an amount to be established at trial, together with interest thereon and attorneys' fees and costs.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

## SEVENTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES

86.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

87.    Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop the misconduct of Ameriprise, as complained of herein, and to seek restitution from Defendant of amounts acquired through the unfair, unlawful and fraudulent business practices described herein.

88.    The knowing conduct of Defendant, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

89.    Defendant's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

90.    Ameriprise has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the Plaintiff Class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendant and as set forth in legislation and the judicial record.


## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiff**, on behalf of herself and the **Plaintiff Class**, prays for judgment and the following specific relief against defendant Ameriprise Financial Services, Inc. as follows:

1.    That the Court declare, adjudge and decree that this action is a proper class/collective action and certify the proposed Plaintiff Class and/or any other appropriate subclasses under Code

of Civil Procedure § 382;

2.  That the Court declare, adjudge and decree that Defendant violated the overtime provisions of the California Labor Code and the Industrial Wage Commission Wage Orders as to the Representative Plaintiff and the Plaintiff Class;

3.  That the Court declare, adjudge and decree that Defendant willfully violated its legal duties to pay overtime under the California Labor Code and the IWC Wage Orders;

4.  That the Court declare, adjudge and decree that (a) the Representative Plaintiff and the Class Members were at all times relevant hereto, and are, entitled to be paid overtime for work beyond 40 hours in a week; and (b) the amounts to which Representative Plaintiff and the Class Members are entitled is to be doubled as liquidated damages and awarded thereto;

5.  That the Court declare, adjudge and decree that Defendant violated California Labor Code §§ 406, 407 and 2802(a) by willfully failing to reimburse Class Members for expenses made on behalf of Defendant;

6.  That the Court declare, adjudge and decree that Defendant violated California Labor Code §§ 200, 202 and 204 and applicable IWC Wage Orders by charging back both commissions and the actual value of the stock losses from wages of members of the Plaintiff Class;

7.  That the Court declare, adjudge and decree that Defendant violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide meal periods (including second meal periods) and/or rest periods to Class Members;

8.  That the Court declare, adjudge and decree that Defendant violated the record keeping provisions of California Labor Code §§ 226(a) and 1174(d) and section 7 of the Wage Orders as to Representative Plaintiff and the Plaintiff Class, and willfully failed to provide accurate semi-monthly itemized wage statements thereto;

9.  That the Court declare, adjudge and decree that Defendant violated California Labor Code § 203 by willfully failing to pay all compensation owed at the time of the termination of the employment of Representative Plaintiff and other terminated Class Members;

10.  That the Court declare, adjudge and decree that Defendant violated California Business and Professions Code §§ 17200 et seq. by failing to pay Representative Plaintiff and Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1  Members overtime compensation, failing to provide meal and/or rest periods to said employees,

2  failing to pay all wages due on termination ("waiting time" penalties) and\or by failing to provide

3  Class Members with accurate itemized wage statements;

4       11.    That the Court make an award to Representative Plaintiff and the Plaintiff Class of

5  damages and/or restitution for the amount of unpaid overtime compensation, including interest

6  thereon, and penalties in an amount to be proven at trial;

7       12.    That the Court make an award to the Representative Plaintiff and the Plaintiff Class

8  of reimbursement for all employer related expenses;

9       13.    That the Court make an award to the Representative Plaintiff and the Plaintiff Class

10  of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

11  period was not provided;

12       14.    That the Court make an award to the Representative Plaintiff and the Plaintiff Class

13  of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

14  period was not provided;

15       15.    That the Court order Defendant to pay restitution to Representative Plaintiff and the

16  Plaintiff Class due to Defendant's unlawful activities, pursuant to Business and Professions Code

17  §§ 17200-08;

18       16.    That the Court further enjoin Defendant, ordering it to cease and desist from unlawful

19  activities in violation of Business and Professions Code §§ 17200 et seq.;

20       17.    For all other Orders, findings and determinations identified and sought in this

21  Complaint;

22       18.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

23       19.    For reasonable attorneys' fees, pursuant California Labor Code §§ 218.5, 1194, and/or

24  California Civil Code § 1021.5; and

25       20.    For costs of suit and any and all such other relief as the Court deems just and proper.

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Complaint For Damages

Dated: May 17, 2007

SCOTT COLE & ASSOCIATES, APC

By: _____

Matthew R. Bainer, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# EXHIBIT B



# FAX COVER SHEET

The information contained in this facsimile message, if a client of this firm is a named addressee, or the message is otherwise intended for a client, is presumptively legally privileged and confidential information. If you are not a named addressee, or if there is any reason to believe that you may have received this message in error, (1) do not read the message below; (2) do not distribute or copy this facsimile; and (3) please immediately call us collect at the number of the sender below.

| DATE: | **October 22, 2007** | TOTAL # OF PAGES: (INCLUDING THIS COVER SHEET) | 2 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **TO:** | **Matthew R. Bainer, Esq.** **Carrie S. Lin, Esq.** | FAX #: | **(510) 891-7030** |
| FIRM NAME: | **Scott Cole & Associates, APC** | PHONE #: | **(510) 891-9800** |

| | | | |
|---|---|---|---|
| **FROM:** | **Edward B. Magarian** | FAX #: | **(612) 340-2807** |
| PHONE #: | **(612) 340-7873** | EMAIL: | **magarian.edward@dorsey.com** |

**COMMENTS:**

| ORIGINAL WILL BE SENT VIA: | | MAIL | | E-MAIL | | MESSENGER | | AIR COURIER | | WILL NOT BE SENT |
|---|---|---|---|---|---|---|---|---|---|---|

**PLEASE CONTACT SHERI A. HILGERS AT (612) 340-7848 IF THIS TRANSMISSION IS INCOMPLETE OR CANNOT BE READ.**

REFERENCE # 3599 / 477666-140

DORSEY & WHITNEY LLP · WWW.DORSEY.COM · **T** 612.340.2600 · **F** 612.340.2868
SUITE 1500 · 50 SOUTH SIXTH STREET · MINNEAPOLIS, MINNESOTA 55402-1498
USA   CANADA   EUROPE   ASIA

4844-3274-0354\1 10/22/2007 12:08 PM



**EDWARD B. MAGARIAN**
**(612) 340-7873**
**FAX (612) 340-2807**
**magarian.edward@dorsey.com**

October 22, 2007

**VIA FACSIMILE & U.S. MAIL**

Matthew R. Bainer, Esq.
Carrie S. Lin, Esq.
Scott Cole & Associates, APC
The World Savings Tower
1970 Broadway, Ninth Floor
Oakland, California 94612

        Re:    Sylvia Johnson v. Ameriprise Financial Services, Inc.


Dear Counsel:

        As you know, we have not discussed, and Judge Hamilton did not set a deadline for
discovery relating to the September 2008 motions (our motion for summary judgment, your
motion for class certification). We believe, however, that it makes sense for us to set a deadline
so that we can make sure that documents are requested and produced before we finalize our
respective motions. To that end, Ameriprise Financial proposes that the last day to serve
discovery regarding these motions should be July 25, 2008 (i.e., 60 days before the opening
briefs are due on September 24, 2008). If this proposal is acceptable, I propose that we send it
to the judge in the form of a stipulated order. I look forward to your response.

        In addition, before we launch into what could become expensive discovery on this
matter, I ask you to reflect on the numerous problems your case has going forward. We have
discussed the problems you have on the merits of your claim. We have not discussed the many
obstacles that face any effort to seek class certification. I will not address herein all of the
significant obstacles, but ask you to reflect on the fact that your proposed class action is actually
*inimical* to the interests of many of the putative class members on whose behalf you seek to
pursue this lawsuit. Based on other litigation, I can tell you that I am familiar with how
franchisees deduct their business expenses. Because they are franchisees, and not
employees, franchisees are able to deduct their business expenses without regard to the
miscellaneous expense limit applicable only to employees. As a result, many P2 Advisors pay
taxes on a fraction of their overall income. Your class action, if successful, could have the affect
of removing (or significantly limiting) that tax benefit, and arguably require P2 Advisors to file
amended returns with the IRS and the State of California, resulting in a higher tax burden, along
with interest and potential penalties.

DORSEY & WHITNEY LLP · WWW.DORSEY.COM · **T** 612.340.2600 · **F** 612.340.2868
SUITE 1500 · 50 SOUTH SIXTH STREET · MINNEAPOLIS, MINNESOTA 55402-1498
USA  CANADA  EUROPE  ASIA



Matthew R. Bainer, Esq.
October 22, 2007
Page 2


Further, if P2 Advisors are somehow determined to have been employees, they have
been significantly overpaid. If P2 Advisors were truly employees, then they should have only
received payout at the rates applicable to employee advisors (e.g. 40%). They would never
have been entitled to their payout rates of approximately 85-91%. In the event any P2 Advisors
are determined to have been employees, Ameriprise Financial fully intends to recoup the
overpayment to these advisors. An advisor cannot have his or her cake and eat it too. If a P2
Advisor had elected to be an employee, he or she would, among other things, have had a lower
payout rate just like all of the advisors who elected the employee platform. A P2 Advisor cannot
elect a higher payout rate as a franchisee, later claim that they should have been classified as
an employee, but keep the extra payout that comes with the franchise, but not the employee,
platform.

