Karen E. Wentzel (SBN 112179)
DORSEY & WHITNEY LLP
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717 : phone
(650) 857-1288 : fax
Email: efilingPA@dorsey.com

Edward B. Magarian (admitted *pro hac vice*)
Zeb-Michael Curtin (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600 : phone
(612) 340-2777 : fax
Email: magarian.edward@dorsey.com
       curtin.zeb@dorsey.com

Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  C 07-03168 PJH<br><br>**DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT** |

Defendant Ameriprise Financial Services, Inc. ("Ameriprise Financial" or "Defendant") for its Answer to Plaintiff's Class Action Complaint for Damages, Injunctive Relief and Restitution ("Complaint") states in response to each of the numbered paragraphs as follows:

-1-   **AMENDED ANSWER TO COMPLAINT
CASE NO. C 07-3168**

**GENERAL DENIAL**

Ameriprise Financial denies each allegation contained in Plaintiff's Complaint unless it is admitted or otherwise addressed herein.

**SPECIFIC RESPONSES TO ALLEGATIONS IN COMPLAINT**

1.  In response to Paragraph 1 of the Complaint, admits that Plaintiff Sylvia Johnson ("Plaintiff") purports to bring a class action seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement of business expenses, rest and meal period compensation, waiting time penalties, liquidated damages and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs under various provisions of California law identified in Paragraph 1. Denies that this matter properly may proceed as a class action and denies that Plaintiff or any P2 Independent Advisors (hereinafter referred to as "putative class members") are entitled to any relief whatsoever, as the Complaint fails to state a claim upon which relief may be granted.

2.  In response to Paragraph 2 of the Complaint, denies that Plaintiff is or was employed by Ameriprise Financial during the relevant time period. Contrary to the allegations of the Complaint, Plaintiff was not an employee of Ameriprise Financial, but was affiliated with Ameriprise Financial as a P2 Independent Advisor—a franchisee. Denies that Plaintiff is a proper representative for any action on behalf of persons who are or were employed by Ameriprise Financial, and denies that any Independent Advisors have been employed by Ameriprise Financial.

3.  In response to Paragraph 3 of the Complaint, denies that Plaintiff and putative class members are or were employees of Ameriprise Financial at any time from May 17, 2003 to the present ("the putative class period"), and, accordingly, denies that California's wage and hour laws referred to in Paragraph 3 are applicable to them vis-à-vis their affiliations with Ameriprise Financial as franchisees.

4.  In response to Paragraph 4 of the Complaint, states that California's Labor Code and Industrial Welfare Commission Wage Orders referenced in Paragraph 4 speak for themselves

and are not applicable, as Plaintiff and putative class members have and/or had franchises affiliated with, but were not employees of, Ameriprise Financial.

5. In response to Paragraph 5 of the Complaint, denies the allegations therein for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6. In response to Paragraph 6 of the Complaint, admits that Ameriprise Financial provides a variety of financial services to the public in the State of California. Denies that all financial services are provided by Ameriprise Financial advisors in facilities operated by Ameriprise Financial. Denies the remaining allegations of Paragraph 6, and affirmatively states that Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

7. In response to Paragraph 7 of the Complaint, denies the allegations therein.

8. In response to Paragraph 8 of the Complaint, denies the allegations therein.

9. In response to Paragraph 9 of the Complaint, denies the allegations therein, but affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

10. In response to Paragraph 10 of the Complaint, denies the allegations therein, but affirmatively states that the statutes therein referenced do not apply to Plaintiff or putative class members, who have and/or had franchises affiliated with, but were not employees of, Ameriprise Financial.

11. In response to Paragraph 11 of the Complaint, denies the allegations therein.

12. In response to Paragraph 12 of the Complaint, admits that venue is proper in this judicial district, but denies the remaining allegations of Paragraph 12.

13. In response to Paragraph 13 of the Complaint, denies that Plaintiff was employed by Ameriprise Financial at any time during the putative class period identified in her Complaint. Affirmatively states that Plaintiff was a franchisee affiliated with, and not an employee of, Ameriprise Financial.

14. In response to Paragraph 14 of the Complaint, denies the allegations therein.

15. In response to Paragraph 15 of the Complaint, states that it sets forth explanatory material to which no response is required, but denies that any persons are "eligible for membership in the Plaintiff Class" and denies that this matter may proceed as a class action.

16. In response to Paragraph 16 of the Complaint, states that there is no proper class identified in the Complaint, and denies that this matter may proceed as a class action. See also Paragraph 23, infra.

