Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. #241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
web:     www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff and<br>　　　　　Respondent,<br>vs.<br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants and<br>　　　　　Counter-<br>　　　　　Claimants. | **Case No.: 07-3168 PHJ**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S CONDITIONAL COUNTERCLAIM** |

**COMES NOW** Representative Plaintiff Sylvia Johnson's (Plaintiff) Response, by and through her attorneys, and on behalf of all those similarly situated, to the Conditional Counterclaim of Ameriprise Financial Services, Inc. (Defendant). Plaintiff generally denies each and every allegation in Defendant's Conditional Counterclaim as set forth below, and further states that Plaintiff's Response thereto is not yet due because none of the conditions on which Defendant bases its Counter-claim have occurred and, thus, Defendant states no claim upon which it may currently seek relief. Therefore, without waiving her ability to file a further Response on her own behalf and on behalf of the putative class, and pending the outcome of additional discovery, Plaintiff responds generally as follows:

Plaintiff denies all allegations contained in Paragraphs 114-119 of Defendant's Amended Answer and Conditional Counterclaim, and further denies that she or any other putative class member was provided a true choice as to the terms of her affiliation/employment with Defendant under its P-1 and P-2 platforms. Plaintiff further denies that she or any other putative class member profited from their affiliation with Ameriprise as P-2s, or that Defendant is entitled to the difference in pay-out rates between P-1s and P-2s, on the grounds that the cost to P-2s of their affiliation with Defendant off-sets any differential in payout between the P-1 and P-2 platforms.

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged in Defendant's Conditional Counterclaim, and without waiving the right to file an additional responsive pleading upon the occurrence of any of the events on which Defendant's Counterclaim depends, Plaintiff also pleads the following affirmative separate defenses to Defendant's Conditional Counterclaim:

### FIRST AFFIRMATIVE DEFENSE

The Conditional Counterclaim, and each of its purported causes of action, fail to allege facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

The Conditional Counterclaim, and each of its purported causes of action, are barred in whole or in part by all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant is estopped from pursuing the claims in its Conditional Counterclaim, and each of its purported causes of action, by reason of Defendant's own actions and course of conduct.

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**FOURTH AFFIRMATIVE DEFENSE**

Defendant was responsible for the acts and damages which Defendant claims.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant has waived the right, if any, to pursue the claims in the Conditional Counterclaim, and each of its purported causes of action, by reason of Defendant's own actions and course of conduct.

**SIXTH AFFIRMATIVE DEFENSE**

The Conditional Counterclaim, and each of its purported causes of action, are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

The Conditional Counterclaim, and each of its purported causes of action, are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

The Conditional Counterclaim, and each of its purported causes of action, are barred by the doctrine of avoidable consequences.

**TENTH AFFIRMATIVE DEFENSE**

Defendant has failed to mitigate or reasonably attempt to mitigate its damages, if any, as required by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Counterclaim, and each of its purported causes of action, are barred because any set-off and/or recovery from Plaintiff or putative class members would result in Defendant's unjust enrichment.

**RELIEF REQUESTED**

Plaintiff Sylvia Johnson asks for herself and on behalf of putative class members for judgment in her favor, including:

(1) That Defendant's Conditional Counter-claim be dismissed;

(2) That Plaintiff be awarded her costs of suit, reasonable attorney's fees, and such other relief as is proper.

Dated: April 18, 2008

**SCOTT COLE & ASSOCIATES, APC**

By: /s/Carrie S. Lin,
Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class