Karen E. Wentzel (SBN 112179)
DORSEY & WHITNEY LLP
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717 : phone
(650) 857-1288 : fax
Email:  efilingPA@dorsey.com

Edward B. Magarian (admitted *pro hac vice*)
Zeb-Michael Curtin (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600 : phone
(612) 340-2777 : fax
Email: magarian.edward@dorsey.com
       curtin.zeb@dorsey.com

Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No.  C 07-03168 PJH/JL<br><br>**DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S MOTION TO COMPEL DISCOVERY**<br><br>**Before:**<br>**Chief Magistrate Judge James Larson**<br><br>**Date:  August 13, 2008**<br>**Time:  9:30 a.m.** |

1  PLEASE TAKE NOTICE that on Wednesday, August 13, 2008, beginning at or around
2  9:30 a.m. before the Honorable Chief Magistrate Judge James Larson in Courtroom F of the San
3  Francisco branch of the United States District Court, Northern District, 450 Golden Gate Avenue,
4  San Francisco, California, Defendant Ameriprise Financial Services, Inc. will move pursuant to
5  Federal Rule of Civil Procedure 37 for an order compelling Plaintiff Sylvia Johnson to respond to
6  Defendant's Document Request No. 23, as detailed below.

## FACTUAL BACKGROUND

Plaintiff was given the choice of whether to establish a franchise with Ameriprise Financial as a P2 Independent Advisor or to be hired by Ameriprise Financial as a P1 Employee Advisor. Although she chose to set up a franchise with Ameriprise Financial, Plaintiff now alleges in her lawsuit that she is not, and has never been, a franchisee, but instead has always been an employee of Ameriprise Financial.

Plaintiff asserts numerous causes of action, which depend, in part, on a finding that Plaintiff was an "employee" of Ameriprise Financial, and seeks to recover, among other things, her business expenses. *See, e.g.,* Complaint ¶¶ 44-52.

Defendant served its first set of document requests and interrogatories on December 6, 2007, seeking discovery relevant to Plaintiff's claim. Based on a stipulated extension, Plaintiff's responses were due no later than January 15, 2008. *See* Declaration of Zeb Curtin ¶ 2. At issue are a document request, and response, which state as follows:

**DEFENDANT'S REQUEST FOR PRODUCTION NO. 23:**

> Complete and signed sets of you and your franchise's federal and state income tax returns, with all schedules and exhibits, for the years 1989 and 1990 and 2000 through the present.

**PLAINTIFF'S RESPONSE:**

> Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within equal custody and control of Defendant. Plaintiff also objects to this request insofar as it violates Plaintiff's constitutional right to privacy. Plaintiff additionally objects to this request as it is intended to, and does, cause unwarranted annoyance, embarrassment and oppression. Finally, Plaintiff objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

-1-

**DEFENDANT'S MOTION TO COMPEL**
**CASE NO. C 07-3168**

1       Based on the foregoing objections, Plaintiff declines to respond to this request.

Curtin Decl. Ex. A (true and correct copy of request and response).

      After exchanging discovery responses in January 2008, the parties engaged in a series of meet and confer telephone conferences, starting on February 6, 2008.  During the first meet and confer, Plaintiff's counsel agreed to forward case law she believed "clearly supported" her objections, but also offered to check with her client about whether she would be willing to produce certain of the responsive documents.  *Id.* at ¶ 3.

      Having heard nothing on the subject from Plaintiff's counsel for six weeks, Defendant's counsel wrote on March 21, 2008 inquiring about when Plaintiff intended to forward the case law allegedly supporting her objections.  *Id.* at Ex. B (E-Mail from Z. Curtin to C. Lin (Mar. 21, 2008)).  Plaintiff's counsel wrote back later that day, stating that "forced disclosure of an individual's tax returns is only appropriate where 'the gravamen of the lawsuit is inconsistent with claiming the privilege,' an [sic] as, for example, in an action for income tax evasion.  *Fortunato v. Superior Court*, 114 Cal. App. 4th 475 (2003); *Webb v. Standard Oil Company of California*, 49 Cal. App. 2d 509 (1957)."  *Id.* at Ex. C (E-Mail from C. Lin to Z. Curtin (Mar. 21, 2008)).  The cases cited by Plaintiff discussed a statutory tax return privilege in California which was <u>not</u> raised in Plaintiff's objections.  Notwithstanding additional meet and confers on March 26 and April 1, Plaintiff's counsel maintained her position that the returns were not discoverable, and informed Defendant she would not be producing any income tax returns without being ordered by the Court to do so.  *Id.* at ¶ 3.

