Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie Lin, Esq. (S.B. #241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

## UNITED STATES DISTRICT COURT

## NORTHEN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERIPRISE FINANCIAL SERVICES, INC.<br><br>Defendant, | Case No.:C07-3168 PJH/JL<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S MOTION TO COMPEL PRODUCTION OF SYLVIA JOHNSON'S TAX RETURNS**<br><br>Date:       August 13, 2008<br>Time:       9:30 a.m.<br>Courtroom: 3<br>Judge:      Hon. James Larson |

### I.    INTRODUCTION

Through this Motion, defendant Ameriprise Financial Services (hereinafter "Ameriprise" and/or "Defendant") demands production of plaintiff Sylvia Johnson's tax returns, documents that are not only protected by a state statutory privilege, but by Ms. Johnson's inherent privacy right to her personal financial information. The tax returns sought are of marginal relevance to the issues in this litigation. Even after months of meeting and conferring on the topic, Defendant still fails to present arguments or facts that would justify overriding the qualified privilege and privacy rights attached thereto. From Defendant's Motion, it appears that the sole justification for its demand stems from fact that plaintiff Sylvia Johnson has filed a lawsuit against Ameriprise. As such, Plaintiff requests that the Court deny Defendant's Motion with prejudice.

**II.   STATEMENT OF FACTS**

Plaintiff filed this action on behalf of herself and a proposed class of California Financial Advisors on May 17, 2007 in San Francisco Superior Court. The lawsuit alleges that Ameriprise Financial mis-classifies its P-2 Financial Advisors as independent contractors rather than employees, thereby depriving them of, *inter alia*, monies owed for business expenditures under California Labor Code Section 2802. Defendant removed the action to federal court shortly thereafter.

At the Initial Case Management Conference held on September 11, 2007, presiding judge Phyllis J. Hamilton ordered Plaintiff to file her Motion for Class Certification on the same date as Defendant's Motion for Summary Judgment. *Declaration of Carrie S. Lin*, ¶ 2, *Ex. A*. As such, discovery in this action is currently limited to issues regarding class certification, and the propriety of Ameriprise's classification of Plaintiff and putative class members as independent contractors rather than employees. *Id.* The Court did not authorize discovery on the issue of damages on either an individual or class wide basis.

On December 7, 2007, Ameriprise propounded the first of three sets of discovery demanding, *inter alia*, Ms. Johnson's income tax returns for the years 1989-1990, and 2000-2007. Plaintiff objected on various grounds, including her right to privacy in the underlying documents. *Lin Decl.* ¶ 3 *Ex. B*. Over the course of several months, the parties met and conferred telephonically and via letter regarding the propriety of Ameriprise's discovery demand. *Lin Decl.* ¶ 4, *Ex. C*. In addition to the objections listed in her original response to Defendant's discovery, Plaintiff pointed out to Defendant that the documents at issue were protected under California law by a statutory privilege. *Lin Decl.* ¶ 5. Plaintiff repeatedly invited Defendant to make a proffer of relevance as to how her tax returns were relevant to either class certification issues or the legal test for determining the status of independent contractors. *Id.* Defendant claimed that the tax returns were relevant to the issue of whether Ms. Johnson held herself out to be an independent contractor or an employee, and/or whether Ms. Johnson had an opportunity for profit or loss under the terms of her franchise with Ameriprise. *Lin Decl.* ¶ 6. Although Plaintiff vigorously disputed that the tax returns were relevant to either of these two factors of the independent contractor test, she offered to stipulate to a less invasive form of discovery, i.e., she offered to stipulate that she had, in fact, filled out her tax returns

as an independent contractor rather than an employee. *Lin Decl*. ¶ 6. Defendant continued to insist on production of the documents at issue, and filed the underlying motion. *Lin Decl*. ¶ 7.

Plaintiff filed this Motion to Compel shortly thereafter.

### III. LEGAL ARGUMENT

#### A. CALIFORNIA'S STATUTORY PRIVILEGE AGAINST DISCLOSURE OF INCOME TAX RETURNS PREVENTS DEFENDANT FROM OBTAINING THE DOCUMENTS SOUGHT

California courts have created a statutory privilege against disclosure of an individual's income tax returns. *Weingarten v. Superior Court*, 102 Cal.App.4th 268, 274 (2002); *Webb v. Standard Oil*, 49 Cal.2d 509 (1957); *Schnabel v. Superior Court*, 5 Cal.4th 704 (1993); *Fortunato v. Superior Court*, 114 Cal.App.4th 475 (2003). In diversity actions, state law, rather than federal law, governs the applicability of this privilege. *Davis v. Leal*, 43 F.Supp.2d 1102 (E.D. Cal. 1999). Under California's statutory privilege, forced disclosure of an individual's income tax returns are only appropriate where: (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of the lawsuit is inconsistent with the privilege; and/or (3) a public policy greater than that the confidentiality of tax returns is concerned. *Weingarten*, 102 Cal.App.4th at 274. The fact that the tax returns are arguably relevant[1] does not enter into this analysis. *Id.* at 268.

