# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYLVIA JOHNSON,

        Plaintiff(s),              No. C 07-03168 PJH

    v.                        **ORDER SETTING CASE**
                                   **MANAGEMENT CONFERENCE**

AMERIPRISE FINANCIAL SERVICES, INC.,

        Defendant(s).        [Reassigned Case]
_____/

TO ALL PARTIES AND COUNSEL OF RECORD:

      The above matter having been reassigned to the Honorable Phyllis J. Hamilton. It is hereby ordered, pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, that a Case Management Conference shall be held in this case on **October 11, 2007**, at 2:30 p.m., in Courtroom 3, 17th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California.

      Counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case Management Conference with respect to those subjects set forth in Fed. R. Civ. P. 16(c). **Not less than seven (7) calendar days** before the conference, counsel shall file a joint case management statement addressing each of the items listed in the "Standing Order For All Judges of the Northern District -- Contents of Joint Case Management statement," which is attached to this order and can also be found on the court's website. A proposed order is not necessary. Following the conference, the court will enter its own Case Management and Pretrial Order. If any party is proceeding without counsel, separate statements may be filed by each party.

      Each party shall appear personally or by counsel prepared to address all of the matters referred to in this Order and with authority to enter stipulations and make admissions pursuant to this Order. Any request to reschedule the date of the conference shall be made in writing, and by stipulation if possible, at least ten (10) calendar days before the date of the conference and must be based upon good cause.

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points
of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

IT IS SO ORDERED.

Dated:  September 6, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

4

# EXHIBIT B



Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. #241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
web:     www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERIPRISE FINANCIAL SERVICES, INC., <br><br> Defendant. | Case No.:  C 07-03168 PJH <br><br> **CLASS ACTION** <br><br> **REPRESENTATIVE PLAINTIFF SYLVIA JOHNSON'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

PROPOUNDING PARTY:    Defendant Ameriprise Financial Services, Inc.

RESPONDING PARTY:      Representative Plaintiff Sylvia Johnson

SET NO:                         One

Representative Plaintiff Sylvia Johnson hereby responds to defendant Ameriprise Financial Services, Inc.'s Request for Production of Documents as follows:

**PRELIMINARY STATEMENT**

Investigation and discovery in this matter are continuing at this time and Plaintiff reserves the right to supplement, change, or otherwise vary any or all of her responses as further information becomes available or is developed. All of the responses contained herein are based only upon such information and documents as are presently available and specifically known to this responding

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  party. It is anticipated that further discovery, independent investigation, legal research, and analysis

2  will supply additional factors, add new meaning to the known facts, as well as establish entirely new

3  factual conclusions and legal contentions, all of which may lead to substantial additions to, changes

4  in and variations from the contentions herein set forth.

5

6  ## GENERAL OBJECTIONS

7      Plaintiff objects to these requests to the extent that they, or any of them, seek(s) to discover

8  writings and other tangible things protected by the attorney work product and/or attorney-client

9  privilege. Plaintiff identifies notes, analyses and memoranda prepared by, or at the direction of,

10  Plaintiff's attorneys as falling within these privileges.

11      Plaintiff further objects to these requests to the extent that they, or any of them, invade or

12  violate Plaintiff's constitutional rights to privacy, and/or the constitutional privacy rights of any

13  individual currently a third-party to this litigation.

14      Lastly, Plaintiff objects to these requests to the extent that they, or any of them, are vague,

15  ambiguous and/or overbroad in form, nature and/or time and on the grounds that they, or any of

16  them, seek(s) to discover information not reasonably calculated to lead to the discovery of admissible

17  evidence.

18

19  ## RESPONSES TO REQUESTS

20      Subject to, and without waiving the aforementioned general objections as well as those

21  specific objections interposed below, Plaintiff responds:

22

23  **REQUEST FOR PRODUCTION NO. 1:**

24      Any and all documents that support or relate in any way to any fact or legal theory asserted

25  or alleged in the Complaint.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

27      Plaintiff objects to this request on the ground that it is vastly overbroad. Plaintiff also objects

28  to this request as vague and ambiguous such as to render it impossible to formulate a response.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Plaintiff further objects to this request insofar as it seeks writings and/or other tangible things within

2  equal custody and control of Defendant. Plaintiff additionally objects to this request to the extent it

3  seeks to discover writings and/or other tangible things protected by the attorney-client privilege and

4  the attorney work product doctrine.

5       Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

6  she will produce all non-privileged documents, if any, in her possession responsive to this request.

7  **REQUEST FOR PRODUCTION NO. 2:**

8       Any and all documents you reviewed, used, relied upon, quoted or referenced in drafting your

9  Complaint.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

11      Plaintiff objects to this request on the ground that it is overbroad. Plaintiff also objects to this

12 request insofar as it seeks writings and/or other tangible things within equal custody and control of

13 Defendant. Plaintiff further objects to this request to the extent it seeks to discover writings and/or

14 other tangible things protected by the attorney-client privilege and the attorney work product

15 doctrine.

