Karen E. Wentzel (SBN 112179)
DORSEY & WHITNEY LLP
1717 Embarcadero Road
Palo Alto, California 94303
(650) 857-1717 : phone
(650) 857-1288 : fax
Email: efilingPA@dorsey.com

Edward B. Magarian (admitted *pro hac vice*)
Zeb-Michael Curtin (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600 : phone
(612) 340-2777 : fax
Email: magarian.edward@dorsey.com
       curtin.zeb@dorsey.com

Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC.,<br><br>Defendant. | **Case No. C 07-03168 PJH/JL**<br><br>**DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY**<br><br>**Before:**<br>**Chief Magistrate Judge James Larson**<br><br>**Date: August 13, 2008**<br>**Time: 9:30 a.m.** |

**DEFENDANT'S REPLY RE MOTION TO COMPEL**
**CASE NO. C 07-3168**

Plaintiff confounds the law applicable to this motion to compel, offering only misguided and conclusory legal "arguments" that fail to respond to (and indeed largely ignore) Defendant's citation to and discussion of pertinent legal authority supporting its motion to compel. Under the proper legal framework, Plaintiff plainly has failed to assert any legitimate ground for refusing to produce the documents at issue, and Defendant's motion should be granted.

Plaintiff's opposition memorandum confirms that the Court is presented with just two issues here: (1) whether the documents at issue are protected from discovery under an untimely-asserted "state statutory privilege" and (2) whether the documents at issue are protected from discovery under a "constitutional right to privacy." As explained below, the answer to both questions is clearly no, and the Court should grant Defendant's motion to compel.

### A. Plaintiff Unquestionably Failed To Timely Assert, And Thus Waived, The "State Statutory Privilege" She Now Attempts To Belatedly Assert.

As discussed in Defendant's opening memorandum, Plaintiff asserted several timely objections to Defendant's Document Request No. 23 at issue here, but none invoked the California state statutory tax return privilege she purports to rely on to prevent production of the requested documents. Therefore, Plaintiff cannot properly withhold the requested documents on such grounds, and the Court should not even consider her state statutory tax return privilege contentions. *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005).

Plaintiff's attempts to distinguish *Ramirez* are premised on a fundamental misreading of that decision. Plaintiff contends that *Ramirez* is "inapposite," and claims that in *Ramirez* "the Court rejected an untimely assertion of the official information privilege, largely because assertion of the privilege required submission of a detailed affidavit asserting foundational facts which would allow opposing counsel to assess the applicability of the privilege." Pl.'s Opp'n Mem. 4 (emphasis added). To the contrary, in contrast to the instant matter, the party seeking to withhold documents in *Ramirez* did timely assert in their discovery responses the privilege on which they purported to rely—in that case the "official information privilege." 231 F.R.D. at 409-10. The court thus entertained the purported privilege, but found the assertion to be defective for failure to comply with the "pleading" requirements of that particular privilege. The important

point, though, is that the *Ramirez* court unequivocally affirmed and applied the rule that a "court will not consider any objections that were not asserted in the responding party's original discovery responses." *Id.* at 409-10.  The court expressly refused to even consider objections not raised in the original discovery responses—precisely as is the case here.  *Id.*

Other than proffering a misunderstood reading of *Ramirez*, Plaintiff does not dispute that she failed to timely assert the statutory tax return privilege here.  Under the text of Rule 34(b)(2)(A) and the holding of *Ramirez*, this Court should not even consider Plaintiff's untimely statutory tax return privilege objection (or any other untimely objections).

### B. Plaintiff Ignores Pertinent Authority Establishing That There Is No Constitutional Right To Privacy Sufficient To Prevent Production Of Tax Returns.

As noted in Defendant's opening memorandum, Plaintiff asserted numerous timely objections to the document request at issue here.  Defendant explained why none of them justify withholding the requested documents, and Plaintiff's opposition memorandum indicates that she largely agrees.  She has failed to address, and thus has conceded, all of her timely objections except the purported "constitutional right to privacy."  Because the only timely asserted objection has no merit, Defendant's motion to compel the production of a portion of Plaintiff's tax returns should be granted.

Plaintiff has entirely failed to respond to Defendant's citation to *Weingarten v. Superior Court*, which unequivocally confirms that "[t]here is no recognized federal or state constitutional right to maintain the privacy of tax returns." 102 Cal. App. 4th 268, 274 (2002) (cited at page 4 of Defendant's opening memorandum).  Choosing to ignore this authority which is directly on point and fatal to her contentions, Plaintiff instead cites to a few inapposite decisions discussing other circumstances in which courts have recognized limited rights of privacy, but where the courts still nonetheless ordered production of documents.  *See, e.g.*, *Nakagawa v. Regents of Univ. of Calif.*, 2008 WL 1808902, at *2 (N.D. Cal. Apr. 22, 2008) (recognizing limited constitutional privacy rights in employment/personnel files and granting motion to compel same); *Soto v. City of Concord*, 162 F.R.D. 603, 616-17 (N.D. Cal. 1995) (same); *Ragge v.*

*MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (noting that even if documents in personnel files were protected under privacy rights, they still would be compelled); *Pioneer Elec. (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 371 (2007) (recognizing limited privacy right of consumers in personally-identifying information shared with manufacturer and finding no "serious invasion of privacy" in ordering production of such information).

