Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. #241849)
Eileen M. Bissen, Esq. (S.B. #245821)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web:     www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff and Respondent,<br><br>vs.<br><br>AMERIPRISE FINANCIAL SERVICES, INC.,<br><br>            Defendant and Counter-Claimant. | **Case No.: 07-3168 PJH/JL**<br><br>**<u>CLASS</u> <u>ACTION</u>**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH**<br><br>Date:         September 10, 2008<br>Time:        9:30 a.m.<br>Courtroom: F, 15th Floor<br>Judge:       Hon. James Larson |

### <u>NOTICE OF MOTION</u>

**To Defendant Ameriprise Financial Services, Inc. and Its Attorneys of Record:**

**NOTICE IS HEREBY GIVEN** that, on September 10, 2008, at 9:30 a.m., or as soon thereafter as this matter may be heard, before the Honorable Chief Magistrate Judge James Larson in Courtroom F of the San Francisco branch of the United States District Court, Northern District, at 450 Golden Gate Ave., San Francisco, California 94102, Representative Plaintiff Sylvia Johnson, will and hereby does move this Court for an order, pursuant to Federal Rule of Civil Procedure 45, quashing defendant Ameriprise Financial Services, Inc.'s ("Defendant") Subpoena *Duces Tecum* served upon the Los Angeles Unified School District ("LAUSD") on July 17, 2008.

Said Motion will be based on this Notice, the Points and Authorities set forth below, the accompanying Declaration of Eileen M. Bissen, Esq., the complete files and records of this action, and such oral and documentary evidence as may be presented at the hearing on this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    INTRODUCTION / STATEMENT OF FACTS**

Representative Plaintiff Sylvia Johnson ("Plaintiff"), a former employee of Ameriprise Financial Services, Inc., ("Defendant") has sued Defendant for misclassifying its P-2 Financial Advisors as independent contractors rather than employees. Plaintiff alleges seven causes of action against Defendant in her May 17, 2007 Complaint, including unlawful failure to pay overtime wages, failure to reimburse expenses and/or prohibited cash bond, prohibited wage chargebacks, failure to provide meal and rest periods, failure to provide accurate itemized wage statements, failure to pay wages on termination, and unfair business practices. *See*, *Dckt No. 1*.

At the Initial Case Management Conference held on October 11, 2007, presiding Judge Phyllis J. Hamilton limited discovery in this action to issues regarding class certification, and the propriety of Defendant's classification of Plaintiff and putative class members as independent contractors rather than employees. *Exhibit A* to the *Declaration of Eileen M. Bissen, Esq.* ("*Bissen Decl.*") filed herewith, ¶ 3. The Court did not authorize discovery on the issue of damages on either an individual or class wide basis.

Despite the availability of alternative, less intrusive means of obtaining this information, on July 17, 2008, Defendant served a third-party subpoena on Plaintiff's current employer, the LAUSD.[1] The deposition subpoena seeks:

> "Records from January 1, 2000 to the present for Sylvia A. Johnson regarding her employment with the Los Angeles Unified School District, including her *personnel file* and to the extent not contained therein, payroll records, time-cards, and/or documents showing hours worked and *all* applications for employment."

---

[1] A true and correct copy of Defendant's Subpoena *Duces Tecum* is attached as *Exhibit B* to the *Bissen Decl.*

1    Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff hereby moves the
2    Court to quash the third-party subpoena served by Defendant on July 17, 2008. As further discussed
3    below, Defendant's third-party subpoena seeks information that is available through less intrusive,
4    alternative means, subjects Plaintiff to undue burden, annoyance and oppression, violates Plaintiff's
5    privacy rights, and represents a discovery abuse by Defendant. For these reasons, as set forth in more
6    detail below, Plaintiff respectfully requests that the Court grant her Motion to Quash the third-party
7    subpoena.

**II.     LEGAL ARGUMENT**

**A.     DEFENDANT'S THIRD-PARTY SUBPOENA IS NOT WITHIN THE PERMISSIBLE SCOPE OF DISCOVERY AS IT SEEKS CONFIDENTIAL AND PROTECTED INFORMATION AND IS AN IMPERMISSIBLE INVASION OF SYLVIA JOHNSON'S PRIVACY RIGHTS**

This Court should quash Defendant's subpoena on the basis that such discovery constitutes a serious invasion of Plaintiff's privacy rights. Federal Rule of Civil Procedure 45(c)(3)(A) states, in pertinent part, that "on timely motion, the issuing court ***must*** quash or modify a subpoena that . . . (iii) requires disclosure of ***privileged*** or other protected matter, if no exception or waiver applies; or (iv) subjects a person to ***undue burden***." *Fed. R. Civ. P. 45(c)(3)(A)*. (emphasis added) The Federal Rules of Civil Procedure thereby guide this Court to quash a subpoena to protect the person affected from unnecessary or unduly harmful disclosures of private information.

