# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

Date: October 11, 2007  JUDGE: Phyllis J. Hamilton

Case No: C-07-3168 PJH

Case Name: Sylvia Johnson v. Ameriprise Financial Services

Attorney(s) for Plaintiff:   Matthew R. Bainer
Attorney(s) for Defendant:   Edward B. Magarian

Deputy Clerk: Nichole Heuerman          Court Reporter: Not Reported

PROCEEDINGS

　　Initial Case Management Conference-Held. The court will allow an early motion for summary judgment to be heard at the same time as the motion for class certification. Plaintiff's motion for class certification and defendant's motion for summary judgment re: status of franchise issue to be filed by 9/24/08; oppositions to be filed by 10/8/08; replies to be filed by 10/15/08 with a hearing to be noticed for 11/5/08 at 9:00 a.m. Discovery is limited to class certification and franchise status issue. ADR is deferred at this time. The parties are handed copies of the court's pretrial instructions.

Order to be prepared by:  [] Pl [] Def  [] Court

Notes:

cc: file; ADR

# EXHIBIT B

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Central District of California

| | |
|---|---|
| SYLVIA JOHNSON,<br>V.<br>AMERIPRISE FINANCIAL SERVICES, INC. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] C 07-3168 WDB (N.D. Cal.) |

TO: Custodian of Records
Los Angeles Unified School District
Employee Relations Department
333 S. Beaudry Ave., 14th Fl., Los Angeles, CA 90017

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dorsey & Whitney, LLP, 38 Technology Drive West, Irvine, CA 92618 | 8/18/2008 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Records from January 1, 2000 to the present for Sylvia A. Johnson regarding her employment with the Los Angeles Unified School District, including her personnel file and to the extent not contained therein, payroll records, timecards and/or documents showing hours worked and all applications for employment.

| PLACE | DATE AND TIME |
|---|---|
| Dorsey & Whitney, LLP, 38 Technology Drive West, Irvine, CA 92618 | 8/6/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Defendant | 7/17/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia A. Welch, Dorsey & Whitney, LLP, 1717 Embarcadero Road, Palo Alto, CA 94303, (650) 857-1717

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                   DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

```
 1  Karen E. Wentzel (SBN 112179)
    Patricia A. Welch (SBN 127889)
 2  DORSEY & WHITNEY LLP
    1717 Embarcadero Road
 3  Palo Alto, California 94303
    (650) 857-1717 : phone
 4  (650) 857-1288 : fax
    Email: efilingPA@dorsey.com
 5         wentzel.karen@dorsey.com

 6  Edward B. Magarian (admitted pro hac vice)
    Zeb-Michael Curtin (admitted pro hac vice)
 7  DORSEY & WHITNEY LLP
    Suite 1500, 50 South Sixth Street
 8  Minneapolis, Minnesota 55402
    (612) 340-2600 : phone
 9  (612) 340-2777 : fax
    Email: magarian.edward@dorsey.com
10         curtin.zeb@dorsey.com

11  Attorneys for Defendant
    AMERIPRISE FINANCIAL
12  SERVICES, INC.
```

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 07-03168 WDB<br><br>**NOTICE TO CONSUMER OR EMPLOYEE** |

TO SYLVIA JOHNSON:

1. PLEASE TAKE NOTICE THAT AMERIPRISE FINANCIAL SERVICES, INC. SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on August 6, 2008. The records are described in the subpoena directed to the LOS ANGELES

UNIFIED SCHOOL DISTRICT. A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED IN ITEM a. OR b. BELOW:

    a. If you are a party to the above-entitled action, you must file a motion to quash or modify the subpoena and give notice of that motion to the LOS ANGELES UNIFIED SCHOOL DISTRICT and the deposition officer named in the subpoena at least five days before the date set for production of the records.

    b. If you are not a party to this action, you must serve on the requesting party and on the LOS ANGELES UNIFIED SCHOOL DISTRICT, before the date set for production of the records, a written objection that states the specific grounds on which production of such records should be prohibited. **WARNING: IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.**

3. YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS TO PRIVACY.

Dated: July 17, 2008

DORSEY & WHITNEY LLP

By: _____
PATRICIA A. WELCH
Attorneys for Defendant
AMERIPRISE FINANCIAL SERVICES, INC.

| | |
|---|---|
| 1 | Karen E. Wentzel (SBN 112179) |
| | Patricia A. Welch (SBN 127889) |
| 2 | DORSEY & WHITNEY LLP |
| | 1717 Embarcadero Road |
| 3 | Palo Alto, California 94303 |
| | (650) 857-1717 : phone |
| 4 | (650) 857-1288 : fax |
| | Email: efilingPA@dorsey.com |
| 5 | wentzel.karen@dorsey.com |
| 6 | Edward B. Magarian (admitted *pro hac vice*) |
| | Zeb-Michael Curtin (admitted *pro hac vice*) |
| 7 | DORSEY & WHITNEY LLP |
| | Suite 1500, 50 South Sixth Street |
| 8 | Minneapolis, Minnesota 55402 |
| | (612) 340-2600 : phone |
| 9 | (612) 340-2777 : fax |
| | Email: magarian.edward@dorsey.com |
| 10 | curtin.zeb@dorsey.com |
| 11 | Attorneys for Defendant |
| | AMERIPRISE FINANCIAL |
| 12 | SERVICES, INC. |

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYLVIA JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 07-03168 WDB<br><br>**NOTICE OF SERVICE OF SUBPOENA ON LOS ANGELES UNIFIED SCHOOL DISTRICT** |

1     **NOTICE IS HEREBY GIVEN** that Defendant Ameriprise Financial Services, Inc. will
2 serve the subpoena attached hereto as Exhibit A on the Los Angeles Unified School District.

3 Dated: July 16, 2008             DORSEY & WHITNEY LLP

By: *[signature]*
PATRICIA A. WELCH
Attorneys for Defendant
AMERIPRISE FINANCIAL
SERVICES, INC.

# EXHIBIT
# A

⸺AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
Central District of California

| | |
|---|---|
| SYLVIA JOHNSON, | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| AMERIPRISE FINANCIAL SERVICES, INC. | Case Number:[1] C 07-3168 WDB (N.D. Cal.) |

TO: Custodian of Records
Los Angeles Unified School District
Employee Relations Department
333 S. Beaudry Ave., 14th Fl., Los Angeles, CA 90017

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Dorsey & Whitney, LLP, 38 Technology Drive West, Irvine, CA 92618 | DATE AND TIME 8/18/2008 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Records from January 1, 2000 to the present for Sylvia A. Johnson regarding her employment with the Los Angeles Unified School District, including her personnel file and to the extent not contained therein, payroll records, timecards and/or documents showing hours worked and all applications for employment.

| PLACE Dorsey & Whitney, LLP, 38 Technology Drive West, Irvine, CA 92618 | DATE AND TIME 8/6/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Attorney for Defendant | DATE 7/17/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia A. Welch, Dorsey & Whitney, LLP, 1717 Embarcadero Road, Palo Alto, CA 94303, (650) 857-1717

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).