UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sylvia Johnson, et al., | No. C 07-3168 PJH (JL) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO COMPEL (Docket # 59)** |
| Ameriprise Financial, | |
| Defendants. | |

**Introduction**

All discovery disputes in this case have been referred by the district court (Hon. Phyllis J. Hamilton) pursuant to 28 U.S.C. §636(b) and Civil Local Rule 72. Defendant's motion to compel production of Plaintiff's tax returns came on for hearing. Carrie Lin, SCOTT COLE & ASSOC., appeared for Plaintiff Sylvia Johnson. Karen E. Wentzel, DORSEY & WHITNEY LLP, appeared for Defendant Ameriprise Financial.

The Court reviewed and considered the moving and opposing papers and the arguments of counsel and concludes that the motion should be granted. Plaintiff waived her claim of privilege under California statutes by failing to raise it in her initial response to Defendant's discovery requests. Even if Plaintiff had objected in a timely fashion, her objection would be invalid, since there is no unqualified privilege under California or federal

law for tax returns. Her objection on the basis of privacy also fails. There is no constitutional right to privacy in one's tax returns, and the information in the returns goes directly to the gravamen of Plaintiff's claim, that she suffered financial damages by being compelled by her employer to work as a private contractor rather than an employee. A stipulation that she filed her tax returns as a private contractor is insufficient. A stipulation would not allow Defendant to assess sufficiently Plaintiff's claim for reimbursement of claimed deductions other business expenses.  The portions of the tax returns sought by Defendant relate to both damages and liability and go to the gravamen of Plaintiff's claim.

### Background

This is a wage and hours case brought on behalf of P2 Independent Advisors employed by Ameriprise. The district court granted Ameriprise leave to amend its Answer and file a counterclaim. The amended answer states that the case should be dismissed or at the very least not certified as a class action, inter alia, because the putative plaintiffs are franchisees of Ameriprise, and their claims must be litigated individually.

### Analysis

The Court is presented with two issues here: (1) whether the documents at issue are protected from discovery under an untimely asserted "state statutory privilege" and (2) whether the documents at issue are protected from discovery under a "constitutional right to privacy." The answer to both questions is "No", and the Court accordingly grants Defendant's motion to compel.

**Plaintiff failed to timely assert, and therefore waived, the "state statutory privilege".**

Plaintiff asserted several timely objections to Defendant's Document Request No. 23 at issue here, but none invoked the California state statutory tax return privilege on which she now relies to prevent production of the requested documents. Plaintiff cannot properly withhold the requested documents on such grounds, and the Court should not even consider her state statutory tax return privilege contentions. *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005).

1    Plaintiff attempts to distinguish *Ramirez,* claiming that in that case "the Court rejected an untimely assertion of the official information privilege, largely because assertion of the privilege required submission of a detailed affidavit asserting foundational facts which would allow opposing counsel to assess the applicability of the privilege." Pl.'s Opp'n Mem. 4 (emphasis added). In contrast to the instant matter, the party seeking to withhold documents in *Ramirez* did timely assert in their discovery responses the privilege on which they purported to rely—in that case the "official information privilege." 231 F.R.D. at 409-10. The court thus considered the purported privilege, but found the assertion to be defective for failure to comply with the "pleading" requirements of that particular privilege. The important point, though, is that the court in *Ramirez* affirmed and applied the rule that a "court will not consider any objections that were not asserted in the responding party's original discovery responses." Id. at 409-10. The court refused to even consider objections not raised in the original discovery responses. *Id.*

Plaintiff in this case does not dispute that she failed to timely assert the statutory tax return privilege. Under the text of Rule 34(b)(2)(A) and the holding in *Ramirez*, this Court need not consider Plaintiff's untimely statutory tax return privilege objection.

**There is no constitutional right to privacy for tax returns**

Plaintiff has failed to address *Weingarten v. Superior Court,* cited by Defendants. This decision confirms that "[t]here is no recognized federal or state constitutional right to maintain the privacy of tax returns." 102 Cal. App. 4th 268, 274 (2002). Plaintiff instead cites to a few inapposite decisions discussing other circumstances in which courts have recognized limited rights of privacy, although not with respect to tax returns, but where the courts still nonetheless ordered production of documents. See, e.g., *Nakagawa v. Regents of Univ. of Calif., 2008* WL 1808902, at *2 (N.D. Cal. Apr. 22, 2008) (recognizing limited constitutional privacy rights in personnel files and granting motion to compel same); *Soto v. City of Concord*, 162 F.R.D. 603, 616-17 (N.D. Cal. 1995) (same); *Range v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (noting that even if documents in personnel files were protected under privacy rights, they still would be compelled)*; Pioneer Elec.*

*(USA), Inc. v. Superior Court,* 40 Cal.4th 360, 371 (2007) (recognizing limited privacy right of consumers in personally-identifying information shared with manufacturer and finding no "serious invasion of privacy" in ordering production of such information). None of these cases recognized a right of privacy in tax returns.