What would complicate matters even further for your client and the putative class is if
you were actually able somehow successfully to argue that they are employees. Although we
do not believe you can possibly do so, if you could for the sake of argument, you run a serious
risk that you end up with the worst of both worlds: A finding that the P2 Advisors are exempt
employees (meaning that they get no overtime or meal breaks), but still have to pay back the
Company for the excess payments and extra taxes to the government.

These examples alone demonstrate just how dangerous the claims you assert can be to
your own class members. I hope that you reconsider your decision to move forward.

Please phone me if you wish to discuss these matters further.

Very truly yours,

Edward B. Magarian


EBM:pbo

# EXHIBIT C

Karen E. Wentzel (SBN 112179)
DORSEY & WHITNEY LLP
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717 : phone
(650) 857-1288 : fax
Email: efilingPA@dorsey.com

Edward B. Magarian (admitted *pro hac vice*)
Zeb-Michael Curtin (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600 : phone
(612) 340-2777 : fax
Email: magarian.edward@dorsey.com
       curtin.zeb@dorsey.com

Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  C 07-03168 WDB<br><br>**DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT** |

Defendant Ameriprise Financial Services, Inc. ("Ameriprise Financial" or "Defendant") for its Answer to Plaintiff's Class Action Complaint for Damages, Injunctive Relief and Restitution ("Complaint") states in response to each of the numbered paragraphs as follows:

**GENERAL DENIAL**

Ameriprise Financial denies each allegation contained in Plaintiff's Complaint unless it is admitted or otherwise addressed herein.

**SPECIFIC RESPONSES TO ALLEGATIONS IN COMPLAINT**

1.      In response to Paragraph 1 of the Complaint, admits that Plaintiff Sylvia Johnson ("Plaintiff") purports to bring a class action seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement of business expenses, rest and meal period compensation, waiting time penalties, liquidated damages and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs under various provisions of California law identified in Paragraph 1.  Denies that this matter properly may proceed as a class action and denies that Plaintiff or any P2 Independent Advisors (hereinafter referred to as "putative class members") are entitled to any relief whatsoever, as the Complaint fails to state a claim upon which relief may be granted.

2.      In response to Paragraph 2 of the Complaint, denies that Plaintiff is or was employed by Ameriprise Financial during the relevant time period.  Contrary to the allegations of the Complaint, Plaintiff was not an employee of Ameriprise Financial, but was affiliated with Ameriprise Financial as a P2 Independent Advisor—a franchisee.  Denies that Plaintiff is a proper representative for any action on behalf of persons who are or were employed by Ameriprise Financial, and denies that any Independent Advisors have been employed by Ameriprise Financial.

3.      In response to Paragraph 3 of the Complaint, denies that Plaintiff and putative class members are or were employees of Ameriprise Financial at any time from May 17, 2003 to the present ("the putative class period"), and, accordingly, denies that California's wage and hour laws referred to in Paragraph 3 are applicable to them vis-à-vis their affiliations with Ameriprise Financial as franchisees.

4.      In response to Paragraph 4 of the Complaint, states that California's Labor Code and Industrial Welfare Commission Wage Orders referenced in Paragraph 4 speak for themselves

-2-                          **AMENDED ANSWER TO COMPLAINT
CASE NO. C 07-3168**

1   and are not applicable, as Plaintiff and putative class members have and/or had franchises

2   affiliated with, but were not employees of, Ameriprise Financial.

3        5.     In response to Paragraph 5 of the Complaint, denies the allegations therein for lack

4   of knowledge or information sufficient to form a belief as to the truth thereof.

5        6.     In response to Paragraph 6 of the Complaint, admits that Ameriprise Financial

6   provides a variety of financial services to the public in the State of California.  Denies that all

7   financial services are provided by Ameriprise Financial advisors in facilities operated by

8   Ameriprise Financial.  Denies the remaining allegations of Paragraph 6, and affirmatively states

9   that Plaintiff and putative class members were franchisees affiliated with, and not employees of,

10  Ameriprise Financial.

11       7.     In response to Paragraph 7 of the Complaint, denies the allegations therein.

12       8.     In response to Paragraph 8 of the Complaint, denies the allegations therein.

13       9.     In response to Paragraph 9 of the Complaint, denies the allegations therein, but

14  affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as

15  Plaintiff and putative class members are and/or were franchisees affiliated with, and not

16  employees of, Ameriprise Financial.

17       10.    In response to Paragraph 10 of the Complaint, denies the allegations therein, but

18  affirmatively states that the statutes therein referenced do not apply to Plaintiff or putative class

19  members, who have and/or had franchises affiliated with, but were not employees of, Ameriprise

20  Financial.

21       11.    In response to Paragraph 11 of the Complaint, denies the allegations therein.

22       12.    In response to Paragraph 12 of the Complaint, admits that venue is proper in this

23  judicial district, but denies the remaining allegations of Paragraph 12.

24       13.    In response to Paragraph 13 of the Complaint, denies that Plaintiff was employed

25  by Ameriprise Financial at any time during the putative class period identified in her Complaint.

26  Affirmatively states that Plaintiff was a franchisee affiliated with, and not an employee of,

27  Ameriprise Financial.

28       14.    In response to Paragraph 14 of the Complaint, denies the allegations therein.

**AMENDED ANSWER TO COMPLAINT
CASE NO. C 07-3168**

15.    In response to Paragraph 15 of the Complaint, states that it sets forth explanatory material to which no response is required, but denies that any persons are "eligible for membership in the Plaintiff Class" and denies that this matter may proceed as a class action.

16.    In response to Paragraph 16 of the Complaint, states that there is no proper class identified in the Complaint, and denies that this matter may proceed as a class action. See also Paragraph 23, infra.

17.    In response to Paragraph 17 of the Complaint, admits that Ameriprise Financial is a foreign corporation, as it is organized and exists under the laws of the State of Delaware, and further admits that its principal place of business is in Minneapolis, Minnesota. States that Ameriprise Financial is a financial services firm with its headquarters in Minneapolis, Minnesota, and that it provides a variety of financial services to persons and entities nationwide. Defendant Ameriprise Financial Services, Inc. was created on September 30, 2005, when it was spun off from American Express Company pursuant to a Separation and Distribution Agreement. Defendant Ameriprise Financial Services, Inc. is Ameriprise Financial, Inc.'s primary wholly-owned, retail brokerage subsidiary and principal marketing unit. Prior to September 30, 2005, Defendant Ameriprise Financial Services, Inc. was known as American Express Financial Advisors, Inc. Admits that Ameriprise Financial is a registered member of the National Association of Securities Dealers (NASD).

18.    In response to Paragraph 18 of the Complaint, denies the allegations therein.

19.    In response to Paragraph 19 of the Complaint, with respect to the first sentence therein, states that it lacks knowledge or information sufficient to admit or deny anything regarding the identity of proposed defendants Does 1 through 100, inclusive, as those proposed defendants have not yet been identified. Denies the remaining allegations of Paragraph 19.

20.    In response to Paragraph 20 of the Complaint, states that the first two sentences therein set forth explanatory material to which no response is required. Denies the remaining allegations of Paragraph 20.

21.    In response to Paragraph 21 of the Complaint, denies the allegations therein.

22.    In response to Paragraph 22 of the Complaint, admits that there is no applicable

AMENDED ANSWER TO COMPLAINT
CASE NO. C 07-3168

1    collective bargaining agreement and thus there is no dispute over the terms of any collective

2    bargaining agreement.

3        23.    In response to Paragraph 23 of the Complaint, admits that Plaintiff purports to

4    bring a class action, but denies that Plaintiff is a proper representative for any action on behalf of

5    persons who are employed by Ameriprise Financial.  States that Plaintiff and all putative class

6    members (P2 Independent Advisors) are and/or were franchisees affiliated with, and not

7    employees of, Ameriprise Financial, and therefore denies that the putative class set forth in

8    Paragraph 23 exists or ever existed.  Denies that this matter may proceed as a class action and

9    denies that Plaintiff or any putative class members are entitled to any relief whatsoever.

10       24.    In response to Paragraph 24 of the Complaint, states that it sets forth explanatory

11   material to which no response is required.

12       25.    In response to Paragraph 25 of the Complaint, admits that Plaintiff has filed a

13   purported class action, but denies that this lawsuit properly can be maintained on that basis.

14   States that Plaintiff and all putative class members are and/or were franchisees affiliated with, and

15   not employees of, Ameriprise Financial, and therefore denies that Plaintiff's purported putative

16   class exists or ever existed.  Further states that the allegations of Paragraph 25 and its subparts set

17   forth legal conclusions to which no response is required, but denies the allegations of Paragraph

18   25 and its subparts and affirmatively states that the statutes and Wage Orders referenced in the

19   subparts to Paragraph 25 are not applicable, as Plaintiff and putative class members are and/or

20   were franchisees affiliated with, and not employees of, Ameriprise Financial.

21       26.    In response to Paragraph 26 of the Complaint, denies the allegations therein, but

22   affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as

23   Plaintiff and putative class members are and/or were franchisees affiliated with, and not

24   employees of, Ameriprise Financial.