17. In response to Paragraph 17 of the Complaint, admits that Ameriprise Financial is a foreign corporation, as it is organized and exists under the laws of the State of Delaware, and further admits that its principal place of business is in Minneapolis, Minnesota. States that Ameriprise Financial is a financial services firm with its headquarters in Minneapolis, Minnesota, and that it provides a variety of financial services to persons and entities nationwide. Defendant Ameriprise Financial Services, Inc. was created on September 30, 2005, when it was spun off from American Express Company pursuant to a Separation and Distribution Agreement. Defendant Ameriprise Financial Services, Inc. is Ameriprise Financial, Inc.'s primary wholly-owned, retail brokerage subsidiary and principal marketing unit. Prior to September 30, 2005, Defendant Ameriprise Financial Services, Inc. was known as American Express Financial Advisors, Inc. Admits that Ameriprise Financial is a registered member of the National Association of Securities Dealers (NASD).

18. In response to Paragraph 18 of the Complaint, denies the allegations therein.

19. In response to Paragraph 19 of the Complaint, with respect to the first sentence therein, states that it lacks knowledge or information sufficient to admit or deny anything regarding the identity of proposed defendants Does 1 through 100, inclusive, as those proposed defendants have not yet been identified. Denies the remaining allegations of Paragraph 19.

20. In response to Paragraph 20 of the Complaint, states that the first two sentences therein set forth explanatory material to which no response is required. Denies the remaining allegations of Paragraph 20.

21. In response to Paragraph 21 of the Complaint, denies the allegations therein.

22. In response to Paragraph 22 of the Complaint, admits that there is no applicable

collective bargaining agreement and thus there is no dispute over the terms of any collective bargaining agreement.

23. In response to Paragraph 23 of the Complaint, admits that Plaintiff purports to bring a class action, but denies that Plaintiff is a proper representative for any action on behalf of persons who are employed by Ameriprise Financial. States that Plaintiff and all putative class members (P2 Independent Advisors) are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial, and therefore denies that the putative class set forth in Paragraph 23 exists or ever existed. Denies that this matter may proceed as a class action and denies that Plaintiff or any putative class members are entitled to any relief whatsoever.

24. In response to Paragraph 24 of the Complaint, states that it sets forth explanatory material to which no response is required.

25. In response to Paragraph 25 of the Complaint, admits that Plaintiff has filed a purported class action, but denies that this lawsuit properly can be maintained on that basis. States that Plaintiff and all putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial, and therefore denies that Plaintiff's purported putative class exists or ever existed. Further states that the allegations of Paragraph 25 and its subparts set forth legal conclusions to which no response is required, but denies the allegations of Paragraph 25 and its subparts and affirmatively states that the statutes and Wage Orders referenced in the subparts to Paragraph 25 are not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

26. In response to Paragraph 26 of the Complaint, denies the allegations therein, but affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

27. In response to Paragraph 27 of the Complaint, denies the allegations therein, but affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

28. In response to Paragraph 28 of the Complaint, denies that any "Class Members suffered deductions," and states that Plaintiff's purported putative class does not exist and never existed, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

29. In response to Paragraph 29 of the Complaint, admits that franchisees are responsible for costs of running their franchises per their Franchise Agreements, but otherwise denies the allegations of Paragraph 29.

30. In response to Paragraph 30 of the Complaint, denies the allegations therein, but affirmatively states that the statutes and Wage Orders referenced therein are not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

31. In response to Paragraph 31 of the Complaint, states that the allegations therein set forth legal conclusions to which no response is required, but denies that the statutes referenced therein are applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

32. In response to Paragraph 32 of the Complaint, denies the allegations therein, but affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

33. In response to Paragraph 33 of the Complaint, denies that Plaintiff and putative class members were employees of Ameriprise Financial such that there could have occurred a "termination of their employment," and further denies any remaining allegations of Paragraph 33.

34. In response to Paragraph 34 of the Complaint, denies that Plaintiff and putative class members were employees of Ameriprise Financial, and thus denies that any "have left Ameriprise [Financial]'s employ."

35. In response to Paragraph 35 of the Complaint, denies the allegations therein, but affirmatively states that the statute referenced therein is not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise

Financial.

36. In response to Paragraph 36 of the Complaint, denies the allegations therein, but affirmatively states that the statutes referenced therein are not applicable, as Plaintiff and putative class members are and/or were franchisees affiliated with, and not employees of, Ameriprise Financial.

37. In response to Paragraph 37 of the Complaint, restates its responses to Paragraphs 1-36 as if fully set forth herein.