      In one final attempt to avoid this motion, Defendant's counsel offered on April 30, 2008, to limit the scope of its request to the portions of Plaintiff's income tax returns directly related to her business expenses; namely, federal IRS Form 1040 and Schedule C thereto and their California state equivalents.  *Id.* at ¶ 4.  Plaintiff's counsel refused to produce even these limited documents.  *Id.*.  Defendant's counsel thereafter attempted to revisit the issue several times (most recently June 16, 2008), but Plaintiff's counsel refused to change her position and informed Defendant it would be required to file a motion to compel.  *Id.* at ¶ 5.

On June 19, 2008, Defendant moved under Local Rule 7-11 for leave to file a motion to compel in the form of a 5-page motion plus exhibits. The Court denied that motion on June 23, 2008, informing Defendant that it should instead file a formally-noticed motion to compel. Ameriprise Financial hereby respectfully requests that the Court order Plaintiff to produce the limited set of documents requested on April 30, 2008.

## ARGUMENT

The scope of permissible discovery is broad. Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any non-privileged matter that is relevant to any party's claim or defense." Plaintiff, as the party resisting discovery here, has the burden to establish that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting her objections. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); Fed. R. Civ. P. 26(b)(1). Plaintiff's attempted invocation of California's "tax return privilege" to block production of selected portions of tax returns is not only untimely but it is inconsistent with her claims in this lawsuit.

**A.     Plaintiff Waived Any Statutory "Tax Return Privilege" Objection.**

Plaintiff did assert several timely objections to Document Request No. 23, as discussed below, but none of those objections invoked a California state statutory tax return privilege. Curtin Decl. Ex. A. Plaintiff did not even assert the statutory tax return privilege until March 21, 2008, in an email to defense counsel, two months <u>after</u> her objections and responses were due. *Id.* at Ex. C. Federal Rule of Civil Procedure 34(b)(2)(A) requires a party to respond to document requests "in writing within 30 days after being served" or within a shorter or longer time if stipulated by the parties. "If a party fails to file timely objections to [discovery] requests, such a failure constitutes a waiver of any objections which a party might have to the requests. [Citations omitted.] Therefore, <u>[a] court will not consider any objections that were not asserted in the responding party's original discovery responses</u>." *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) (emphasis added). Because Plaintiff did not timely assert the

statutory tax return privilege objection, she cannot properly withhold the requested documents on such grounds. *Ramirez*, 231 F.R.D. at 409-10.

**B.     The Objections Plaintiff Did Timely Raise Lack Merit.**

Although the objections Plaintiff actually did assert in her discovery responses were timely, they lack merit. First, Plaintiff objects that the requested documents are "within equal custody and control of Defendant." This objection makes no sense. Why would Ameriprise Financial have her tax returns or access to them? If the Company had the tax returns, or access to them, it would not need to bring this motion, or ask Plaintiff for the records. Second, Plaintiff objects citing to a "constitutional right to privacy." Established California law makes clear there is no such right under either the California or federal constitutions. *Weingarten v. Superior Court*, 102 Cal. App. 4th 268, 274 (2002) ("There is no recognized federal or state constitutional right to maintain the privacy of tax returns."). Finally, there can be no evidence that Defendant's request "is intended to, [or] does, cause unwarranted annoyance, embarrassment and oppression." Rather, as detailed below, Defendant seeks only those portions of her returns which are directly relevant to Plaintiff's claims in this lawsuit, and the Company's defense thereto.

**C.     Even If The Court Were To Consider The Untimely Statutory Privilege Objection, It Should Be Overruled.**

While "California courts . . . have interpreted state taxation statutes as creating a statutory privilege against disclosing tax returns," the "tax return privilege" is not absolute. *Weingarten*, 102 Cal. App. 4th at 274. It is well established, for example, that the privilege "is inapplicable where the gravamen of the lawsuit is inconsistent with claiming the privilege." *See, e.g.*, *Fortunato*, 114 Cal. App. 4th at 479 (citing *Schnabel v. Superior Court*, 5 Cal. 4th 704, 721 (1993)).