#### 1. The Circumstances Do Not Indicate Intentional Waiver of the Privilege

Courts may override the statutory privilege against disclosure of income tax returns *where the circumstances of the case* indicate *an intentional waiver* of the privilege. A party intentionally waives her right to assert the privilege where she brings a claim that directly implicates tax documents, such as when a plaintiff brings a claim that a defendant negligently advised her on the

---

[1] As discussed below, Defendant relies on two factors in a ten plus factor balancing test to support its argument that Ms. Johnson's tax returns go to the "heart of her claims." At best, Defendant's argument establishes only that the tax returns *may* be of marginal relevance, in the sense that anything not privileged may be relevant. Defendant falls far short of proving that the nature of Ms. Johnson's claims are fundamentally inconsistent with non-disclosure of her income tax returns, which is the legal standard it must meet.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

tax consequences of a sale of property. *Wilson v. Superior Court*, 63 Cal. App. 3d 825 (1976).

Given the important policy interest underpinning California's tax return privilege, and privileges in general, courts will only deem a privilege waived in exceptional circumstances. *Weingarten*, 102 Cal.App.4th at 277. ("[W]e caution against compelled disclosure of personal tax returns except in those rare instances where the public policy underlying the tax privilege is outweighed by other compelling public policies or where waiver principles apply.")

Here, Defendant seeks to override the privilege on a technicality, arguing that, because Plaintiff did not specifically cite thereto in her original discovery responses, but raised them at a later point in time (but prior to Defendant's Motion to Compel same), the privilege is waived.

In making this claim, Defendant relies on inapposite case law and misconstrues the relevant test. For example, Defendant relies almost exclusively on *Ramirez v. County of Los Angeles*, 231 F.R.D. 407 (C.D. Cal. 2005), which is very clearly distinguishable from the situation at hand. In *Ramirez*, the Court rejected an untimely assertion of the official information privilege, largely because assertion of the privilege required submission of a detailed affidavit asserting foundational facts which would allow opposing counsel to assess the applicability of the privilege under *Fed. R. Civ. P.* 26. *Id.* at 410. In this instance, Defendant need only consult case law to assess the applicability of the tax return privilege,[2] which case law Plaintiff supplied months prior to Defendant bringing this motion, and which the parties can agree was discussed *ad nauseam* for several months thereafter.

Where, as here, the Plaintiff's claims do not directly implicate her tax returns, where she has responded and objected to Defendant's discovery request for same, engaged in multiple discussions with Defense Counsel over the course of many months regarding the applicability of the privilege at issue, and even offered to stipulate to or engage in less intrusive means of discovery, there can be no finding of intentional waiver.

---

[2] Moreover, Defendant had a good faith obligation to consult case law prior to even propounding the discovery at issue, which directly asks for documents that are subject to a state-law privilege, and are, at the very minimum, deeply invasive.

**2.    Because Sylvia Johnson's Tax Returns Are Of Marginal Relevance, Her Claim Of Privilege Is Consistent With The Claims Asserted in This Litigation And Should Not Be Overruled**

Courts may override the statutory tax return privilege where the claim of privilege is flatly inconsistent with claims made in the lawsuit itself. One such example would be a claim of privilege in an action for income tax evasion. *Fortunato*, 114 Cal.App.4th at 275; *Webb v. Standard Oil Company of California*, 49 Cal.App.2d at 509.

In support of its argument that the gravamen of Ms. Johnson's claim for un-reimbursed business expenses is incompatible with a claim of privilege as to her tax returns, Defendant cites to two factors (out of more than a dozen)[3] from just *one* of several versions of California's multi-pronged balancing test for determining the proper status of a putative employee. Defendant also claims that the income tax returns are needed to establish the amount of Ms. Johnson's damages. These contentions are without merit, for the reasons discussed below.

First, Defendant claims that the documents are relevant to whether "the parties believe they [were] creating an employer-employee relationship." While it is true that this is one of the factors of the relevant test, it is entirely unclear how Ms. Johnson's tax returns are necessary to support either party's position with respect thereto. The fact that Ms. Johnson filled out her tax return as an

---

[3]    The full test cited in *S. G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341, 351 (1989) is as follows: (1) whether there is a right to fire at will without cause; (2) whether the one performing services is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the services are to be performed; (7) the method of payment, whether by time or by the job; (8) whether or not the work is a part of the regular business of the principal; (9) whether or not the parties believe they are creating an employer-employee relationship; (10) whether the classification of independent contractor is bona fide and not a subterfuge to avoid employee status; (11) the hiree's degree of investment other than personal service in his or her own business and whether the hiree holds himself or herself out to be in business with an independent license; (12) whether the hiree has employees; (13) the hiree's opportunity for profit or loss depending on his or her managerial skill; and (14) whether the service rendered is an integral part of the alleged employer's business. *Borello, supra*, 48 Cal.3d at pg. 350-355.