16      Based on the foregoing objections, Plaintiff declines to respond.

17 **REQUEST FOR PRODUCTION NO. 3:**

18      Any and all documents that reference, summarize, describe, or restate any conversations,

19 interviews, meetings, or events you have had with anyone other than counsel concerning any fact or

20 legal theory asserted or alleged in the Complaint, including, without limitation, audio tapes, video

21 tapes, diaries, logs, letters, memoranda, correspondence, and notes.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

23      Plaintiff objects to this request on the ground that it is overbroad. Plaintiff also objects to this

24 request on the grounds that it seeks private, privileged, and confidential information, the disclosure

25 of which would violate Plaintiff's constitutional right to privacy, in addition to the constitutional

26 privacy rights of third parties to this litigation. Plaintiff further objects to this request to the extent

27 it seeks to discover writings and/or other tangible things protected by the attorney-client privilege

28 and the attorney work product doctrine.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1    Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

2    she will produce all non-privileged documents, if any, in her possession responsive to this request.

3    **REQUEST FOR PRODUCTION NO. 4:**

4    Any and all bulletins, catalogs, brochures, pamphlets, guidelines, rules, regulations, policy

5    statements, or other documents that describe, define, mention, explain, or specify any of the terms,

6    conditions, compensation, or benefits of your affiliation with Defendant.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

8    Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within

9    equal custody and control of Defendant. Plaintiff also objects to this request to the extent it seeks to

10   discover writings and/or other tangible things protected by the attorney-client privilege and the

11   attorney work product doctrine.

12   Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

13   she will produce all non-privileged documents, if any, in her possession responsive to this request.

14   **REQUEST FOR PRODUCTION NO. 5:**

15   Any and all documents, communications, or other materials relating to training you have

16   received in relation to your affiliation with Defendant.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18   Plaintiff objects to this interrogatory on the grounds that it is vague and overbroad. Plaintiff

19   also objects to this request insofar as it seeks writings and/or other tangible things within equal

20   custody and control of Defendant. Plaintiff further objects to this request to the extent it seeks to

21   discover writings and/or other tangible things protected by the attorney-client privilege and the

22   attorney work product doctrine.

23   Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

24   she will produce all non-privileged documents, if any, in her possession responsive to this request.

25   **REQUEST FOR PRODUCTION NO. 6:**

26   Any and all documents, communications, or other materials relating to compensation you

27   have received in relation to your affiliation with Defendant.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2        Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within

3  equal custody and control of Defendant. Plaintiff also objects to this request to the extent it seeks to

4  discover writings and/or other tangible things protected by the attorney-client privilege and the

5  attorney work product doctrine. Plaintiff further objects to this request to the extent it violates

6  Plaintiff's constitutional right to privacy, in addition to the privacy rights of third parties to this

7  litigation.

8        Subject to and without waiving the foregoing objections, Plaintiff responds that she will

9  produce all non-private, non-privileged documents, if any, in her possession responsive to this

10  request.

11  **REQUEST FOR PRODUCTION NO. 7:**

12        Any and all documents or communications relating to complaints that you made to Defendant

13  or anyone affiliated with Defendant concerning the subject of your Complaint or your affiliation with

14  Defendant, including, but not limited to, through Advisor Link or Advisor Jazz, or to a Field Vice

15  President, General Vice President, or another advisor.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

17        Plaintiff objects to this request on the ground that it is overbroad. Plaintiff also objects to this

18  request as vague and ambiguous. Plaintiff further objects to this request on the grounds that it calls

19  for a legal conclusion. Plaintiff additionally objects to this request insofar as it seeks writings and/or

20  other tangible things within equal custody and control of Defendant. Finally, Plaintiff objects to this

21  request to the extent it seeks to discover writings and/or other tangible things protected by the

22  attorney-client privilege and the attorney work product doctrine.

23        Subject to and without waiving the foregoing objections, Plaintiff responds that she will

24  produce all non-privileged documents, if any, in her possession responsive to this request.

25  **REQUEST FOR PRODUCTION NO. 8:**

26        Any and all documents, correspondence, or letters that you sent to anyone not currently a

27  party to this action relating to that person's status as a potential named Plaintiff or class member in

28  this action.

Plaintiff's Objections and Responses to Defendant's Request for Production of Documents

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2 |     Plaintiff objects to this request on the grounds that it seeks private, privileged, and/or

3 | confidential information, the disclosure of which would violate Plaintiff's constitutional right to

4 | privacy, in addition to the constitutional privacy rights of third parties to this litigation. Plaintiff also

5 | objects to this request on the grounds that it seeks to discover writings and/or other tangible things

6 | protected by the attorney-client privilege and the attorney work product doctrine.

7 |     Based on the foregoing objections, Plaintiff declines to respond.

8 | **REQUEST FOR PRODUCTION NO. 9:**

9 |     Any and all "statements" which relate in any way to the subject matter of the Complaint or

10 | your affiliation with Defendant. The term statement shall have the same meaning as set forth in Rule

11 | 26 of the Federal Rules of Civil Procedure.

12 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

13 |     Plaintiff objects to this request on the grounds that it is overbroad and vague as to the terms

14 | "relate in any way," "subject matter," and "affiliation." Plaintiff also objects to this request insofar

15 | as it seeks writings and/or other tangible things within equal custody and control of Defendant.