The *Weingarten* decision unequivocally rejected Plaintiff's contention that her "constitutional right to privacy" supports withholding the requested portions of her tax returns, and her objection fails for that reason alone. Moreover, even if there were a constitutional right to privacy in such documents (which there is not), there would be no real "intrusion" on such a right here, let alone a "serious invasion of privacy." First, Defendant seeks only a limited portion of her tax returns material to the gravamen of her claims. Second, the parties have stipulated to, and the Court has approved, a protective order limiting the distribution of materials produced in this litigation to the parties and their attorneys and limiting use to this litigation only. *See Nakagama*, 2008 WL 1808902, at *3 (noting "the proper mechanism" for protecting privacy interest is "a properly crafted protective order"); *Soto*, 162 F.R.D. at 618 (ordering production of personnel file document subject to protective order). The Court should reject Plaintiff's "privacy" objection.

### C.  Even If The Court Were To Consider Plaintiff's Untimely Privilege Objection, It Should Be Overruled.

Even assuming for argument's sake that Plaintiff did timely assert a statutory tax return privilege objection (which she did not), that limited privilege objection would be overruled here because the requested documents go the gravamen of Plaintiff's claims in this lawsuit.

Plaintiff's claims fail unless she is determined to have been an "employee" of Ameriprise Financial for purposes of California wage-and-hour laws. As described in Defendant's opening memorandum, California courts examining whether an individual is an "employee" or a "non-employee" (here, a franchisee/independent contractor) analyze the facts of a case under a multi-factor test that includes two significant factors directly implicated by the requested documents, namely, whether the parties believed they were entering into an employer-employee relationship or a different relationship, and whether the alleged employee's opportunity for profit or loss

depended on her managerial/entrepreneurial skills. *See* Def.'s Opening Mem. 5 (citing *S&G Borello v. Dept. of Indus. Relations*, 48 Cal.3d 341, 350-51, 355 (1989)). As explained in Defendant's opening memorandum, the requested documents go directly to both. *See id.* at 4-6.[1]

Plaintiff contends through her lawyer (and not by sworn affidavit) that "[t]he fact [she] filled out her tax return as an independent contractor rather than an employee does nothing more than show that she understood that Ameriprise labeled her as such, and, in an effort to avoid potential investigation/prosecution from the Internal Revenue Service, filled our her tax returns accordingly." Pl.'s Opp'n Mem. 5-6. To the contrary, by filling out and filing Schedule C to federal Form 1040 and taking advantage of the tax benefits available thereunder, Plaintiff unquestionably took a position as to the propriety of her classification. If she truly believed she was an employee rather than a franchisee/independent contractor, she did not have to file a Schedule C and take advantage of the tax benefits available to franchisees, sole proprietors and other businesses. She could simply have filed the 1040 without completing or filing a Schedule C. If Plaintiff really wants to argue this point, she can so testify under oath to a jury who will assess her credibility, but she should not be allowed to submit lawyer statements in a brief to deny discovery to Defendant in her putative class action. At a minimum, the fact that Plaintiff chooses to argue this material point in her brief through her counsel further underscores that her subjective intent to be affiliated with Ameriprise Financial as a franchisee is a material issue that goes to the gravamen of her claim.

Plaintiff's offer to stipulate to the fact that she filed taxes as an independent contractor was not an adequate substitute for the requested documents themselves for several reasons. First, Defendant unquestionably has the right to test Plaintiff's motivations for filing Schedule C, and the documents themselves will enable it to do so. Having Plaintiff simply stipulate to the fact she filed the documents would not. As with many things, how an individual chooses to do something conveys far more than the mere fact the act was done. In other words, deducting nothing, or a

---

[1] The requested documents additionally are relevant to and put at issue by Plaintiff's motion for class certification. For example, how she conducted her business in contrast to other employees would bear on her typicality and whether she can adequately represent the class she proposes.

1  small amount, on your Schedule C, may convey something different from a person who deducts a
2  large percentage of their income as business expenses.  Moreover, knowing what particular
3  business expenses that a person deducts is material to understanding the nature of that business
4  and assessing any claim that the person was not a franchisee, but instead an employee.

5  Second, the information contained on the requested documents will enable Defendant to
6  analyze Plaintiff's newly-minted contention (unsworn and unsupported by any record evidence)
7  that she filed Schedule C out of fear of the Internal Revenue Service.  After all, the more
8  deductions she took on her Schedule C (and therefore the more benefits she received), the less
9  credible will be her unsworn representation that she only filed her 1040 with a Schedule C to
10  avoid an IRS investigation.

11  Third, Plaintiff is correct that it is the opportunity to profit or not based upon one's own
12  business decisions and investments that is relevant to the *Borello* independent contractor analysis.
13  What better way to assess the risks a person is willing to take than to look at the investments (and
14  the extent of those investments) that person chose to make in her business.  The 1040 and
15  Schedule C provide just that type of information, by listing in the form of business deductions the
16  type and amount of expenses incurred by the franchisee in connection with her business.

17  Finally, a mere stipulation would not allow Defendant to see the actual dollars of business
18  expenses Plaintiff has actually claimed.  As a result, a stipulation would not allow Defendant to
19  assess sufficiently Plaintiff's claim for reimbursement of those (or other business expenses).
20  Even Plaintiff admits that the 1040 and Schedule C would be helpful to Defendant to assess her
21  claim for damages.  The portions of the tax returns sought by Defendant relate to both damages
22  and liability and go to the gravamen of Plaintiff's claim.

23  Accordingly, for the reasons stated in Defendant's opening and this reply memorandum,
24  Defendant respectfully requests that its motion to compel be granted.

25  Dated: July 30, 2008                    DORSEY & WHITNEY LLP

26                                          By:    s/Zeb Curtin
27                                                 ZEB CURTIN
                                                   Attorneys for Defendant
28

**DEFENDANT'S REPLY RE MOTION TO COMPEL**
**CASE NO. C 07-3168**
-5-