Defendant's third-party subpoena seeks disclosure of information in which Plaintiff has a protected privacy interest. Personnel files "commonly contain addresses, phone numbers, income information, medical histories, employment discipline, criminal records, and other sensitive, personal information having little or no relevancy to the issues in litigation." *Dahdal v. Thorn Americas, Inc*., 1997 WL 599614 (D. Kan.) at *2. "Revelation of such information could cause economic or emotional harm. The files could contain embarrassing material. They commonly contain confidential material. Justice requires protection against wide dissemination of such confidential, personal information." *Id*.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  It is well-established that employees have a privacy interest in their personnel files and have standing to move to quash subpoenas for such documents. *See, Arias-Zeballos v. Tan*, 2007 WL 210112, 1 (S.D.N.Y. 2007) ("courts have recognized that individuals have certain constitutionally protected privacy rights, including 'the individual interest in avoiding disclosure of personal matters.'"); *Smartix Intern., L.L.C. v. Garrubbo, Romankow & Capese, P.C.*, 2007 WL 4166035 at *2 (S.D.N.Y., 2007) (an employee "clearly has a personal right with respect to the information contained in his employment records' with other companies."); *Williams v. Board of County Com'rs of Unified Government of Wyandotte County/Kansas City, KS*, 2000 WL 133433, 1 (D. Kan. 2000) ("The Court recognizes that personnel files and records are confidential in nature."). As the court in *Smartix Intern., L.L.C. v. Garrubbo, Ramankow & Capese*, P.C. explained,

> [an employee] clearly has a personal right with respect to the information contained in his employment records' with other companies. His personal records with other companies are not 'relevant to the claim or defense of any part.' Moreover, pursuant to Fed.R.Civ.P. Rule 26(c), ... justice requires, in order to protect [the employee] from annoyance, embarrassment, and oppression, that discovery not be had into those personnel records.

2007 WL 4166035 at *2.

As explained below, any interest Defendant may have in serving the third-party subpoena on Plaintiff's current employer is substantially outweighed by her privacy interests in her employment records. Accordingly, pursuant to Federal Rules of Civil Procedure Rule 45(c)(3)(A), the Court should categorically quash Defendant's third-party subpoena.

**B.     TO THE EXTENT DEFENDANT'S THIRD-PARTY SUBPOENA SEEKS ANY RELEVANT INFORMATION, LESS INTRUSIVE, ALTERNATIVE MEANS SHOULD BE EMPLOYED**

To the extent Defendant's subpoena seeks to elicit relevant information, Plaintiff has already provided Defendant with alternative means of obtaining this information. For example, Defendant's third-party subpoena appears to seek information regarding the number of hours Plaintiff worked

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 4 -
Plaintiff's Notice of Motion and Motion to Quash; Memorandum of Points and Authorities

1 for the LAUSD.[2] However, Defendant had the opportunity to and did depose Plaintiff for a full day on July 10, 2008. At that time, Defendant questioned Plaintiff about both the number of hours she performed work for Defendant as well as for the LAUSD. Accordingly, Defendant has had less intrusive, alternative means to acquire the information sought. Defendant's failure to elicit the responses it desired at the deposition does not justify intrusive and duplicative discovery.

Moreover, if Defendant seeks to disprove that Plaintiff performed overtime work for its benefit during the class period, the best evidence would be *Defendant's records* themselves, not information regarding Plaintiff's employment with some other employer. Defendant's unlawful failure to keep accurate records of the hours of work performed by Plaintiff does not justify an intrusive and potentially embarrassing subpoena to Plaintiff's current employer.

Additionally, the court must limit the extent of discovery, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), when it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.

Thus, given that Defendant has undertaken an unnecessarily intrusive and harassing use of subpoena power, the Court must limit Defendant because (1) the information sought is unequivocally "obtainable from some other source that is more convenient, less burdensome, or less expensive;" (2) Defendant already "had the opportunity" "to obtain the information sought" through its full-day deposition of the Plaintiff and its own records; and (3) "the burden" and intrusion on Plaintiff's relationship with her currently employer fundamentally outweighs any "likely benefit"

---

[2] While the number of hours Plaintiff worked for the LAUSD may be relevant to damages, such an inquiry is inappropriate here, as Judge Hamilton limited discovery to the class certification and franchise status issue. *See, Bissen Decl. ¶ 3, Exhibit A*. Plaintiff is unaware of and Defendant has failed to establish how the remaining documents subpoenaed, namely all documents regarding Plaintiff's employment with the LAUSD, including Plaintiff's personnel file, payroll records, and all her applications for employment, are at all relevant to this litigation.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

of Defendant's subpoena. *Fed. R. Civ. P. 26(b)(2)(C)*.