The *Weingarten* decision does not support and in fact rejects Plaintiff's contention that her "constitutional right to privacy" permits withholding the requested portions of her tax returns, and her objection fails for that reason alone. Even if there were a constitutional right to privacy in such documents, there would be no real "intrusion" on such a right here, let alone a "serious invasion of privacy." First, Defendant seeks only a limited portion of Plaintiff's tax returns which are directly material to the gravamen of her claims. Second, the parties have stipulated to, and the Court has approved, a protective order limiting the distribution of materials produced in this litigation to the parties and their attorneys and limiting use to this litigation only. *See Nakagawa,* 2008 WL 1808902, at *3 (noting "the proper mechanism" for protecting privacy interest is "a properly crafted protective order"); *Soto,* 162 F.R.D. at 618 (ordering production of personnel file documents subject to protective order). This obviates Plaintiff's privilege objection.

**Plaintiff's claim of privilege, even if timely, should be overruled**

Even if Plaintiff did timely assert a statutory tax return privilege objection, it would be rejected here, because the requested documents go to the gravamen of Plaintiff's claims in this lawsuit.

Plaintiff's claims fail unless she is determined to have been an "employee" of Ameriprise Financial for purposes of California wage-and-hour laws. California courts examining whether an individual is an "employee" or a "nonemployee" (here, a franchisee/independent contractor) apply a multifactor test, two of which are directly implicated here: First, whether the parties believed they were entering into an employer-employee relationship or a different relationship, and second, whether the alleged employee's opportunity for profit or loss depended on her managerial and entrepreneurial

skills. *S&G Borello v. Dept. of Indus. Relations*, 48 Cal.3d 341, 350-51, 355 (1989)). The requested documents relate directly to both factors. *Id.* at 4-6.1

Plaintiff contends that "[t]he fact [she] filled out her tax return as an independent contractor rather than an employee does nothing more than show that she understood that Ameriprise labeled her as such, and, in an effort to avoid potential investigation/prosecution from the Internal Revenue Service, filled out her tax returns accordingly." Pl.'s Opp'n Mem. 5-6. To the contrary, if she truly believed she was an employee rather than a franchisee who was an independent contractor, she would not file a Schedule C and take advantage of the tax benefits available to franchisees, sole proprietors and other businesses. She could simply have filed the 1040 without completing or filing a Schedule C. Whether her subjective intent was to be affiliated designated by Ameriprise as a franchisee is a material issue that goes to the gravamen of her claim.

Plaintiff's offer to stipulate to the fact that she filed taxes as an independent contractor is not an adequate substitute for the requested documents themselves for several reasons.

First, Defendant has the right to test Plaintiff's motivations for filing Schedule C, and the documents themselves will enable it to do so. Having Plaintiff simply stipulate to the fact she filed the documents would not. How Plaintiff chose to claim deductions as part of her filing Schedule C conveys far more than the mere fact that she filed it. Deducting nothing, or a small amount, as business expenses on a Schedule C, conveys something different from deducting a large percentage of income as business expenses. Moreover, knowing what particular business expenses she chose to deduct is material to understanding the nature of her business and assessing any claim that Plaintiff was not a franchisee, but an employee instead.

Second, the information contained on the requested documents will enable Defendant to analyze Plaintiff's contention that she filed Schedule C out of fear of the Internal Revenue Service. The more deductions Plaintiff took on her Schedule C (and therefore the more benefits she received), the less credible will be her unsworn

representation that she only filed her 1040 with a Schedule C to avoid an IRS investigation.

Third, Plaintiff is correct that the opportunity to profit or not based upon one's own business decisions and investments is relevant to the *Borello* independent contractor analysis. The 1040 and Schedule C provide a way for Defendant to assess the risks Plaintiff is willing to take, by listing in the form of business deductions the type and amount of expenses incurred by her as a franchisee in connection with her business.

Finally, a mere stipulation would not allow Defendant to see the actual dollars of business expenses Plaintiff claimed. A stipulation would not allow Defendant to assess sufficiently Plaintiff's claim for reimbursement of those or other business expenses. The portions of the tax returns sought by Defendant relate to both damages and liability and go to the heart of Plaintiff's claim.

## Conclusion

For all the above reasons, Defendant's motion to compel Sylvia Johnson to produce specific portions of her tax returns is granted. Compliance shall be due within ten days of this order.

IT IS SO ORDERED.

DATED: August 19, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-3168\Order grant 59.wpd