25       27.    In response to Paragraph 27 of the Complaint, denies the allegations therein, but

26   affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative

27   class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

28   Financial.

-5-                    **AMENDED ANSWER TO COMPLAINT**
                       **CASE NO. C 07-3168**

1    28.    In response to Paragraph 28 of the Complaint, denies that any "Class Members

2    suffered deductions," and states that Plaintiff's purported putative class does not exist and never

3    existed, as Plaintiff and putative class members are and/or were franchisees affiliated with, and

4    not employees of, Ameriprise Financial.

5    29.    In response to Paragraph 29 of the Complaint, admits that franchisees are

6    responsible for costs of running their franchises per their Franchise Agreements, but otherwise

7    denies the allegations of Paragraph 29.

8    30.    In response to Paragraph 30 of the Complaint, denies the allegations therein, but

9    affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as

10    Plaintiff and putative class members are and/or were franchisees affiliated with, and not

11    employees of, Ameriprise Financial.

12    31.    In response to Paragraph 31 of the Complaint, states that the allegations therein set

13    forth legal conclusions to which no response is required, but denies that the statutes referenced

14    therein are applicable, as Plaintiff and putative class members are and/or were franchisees

15    affiliated with, and not employees of, Ameriprise Financial.

16    32.    In response to Paragraph 32 of the Complaint, denies the allegations therein, but

17    affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative

18    class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

19    Financial.

20    33.    In response to Paragraph 33 of the Complaint, denies that Plaintiff and putative

21    class members were employees of Ameriprise Financial such that there could have occurred a

22    "termination of their employment," and further denies any remaining allegations of Paragraph 33.

23    34.    In response to Paragraph 34 of the Complaint, denies that Plaintiff and putative

24    class members were employees of Ameriprise Financial, and thus denies that any "have left

25    Ameriprise [Financial]'s employ."

26    35.    In response to Paragraph 35 of the Complaint, denies the allegations therein, but

27    affirmatively states that the statute referenced therein is not applicable, as Plaintiff and putative

28    class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

-6-    **AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

Financial.

36.     In response to Paragraph 36 of the Complaint, denies the allegations therein, but affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

37.     In response to Paragraph 37 of the Complaint, restates its responses to Paragraphs 1-36 as if fully set forth herein.

38.     In response to Paragraph 38 of the Complaint, states that it is without knowledge or information sufficient to admit or deny the allegations therein, but otherwise states that the number of hours Plaintiff and/or any putative class member worked during a given workday or workweek is an individualized issue inappropriate for class treatment, and is inappropriate since Plaintiff and/or any putative class member ran their own franchises.

39.     In response to Paragraph 39 of the Complaint, denies the allegations therein, but affirmatively states that neither Plaintiff nor the putative class members are employees under any Wage Order or provision of the California Labor Code.

40.     In response to Paragraph 40 of the Complaint, denies the allegations therein, and affirmatively states that the statutes excerpted in the subparts to Paragraph 40 speak for themselves.  Further specifically denies that Ameriprise Financial has or had any duty to comply with the statutes therein excerpted vis-à-vis Plaintiff or putative class members, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

41.     In response to Paragraph 41 of the Complaint, denies the allegations therein.

42.     In response to Paragraph 42 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff and putative class members are entitled to any of the relief alleged and sought therein against Ameriprise Financial.

43.     In response to Paragraph 43 of the Complaint, restates its responses to Paragraphs 1-42 as if fully set forth herein.

44.     In response to Paragraph 44 of the Complaint, denies the allegations therein.

**AMENDED ANSWER TO COMPLAINT
CASE NO. C 07-3168**

45.    In response to Paragraph 45 of the Complaint, denies the allegations therein.

46.    In response to Paragraph 46 of the Complaint, denies that Ameriprise Financial has or had any duty to comply with the statutes referenced in therein vis-à-vis Plaintiff or putative class members, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.  Further denies any remaining allegations of Paragraph 46.

47.    In response to Paragraph 47 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

48.    In response to Paragraph 48 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

49.    In response to Paragraph 49 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

50.    In response to Paragraph 50 of the Complaint, denies the allegations therein.

51.    In response to Paragraph 51 of the Complaint, states that the statute referenced therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

52.    In response to Paragraph 52 of the Complaint, denies that Plaintiff is entitled to any of the relief she "demands" therein, as Plaintiff was never an employee of Ameriprise Financial during the relevant time period.

53.    In response to Paragraph 53 of the Complaint, restates its responses to Paragraphs 1-52 as if fully set forth herein.

54.    In response to Paragraph 54 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

55.    In response to Paragraph 55 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

-8-

**AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

1    were franchisees affiliated with, and not employees of, Ameriprise Financial.  Further specifically

2    denies that Plaintiff or putative class members had an employment contract with Ameriprise

3    Financial.

4           56.     In response to Paragraph 56 of the Complaint, states that the statute excerpted

5    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

6    were franchisees affiliated with, and not employees of, Ameriprise Financial.

7           57.     In response to Paragraph 57 of the Complaint, states that the statute excerpted

8    therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

9    were franchisees affiliated with, and not employees of, Ameriprise Financial.

10          58.     In response to Paragraph 58 of the Complaint, states that the Wage Order

11   excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class

12   members were franchisees affiliated with, and not employees of, Ameriprise Financial.

13          59.     In response to Paragraph 59 of the Complaint, denies the allegations therein.

14          60.     In response to Paragraph 60 of the Complaint, denies the allegations therein.

15          61.     In response to Paragraph 61 of the Complaint, denies the allegations therein.

16          62.     In response to Paragraph 62 of the Complaint, denies the allegations therein.

17          63.     In response to Paragraph 63 of the Complaint, denies that Plaintiff is entitled to

18   any of the relief she "demands" therein, as Plaintiff was never an employee of Ameriprise

19   Financial during the relevant time period.

20          64.     In response to Paragraph 64 of the Complaint, restates its responses to Paragraphs

21   1-63 as if fully set forth herein.

22          65.     In response to Paragraph 65 of the Complaint, denies that Ameriprise Financial has

23   or had any duty to comply with the statutes referenced therein vis-à-vis Plaintiff or putative class

24   members, as Plaintiff and putative class members were franchisees affiliated with, and not

25   employees of, Ameriprise Financial.  Further denies any remaining allegations of Paragraph 65.

26          66.     In response to Paragraph 66 of the Complaint, states that the statute excerpted

27   therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

28   were franchisees affiliated with, and not employees of, Ameriprise Financial.

-9-                          **AMENDED ANSWER TO COMPLAINT**
                                  **CASE NO. C 07-3168**

1    67.    In response to Paragraph 67 of the Complaint, states that the statute excerpted

2  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

3  were franchisees affiliated with, and not employees of, Ameriprise Financial.

4    68.    In response to Paragraph 68 of the Complaint, states that the Wage Orders

5  referenced therein speak for themselves, and denies that they are applicable, as Plaintiff and

6  putative class members were franchisees affiliated with, and not employees of, Ameriprise

7  Financial.

8    69.    In response to Paragraph 69 of the Complaint, states that the Wage Order

9  excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class

10  members were franchisees affiliated with, and not employees of, Ameriprise Financial.

11    70.    In response to Paragraph 70 of the Complaint, states that the Wage Order

12  excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class

13  members were franchisees affiliated with, and not employees of, Ameriprise Financial.

14    71.    In response to Paragraph 71 of the Complaint, denies the allegations therein.

15    72.    In response to Paragraph 72 of the Complaint, denies that Plaintiff or putative class

16  members are entitled to any of the relief alleged and requested against Ameriprise Financial

17  therein, as they were never employees of Ameriprise Financial during the relevant time period.

18  Denies any remaining allegations of Paragraph 72.

19    73.    In response to Paragraph 73 of the Complaint, restates its responses to Paragraphs

20  1-72 as if fully set forth herein.

21    74.    In response to Paragraph 74 of the Complaint, states that the statute excerpted

22  therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

23  were franchisees affiliated with, and not employees of, Ameriprise Financial.

24    75.    In response to Paragraph 75 of the Complaint, States that the Wage Orders

25  referenced therein speak for themselves, and denies that they are applicable, as Plaintiff and

26  putative class members were franchisees affiliated with, and not employees of, Ameriprise

27  Financial.

28

-10-                                    **AMENDED ANSWER TO COMPLAINT**
                                         **CASE NO. C 07-3168**

76. In response to Paragraph 76 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

77. In response to Paragraph 77 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

78. In response to Paragraph 78 of the Complaint, states that it sets forth explanatory material to which no response is required.

79. In response to Paragraph 79 of the Complaint, denies the allegations therein.

80. In response to Paragraph 80 of the Complaint, denies that Plaintiff or putative class members are entitled to any of the relief alleged and requested against Ameriprise Financial therein, as they were never employees of Ameriprise Financial during the relevant time period. Denies any remaining allegations of Paragraph 80.

81. In response to Paragraph 81 of the Complaint, restates its responses to Paragraphs 1-80 as if fully set forth herein.

82. In response to Paragraph 82 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

83. In response to Paragraph 83 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff or putative class members were employed by Ameriprise Financial during the putative class period—they were franchisees affiliated with Ameriprise Financial.

84. In response to Paragraph 84 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff or putative class members were in Defendant's employ during the putative class period—they were franchisees affiliated with Ameriprise Financial.