38. In response to Paragraph 38 of the Complaint, states that it is without knowledge or information sufficient to admit or deny the allegations therein, but otherwise states that the number of hours Plaintiff and/or any putative class member worked during a given workday or workweek is an individualized issue inappropriate for class treatment, and is inappropriate since Plaintiff and/or any putative class member ran their own franchises.

39. In response to Paragraph 39 of the Complaint, denies the allegations therein, but affirmatively states that neither Plaintiff nor the putative class members are employees under any Wage Order or provision of the California Labor Code.

40. In response to Paragraph 40 of the Complaint, denies the allegations therein, and affirmatively states that the statutes excerpted in the subparts to Paragraph 40 speak for themselves.  Further specifically denies that Ameriprise Financial has or had any duty to comply with the statutes therein excerpted vis-à-vis Plaintiff or putative class members, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

41. In response to Paragraph 41 of the Complaint, denies the allegations therein.

42. In response to Paragraph 42 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff and putative class members are entitled to any of the relief alleged and sought therein against Ameriprise Financial.

43. In response to Paragraph 43 of the Complaint, restates its responses to Paragraphs 1-42 as if fully set forth herein.

44. In response to Paragraph 44 of the Complaint, denies the allegations therein.

-7-   **AMENDED ANSWER TO COMPLAINT**
**CASE NO. C 07-3168**

45.  In response to Paragraph 45 of the Complaint, denies the allegations therein.

46.  In response to Paragraph 46 of the Complaint, denies that Ameriprise Financial has or had any duty to comply with the statutes referenced in therein vis-à-vis Plaintiff or putative class members, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial. Further denies any remaining allegations of Paragraph 46.

47.  In response to Paragraph 47 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

48.  In response to Paragraph 48 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

49.  In response to Paragraph 49 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

50.  In response to Paragraph 50 of the Complaint, denies the allegations therein.

51.  In response to Paragraph 51 of the Complaint, states that the statute referenced therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

52.  In response to Paragraph 52 of the Complaint, denies that Plaintiff is entitled to any of the relief she "demands" therein, as Plaintiff was never an employee of Ameriprise Financial during the relevant time period.

53.  In response to Paragraph 53 of the Complaint, restates its responses to Paragraphs 1-52 as if fully set forth herein.

54.  In response to Paragraph 54 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

55.  In response to Paragraph 55 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members

were franchisees affiliated with, and not employees of, Ameriprise Financial.  Further specifically denies that Plaintiff or putative class members had an employment contract with Ameriprise Financial.

56. In response to Paragraph 56 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

57. In response to Paragraph 57 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

58. In response to Paragraph 58 of the Complaint, states that the Wage Order excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

59. In response to Paragraph 59 of the Complaint, denies the allegations therein.

60. In response to Paragraph 60 of the Complaint, denies the allegations therein.

61. In response to Paragraph 61 of the Complaint, denies the allegations therein.

62. In response to Paragraph 62 of the Complaint, denies the allegations therein.

63. In response to Paragraph 63 of the Complaint, denies that Plaintiff is entitled to any of the relief she "demands" therein, as Plaintiff was never an employee of Ameriprise Financial during the relevant time period.

64. In response to Paragraph 64 of the Complaint, restates its responses to Paragraphs 1-63 as if fully set forth herein.

65. In response to Paragraph 65 of the Complaint, denies that Ameriprise Financial has or had any duty to comply with the statutes referenced therein vis-à-vis Plaintiff or putative class members, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.  Further denies any remaining allegations of Paragraph 65.

66. In response to Paragraph 66 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

67. In response to Paragraph 67 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

68. In response to Paragraph 68 of the Complaint, states that the Wage Orders referenced therein speak for themselves, and denies that they are applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

69. In response to Paragraph 69 of the Complaint, states that the Wage Order excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

70. In response to Paragraph 70 of the Complaint, states that the Wage Order excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

71. In response to Paragraph 71 of the Complaint, denies the allegations therein.

72. In response to Paragraph 72 of the Complaint, denies that Plaintiff or putative class members are entitled to any of the relief alleged and requested against Ameriprise Financial therein, as they were never employees of Ameriprise Financial during the relevant time period. Denies any remaining allegations of Paragraph 72.

73. In response to Paragraph 73 of the Complaint, restates its responses to Paragraphs 1-72 as if fully set forth herein.

74. In response to Paragraph 74 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

75. In response to Paragraph 75 of the Complaint, States that the Wage Orders referenced therein speak for themselves, and denies that they are applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

76. In response to Paragraph 76 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

77. In response to Paragraph 77 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

78. In response to Paragraph 78 of the Complaint, states that it sets forth explanatory material to which no response is required.