The requested portions[1] of Plaintiff's tax returns go to the heart of her claims. First, by

---

[1] Defendant does not seek complete copies of Plaintiff's tax returns. Defendant limited its request to select portions of her state and federal filings which go to the heart of her claims. Specifically, Defendant seeks only Plaintiff's federal IRS Form 1040 and Schedule C thereto, if any, and state equivalents from 1989-1990, <u>the year that Plaintiff worked as an employee</u>. In addition, Defendant seeks her federal IRS Form 1040 and Schedule C thereto (and state equivalents) for <u>the years she was a franchisee</u> (2000 through 2007).

disputing Plaintiff's status as a franchisee, Plaintiff places her tax returns squarely at issue under California law. California courts make clear that one of the factors in determining whether a relationship is one of employment is "whether or not the parties believe they [were] creating an employer-employee relationship." *S&G Borello & Sons v. Dept. of Indus. Relations*, 48 Cal.3d 341, 350-51 (1989). Schedule C to IRS Form 1040, entitled "Profit or Loss from Business (Sole Proprietorship)," permits individuals who are self-employed (or sole proprietors) to report net income or losses related to their business. *See* Schedule C (attached as Ex. D to Curtin Decl.); IRS Instructions for Schedule C, at C-1 (attached as Ex. E to Curtin Decl.). A franchisee operating a franchise business in his or her name (without forming a separate legal entity) is an example of such a sole proprietor. Employees, on the other hand, are not entitled to file a Schedule C and instead would claim employment-related expenses on Schedule A to IRS Form 1040. *See* IRS Instructions for Schedule A, at A-1 (attached as Ex. F to Curtin Decl.) (providing for deductions regarding "unreimbursed employee business expenses"). By filing either Schedule A (showing employee expenses) or Schedule C, an individual takes a position as to whether he or she is an employee or is self-employed for income tax purposes. How Plaintiff treated herself for tax purposes, and whether she took advantage of deductions and/or credits not available to employees, are directly relevant to whether she believed she was creating an employer-employee relationship. Another factor is "the alleged employee's opportunity for profit or loss depending on his managerial skill." *See* 48 Cal.3d at 355. The requested documents will provide direct evidence of the fact that Plaintiff's opportunity for profit or loss depended on how she ran her franchise. *See* Curtin Decl. Ex. D (Schedule C, entitled "Profit or Loss from Business").

Second, the requested portions of Plaintiff's tax returns also go the heart of her claim for reimbursement of business expenses. As is clear from the face of the attached Schedule C, that schedule provides lines for sole proprietors, such as franchisees, to itemize certain business expenses, including advertising expenses, business property rental expenses, business supply expenses, travel and meal expenses, expenses regarding legal and professional services obtained in connection with their businesses, and other business-related expenses. *See* Curtin Decl. Ex. D. The amount of such claimed business expenses is netted against the gross revenues derived from

the sole proprietor's business and the resultant figure (either income or loss) is carried to the body of Form 1040 (line 12). *See id.* These are precisely the type of "business expenses" for which Plaintiff has sought reimbursement, and the privilege thus is not applicable to prevent discovery of the requested portions of her tax returns. *Cf. Newson v. City of Oakland*, 37 Cal. App. 3d 1050, 1055 (1974) (finding assertions of privilege inconsistent with assertions for lost income); *Young v. United States*, 149 F.R.D. 199, 205 (S.D. Cal. 1993) (finding plaintiff waived any tax return privilege to the extent she placed tax records in issue by making claim for damages of past and future lost wages).[2] Defendant respectfully requests that its motion be granted.

Dated: July 8, 2008                               DORSEY & WHITNEY LLP


By:   s/Zeb Curtin
      ZEB CURTIN
      Attorneys for Defendant

---

[2] Plaintiff should not be allowed to hide behind an assertion of privilege to prevent Defendant from discovery regarding those claims. In *Wilson v. Superior Court*, 63 Cal. App. 3d 825 (1976), the plaintiff filed a lawsuit alleging that the defendants negligently advised her on the tax consequences of her sale of real property. The Court of Appeal held that the gravamen of the plaintiff's lawsuit was inconsistent with her continued assertion of the tax return privilege, and thus the privilege had been, in fact, waived. *Id.* at 830. The court agreed that a plaintiff should not be allowed to "have his cake and eat it too" by placing a subject at issue then invoking a privilege in an attempt to prevent discovery regarding that very subject. *Id.* at 829 (quoting *City & County of S.F. v. Superior Court*, 37 Cal.2d 277, 232 (1951)). That is precisely what Plaintiff attempts to do in this case.