1 independent contractor rather than an employee does nothing more than show that she understood
2 that Ameriprise labeled her as such, and, in an effort to avoid potential investigation/prosecution
3 from the Internal Revenue Service, filled out her tax returns accordingly.[4] It does nothing towards
4 establishing Ms. Johnson's subjective belief in the propriety of this label. Moreover, Plaintiff has
5 already offered to stipulate that she filed her tax returns as an independent contractor during the
6 relevant time period.

7 Second, Defendant claims that Ms. Johnson's tax returns establish her "opportunity for profit
8 or loss depending on...managerial skill," another factor in the independent contractor test. Again,
9 Defendant correctly cites the rule without showing how the documents are in any way relevant
10 thereto. The tax returns may show *actual* profit or loss, but have no meaningful relation to the
11 question of whether Ms. Johnson's *opportunity* for financial profit or loss depended on her
12 managerial skill, rather than the terms and conditions imposed on her work by the disputed
13 Independent Contractor/Franchise agreement. The latter, not the former, is the relevant inquiry here.

14 Finally, Defendant claims that Ms. Johnson's tax returns "go to the heart of her claim for
15 reimbursement of business expenses," because they establish the amount of her damages. To the
16 extent that the tax returns may help establish the amount of Ms. Johnson's total damages for this
17 cause of action, disclosure is premature in that discovery is currently limited to class certification
18 issues, and issues relating to the merits of Defendant's classification of Ms. Johnson and other
19 putative class members as franchisees rather than employees. Further, and more to the point, the
20 amount of Ms. Johnson's damages may be established by Defendant's *own records*, as Plaintiff -
21 like all putative class members - regularly paid money *directly to Defendant* for the latter's provision

---

[4] Defendant argues that because Ms. Johnson filled out her tax returns as an independent contractor (rather than as an employee or someone who is self-employed), she took "a position" with respect to the legality of Defendant's treatment of her as such, and therefore the tax returns are discoverable as some sort of admission against interest. This argument strains credulity, and, taken to its logical conclusion, would mean that every plaintiff (and potential class member) claiming damages for un-reimbursed business expenses on the theory that he or she has been mis-classified as an independent contractor forfeits his or her privacy rights and/or legal privilege to tax returns. This cannot have been the courts' intention in creating the applicable legal test for independent contractors verses employees.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  of certain services and items related to her franchise, such as technology support, technology access
2  fees, and ticket charges. *Lin Decl.*, ¶ 8. Plaintiff – like all putative class members – had these fees
3  deducted from her regular compensation statements by Defendant, and, as such, Ameriprise is
4  already in possession of documents reflecting the nature and amount of Plaintiff's business
5  expenses. *Lin Decl.*, ¶ 8, *Ex. D*.

### 3. Defendant Cannot Point To Any Competing Public Policy Trumping That Which Protects Ms. Johnson's Tax Returns From Disclosure

Courts may override the statutory tax return privilege where disclosure is warranted by a competing and important public policy. *Weingarten*, 102 Cal.App.4th at 274.

Here, Defendant can point to no contravening public policy that could outweigh the policy against forced disclosure of an individual's private financial information. The documents sought are of very marginal relevance to the issues presented in this litigation, and are not necessary for either side to prove their respective claims and/or defenses.

### B. SYLVIA JOHNSON'S PRIVACY INTEREST IN HER FINANCIAL INFORMATION PREVENTS DEFENDANT FROM OBTAINING THE DOCUMENTS SOUGHT

Both state and federal courts recognize and enforce an individual's right to privacy. *Kakagawa v. Regents of University of California*, 2008 WL 1808902, 2 (N.D. Cal April 22, 2008), *Soto v. City of Concord*, 162 F.R.D. 603, 609 n.2 (N.D. Cal. 1995). In assessing a claim of privacy, both state and federal courts balance the moving party's need for the information sought against the individual's privacy rights in the documents or information sought. *Davis*, *supra*, 43 F.Supp.2d at 1110. Information pertaining to an individual's personal finances are inherently sensitive, and protected by privacy interests disclosure of which would constitute a "serious invasion of privacy." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. 1995); *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 371 (2007). Accordingly, in order to justify production of such inherently sensitive documents, the proponent of discovery must show a sufficiently compelling

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

countervailing interest in the information. *Pioneer Electronics (USA), Inc*., 40 Cal.4th at 371.

As shown above, Defendant can make no showing of need or relevance for Ms. Johnson's tax returns that would outweigh her privacy interest in these documents. As such, even if the Court determines that Plaintiff has intentionally waived a claim of privilege, the Court should deny Defendant's Motion on the basis of Ms. Johnson's privacy objection.

## IV.   CONCLUSION

For all the reasons stated above, Plaintiff respectfully requests this Court deny Defendant's motion with prejudice.

Dated: July 23, 2008

**SCOTT COLE & ASSOCIATES, APC**

By:   /s/Carrie S. Lin, Esq.
      Carrie S. Lin, Esq.
      Attorneys for the Representative Plaintiff
      and the Plaintiff Class