16 | Plaintiff further objects to this request to the extent it seeks to discover writings and/or other tangible

17 | things protected by the attorney-client privilege and the attorney work product doctrine.

18 |     Based on the foregoing objections, Plaintiff declines to respond to the request.

19 | **REQUEST FOR PRODUCTION NO. 10:**

20 |     Any and all documents referring to, relating to, or pertaining to, or which you claim support,

21 | your claims for damages or other remedies or relief against Defendant, including all records of hours

22 | worked by you during the class period, paycheck stubs, and other documents reflecting, constituting,

23 | or containing any indication of such damages you claim to have experienced.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

25 |     Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within

26 | equal custody and control of Defendant. Plaintiff also objects to this request insofar as it seeks to

27 | discover writings and/or other tangible things protected by the attorney-client privilege and the

28 | attorney work product doctrine. Plaintiff further objects to the request for a damages calculation on

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  behalf of the entire class as being premature, unduly burdensome, oppressive, and harassing.

2       Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

3  she will produce all non-privileged documents, if any, in her possession responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 11:**

5       Any and all documents referring to, relating to, or constituting calculations of damages

6  allegedly sustained by Plaintiff, including all documents provided to any person performing any

7  damages calculations on behalf of Plaintiff.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

9       Plaintiff objects to this request on the ground that it is overbroad. Plaintiff also objects to this

10  request insofar as it calls for a legal conclusion and speculation. Plaintiff further objects to this

11  request insofar as it seeks writings and/or other tangible things within equal custody and control of

12  Defendant. Plaintiff additionally objects to this request insofar as it seeks to discover writings and/or

13  other tangible things protected by the attorney-client privilege and the attorney work product

14  doctrine.

15       Based on the foregoing objections, Plaintiff declines to respond.

16  **REQUEST FOR PRODUCTION NO. 12:**

17       Any and all documents constituting or relating to marketing or advertising materials you have

18  drafted and/or used in relation to your affiliation with Defendant, including, but not limited to, all

19  business cards, marketing plans, strategic plans, stationary, and other electronic and print

20  advertisements or marketing materials.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

22       Plaintiff objects to this request on the grounds that it is vague, ambiguous, and overbroad as

23  to the phrase "...relating to marketing or advertising materials...." Plaintiff also objects to this request

24  insofar as it seeks writings and/or other tangible things within equal custody and control of

25  Defendant. Plaintiff further objects to this request insofar as it seeks to discover writings and/or other

26  tangible things protected by the attorney-client privilege and the attorney work product doctrine.

27       Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

28  she will produce all non-privileged documents, if any, in her possession responsive to this request.

1  **REQUEST FOR PRODUCTION NO. 13:**

2      Any and all documents constituting or relating to financial planning related to your franchise

3  affiliation with Defendant, including, but not limited to, financial plans, net worth statements, and

4  financial statements provided to banks or other entities.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

6      Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within

7  equal custody and control of Defendant. Plaintiff also objects to this request insofar as it seeks to

8  discover writings and/or other tangible things protected by the attorney-client privilege and the

9  attorney work product doctrine. Plaintiff further objects to this request on the grounds and to the

10  extent that it violates the constitutional privacy rights of third parties to this litigation.

11      Based on the foregoing objections, Plaintiff declines to respond.

12  **REQUEST FOR PRODUCTION NO. 14:**

13      Any and all documents you have submitted to any financial institutions, credit institutions,

14  broker dealer, financial advisor or any other person or thing which refers or relates to your affiliation

15  with Defendant.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

17      Plaintiff objects on the grounds that this request seeks to discover information not reasonably

18  calculated to lead to the discovery of admissible evidence, is unduly burdensome, and was

19  propounded for the purpose of causing annoyance, embarrassment and oppression. Plaintiff also

20  objects on the grounds and to the extent that the request, as worded, is overbroad and violates

21  Plaintiff's constitutional right to privacy, in addition to the constitutional privacy rights of third

22  parties to this litigation. Plaintiff further objects to this request insofar as it seeks writings and/or

23  other tangible things within equal custody and control of Defendant. Plaintiff additionally objects

24  to this request insofar as it seeks to discover writings and/or other tangible things protected by the

25  attorney-client privilege and the attorney work product doctrine.

26      Based on the foregoing objections, Plaintiff declines to respond to this request.

27  **REQUEST FOR PRODUCTION NO. 15:**

28      Any and all documents constituting or relating to real estate leases and/or purchase

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiff's Objections and Responses to Defendant's Request for Production of Documents

1  agreements you have considered or executed.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

3       Plaintiff objects on the grounds that this request seeks to discover information not reasonably

4  calculated to lead to the discovery of admissible evidence, is unduly burdensome, and was

5  propounded for the purpose of causing annoyance, embarrassment and oppression. Plaintiff also

6  objects on the grounds and to the extent that the request, as worded, is overbroad and violates

7  Plaintiff's constitutional right to privacy. Plaintiff further objects to this request insofar as it seeks

8  to discover writings and/or other tangible things protected by the attorney-client privilege and the

9  attorney work product doctrine.