### C.    THE THIRD-PARTY SUBPOENA IS OVERBROAD ON ITS FACE

Defendant's purported purpose of obtaining information regarding Plaintiff's hours of work for the LAUSD to disprove her overtime claim is belied by its undeniably overbroad subpoena request. Defendant seeks "[r]ecords from January 1, 2000 to the present for Sylvia A. Johnson regarding her employment with the Los Angeles Unified School District ... " Defendant's subpoena request is overbroad given the facts of this case and, as such, is impermissible on its face. *See, Badr v. Liberty Mut. Group, Inc.*, 2007 WL 2904210, * 3 (D. Conn. 2007) (holding that defendant's subpoena for "any and all records relating to" the plaintiff was overbroad and noting that such subpoenas are overbroad on their face); *Chamberlain v. Farmington Sav. Bank*, 2007 WL 2786421, 3-4 (D. Conn. 2007) (holding that defendant's subpoena request was overbroad and that, despite its alleged purpose of obtaining information regarding credibility, defendant had not justified "a broad search of [plaintiff's] employment records on this ground."); *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, 4 (S.D. Fla., 2007) (holding that subpoenas were overly broad on their face because they sought "any and all documents, files and records, reflecting or relating to the employment" of plaintiffs); *Reserve Solutions, Inc. v. Vernaglia*, 2006 WL 1788299 (S.D.N.Y., 2006) (quashing overbroad subpoena and finding that right to use subpoena power was outweighed by intrusions into party's privacy interests); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996) (granting motion to quash subpoena, holding that it was overly broad).

If Defendant truly wanted information relating to hours worked for purposes of refuting Plaintiff's overtime claim, the current fishing expedition for all documents regarding Plaintiff's employment with the LAUSD would not be necessary.[3] By Defendant's own definition, the third-

---

[3] The class period is limited to May 17, 2003 through the date of trial. *See, Dckt No. 1*. Accordingly, Defendant's subpoena, even if it did request relevant documents, is overbroad as it seeks information regarding Plaintiff's employment with the LAUSD *outside* of the class period, as far back as January 1, 2000. At minimum, Plaintiff requests that, if the court does permit the subpoena, it limit the scope of the subpoena to the class period.

party subpoena seeks all documents regarding Plaintiff's employment with her current employer, including Plaintiff's personnel file, payroll records and all applications for employment.[4] The fact that Defendant is seeking all employment records suggests it is doing so for unsavory reasons, including for purposes of obtaining inadmissible character evidence and to harass and unduly burden Plaintiff and interfere with her relationship with her current employer. Based on the foregoing, Defendant's unduly burdensome and overbroad abuse of the subpoena should be quashed under Rule 45(C)(3)(A).

### D.   THE THIRD-PARTY SUBPOENA IS DESIGNED TO HARASS AND INTIMIDATE THE PLAINTIFF

The third-party subpoena issued by Defendant is designed to harass, unduly burden and intimidate Plaintiff by potentially harming her relationship with her current employer. In *Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002) the court recognized a plaintiff "has a legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job." Where, as here, a third-party subpoena is used to harass a plaintiff and adversely affect her current employment, courts have quashed subpoenas requesting information from a plaintiff's current employer. *See e.g.*, *id*.

Defendant's third-party subpoena is yet another part of Defendant's ongoing and systematic effort to harass, unduly burden and intimidate Plaintiff for commencing this litigation. In addition to the third-party subpoena at issue here, Defendant also seeks to compel production of Plaintiff's income tax returns.[5] Unfortunately, the third-party subpoena directed at Plaintiff's current employer

---

[4]   Defendant's all-encompassing third-party subpoena for all documents regarding Plaintiff's employment with the LAUSD would also necessarily include private tax documents, including W-2 and W-4 forms, that would reveal Plaintiff's personal finances. Defendant's third-party subpoena is, at minimum, overbroad because it seeks financial information that is wholly irrelevant and unrelated to the merits of this case.

[5]   On July 8, 2008, Defendant brought a Motion to Compel production of Plaintiff's tax returns. *Dckt. # 59*. In doing so, however, Defendant failed to establish either the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

is just another attempt by Defendant to make life as unpleasant as possible for Plaintiff by abusing the discovery process to invade her privacy rights. The Court should weigh any marginal benefit Defendant will obtain from the subpoenas against the overbroad and improper posture of Defendant's subpoena request.

### III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests this Court quash Defendant's subpoena in its entirety.

Dated: July 31, 2008

**SCOTT COLE & ASSOCIATES, APC**

By: /s/Eileen M. Bissen
Eileen M. Bissen, Esq.
Attorneys for the Representative Plaintiff
Sylvia Johnson and the Plaintiff Class

---

relevance of Plaintiff's tax returns or a substantial need that would outweigh Plaintiff's statutory and inherent privacy rights to her personal financial information.