85. In response to Paragraph 85 of the Complaint, denies that Plaintiff or putative class members are entitled to any of the relief alleged and requested against Ameriprise Financial therein, as they were never employees of Ameriprise Financial during the relevant time period—

-11-

**AMENDED ANSWER TO COMPLAINT
CASE NO. C 07-3168**

they were franchisees affiliated with Ameriprise Financial.  Denies any remaining allegations of Paragraph 85.

86.    In response to Paragraph 86 of the Complaint, restates its responses to Paragraphs 1-85 as if fully set forth herein.

87.    In response to Paragraph 87 of the Complaint, admits only that Plaintiff purports to seek equitable, statutory, and restitutionary relief, and denies the remaining allegations of Paragraph 87.

88.    In response to Paragraph 88 of the Complaint, denies the allegations therein.

89.    In response to Paragraph 89 of the Complaint, denies the allegations therein.

90.    In response to Paragraph 90 of the Complaint, denies the allegations therein.

91.    In response to Paragraphs 1-20 contained in the "Relief Sought" section of the Complaint, Ameriprise Financial denies that Plaintiff and/or any putative class members are entitled to any of the requested relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

92.    The Complaint as whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

93.    The Complaint and each purported cause of action alleged therein fails to state a cause or causes of action against Defendant as it is not and was not Plaintiff's or putative class members' employer.  Rather, Plaintiff and putative class members were franchisees affiliated with Ameriprise Financial.

## THIRD AFFIRMATIVE DEFENSE

94.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 339, and 340, and Business and Professions Code § 17208.

**AMENDED ANSWER TO COMPLAINT
CASE NO. C 07-3168**

**FOURTH AFFIRMATIVE DEFENSE**

95.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

**FIFTH AFFIRMATIVE DEFENSE**

96.    Plaintiff's claims may be barred, in whole or in part, by their failure to reasonably mitigate or avoid their alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

97.    Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff and/or any purported putative class member has previously pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement or the United States Department of Labor.

**SEVENTH AFFIRMATIVE DEFENSE**

98.    Plaintiff's class action allegations must be dismissed because an independent and individual analysis of each Plaintiff's and putative class member's claims, and each of Defendant's defenses to such claims, is required.

**EIGHTH AFFIRMATIVE DEFENSE**

99.    Plaintiff and putative class members have received payment for all amounts owing and due to them.

**NINTH AFFIRMATIVE DEFENSE**

100.    Plaintiff's claims may be barred, in whole or in part, and/or recovery may be precluded, because Defendant's conduct was not willful, and there was a good faith dispute as to whether any amounts are owed.

**TENTH AFFIRMATIVE DEFENSE**

101.    Defendant's actions towards Plaintiff and putative class members were entirely justified, proper, and lawful.

-13-

**AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

## ELEVENTH AFFIRMATIVE DEFENSE

102.    To the extent Plaintiff and putative class members seek equitable causes of action for injunctive or equitable relief, those claims are barred because there is an adequate remedy at law and no showing of a continuing violation.

## TWELFTH AFFIRMATIVE DEFENSE

103.    Without admitting the allegations of the Complaint, Defendant alleges Plaintiff's purported Seventh Cause of Action is barred in that the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, that Defendant gained no competitive advantage by such practices, and that the benefits of the alleged practices outweigh any harm or other impact they may cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

104.    Any claims by Plaintiff for monetary damages under California Business and Professions Code § 17200, et seq., are barred in whole and or in part by those very statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

105.    Plaintiff's claims are barred, in whole or in part, because the Defendant's business practices are and were not unlawful in that Defendant complied with all applicable statutes and regulations.

## FIFTEENTH AFFIRMATIVE DEFENSE

106.    Defendant's actions were for legitimate business reasons made in good faith and were not based upon a violation of public policy or other factors protected by law.

## SIXTEENTH AFFIRMATIVE DEFENSE

107.    Plaintiff's claims are barred, in whole or in part, because Plaintiff and any purported putative class members have no private right of action based upon allegations of lost meal and rest periods, waiting time penalties, and failure to state itemized wage statements, which only constitute a penalty under the law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

108.    The Complaint fails to properly state a cause of action or causes of action for attorneys' fees against Defendant on any basis.

-14-

AMENDED ANSWER TO COMPLAINT
CASE NO. C 07-3168

## EIGHTEENTH AFFIRMATIVE DEFENSE

109.    Any alleged act or omission giving rise to Plaintiff's claims was undertaken in good faith and Defendant had reasonable grounds to believe that any such act or omission (which Defendant denies) was not a violation of any provision of the Labor Code or any Wage Order.

## NINETEENTH AFFIRMATIVE DEFENSE

110.    Plaintiff is not a proper representative for the putative class she purports to represent; this action is not a proper class action; and the putative class defined in the Complaint is fatally flawed.

## TWENTIETH AFFIRMATIVE DEFENSE

111.    Even if Plaintiff and/or putative class members were employees of Ameriprise Financial, which they are not, they would be exempt from overtime compensation under the applicable wage and hour laws.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

112.    If Plaintiff and/or putative class members were employees of Ameriprise Financial, which they are not, Plaintiff and/or putative class members were unjustly enriched by receiving the benefits of being classified as franchisees and not employees, including but not limited to payouts at the much higher rate applicable to franchisees rather than that for employee advisors.  Accordingly, in the event Plaintiff and/or putative class members were somehow determined to have been employees of Ameriprise Financial, the Company would be entitled to a setoff for any such overpayments or other franchisee benefits which were conferred upon them but which are not available to employee advisors.

## COUNTERCLAIM (RESTITUTION)

113.    Ameriprise Financial, for its Counterclaim, states and alleges as follows:

114.    Ameriprise Financial repeats and realleges its allegations and defenses contained in Paragraphs 1 through 112, as if fully set forth herein, and states that each and every one of Plaintiff's claims are without merit, in their entirety, but further states that if Plaintiff's claims are determined to be meritorious in any respect, and Plaintiff is determined to be entitled to any of the

-15-

**AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

1  relief sought in the Complaint (on a class or any other basis), then, in the alternative, Ameriprise

2  Financial is entitled to relief against Plaintiff as set forth herein.

3      115.    Moreover, Ameriprise Financial repeats and realleges its allegations and defenses

4  contained in Paragraphs 1 through 112, as if fully set forth herein, and states that each and every

5  one of Plaintiff's claims are without merit, in their entirety, and that Plaintiff's complaint should

6  not be certified as a class, but further states that if Plaintiff's claims are determined to be

7  meritorious in any respect, Plaintiff and/or putative class members are determined to be entitled to

8  any of the relief sought in the Complaint (on a class or any other basis), and the class is certified,

9  then, in the alternative, Ameriprise Financial is entitled to relief against those putative class

10  members who do not opt out, as set forth herein.

11      116.    Plaintiff and putative class members were given the option of affiliating with

12  Ameriprise Financial as an employee under Platform 1 or as a franchisee under Platform 2.

13      117.    Plaintiff and those putative class members who do not opt out elected to affiliate

14  with Ameriprise Financial as P2 Independent Advisors /franchisees, with said affiliations

15  governed by the terms and conditions of the franchise platform.

16      118.    As P2 Independent Advisors, Plaintiff and putative class members have knowingly

17  received, among other things, significantly higher compensation rates than they would have

18  received had they elected to become affiliated with Ameriprise Financial as P1 employee

19  advisors.

20      119.    In the event the court were somehow to determine that Plaintiff and/or putative

21  class members were employees of Ameriprise Financial, which they are not, under principles of

22  restitution, unjust enrichment, recoupment, or other similar equitable principles, and/or this court

23  were somehow to determine that the class proposed by Plaintiff should be certified, which it

24  should not, Plaintiff and/or putative class members would be obligated to repay to Ameriprise

25  Financial the difference between the payouts they received as franchisees pursuant to the P2

26  Independent Advisor platform and that to which they would have been entitled as P1 employee

27  advisors.

28

-16-                     **AMENDED ANSWER TO COMPLAINT**
                         **CASE NO. C 07-3168**

**CONCLUSION**

1
2          Wherefore, Defendant Ameriprise Financial requests that the Court grant the following

3     relief:

4          1.    Dismiss Plaintiff's Complaint with prejudice;

5          2.    Award Defendant costs and disbursements incurred herein in defending against

6                Plaintiff's frivolous action which asserts claims under employment law on behalf

7                of individuals who were clearly franchisees and not employees, including

8                reasonable attorneys' fees;

9          3.    Award Defendant damages on its conditional counterclaim if the conditions are

10               satisfied.

11         4.    Award Defendant such other relief as the Court may deem just and proper.

12
     Dated: November ___, 2007            DORSEY & WHITNEY LLP
13

14

15                                        By: _____
16                                            KAREN E. WENTZEL
                                              Attorneys for Defendant
17                                            AMERIPRISE FINANCIAL
                                              SERVICES, INC.
18

19

20

21

22

23

24

25

26

27

28

-17-                          **AMENDED ANSWER TO COMPLAINT**
                                   **CASE NO. C 07-3168**

# EXHIBIT D

SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
KEVIN R. ALLEN, ESQ.
CARRIE S. LIN, ESQ.
SUSAN L. JORDAN, ESQ.