79. In response to Paragraph 79 of the Complaint, denies the allegations therein.

80. In response to Paragraph 80 of the Complaint, denies that Plaintiff or putative class members are entitled to any of the relief alleged and requested against Ameriprise Financial therein, as they were never employees of Ameriprise Financial during the relevant time period. Denies any remaining allegations of Paragraph 80.

81. In response to Paragraph 81 of the Complaint, restates its responses to Paragraphs 1-80 as if fully set forth herein.

82. In response to Paragraph 82 of the Complaint, states that the statute excerpted therein speaks for itself, and denies that it is applicable, as Plaintiff and putative class members were franchisees affiliated with, and not employees of, Ameriprise Financial.

83. In response to Paragraph 83 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff or putative class members were employed by Ameriprise Financial during the putative class period—they were franchisees affiliated with Ameriprise Financial.

84. In response to Paragraph 84 of the Complaint, denies the allegations therein, and further specifically denies that Plaintiff or putative class members were in Defendant's employ during the putative class period—they were franchisees affiliated with Ameriprise Financial.

85. In response to Paragraph 85 of the Complaint, denies that Plaintiff or putative class members are entitled to any of the relief alleged and requested against Ameriprise Financial therein, as they were never employees of Ameriprise Financial during the relevant time period—

they were franchisees affiliated with Ameriprise Financial. Denies any remaining allegations of Paragraph 85.

86. In response to Paragraph 86 of the Complaint, restates its responses to Paragraphs 1-85 as if fully set forth herein.

87. In response to Paragraph 87 of the Complaint, admits only that Plaintiff purports to seek equitable, statutory, and restitutionary relief, and denies the remaining allegations of Paragraph 87.

88. In response to Paragraph 88 of the Complaint, denies the allegations therein.

89. In response to Paragraph 89 of the Complaint, denies the allegations therein.

90. In response to Paragraph 90 of the Complaint, denies the allegations therein.

91. In response to Paragraphs 1-20 contained in the "Relief Sought" section of the Complaint, Ameriprise Financial denies that Plaintiff and/or any putative class members are entitled to any of the requested relief whatsoever.

**FIRST AFFIRMATIVE DEFENSE**

92. The Complaint as whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

93. The Complaint and each purported cause of action alleged therein fails to state a cause or causes of action against Defendant as it is not and was not Plaintiff's or putative class members' employer. Rather, Plaintiff and putative class members were franchisees affiliated with Ameriprise Financial.

**THIRD AFFIRMATIVE DEFENSE**

94. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 339, and 340, and Business and Professions Code § 17208.

**FOURTH AFFIRMATIVE DEFENSE**

95.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

**FIFTH AFFIRMATIVE DEFENSE**

96.     Plaintiff's claims may be barred, in whole or in part, by their failure to reasonably mitigate or avoid their alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

97.     Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff and/or any purported putative class member has previously pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement or the United States Department of Labor.

**SEVENTH AFFIRMATIVE DEFENSE**

98.     Plaintiff's class action allegations must be dismissed because an independent and individual analysis of each Plaintiff's and putative class member's claims, and each of Defendant's defenses to such claims, is required.

**EIGHTH AFFIRMATIVE DEFENSE**

99.     Plaintiff and putative class members have received payment for all amounts owing and due to them.

**NINTH AFFIRMATIVE DEFENSE**

100.    Plaintiff's claims may be barred, in whole or in part, and/or recovery may be precluded, because Defendant's conduct was not willful, and there was a good faith dispute as to whether any amounts are owed.

**TENTH AFFIRMATIVE DEFENSE**

101.    Defendant's actions towards Plaintiff and putative class members were entirely justified, proper, and lawful.

**ELEVENTH AFFIRMATIVE DEFENSE**

102. To the extent Plaintiff and putative class members seek equitable causes of action for injunctive or equitable relief, those claims are barred because there is an adequate remedy at law and no showing of a continuing violation.

**TWELFTH AFFIRMATIVE DEFENSE**

103. Without admitting the allegations of the Complaint, Defendant alleges Plaintiff's purported Seventh Cause of Action is barred in that the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, that Defendant gained no competitive advantage by such practices, and that the benefits of the alleged practices outweigh any harm or other impact they may cause.

**THIRTEENTH AFFIRMATIVE DEFENSE**

104. Any claims by Plaintiff for monetary damages under California Business and Professions Code § 17200, et seq., are barred in whole and or in part by those very statutes.