10      Based on the foregoing objections, Plaintiff declines to respond to the request.

11 **REQUEST FOR PRODUCTION NO. 16:**

12      Any and all documents constituting or relating to other leases and/or purchase agreements

13 (including, but not limited to, equipment leases or purchase agreements) you have considered or

14 executed.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

16      Plaintiff objects on the grounds that this request seeks to discover information not reasonably

17 calculated to lead to the discovery of admissible evidence, is unduly burdensome, and was

18 propounded for the purpose of causing annoyance, embarrassment and oppression. Plaintiff also

19 objects on the grounds and to the extent that the request, as worded, is overbroad and violates

20 Plaintiff's constitutional right to privacy. Plaintiff further objects to this request insofar as it seeks

21 to discover writings and/or other tangible things protected by the attorney-client privilege and the

22 attorney work product doctrine.

23      Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

24 she has no documents responsive to this request.

25 **REQUEST FOR PRODUCTION NO. 17:**

26      Any and all documents relating to marketing and/or operating expenses you claim to have

27 incurred in relation to your franchise affiliation with Defendant.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Plaintiff's Objections and Responses to Defendant's Request for Production of Documents

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within equal custody and control of Defendant. Plaintiff also objects to this request insofar as it seeks to discover writings and/or other tangible things protected by the attorney-client privilege and the attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, Plaintiff responds that she will produce all non-privileged documents, if any, in her possession responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents relating to persons who were paid directly by you or your franchise who performed any work for you and/or you or your franchise and/or who assisted you or your franchise with any of the operations of your franchise, including, but not limited to, employee handbooks; payroll records, pay stubs, and other documents relating to the compensation of those persons (including records of payroll taxes you paid and benefits you provided to these persons); job postings and job descriptions you created or used for any of those persons; and any and all guidelines or policies which governed the terms and conditions of your relationship with those persons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff objects to this request on the grounds that it is overbroad and impermissibly compound. Plaintiff also objects to this interrogatory to the extent and on the grounds that it violates third-party privacy rights.

Subject to and without in any way waiving the foregoing objections, Plaintiff responds that she has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents you have filed with, submitted to, or received from the State of California or any other governmental, administrative, or regulatory agency, regarding your franchise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff objects to this request on the ground that it is impermissibly compound. Plaintiff also objects to this request on the grounds that it is overbroad. Plaintiff further objects to this request insofar as it seeks writings and/or other tangible things within equal custody and control of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1  Defendant. Plaintiff additionally objects to this request to the extent it seeks to discover writings

2  and/or other tangible things protected by the attorney-client privilege and the attorney work product

3  doctrine.

4      Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

5  she will produce all non-privileged documents, if any, in her possession responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 20:**

7      Any and all documents you have received from Defendant which you claim identify you as

8  its employee.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

10      Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within

11  equal custody and control of Defendant. Plaintiff also objects to this request to the extent it seeks to

12  discover writings and/or other tangible things protected by the attorney-client privilege and the

13  attorney work product doctrine.

14      Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

15  she will produce all non-privileged documents, if any, in her possession responsive to this request.

16  **REQUEST FOR PRODUCTION NO. 21:**

17      Any and all documents in which you have held yourself out to be and/or identified yourself

18  to be an independent business owner and/or franchise or independent contractor affiliated with

19  Defendant.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

21      Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within

22  equal custody and control of Defendant. Plaintiff also objects to this request to the extent it seeks to

23  discover writings and/or other tangible things protected by the attorney-client privilege and the

24  attorney work product doctrine.

25      Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

26  she will produce all non-privileged documents, if any, in her possession responsive to this request.

27  **REQUEST FOR PRODUCTION NO. 22:**

28      Any and all documents in which you have held yourself out to be and/or identified yourself

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1 │ to be an employee of Defendant.

2 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

3 │     Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within

4 │ equal custody and control of Defendant.  Plaintiff also objects to this request to the extent it seeks

5 │ to discover writings and/or other tangible things protected by the attorney-client privilege and the

6 │ attorney work product doctrine.

7 │     Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

8 │ she will produce all non-privileged documents, if any, in her possession responsive to this request.

9 │ **REQUEST FOR PRODUCTION NO. 23:**

10 │     Complete and signed sets of you and your franchise's federal and state income tax returns,

11 │ with all schedules and exhibits, for the years 1989 and 1990 and 2000 through the present.

12 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

13 │     Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within

14 │ equal custody and control of Defendant. Plaintiff also objects to this request insofar as it violates

15 │ Plaintiff's constitutional right to privacy. Plaintiff further objects to this request on the grounds that

16 │ it is unduly burdensome. Plaintiff additionally objects to this request as it is intended to, and does,

17 │ cause unwarranted annoyance, embarrassment and oppression. Finally, Plaintiff objects to this

18 │ request on the grounds that it is not reasonably calculated to lead to the discovery of admissible

19 │ evidence.

20 │     Based on the foregoing objections, Plaintiff declines to respond to this request.