CARRIE S. LIN, ESQ.
Writer's E-Mail: clin@scalaw.com

# SCOTT COLE & ASSOCIATES
### A PROFESSIONAL CORPORATION
### ATTORNEYS & COUNSELORS
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94612

Telephone: (510) 891-9800
Facsimile: (510) 891-7030

SCA Web Site:  www.scalaw.com

January 8, 2008

NEWSLETTER

re:     **AMERIPRISE FINANCIAL ADVISORS**
        **Overtime Pay Class Action Update**

Dear Financial Advisor:

As you may have heard, on May 17, 2007, our law firm filed a class action lawsuit on behalf of **P-2 Independent Advisors** who are or were employed by Ameriprise in California at any time after May 17, 2003. The lawsuit is currently pending before the Northern District Court of California, in San Francisco.

Among other things, the lawsuit alleges that Ameriprise mis-classified its P-2 Independent Advisors as franchisees rather than employees, thereby denying them the benefit of overtime pay and compensation for business-related expenses. As you might expect, Ameriprise denies these claims.

While this matter pertains to P-2 Independent Advisors alone, we also wish to apprise P-1 Employee Advisors of the underlying lawsuit, as we believe that they may have important information that could affect our ability to protect the rights of the P-2 Independent Advisors, and ensure that all Ameriprise employees are being treated fairly.

As a law firm dedicated to prosecuting wage violations such as those alleged here, we are committed to fighting for the rights of financial advisors like you and, hopefully, putting an end to what we think to be an illegal practice. Although we have not yet asked the Court overseeing this lawsuit to join all California P-2 Independent Advisors into the case, we hope you would support our efforts in doing so at the proper time.

You should know that, in our experience with similar cases, employers often ask their employees to sign a statement indicating that their work does <u>not</u> entitle them to overtime pay and/or that their employees worked little or no overtime hours. <u>Be careful</u>. You should know that you are *not* required to sign any statement, whether prepared by Ameriprise, by our law firm, *or anyone*, especially if you are asked to sign something that is untrue. **If you have any questions regarding your rights in this case, <u>please do not hesitate to contact our office, or read more about overtime laws on our website at: www.scalaw.com.</u>**

As this case progresses, we will try to provide you with additional information, either by letter or by telephone. These contacts do not obligate you to do anything. We also urge you to contact us today to discuss this case and the role you may play in it. Our job is to keep you informed and make sure you understand your rights. In staying abreast of these developments, you should also know that **you have the right to communicate with our office on a confidential basis.** If you wish to have a consultation about your legal rights and you wish us to treat the conversation as a privileged communication, we will gladly do so.

Please do not hesitate to contact our offices with any questions or concerns. Thank you for taking the time to review this Newsletter. We look forward to hearing from you.

Very truly yours,

CARRIE S. LIN

CSL:gbr

# EXHIBIT E



**EDWARD B. MAGARIAN**
Partner
(612) 340-7873
FAX (888) 453-1542
magarian.edward@dorsey.com

January 22, 2008

<u>**VIA E-MAIL & U.S. MAIL**</u>

Carrie S. Lin, Esq.
Scott Cole & Associates
The World Savings Tower
1970 Broadway, 9th Floor
Oakland, CA 94612

      Re:    Your Letter to Financial Advisors dated January 8, 2008

Dear Ms. Lin:

      We are deeply concerned about a letter you sent to financial advisors dated January 8, 2008, a copy of which is enclosed. Our concern is not limited just to Ameriprise Financial and me, but I understand that the concern with this conduct has filtered into the financial advisor ranks as well. The letter raises several issues, all of which must be addressed immediately.

      First, it appears you have sent this letter to all financial advisors in California, including employee financial advisors (P1). You do not represent (nor do you seek to represent) the P1 financial advisors. You have no right, and in fact the rules and the law forbid you from contacting the Company employees, to collect documents and related information without going through counsel.

      Second, your letter falsely promises the P1 financial advisors who received this letter that their conversations with you will be confidential, as if there is an attorney-client privilege. You do not represent these employee advisors, nor are they part of your putative class. It is improper for you to promise that their conversations will be protected by the attorney-client privilege. Moreover, it is improper, as noted above, for you to contact these advisors to gather Ameriprise Financial documents.

      Third, your letter otherwise contains false representations. For example, in addition to your false promises of confidentiality to P1 advisors, you assert in a letter to our employees and our franchisees that Ameriprise Financial is engaged in an "illegal" practice and that Ameriprise Financial might ask P2 advisors to sign statements as if Ameriprise Financial is trying to mislead its franchisees. Nothing can be further from the truth.

      We demand the following: (1) you agree not to send further false and misleading communications to P2 financial advisors; (2) you inform any P1 advisor who calls your office that you do not represent them and that your conversation with them is not confidential, contrary to the representations in your letter; (3) you represent that you will not use any contact with any employee of Ameriprise Financial to obtain documents (you must seek documents through counsel); (4) you provide us a list of each P1 advisor who has contacted or in the future

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • **T** 612.340.2600 • **F** 612.340.2868
SUITE 1500 • 50 SOUTH SIXTH STREET • MINNEAPOLIS, MINNESOTA 55402-1498

USA  CANADA  EUROPE  ASIA



Carrie S. Lin, Esq.
January 22, 2008
Page 2

contacts your office and confirm you have complied with our demands in that conversation; and (5) for each such P1 advisor who contacts your office, identify the person from your office who spoke to that advisor, and the substance of the communication (also produce to us written notes and any other documents related to the communication). We can also discuss the extent to which other curative action must be taken.

We expect an immediate response to this troubling development. If you do not work with us to rectify this issue, you will leave us with no choice but to seek the assistance of the court.

Finally, enclosed herein and served upon you, please find Defendant Ameriprise Financial Services, Inc.'s Interrogatories to Plaintiff (Set II) and Defendant Ameriprise Financial Services, Inc.'s Requests for Production of Documents to Plaintiff (Set II). Although you do have 30 days to respond to the interrogatories and document requests, we do expect an immediate response to the questions in this letter.

Very truly yours,

Edward B. Magarian

EBM/sh

Enclosures

SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
KEVIN N. ALLEN, ESQ.
CARRIE S. LIN, ESQ.
SUSAN L. JORDAN, ESQ.

CARRIE S. LIN ESQ.
Writer's E-Mail: clin@scalaw.com

**SCOTT COLE & ASSOCIATES**
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94613

Telephone: (510) 891-9800
Facsimile: (510) 891-7030

SCA Web Site: www.scalaw.com

January 8, 2008

## NEWSLETTER

### re:  AMERIPRISE FINANCIAL ADVISORS
### Overtime Pay Class Action Update

Dear Financial Advisor:

As you may have heard, on May 17, 2007, our law firm filed a class action lawsuit on behalf of **P-2 Independent Advisors** who are or were employed by Ameriprise in California at any time after May 17, 2003. The lawsuit is currently pending before the Northern District Court of California, in San Francisco.

Among other things, the lawsuit alleges that Ameriprise mis-classified its P-2 Independent Advisors as franchisees rather than employees, thereby denying them the benefit of overtime pay and compensation for business-related expenses. As you might expect, Ameriprise denies these claims.

While this matter pertains to P-2 Independent Advisors alone, we also wish to apprise P-1 Employee Advisors of the underlying lawsuit, as we believe that they may have important information that could affect our ability to protect the rights of the P-2 Independent Advisors, and ensure that all Ameriprise employees are being treated fairly.

As a law firm dedicated to prosecuting wage violations such as those alleged here, we are committed to fighting for the rights of financial advisors like you and, hopefully, putting an end to what we think to be an illegal practice. Although we have not yet asked the Court overseeing this lawsuit to join all California P-2 Independent Advisors into the case, we hope you would support our efforts in doing so at the proper time.

You should know that, in our experience with similar cases, employers often ask their employees to sign a statement indicating that their work does not entitle them to overtime pay and/or that their employees worked little or no overtime hours. Be careful. You should know that you are *not* required to sign any statement, whether prepared by Ameriprise, by our law firm, *or anyone*, especially if you are asked to sign something that is untrue. **If you have any questions regarding your rights in this case, please do not hesitate to contact our office, or read more about overtime laws on our website at: www.scalaw.com.**

As this case progresses, we will try to provide you with additional information, either by letter or by telephone. These contacts do not obligate you to do anything. We also urge you to contact us today to discuss this case and the role you may play in it. Our job is to keep you informed and make sure you understand your rights. In staying abreast of these developments, you should also know that **you have the right to communicate with our office on a confidential basis.** If you wish to have a consultation about your legal rights and you wish us to treat the conversation as a privileged communication, we will gladly do so.

Please do not hesitate to contact our offices with any questions or concerns. Thank you for taking the time to review this Newsletter. We look forward to hearing from you.