**FOURTEENTH AFFIRMATIVE DEFENSE**

105. Plaintiff's claims are barred, in whole or in part, because the Defendant's business practices are and were not unlawful in that Defendant complied with all applicable statutes and regulations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

106. Defendant's actions were for legitimate business reasons made in good faith and were not based upon a violation of public policy or other factors protected by law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

107. Plaintiff's claims are barred, in whole or in part, because Plaintiff and any purported putative class members have no private right of action based upon allegations of lost meal and rest periods, waiting time penalties, and failure to state itemized wage statements, which only constitute a penalty under the law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

108. The Complaint fails to properly state a cause of action or causes of action for attorneys' fees against Defendant on any basis.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

109. Any alleged act or omission giving rise to Plaintiff's claims was undertaken in good faith and Defendant had reasonable grounds to believe that any such act or omission (which Defendant denies) was not a violation of any provision of the Labor Code or any Wage Order.

**NINETEENTH AFFIRMATIVE DEFENSE**

110. Plaintiff is not a proper representative for the putative class she purports to represent; this action is not a proper class action; and the putative class defined in the Complaint is fatally flawed.

**TWENTIETH AFFIRMATIVE DEFENSE**

111. Even if Plaintiff and/or putative class members were employees of Ameriprise Financial, which they are not, they would be exempt from overtime compensation under the applicable wage and hour laws.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

112. If Plaintiff and/or putative class members were employees of Ameriprise Financial, which they are not, Plaintiff and/or putative class members were unjustly enriched by receiving the benefits of being classified as franchisees and not employees, including but not limited to payouts at the much higher rate applicable to franchisees rather than that for employee advisors. Accordingly, in the event Plaintiff and/or putative class members were somehow determined to have been employees of Ameriprise Financial, the Company would be entitled to a setoff for any such overpayments or other franchisee benefits which were conferred upon them but which are not available to employee advisors.

**COUNTERCLAIM (RESTITUTION)**

113. Ameriprise Financial, for its Counterclaim, states and alleges as follows:

114. Ameriprise Financial repeats and realleges its allegations and defenses contained in Paragraphs 1 through 112, as if fully set forth herein, and states that each and every one of Plaintiff's claims are without merit, in their entirety, but further states that if Plaintiff's claims are determined to be meritorious in any respect, and Plaintiff is determined to be entitled to any of the

relief sought in the Complaint (on a class or any other basis), then, in the alternative, Ameriprise Financial is entitled to relief against Plaintiff as set forth herein.

115. Moreover, Ameriprise Financial repeats and realleges its allegations and defenses contained in Paragraphs 1 through 112, as if fully set forth herein, and states that each and every one of Plaintiff's claims are without merit, in their entirety, and that Plaintiff's complaint should not be certified as a class, but further states that if Plaintiff's claims are determined to be meritorious in any respect, Plaintiff and/or putative class members are determined to be entitled to any of the relief sought in the Complaint (on a class or any other basis), and the class is certified, then, in the alternative, Ameriprise Financial is entitled to relief against those putative class members who do not opt out, as set forth herein.

116. Plaintiff and putative class members were given the option of affiliating with Ameriprise Financial as an employee under Platform 1 or as a franchisee under Platform 2.

117. Plaintiff and those putative class members who do not opt out elected to affiliate with Ameriprise Financial as P2 Independent Advisors /franchisees, with said affiliations governed by the terms and conditions of the franchise platform.

118. As P2 Independent Advisors, Plaintiff and putative class members have knowingly received, among other things, significantly higher compensation rates than they would have received had they elected to become affiliated with Ameriprise Financial as P1 employee advisors.

119. In the event the court were somehow to determine that Plaintiff and/or putative class members were employees of Ameriprise Financial, which they are not, under principles of restitution, unjust enrichment, recoupment, or other similar equitable principles, and/or this court were somehow to determine that the class proposed by Plaintiff should be certified, which it should not, Plaintiff and/or putative class members would be obligated to repay to Ameriprise Financial the difference between the payouts they received as franchisees pursuant to the P2 Independent Advisor platform and that to which they would have been entitled as P1 employee advisors.

**CONCLUSION**

Wherefore, Defendant Ameriprise Financial requests that the Court grant the following relief:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Award Defendant costs and disbursements incurred herein in defending against Plaintiff's frivolous action which asserts claims under employment law on behalf of individuals who were clearly franchisees and not employees, including reasonable attorneys' fees;

3. Award Defendant damages on its conditional counterclaim if the conditions are satisfied.

4. Award Defendant such other relief as the Court may deem just and proper.

Dated: February 29, 2008                DORSEY & WHITNEY LLP


By: _____/s/_____
KAREN E. WENTZEL
Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.