21 │ **REQUEST FOR PRODUCTION NO. 24:**

22 │     Any and all documents which support or relate in any way to your allegation in Paragraph

23 │ 3 of your Complaint that Defendant "has had a consistent policy of ...permitting, encouraging, and/or

24 │ requiring the Representative Plaintiff and members of the Plaintiff Class, to work in excess of eight

25 │ (8) hours per day and in excess of forty (40) hours per week...."

26 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

27 │     Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within

28 │ equal custody and control of Defendant.  Plaintiff also objects to this request to the extent it seeks

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  to discover writings and/or other tangible things protected by the attorney-client privilege and the

2  attorney work product doctrine.

3      Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

4  she will produce all non-privileged documents, if any, in her possession responsive to this request.

5  **REQUEST FOR PRODUCTION NO. 25:**

6      Any and all documents which support or relate in any way to your allegation in Paragraph

7  3 of your Complaint that Defendant" has had a consistent policy of...making deductions from the

8  Representative Plaintiff's and Class Members' earned and paid commissions and/or wages and

9  requiring cash contributions be paid back to Defendant for commissions previously paid and for

10  claimed customer losses by Defendant and/or Defendant's customers...."

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

12      Plaintiff objects to this request on the ground that it is overbroad. Plaintiff also objects to this

13  request insofar as it seeks writings and/or other tangible things within equal custody and control of

14  Defendant. Plaintiff further objects to this request to the extent it seeks to discover writings and/or

15  other tangible things protected by the attorney-client privilege and the attorney work product

16  doctrine.

17      Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

18  she will produce all non-privileged documents, if any, in her possession responsive to this request.

19  **REQUEST FOR PRODUCTION NO. 26:**

20      Any and all documents which support or relate in any way to your allegation in Paragraph

21  3 of your Complaint that Defendant "has had a consistent policy of...requiring the Representative

22  Plaintiff and Class Members to pay other agents/employees of Defendant for their services to the

23  clients in processing orders, assisting in sales, or otherwise handling business matters of the

24  employer...."

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

26      Plaintiff objects to this request on the ground that it is overbroad. Plaintiff also objects to this

27  request insofar as it seeks writings and/or other tangible things within equal custody and control of

28  Defendant. Plaintiff further objects to this request to the extent it seeks to discover writings and/or

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

1  other tangible things protected by the attorney-client privilege and the attorney work product

2  doctrine.

3       Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

4  she will produce all non-privileged documents, if any, in her possession responsive to this request.

5  **REQUEST FOR PRODUCTION NO. 27:**

6       Any and all documents which support or relate in any way to your allegation in Paragraph

7  3 of your Complaint that Defendant "has had a consistent policy of...unlawfully denying the

8  Representative Plaintiff and the Class Members statutorily mandated meal and rest periods...."

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10       Plaintiff objects to this request on the ground that it is overbroad. Plaintiff also objects to this

11  request insofar as it seeks writings and/or other tangible things within equal custody and control of

12  Defendant. Plaintiff further objects to this request to the extent it seeks to discover writings and/or

13  other tangible things protected by the attorney-client privilege and the attorney work product

14  doctrine.

15       Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

16  she will produce all non-privileged documents, if any, in her possession responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 28:**

18       Any and all documents which support or relate in any way to your allegation in Paragraph

19  26 of your Complaint that Defendant "has knowingly failed to provide [Independent Advisors] with

20  mandatory meal and rest period, thereby enjoying a significant competitive edge over other securities

21  brokerage firms" and "prevented Independent Advisors from taking rest and meal breaks."

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

23       Plaintiff objects to this request on the ground that it is overbroad. Plaintiff also objects to this

24  request insofar as it seeks writings and/or other tangible things within equal custody and control of

25  Defendant. Plaintiff further objects to this request to the extent it seeks to discover writings and/or

26  other tangible things protected by the attorney-client privilege and the attorney work product

27  doctrine.

28       Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  she will produce all non-privileged documents, if any, in her possession responsive to this request.

2  **REQUEST FOR PRODUCTION NO. 29:**

3  Any and all documents which support or relate in any way to your allegation in Paragraph

4  3 of your Complaint that Defendant "has had a consistent policy of...willfully failing to pay

5  compensation (including unpaid overtime) in a prompt and timely manner to Representative Plaintiff

6  and/or Class Members whose employment with Defendant terminated...."

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

8  Plaintiff objects to this request on the ground that it is overbroad. Plaintiff also objects to this

9  request insofar as it seeks writings and/or other tangible things within equal custody and control of

10  Defendant. Plaintiff further objects to this request to the extent it seeks to discover writings and/or

11  other tangible things protected by the attorney-client privilege and the attorney work product

12  doctrine.

13  Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

14  she will produce all non-privileged documents, if any, in her possession responsive to this request.

15  **REQUEST FOR PRODUCTION NO. 30:**

16  Any and all documents which support or relate in any way to your allegation in Paragraph

17  61 of your Complaint that "Defendant systematically underpaid its employees by holding back a

18  significant portion of commissions for their own purposes to pay others, and then either paying the

19  wages later than the time required under California Labor Code § 204 or simply not paying that at

20  all."