Very truly yours,

CARRIE S. LIN

CSL:gbr

1   Karen E. Wentzel (SBN 112179)
    DORSEY & WHITNEY LLP
2   1717 Embarcadero Road
    Palo Alto, California 94303
3   (650) 857-1717 : phone
    (650) 857-1288 : fax
4   Email: efilingPA@dorsey.com

5   Edward B. Magarian (admitted *pro hac vice*)
    Zeb-Michael Curtin (admitted *pro hac vice*)
6   DORSEY & WHITNEY LLP
    Suite 1500, 50 South Sixth Street
7   Minneapolis, Minnesota 55402
    (612) 340-2600 : phone
8   (612) 340-2777 : fax
    Email: magarian.edward@dorsey.com
9        curtin.zeb@dorsey.com

10  Attorneys for Defendant
    AMERIPRISE FINANCIAL
11  SERVICES, INC.

12

13                  **UNITED STATES DISTRICT COURT**

14              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                      **SAN FRANCISCO DIVISION**

16

17  SYLVIA JOHNSON, individually, and on       **Case No.  C 07-03168 PJH**
    behalf of all others similarly situated,
18                                             **DEFENDANT AMERIPRISE**
                                               **FINANCIAL SERVICES, INC.'S**
19                    Plaintiffs,              **INTERROGATORIES TO PLAINTIFF**
                                               **(SET II)**
    v.

20
    AMERIPRISE FINANCIAL SERVICES,
21  INC., and DOES 1 through 100, inclusive,

22                    Defendants.

23

24  TO:    Plaintiff Sylvia Johnson, individually and on behalf of all others similarly situated, and her
           attorneys, Scott E. Cole, Esq., and Carrie S. Lin, Esq., Scott Cole & Associates, APC,
25         1970 Broadway, Ninth Floor, Oakland, California  94612.

26         Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Ameriprise

27  Financial Services, Inc. ("Ameriprise Financial") requests that Plaintiff Sylvia Johnson answer

28

the following interrogatories no later than thirty (30) days from the date of service of these

interrogatories. These interrogatories are continuing in nature and require supplementation in

accordance with Rule 26 of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.    "You" or "your" means Plaintiff Sylvia Johnson, and all persons acting on her

behalf, including, but not limited to, agents, attorneys, investigators, and representatives.

2.    "Person" means natural person, corporation, partnership, government or

government agency, proprietorship, joint venture, trust, estate, and all other forms of legal entity.

3.    "Related to" or "relating to" means evidences, reflects, constitutes, refers to,

contradicts, supports, or in any other way is logically or factually connected to the matter

discussed.

4.    "Communication" means any transmission of words between or among two or

more persons, whether written or oral.

5.    "Document" or "documents" includes the original, or drafts of any kind, of

written, printed, recorded, or graphic material or sound reproduction, however produced or

reproduced, whether sent or received or neither, and all copies thereof, which are different in any

way from the original (whether by notation, indication of copies sent or received, or otherwise)

regardless of whether designated "confidential," "privileged," or otherwise, known to you or in

your possession, custody, and/or control, and including, but not limited to, any correspondence,

paper, book, account, drawing, writing, agreement, calendar, diary, contract, memorandum, notes,

telegram, facsimile, report, record, pamphlet, bulletin, transcript, study, note, intra-office

communication, inter-office communication, e-mail communication, computer file, computer

disks, computer diskettes, check, check stub, or note of any conference.

6.    "Identify" means, with respect to a natural person, to set forth that person's full

name and, on the first occasion that such person is identified, the following information:

DEFENDANT'S INTERROGATORIES (SET II)
CASE NO. C 07-3168

-2-

1        a.    Present or last known residence, business addresses, and home and business telephone numbers; and

2        b.    Present or last known employer and job title.

3        7.    "Identify" means, with respect to any entity other than a natural person, to set forth

4    the full name or title of the entity and, on the first occasion that such entity is identified, to state

5    the address of the entity's principal place of business, along with its telephone number, and to

6    describe the principal business or activity of such entity.

7        8.    "Identify," when used with reference to a document or other tangible item, means

8    (regardless of whether any claim of privilege is asserted) to state the following information,

9    subject to the option to produce business records as provided by Rule 33 of the Federal Rules of

10    Civil Procedure:

11        a.    Its character or nature (*e.g.*, letter, memorandum, report, etc.);

12        b.    The date it bears or, if undated, the date it was written or created;

13        c.    The identity of the person(s) who wrote or created it;

14        d.    The identity of the person(s) who received it;

15        e.    Its file number or other identifying mark or code;

16        f.    Its general subject matter and a summary of its contents; and

17        g.    Its present or last known location or custodian.

18    In all cases where you opt to specify documents under Rule 33, you may supply fully

19    legible copies of such documents in lieu of such specification. This permission, however, shall in

20    no way prejudice Defendant's right to require production of all documents pursuant to Rule 34. If

21    any document was, but no longer is, in your possession, custody, or control, state whether it has

22    been lost, destroyed, transferred, or is missing or has otherwise been disposed of, and in each

23    instance, explain the circumstances surrounding the disposition thereof and the date it occurred.

24        9.    "Identify," when used in reference to a communication or other event, means

25    (regardless of whether any claim of privilege is asserted) to set forth the following information:

a.  The identities of all persons present when the communication or event occurred;

b.  The date and time it occurred;

c.  The place it occurred and, if different (as with a telephone communication), the place it was received;

d.  For a communication, the identity of each originator and recipient, and for an event, the identity of each participant;

e.  The form of communication (*e.g.* written correspondence, meeting, telephone call, etc.); and

f.  The purpose and substance of the communication or event.

10.  "Describe," "explain," or "state" means, when used in reference to a factual situation, to state with particularity all facts known to you, connected with, bearing upon, or relating to matters contained in these interrogatories.

## **INSTRUCTIONS**

1.  In answering the interrogatories, Plaintiff must furnish all requested information not subject to a valid objection that is known by, possessed by, or available to Plaintiff or any of her attorneys, consultants, representatives, agents, and all others acting on her behalf.

2.  Plaintiff must object separately to each subpart, and if you object to less than all of the subparts for a particular interrogatory, you must answer the remaining subparts. To the extent Plaintiff objects to an interrogatory or subpart as calling for information beyond the scope of discovery, you still must answer the interrogatory or subpart to the extent it is not objectionable.

3.  Where you are required to identify documents or materials, in lieu of making such identification, you may furnish simultaneously with the filing of your answers such documents and materials for inspection and copying or reproduction by the undersigned attorneys. This permission, however, shall in no way prejudice Defendant's rights to require production of all documents pursuant to Rule 34.

4.  If any information, document, or communication responsive to any one or more (or portion thereof) of the following interrogatories is withheld based on any claim of privilege,

describe generally the substance or subject matter of the information, document, or communication withheld, state the privilege being relied upon and the basis therefore, and identify all persons or entities who have had access to such information, document, or communication.

5.    If any document identified in your answers has already been produced in this litigation (*e.g.* attached to initial disclosures), state with respect to each such document:

a.    The Bates number of the document, if applicable;

b.    The date of the document;

c.    The person who created the document;

d.    The present location of the document;

e.    The person in whose possession or under whose control the document presently is and the relationship of this person to Plaintiff, if any.

6.    Whenever appropriate, the singular form of a word shall refer to the plural and words used in the masculine gender shall also include the feminine and vice-versa.  Similarly, the words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring information within the scope of the interrogatory / request.

7.    Unless otherwise specified, the pertinent time frame for these Interrogatories is from May 17, 2003, through the present.

**Objection will be made at the time of trial to any attempt to introduce evidence that is directly sought by these Interrogatories and to which no disclosure has been made.**

## <u>INTERROGATORIES</u>

<u>**INTERROGATORY NO. 10:**</u>  Identify all individuals to whom You have sent (by any means and on any date) correspondence identical or similar in form to the attached "newsletter"

1  dated January 8, 2008, including, as to each individual, (a) the address to which the

2  correspondence was mailed or otherwise delivered; and (b) the date(s) on which You sent such

3  correspondence to him or her.

4  **INTERROGATORY NO. 11:** Identify all individuals who have contacted anyone in

5  your office (orally or in writing) in response to the correspondence described in Interrogatory No.

6  10 above (regardless of whether he or she received the correspondence directly from you or

7  through another individual), including, as to each individual, (a) the date(s) on which such contact

8
9  occurred (whether initiated by the individual or by You); (b) the name(s) of the individual(s) from

10  your office who spoke to or otherwise communicated with that individual (orally or in writing);

11  and (c) the substance of the communication.

12  **INTERROGATORY NO. 12:** Identify all documents which refer or relate to your

13  communications with any of the individuals You are asked to identify in Interrogatories Nos. 10

14  and 11 above, including any written notes of such communications created by You and any

15
16  documents You have received from any of the individuals, including a description of the

17  documents and date(s) You received and/or created such documents.

18  Dated:  January 22, 2008                    DORSEY & WHITNEY LLP

19

20                                      By: _____
21                                         EDWARD B. MAGARIAN
                                            Attorneys for Defendant
22                                         AMERIPRISE FINANCIAL
                                            SERVICES, INC.
23

24

25

26

27

28

DEFENDANT'S INTERROGATORIES (SET II)
CASE NO. C 07-3168

SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
KEVIN K. ALLEN, ESQ.
CARRIE S. LIN, ESQ.
SUSAN L. JORDAN, ESQ.

CARRIE S. LIN, ESQ.
Writer's E-Mail: clin@scalaw.com

## SCOTT COLE & ASSOCIATES
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94612

Telephone: (510) 891-9800
Facsimile: (510) 891-7030

SCA Web Site:  www.scalaw.com

January 8, 2008

NEWSLETTER

### re:    AMERIPRISE FINANCIAL ADVISORS
### Overtime Pay Class Action Update

Dear Financial Advisor:

As you may have heard, on May 17, 2007, our law firm filed a class action lawsuit on behalf of **P-2 Independent Advisors** who are or were employed by Ameriprise in California at any time after May 17, 2003. The lawsuit is currently pending before the Northern District Court of California, in San Francisco.