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

22  Plaintiff objects to this request on the ground that it is overbroad. Plaintiff also objects to this

23  request insofar as it seeks writings and/or other tangible things within equal custody and control of

24  Defendant. Plaintiff further objects to this request to the extent it seeks to discover writings and/or

25  other tangible things protected by the attorney-client privilege and the attorney work product

26  doctrine.

27  Subject to and without in any way waiving the foregoing objections, Plaintiff responds that

28  she will produce all non-privileged documents, if any, in her possession responsive to this request.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WAKEFIELD TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**REQUEST FOR PRODUCTION NO. 31:**

Any and all documents or communications you were asked to identify in Defendant's Interrogatories and/or identified in answering Defendant's interrogatories, or otherwise reviewed, used, relied upon, quoted or referenced in preparing your written responses to Defendant's interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff objects to this request insofar as it seeks writings and/or other tangible things within equal custody and control of Defendant. Plaintiff also objects to this request to the extent it seeks to discover writings and/or other tangible things protected by the attorney-client privilege and the attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, Plaintiff responds that she will produce all non-privileged documents, if any, in her possession responsive to this request.

Dated: January 22, 2008

SCOTT COLE & ASSOCIATES, APC

By: _____
Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiff's Objections and Responses to Defendant's Request for Production of Documents

EXHIBIT C

## Carrie S. Lin

| | |
|---|---|
| **From:** | Carrie S. Lin |
| **Sent:** | Friday, March 21, 2008 9:27 AM |
| **To:** | 'Curtin, Zeb' |
| **Cc:** | Magarian, Edward; Wentzel, Karen; Legal Mgmt |
| **Subject:** | Johnson v. Ameriprise Financial |

Zeb,

Next Tuesday works for me. (Although I am not sure how much can be resolved on the issue of Defendant's second set of discovery until Judge Larson issues an order on your related motion). Let me know what time you intend to call-

As for the cases we discussed in our last meet and confer, some of them were already disclosed to you in our opposition to your most recent motion. (*In Re Ashworth*, 213 F.R.D. 385, 390 (S.D. Cal. 2002); *MTI Technology Corp. Securities Litigation II*, Not Reported in F.Supp.2d, 2002 WL 32344347 (C.D. Cal. 2002). Your request for interview notes of these indviduals is clearly a demand for attorney work product protected information; however, if you need case law for that proposition, I can send it to you.

Further, forced disclosure of an individual's tax returns is only appropriate where "the gravamen of the lawsuit is inconsistent with claiming the privilege," an as, for example, in an action for income tax evasion. *Fortunato v. Superior Court*, 114 Cal.App.4th 475 (2003); *Webb v. Standard Oil Company of California*, 49 Cal.App.2d 509 (1957).

Finally, I'd like to touch base with you about disclosure of the P-2s personnel/compliance files. Have you discussed with your client our proposal to allow P-2s to opt out of having their compliance files disclosed?

Thanks,

Carrie S. Lin, Esq.
Scott Cole & Associates, APC
Attorneys and Counselors
Telephone: (510) 891-9800
Facsimile: (510) 891-7030

*************************************************************************************
Please Note:
The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored. Thank you.
*************************************************************************************

Please visit our website at: http://www.scalaw.com for more information about Scott Cole & Associates, APC.

**From:** Curtin, Zeb [mailto:curtin.zeb@dorsey.com]

**Sent:** Friday, March 21, 2008 9:09 AM
**To:** Carrie S. Lin
**Cc:** Magarian, Edward; Wentzel, Karen
**Subject:** Johnson v. Ameriprise Financial


Carrie:

We're looking to bring closure to the meet-and-confer process so we can determine if/when we'll need to file a motion to compel responses to Ameriprise Financial's discovery requests. During our meet-and-confer telephone conferences regarding Ameriprise Financial's first set of discovery requests, you offered to send along to me cases purportedly supporting your contentions (1) that information regarding contacts with and/or interviews of putative class members or witnesses is protected work product, including the identities of such individuals and any statements such individuals may have provided; and (2) that Plaintiff's individual income tax returns are not discoverable. I have not yet received any such cases from you. If I don't receive any such cases by next Wednesday, I'll assume you do not intend to send them.

In addition, I would like to schedule a telephonic meet-and-confer for next week regarding Plaintiff's responses to Ameriprise Financial's second set of discovery requests. During that call we also can follow up on some of the issues raised in our earlier meet-and-confer. I'm generally free every day next week (although earlier in the week works better for me), so please let me know when would be best for you.


Thanks,
Zeb


**Zeb-Michael Curtin**
Associate
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
**D O R S E Y   &   W H I T N E Y   LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
**P:** 612.492.6085  **F:** 612.340.2777  **C:** 319.621.9272
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.
Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received
this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments,
including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.

Thank you.