Among other things, the lawsuit alleges that Ameriprise mis-classified its P-2 Independent Advisors as franchisees rather than employees, thereby denying them the benefit of overtime pay and compensation for business-related expenses. As you might expect, Ameriprise denies these claims.

While this matter pertains to P-2 Independent Advisors alone, we also wish to apprise P-1 Employee Advisors of the underlying lawsuit, as we believe that they may have important information that could affect our ability to protect the rights of the P-2 Independent Advisors, and ensure that all Ameriprise employees are being treated fairly.

As a law firm dedicated to prosecuting wage violations such as those alleged here, we are committed to fighting for the rights of financial advisors like you and, hopefully, putting an end to what we think to be an illegal practice. Although we have not yet asked the Court overseeing this lawsuit to join all California P-2 Independent Advisors into the case, we hope you would support our efforts in doing so at the proper time.

You should know that, in our experience with similar cases, employers often ask their employees to sign a statement indicating that their work does not entitle them to overtime pay and/or that their employees worked little or no overtime hours. Be careful. You should know that you are *not* required to sign any statement, whether prepared by Ameriprise, by our law firm, *or anyone*, especially if you are asked to sign something that is untrue. **If you have any questions regarding your rights in this case, please do not hesitate to contact our office, or read more about overtime laws on our website at: www.scalaw.com.**

As this case progresses, we will try to provide you with additional information, either by letter or by telephone. These contacts do not obligate you to do anything. We also urge you to contact us today to discuss this case and the role you may play in it. Our job is to keep you informed and make sure you understand your rights. In staying abreast of these developments, you should also know that **you have the right to communicate with our office on a confidential basis.** If you wish to have a consultation about your legal rights and you wish us to treat the conversation as a privileged communication, we will gladly do so.

Please do not hesitate to contact our offices with any questions or concerns. Thank you for taking the time to review this Newsletter. We look forward to hearing from you.

Very truly yours,

CARRIE S. LIN

CSL:gbr

1   Karen E. Wentzel (SBN 112179)
    DORSEY & WHITNEY LLP
2   1717 Embarcadero Road
    Palo Alto, California 94303
3   (650) 857-1717 : phone
    (650) 857-1288 : fax
4   Email: efilingPA@dorsey.com

5   Edward B. Magarian (admitted *pro hac vice*)
    Zeb-Michael Curtin (admitted *pro hac vice*)
6   DORSEY & WHITNEY LLP
    Suite 1500, 50 South Sixth Street
7   Minneapolis, Minnesota 55402
    (612) 340-2600 : phone
8   (612) 340-2777 : fax
    Email: magarian.edward@dorsey.com
9          curtin.zeb@dorsey.com

10  Attorneys for Defendant
    AMERIPRISE FINANCIAL
11  SERVICES, INC.

12

13

14              UNITED STATES DISTRICT COURT

15          FOR THE NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17  SYLVIA JOHNSON, individually, and on        Case No.  C 07-03168 PJH
    behalf of all others similarly situated,
18                                              DEFENDANT AMERIPRISE
                                                FINANCIAL SERVICES, INC.'S
19                  Plaintiffs,                 REQUESTS FOR PRODUCTION OF
                                                DOCUMENTS TO PLAINTIFF (SET II)
    v.
20
    AMERIPRISE FINANCIAL SERVICES,
21  INC., and DOES 1 through 100, inclusive,

22                  Defendants.

23

24  TO:    Plaintiff Sylvia Johnson, individually and on behalf of all others similarly situated, and her
           attorneys, Scott E. Cole, Esq., and Carrie S. Lin, Esq., Scott Cole & Associates, APC,
25         1970 Broadway, Ninth Floor, Oakland, California  94612.

26         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Ameriprise

27  Financial Services, Inc. ("Ameriprise Financial") hereby requests that Sylvia Johnson,

28

1

2 individually and all others similarly situated, respond to the following Requests for Production of

3 Documents no later than thirty (30) days from the date of service of these interrogatories. The

4 documents requested should be made available for inspection and/or copying at the Palo Alto

5 offices of Dorsey & Whitney LLP. Alternatively, Plaintiff may serve complete copies of the

6 documents requested upon Karen E. Wentzel, Esq., at the Palo Alto offices of Dorsey & Whitney

LLP.

7       These Requests are continuing in nature and require supplementation in accordance with

8 Rule 26 of the Federal Rules of Civil Procedure.

9

10                                        **DEFINITIONS**

11      1.    "Document" or "documents" includes the original, or drafts of any kind, of

12 written, printed, recorded, or graphic material or sound reproduction, however produced or

13 reproduced, whether sent or received or neither, and all copies thereof, which are different in any

14 way from the original (whether by notation, indication of copies sent or received, or otherwise)

15 regardless of whether designated "confidential," "privileged," or otherwise, known to you or in

16 your possession, custody, and/or control, and including, but not limited to, any correspondence,

17 paper, book, account, drawing, writing, agreement, calendar, diary, contract, memorandum, notes,

18 telegram, facsimile, report, record, pamphlet, bulletin, transcript, study, note, intra-office

19 communication, inter-office communication, e-mail communication, computer file, computer

20 disks, computer diskettes, check, check stub, or note of any conference.

21      2.    "You" or "your" means Plaintiff Sylvia Johnson, all others similarly situated, and

22 all representatives or other persons acting, or purporting to act, on their behalf.

23      3.    "Representative" means agents, attorneys, and all other persons acting, or

24 purporting to act, on behalf of the designated person.

25      4.    "Defendant" means Defendant Ameriprise Financial Services, Inc. and all officers,

26

27 employees, and representatives of Defendant.

28

5.    "Diary" means a record of events, transactions, observations, activities, reflections, or feelings maintained on a regular or irregular basis.

6.    "Related to" or "relating to" means evidences, reflects, constitutes, refers to, contradicts, supports, or in any other way is logically or factually connected to the matter discussed.

## INSTRUCTIONS

1.    These requests seek all specified documents in the actual or constructive control, custody, and/or possession of Plaintiff, her attorneys, and/or agents, and all documents believed to have been in the control, custody, and/or possession of Plaintiff.

2.    If the requested document has been destroyed or disposed of, Plaintiff shall describe the document in a written response so as to provide the document's author and addressee, contents, date of creation, date of destruction or disposal, the reason for its destruction or disposal, and the circumstances surrounding the destruction or disposal, including identifying the manner in which the document was destroyed or disposed of and the individual so destroying or disposing of the document.

3.    If any privilege is claimed with respect to any document requested, please state:

a.    The nature of the document (*e.g.*, letter, memorandum, report, etc.);

b.    The date it bears, or, if undated, the date it was written or created;

c.    Its author(s);

d.    The identity of each of its recipients;

e.    Its general subject matter;

f.    Its present or last known location and/or custodian; and

g.    The privilege claimed and the basis therefor.

4.    If any objection is made with respect to any document requested, please set forth in detail the reasons and grounds for the objection as well as the particular part of the request to

DEFENDANT'S DOCUMENT REQUESTS(SET II)
CASE NO. C 07-3168

which the objection is made.  Notwithstanding any objection, Plaintiffs should make available any and all documents pursuant to any request to the extent such request is not subject to an objection.

     5.    If any document requested has already been produced in this litigation (*e.g.* attached to initial disclosures), state with respect to each such document:

          a.    The Bates number of the document, if applicable;

          b.    The date of the document;

          c.    The person who created the document;

          d.    The present location of the document;

          e.    The person in whose possession or under whose control the document presently is and the relationship of this person to Plaintiff, if any.

     6.    Whenever appropriate, the singular form of a word shall refer to the plural and words used in the masculine gender shall also include the feminine and vice-versa.  Similarly, the words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring information within the scope of the production request.

     7.    Unless otherwise specified, the pertinent time frame for these Requests is from May 17, 2003, through the present.

**Objection will be made at the time of trial to any attempt to introduce evidence that is directly sought by these Requests and to which no disclosure has been made.**

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 32:**  Any and all documents You have sent to any individual that is identical or similar in form to the attached "newsletter" dated January 8, 2008.

1

2

3

**DOCUMENT REQUEST NO. 33:**  Any and all documents You have received from any individual to whom You sent a "newsletter" that is identical or similar in form to the attached "newsletter" dated January 8, 2008.

4

5

6

**DOCUMENT REQUEST NO. 34:**  Any and all documents which refer or relate to any communications You have had with any person to whom You sent a "newsletter" that is identical or similar in form to the attached "newsletter" dated January 8, 2008.

7

8

9

**DOCUMENT REQUEST NO. 35:**  Any and all documents you were asked to identify in Interrogatory No. 12.

10

Dated:  January 22, 2008                    DORSEY & WHITNEY LLP

11

12

13

14

15

By: _____

EDWARD B. MAGARIAN
Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
KEVIN R. ALLEN, ESQ.
CARRIE S. LIN, ESQ.
SUSAN L. JORDAN, ESQ.