SCOTT EDWARD COLE, ESQ.
MATTHEW R. BAINER, ESQ.
KEVIN R. ALLEN, ESQ.
CARRIE S. LIN, ESQ.
_____

CARRIE S. LIN, ESQ.
Writer's E-Mail: clin@scalaw.com

# SCOTT COLE & ASSOCIATES
## A PROFESSIONAL CORPORATION
### ATTORNEYS & COUNSELORS
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CALIFORNIA 94612

Telephone: (510) 891-9800
Facsimile: (510) 891-7030
_____

SCA Web Site: www.scalaw.com

May 9, 2008

VIA ELECTRONIC
AND U.S. MAIL

Zeb-Michael Curtin, Esq.
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

      re:    **Johnson v. Ameriprise Financial Services**

Dear Mr. Curtin:

This letter is to respond to yours of today, and to correct certain statements made therein with respect to your client's discovery demand for Plaintiff's tax information, and the parties meet and confer efforts respecting same.

Your original document request demands: "complete and signed sets of your and your franchise's federal and state income tax returns, with all schedules and exhibits, for the years 1989, 1990, 2000 and the present." As you failed to note in your letter, Plaintiff initially objected to production of her tax returns on the grounds that the request called for private information, was unjustified in light of the scant relevance thereof, and was accordingly harassing and oppressive.

As you correctly note, we first met and conferred on February 6, 2008 over Plaintiff's and Defendant's outstanding discovery requests. At that time, and over the course of several subsequent meet and confers, I requested that you make a proffer of relevance for production of Plaintiff's tax returns. You stated that the tax returns were relevant to the issue of whether "Plaintiff held herself out as an Independent Contractor therein. *Plaintiff has consistently offered to stipulate that she filed her tax returns as an independent contractor rather than an employee, and you have consistently rejected this offer, demanding wholesale production of the documents at issue.* Given this posture, Plaintiff stated that she would stand on her objections.

Defendant only offered to narrow the scope of the discovery demand on April 30, 2008 - approximately one week ago. You declined, however, to narrow the scope of the discovery demand to cover only Plaintiff's tax filing during the class period, and again requested tax filings covering a time span of ten years, including tax filings after Plaintiff was no longer employed/affiliated with Ameriprise.

During our telephone conversation on May 7, 2008, I *again* requested that you make a proffer of relevance for the underlying tax documents, and expressed doubt as to how the documents are necessary for either an Opposition to a Motion for Class Certification, or a Motion for Summary Judgment, such that they could overcome Plaintiff's privacy interest in her tax information. Your response was, again, that the

documents are "relevant to whether Plaintiff holds herself out as an Independent Contractor or an employee," and relevant to "various prongs of the Independent Contractor test." You declined to specify which other prongs of the Independent Contractor test the tax returns may be relevant to.

In closing, I note that your client's own failure to "get back" to Plaintiff on the existence of documents responsive to a number of her own discovery requests has prevented the parties from filing a joint motion to compel. Your threat of sanctions is therefore wholly unwarranted and made in bad faith.

Very truly yours,

CARRIE S. LIN

CSL:

cc:    Scott Edward Cole, Esq.
       Edward Magarian, Esq.
       Karen E. Wentzel, Esq.

# EXHIBIT D

## ITEM 4
## BANKRUPTCY

No person identified in Item 1 or 2 of this Offering Circular has been involved as a debtor in proceedings under the U.S. Bankruptcy Code that are required to be disclosed in this Offering Circular.

## ITEM 5
## INITIAL FRANCHISE FEE

Initial Franchise Fee

When you sign the Franchise Agreement, you must pay us an initial franchise fee. The initial franchise fee is $1,500. This fee is fully earned and non-refundable. You must pay the initial franchise fee in consideration of administrative and other expenses incurred by us in entering into the Franchise Agreement. We will also provide an initial orientation program to you as part of the initial franchise fee. The initial franchise fee is not increased for individuals that are offered the opportunity to sign the Registered Principal Addendum.

For Employees who become Independent Advisors, we will waive the initial franchise fee as provided in Addendum 1 to the Franchise Agreement. We will also waive the initial franchise fee for any of our corporate office employees, including Market Group employees, who become Independent Advisors. To qualify for the franchise fee waiver, you must be an Employee of AEFA when you sign the Franchise Agreement.

Optional Training Programs

We offer various optional training programs. You may wish to attend some of our optional training programs prior to opening the Independent Financial Advisor Business. We estimate that the cost of attending an additional training program will range from $0 to $5,000 (for multiple day workshops) per training program. The payments for optional training programs are non-refundable. See Items 6 and 11 for further details regarding our optional training programs.

Employees who become Independent Advisors may attend optional training programs. The cost to these advisors will range from $0 to $5,000.

Independent CPA Practice

We may permit certain current or prospective Independent Advisors who are certified public accountants (CPAs) to maintain their CPA practice separate and apart from the operation of the Independent Financial Advisor Business. Before an Independent Advisor will be permitted to operate such a CPA practice, Independent Advisor must sign Addendum 4 of the Franchise Agreement and undergo a due diligence review of the CPA practice in order to determine whether it is suitable for an Independent Advisor to conduct such a practice as an outside business activity. The cost of this due diligence review, which either the Independent Advisor or AEFA must pay to the party conducting such review (which may be AEFA or an affiliate) is estimated to be between $6,000 - $9,000.