CARRIE S. LIN, ESQ.
Writer's E-Mail: clin@scalaw.com

# SCOTT COLE & ASSOCIATES
## A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94612

Telephone: (510) 891-9800
Facsimile: (510) 891-7030

SCA Web site: www.scalaw.com

January 8, 2008

## NEWSLETTER

### re:   AMERIPRISE FINANCIAL ADVISORS
### Overtime Pay Class Action Update

Dear Financial Advisor:

As you may have heard, on May 17, 2007, our law firm filed a class action lawsuit on behalf of **P-2 Independent Advisors** who are or were employed by Ameriprise in California at any time after May 17, 2003. The lawsuit is currently pending before the Northern District Court of California, in San Francisco.

Among other things, the lawsuit alleges that Ameriprise mis-classified its P-2 Independent Advisors as franchisees rather than employees, thereby denying them the benefit of overtime pay and compensation for business-related expenses. As you might expect, Ameriprise denies these claims.

While this matter pertains to P-2 Independent Advisors alone, we also wish to apprise P-1 Employee Advisors of the underlying lawsuit, as we believe that they may have important information that could affect our ability to protect the rights of the P-2 Independent Advisors, and ensure that all Ameriprise employees are being treated fairly.

As a law firm dedicated to prosecuting wage violations such as those alleged here, we are committed to fighting for the rights of financial advisors like you and, hopefully, putting an end to what we think to be an illegal practice. Although we have not yet asked the Court overseeing this lawsuit to join all California P-2 Independent Advisors into the case, we hope you would support our efforts in doing so at the proper time.

You should know that, in our experience with similar cases, employers often ask their employees to sign a statement indicating that their work does not entitle them to overtime pay and/or that their employees worked little or no overtime hours. Be careful. You should know that you are *not* required to sign any statement, whether prepared by Ameriprise, by our law firm, *or anyone*, especially if you are asked to sign something that is untrue. **If you have any questions regarding your rights in this case, please do not hesitate to contact our office, or read more about overtime laws on our website at: www.scalaw.com.**

\\server\bainer1\Shared\Clients\Ameriprise\Correspondence\Class member\2008\Outgoing\Newsletter.108.wpd

As this case progresses, we will try to provide you with additional information, either by letter or by telephone. These contacts do not obligate you to do anything. We also urge you to contact us today to discuss this case and the role you may play in it. Our job is to keep you informed and make sure you understand your rights. In staying abreast of these developments, you should also know that **you have the right to communicate with our office on a confidential basis.** If you wish to have a consultation about your legal rights and you wish us to treat the conversation as a privileged communication, we will gladly do so.

Please do not hesitate to contact our offices with any questions or concerns. Thank you for taking the time to review this Newsletter. We look forward to hearing from you.

Very truly yours,

CARRIE S. LIN

CSL:gbr

# EXHIBIT F

## Carrie S. Lin

**From:**     Magarian, Edward [Magarian.Edward@dorsey.com]

**Sent:**     Thursday, January 24, 2008 1:14 PM

**To:**       Carrie S. Lin

**Cc:**       Wentzel, Karen; Curtin, Zeb; Legal Mgmt

**Subject:**  RE: Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order

Carrie,

Thank you for your e-mail.

Your e-mail creates red herrings in an attempt to side step the serious issues I raised in my letter to you.

First, no ethical rule or law allows you to make false or misleading statements to witnesses or to take our confidential and/or privileged documents. If you believe that our pointing that out means we are somehow dictating how you communicate with our employees or the putative class, then so be it.

Second, the threshold issue is not, as you suggest, whether P-1 Advisors are "managing agents." You cannot seek from our employees (who you do not represent) company documents, especially those that are confidential or privileged. It does not matter whether the person is a managing agent or not. To do so would be a violation of the rules and of law, and you would be tortiously interfering with the advisors' confidentiality agreements contained in their contracts, exposing you and your client to liability. You can get such documents, but you must go through the formal discovery process which allows us to identify and protect our confidential and privileged documents by designating them as confidential under the protective order and by putting them on a privilege log. By your gathering documents through our employees, we have no opportunity to do so. The fact that you do not deny having collected documents from employees makes me very concerned about whether a violation has already occurred. I will assume that if you do not deny collecting documents from our employees, that you have already done so. I will also assume that if you refuse to give us assurances that you will not collect documents from our employees in the future, that you intend to do so. Please correct me if my assumptions are incorrect.

Third, you cannot promise confidentiality to witnesses who are not your clients. That representation in your letter is simply false. You attempt to redefine what you requested in your letter in your e-mail below. The fact is that you represent one P2 advisor. You seek to represent a class of P2 advisors in California. You do not represent P1 Advisors, or seek to represent them. You ask the P1 Advisors to contact you because they may have information helpful to you in your case on behalf of the P2 Advisors. You are asking them to contact you not to have them seek legal advice but to provide you with informal discovery. Those conversations are not confidential, and your representation to those advisors that the contact is confidential is false. You cannot protect information provided by witnesses simply by promising them confidentiality. To do so would set a dangerous and novel precedent.

Fourth, you have not given us a complete list of the persons that you sent the "newsletter." We only know it was sent to P1 and P2 advisors. I do not know yet whether you sent it to any branch manager or others. I reiterate my request for your distribution list.

Again, I look forward to a constructive response to my letter and this e-mail no later than the end of the day tomorrow, or we will have no choice but to bring this matter to the court's attention on an expedited basis.

**Ed Magarian**
**Partner**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y   L L P**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498

2/19/2008

**P:** 612.340.7873  **F:** 612.340.2807  **C:** 612.709.5924
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.
Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received
this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments,
including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.*

*Thank you.*

---

**From:** Carrie S. Lin [mailto:clin@scalaw.com]
**Sent:** Thursday, January 24, 2008 11:46 AM
**To:** Magarian, Edward
**Cc:** Wentzel, Karen; Reckin, Ann; Curtin, Zeb; Legal Mgmt
**Subject:** Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order

Counsel,

Please allow this email to respond to Mr. Magarian's letter of January 22, 2008 which seeks to dictate how we communicate with witnesses and accuses us of making false and/or unethical representations thereto.

Although the analysis in your letter, concluding that we must seek your permission to conduct an informal investigation, appears flawed, please let us know if you consider Ameriprise's P-1 Advisors to be "managing agents" of your client's company. Such a representation may impact how we view those persons.

Moreover, if you have any legal authority which states that persons seeking legal advice from our office cannot ask and/or expect those communications to be privileged, we would appreciate your sending those authorities to our attention.

In the meantime, we expect to make our own choices about how to prosecute this action. We served our responses to your RFDS on January 22nd, as previously agreed. The proof of service is attached.

Best,

Carrie S. Lin, Esq.
Scott Cole & Associates, APC
Attorneys and Counselors
Telephone: (510) 891-9800
Facsimile: (510) 891-7030

**************************************************************************************************
Please Note:
The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored. Thank you.
**************************************************************************************************

Please visit our website at: http://www.scalaw.com for more information about Scott Cole & Associates, APC.

**From:** Magarian, Edward [mailto:Magarian.Edward@dorsey.com]
**Sent:** Thursday, January 24, 2008 8:26 AM
**To:** Carrie S. Lin
**Cc:** Wentzel, Karen; Reckin, Ann; Curtin, Zeb
**Subject:** RE: Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order

Carrie,

I have not heard back from you regarding our letter related to the solicitation/newsletter you sent to P1 and P2 Advisors.  It is imperative that we address this issue immediately.  Please let me know if I will hear from you today.

In addition, I understand your document request responses to our first set were due on Tuesday, January 22.  We have not received them.  Please let me know the status of those responses.

Thanks.  Ed Magarian.


**Ed Magarian**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
**P:** 612.340.7873  **F:** 612.340.2807  **C:** 612.709.5924
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.*

*Thank you.*



**From:** Carrie S. Lin [mailto:clin@scalaw.com]
**Sent:** Tuesday, January 15, 2008 7:21 PM
**To:** Curtin, Zeb
**Cc:** Magarian, Edward; Wentzel, Karen; Legal Mgmt
**Subject:** Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order

Counsel,

I've reviewed the revised stipulated protective order, and the changes are fine. If you forward a finalized version of the Stipulation I'll sign and return a copy to you for your records.

Thanks,

Carrie S. Lin, Esq.
Scott Cole & Associates, APC
Attorneys and Counselors
Telephone: (510) 891-9800
Facsimile: (510) 891-7030

*****************************************************************************************
Please Note:

The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored. Thank you.
*******************************************************************************************************

Please visit our website at: http://www.scalaw.com for more information about Scott Cole & Associates, APC.

---

**From:** Curtin, Zeb [mailto:curtin.zeb@dorsey.com]
**Sent:** Monday, January 14, 2008 1:41 PM
**To:** Carrie S. Lin
**Cc:** Magarian, Edward; Wentzel, Karen
**Subject:** Johnson v. Ameriprise Financial--REVISED Stipulated Protective Order


Carrie,

Attached please find the revised Stipulated Protective Order you and I discussed moments ago over the telephone. Also, we hereby agree to extend the deadline for Plaintiff's responses to our RFPs from January 15 to January 22.

Thanks,
Zeb

<<Stipulated Protective Order Governing Confidential Information _REVISED 1.14.08_.pdf>>


**Zeb-Michael Curtin**
**Associate**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
**P:** 612.492.6085  **F:** 612.340.2777  **C:** 319.621.9272
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

*Thank you.*

2/19/2008