American Express Platinum Financial Services[SM]

AMP001371

Independent Advisors, who qualify based on specified criteria, may be eligible for a program known as Platinum Financial Services. Independent Advisors who participate in this program are required to incur additional costs for training (approximately $1,000 - $3,000) and other expenses and must sign Addendum 5 to the Franchise Agreement.  Participating Independent Advisors will have access to enhanced services and products for their eligible clients.

*    *    *

Except as otherwise described above, all fees are payable in lump sum.

**ITEM 6**
**OTHER FEES** [1]

| Name of Fee | Amount | Date Due [3] | Remarks |
|---|---|---|---|
| Association Fee[2] | $390.00 per month | During each Accounting Period [3] (but not in the third Accounting Period in any month that has three Accounting Periods), we will deduct $195 from your portion of the Compensation. During any Accounting Period in which you are not entitled to a portion of the Compensation or your share of the Compensation is less than the Association Fee, you must promptly pay us the Association Fee. | See Note 3 |
| Corporate office leads [5] | Will vary by campaign | Upon demand | Covers various types of optional leads from direct mail leads, American Express Cardmember leads, [5] to pre-screened clients who want a complimentary initial consultation. |
| Technology Support[6][8] | $0 to $135 per month | Upon demand | We will offer optional technology support services. |
| Technology Access Fee[7] | $0 to $100 per month | Monthly | See Note 7 |
| Technology Support: Move/Change [7] | $0 to $135 per event | Upon demand | We may offer optional support involving moves or changes to your |

AMP001372

| Name of Fee | Amount | Date Due [4] | Remarks |
|---|---|---|---|
| | | | personal computer. |
| Optional Software [6][7] | $0 to $150 per month | Upon demand | To assist you in operating and managing your Independent Financial Advisor Business, we will offer optional software tools. |
| Network Set-up[8] | $100 to $5,000 per advisor | Upon demand | We may offer optional support to assist in setting up a network in your office. |
| Client Complaint Settlements and Sanctions | Will vary under circumstances | Upon demand | We may assess settlement costs and fines for failure to comply with regulatory requirements and company policies. |
| Compliance Supervision[9] | $60 to $3,000 | Upon demand | Registered Principal or Us. We may also impose a fine for failure to comply with regulatory requirements and company policies. See Note 9 |
| Office Lease[10] | $0 to $2,000 per month | Upon demand | Landlord and/or Us |
| Advertising Contributions[11] | Will vary by campaign | Upon demand | See Note 11 |
| Education[12] | $0 to $3,600 | Upon demand | See Note 12 |
| Business Licenses and Authorizations [13] | $300 to $1,500 | Upon demand | See Note 13 |
| Paraplanner Fee [14] | $50 per month per paraplanner | Monthly | See Note 14 |
| Associate Financial Advisor Fee [15] | $0 - $20,000 per Associate Financial Advisor hired | At time of hire upon demand | See Note 15 |
| | $100 per month per Associate Financial | Monthly | |

AMP001373

| Name of Fee | Amount | Date Due [4] | Remarks |
|---|---|---|---|
| | Advisor | | |
| Succession Planning Transfer Fee [16] | $0 to $1,000 | On or before the date of the proposed transfer | See Note 16 |
| Ticket Charges | $2.50 to $85 per transaction | Upon demand | Covers transaction activity in brokerage/wrap accounts |
| Optional Services[17] | $5 to $10,000 | Upon demand | See Note 17 |

NOTES:

1.  We impose and collect all fees and collect them on the earliest compensation cutoff. We periodically may modify these fees.

2.  All fees are non-refundable.

3.  We deduct the association fee (the "**Association Fee**") from the Compensation each Accounting Period before sending you your share of the Compensation.

4.  During each Accounting Period, we may deduct Association Fees and any other fees, interest, or monies due to us, and/or other deductions provided for in the Franchise Agreement from your share of the Compensation.

5.  "**Accounting Period**" means each of the two-week accounting periods in a calendar year, as determined by us.

6.  You are not required to participate in these programs and/or obtain these services.

7.  As part of your Association fee, we will provide you a license to use our base proprietary AdvisorLink™ software that is used for conducting the Independent Financial Advisor Business (the "**Software**"). In order to obtain a license to use the Software, you must agree to the AdvisorLink™ Software License User's Agreement (the "**Software License User's Agreement**") through the Field Technology Order Tool ("**FTOT**"). You are then granted a non-exclusive, non-transferable, limited and terminable license to use the Software in your Independent Financial Advisor Business. In order to use the Software to access information in our corporate office, you must pay us a technology access fee. The technology access fee helps cover costs associated with processing data, and maintaining computer identification and security. In order to obtain some of our (i) technology support, (ii) optional services, or (iii) technology troubleshooting and consulting services, you must obtain computer hardware to our exact specifications. Additional Software licenses, optional software and network connectivity (where available) are also available for additional fees. FTOT contains current pricing and ordering information.

8.  Optional technology support products and services may be developed and offered for an additional fee, which could exceed the disclosed range and which will depend upon usage.

AMP001374